Lenore L. Albert
Email: lenalbert@InteractiveCounsel.com
1968 S Coast Hwy #3960
Laguna Beach, CA 92651
Telephone: 424-365-0741
Plaintiff, pro se

James Ocon
Email: Jim.Ocon@Oconcompany.com
10131 Louise Ave.
Northridge, CA 91325
Telephone: 719-505-2187
Plaintiff, pro se

Ryan McMahon
Email: Codethree53@gmail.com
7533 English Hills Road
Vacaville, CA 95687
Telephone: 707-333-3127
Plaintiff, pro se

Larry Tran
Email: larrylytran@gmail.com
29559 Fitch Ave.
Canyon Country, CA 91351
Telephone: 626-217-7836
Plaintiff, pro se

Theresa Marasco
Email: theresa.marasco@gmail.com
PO Box 1035
Santa Monica, CA 90404
Telephone: 720-226-4051
Plaintiff, pro se

Chad Pratt
Email: Chadprattsr@gmail.com
660 S Figueroa St, Ste 1920
Los Angeles, CA 90017-3569
Telephone: 213-840-2423

1

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

Plaintiff, pro per

Leslie Westmoreland
Westmorelandlw7@gmail.com
1715 East Alluvial Ave. #214
Fresno, CA 93720
Telephone: 559-727-1604
Plaintiff, pro per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENORE ALBERT, JAMES OCON; RYAN MCMAHON; LARRY TRAN; THERESA MARASCO; CHAD PRATT; AND LESLIE WESTMORELAND;<br><br>    Plaintiff,<br>vs.<br><br>TYLER TECHNOLOGIES, INC.; STATE BAR OF CALIFORNIA; RICK RANKIN; STEVE MAZER; LEAH WILSON, RUBEN DURAN; SHERELL MCFARLANE; KATHERINE KINSEY; BENSON HOM; CINDY CHAN; SUZANNE GRANDT; and DOES 1 through 50, inclusive,<br>    Defendants. | CASE NO. 8:24-cv-1997<br><br>**COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS AND ANTICOMPETITIVE CONDUCT**<br><br>**ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF**<br><br>**[DEMAND FOR JURY TRIAL**]<br>[Related case: John Roe v State Bar of California 22-cv-00983-DFM] |

Plaintiff Lenore Albert, James Ocon, Ryan McMahon, Larry Tran, Theresa Marasco, Chad Pratt, and Leslie Westmoreland (collectively the "Plaintiffs") bring this action against Defendants Tyler Technologies, Inc., State Bar of California, Rick Rankin, Steve Mazer, Leah Wilson, Ruben Duran, Sherell McFarlane, Katherine Kinsey, Benson Hom, Cindy Chan, Suzanne Grandt, and Does 1 through 50, and each of them, so captioned, (collectively the "Defendants") and alleges the following on information and belief, except as to those allegations which pertain to the Plaintiffs and are within their personal knowledge:

2

## JURISDICTION

1.    The federal court has jurisdiction under federal question 28 U.S.C. § 1331 for violation of constitutional rights under 42 U.S.C. § 1983. The federal court also has exclusive jurisdiction under 28 U.S.C. § 1337 for violating section 4 of the Clayton Act. The federal court has ancillary or supplemental jurisdiction over the other claims pursuant to 28 U.S.C. § 1367.

2.    The Plaintiffs, including Lenore Albert, James Ocon, Ryan McMahon, Larry Tran, Theresa Marasco, Chad Pratt, and Leslie Westmoreland, filed claims under the California Tort Claims Act. Lenore Albert's claim, filed on March 14, 2022, was later amended, and denied on September 9, 2024. The other Plaintiffs complied with the Act on various dates in September 2024.

## PARTIES

3.    Plaintiff Lenore Albert is a former member of the California State Bar and a resident of Orange County, California, 1968 S Coast Hwy #3960, Laguna Beach, CA 92651.

4.    Plaintiff James Ocon is the president of Ocon Solutions and a resident of Los Angeles County, California, 10131 Louise Ave, Northridge, CA 91325.

5.    Plaintiff Ryan McMahon is a former client of Lenore Albert in the case *McMahon v Whitney* filed in the U.S. District Court for the Eastern District of California and is currently a Solano County, California resident, 7533 English Hills Rd, Vacaville, CA 95688.

6.    Plaintiff Larry Tran is a former client of Lenore Albert in the case of *Tran v Tesla* filed in the Los Angeles Superior Court and currently resides in Los Angeles County, California, 29559 Fitch Ave., Canyon Country, CA 91351.

7.    Plaintiff Theresa Marasco is a former client of Lenore Albert in the case of *Marasco v 1753 9th Street, LLC*, filed in the Los Angeles Superior Court and is currently a Los Angeles County, California resident, P.O. Box 1035, Santa Monica, CA 90406.

8.    Plaintiff Chad Pratt is a member of the California State Bar and former client of Lenore Albert in the case of *John Roe v State Bar of California* filed in the Orange

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

County superior court and is currently a Los Angeles County, California resident, 660 S Figueroa St, Ste 1920, Los Angeles, CA 90017-3569.

9.      Plaintiff Leslie Westmoreland is a California State Bar member and resides in Fresno County, California, 1715 East Alluvial Ave. #214, Fresno, CA 93720

10.     Defendant Tyler Technologies, Inc. ("Tyler Technologies") is a publicly traded corporation wherein the Vangaurd Group owns 10% or more of stock in the corporation. Tyler Technologies does business in California and has its headquarters in Texas.

11.     Defendant State Bar of California is a public corporation created by the Legislature passing the State Bar Act in 1927. It has two main offices in (1) San Francisco, California, and (2) Los Angeles, California. Defendant consented to this court's jurisdiction to adjudicate claims relating to the data breach in 2022 in the *John Roe v State Bar of California* case that was temporarily removed (22-cv-00983-DFM).

12.     Defendant Rick Rankin, principal of RPR Impact, LLC., is an independent contractor hired to perform the service as interim Director of the Information Technology Department of the State Bar of California and regularly conducts business in California.

13.     Defendant Steve Mazer is a California resident employed by the State Bar of California as the Chief Administrative Officer, at all times mentioned in this complaint.

14.     Defendant Leah Wilson is a California resident employed by the State Bar of California as the Executive Director, at all times mentioned in this complaint.

15.     Ruben Duran is a California resident and was a member of the Board of Trustees at the State Bar of California, at all times mentioned in this complaint.

16.     Defendant Sherell McFarlane is a California resident employed by the State Bar of California at all times mentioned in this complaint.

17.     Defendant Katherine Kinsey is a California resident employed by the State Bar of California at all times mentioned in this complaint.

18.     Defendant Benson Hom is a California resident employed by the State Bar of California at all times mentioned in this complaint.

19.     Defendant Cindy Chan is a California resident employed by the State Bar of California at all times mentioned in this complaint.

4

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

20.    Defendant Suzanne Grandt is a California resident employed by the State Bar of California at all times mentioned in this complaint.

21.    Plaintiff does not know the true names and capacities of Defendants Doe 1 through Doe 50, inclusive, and, as such, names said Defendants by such fictitious names. Plaintiff will amend the complaint to state the true name and capacity of the Doe Defendant(s) when such information is ascertained.

22.    Plaintiff is informed and believes, and alleges thereon, that each Defendant assisted, adopted, ratified, approved, conspired, or acted in concert therewith with the other Defendant(s).

23.    Plaintiffs are informed and believe, and allege thereon, that each Defendant is responsible in some manner for the occurrences alleged in this complaint, and that the Defendants proximately caused Plaintiffs damages at all times mentioned in this complaint.

## FACTS

### Overview of State Bar Retaliation

24.    The State Bar, its employees, and potentially other individuals (referred to as Doe Defendants) subjected Lenore Albert to unjustified and constant confidential State Bar investigations from 2014 to 2024 in retaliation for her blowing the whistle in a civil rights lawsuit she filed against the State Bar on December 3, 2014, case no. 14-cv-01905 -DOC-AN, captioned *Albert v State Bar of California*. This action was taken after a few adversaries misled the State Bar into believing Ms. Albert was a threat.

25.    The State Bar opened confidential investigations, covertly performing warrantless searches of Ms. Albert's property and communications from 2015 to the present.

26.    The confidential investigations about Lenore Albert ended up on JudyRecords.com and were viewed by others after being released from a State Bar data breach. This significantly increased Ms. Albert's risk of reputational harm, business disruption, and economic loss.

27.    The evidence Ms. Albert sought from the data breach case would have clearly demonstrated that State Bar employees were using the agency to conduct unlawful

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

confidential investigations, including warrantless searches involving influential individuals.

28.    Consequently, the State Bar decisively ruled to revoke Plaintiff Lenore Albert's license to practice law on March 11, 2024, to prevent the compelled disclosure of this evidence on March 12, 2024.

29.    But for the Plaintiff, Ms. Albert, having this information, the State Bar would not have taken any action against her.

30.    As a further direct and proximate cause of revoking Ms. Albert's license to practice law, Plaintiffs Ryan McMahon, Larry Tran, Theresa Marasco, and Chad Pratt lost time and money they spent fighting their cases due to the abrupt disruption.

31.    Plaintiff Theresa Marasco was on the eve of trial, and the suspension of Ms. Albert was so abrupt that Plaintiff Marasco had to take a settlement offer that was significantly less than what she could have received if she had either gone forward to trial or had the opportunity to have her expert reports submitted to the defendants in her case.

32.    But for retaliating against Plaintiff Lenore Albert, Plaintiff Leslie Westmoreland would not be disbarred, and Plaintiff James Ocon's business would not have been disrupted.

## The Data Breach

33.    Lenore Albert became a member of the California State Bar on December 5, 2000.

34.    On December 4, 2014, Lenore Albert sent an anti-retaliation letter to the California State Bar after filing a civil rights lawsuit against them on December 3, 2014. The lawsuit, *Albert v State Bar of California*, case no. 8:14-cv-01905-DOC-AN, involved blowing the whistle on public corruption.

35.    In retaliation for blowing the whistle, the State Bar began opening confidential state bar investigations to do covert warrantless searches and disciplined Ms. Albert for failing to pay debt to her clients' opposing parties while in the middle of litigation.

36.    The California Supreme Court eventually disbarred the Plaintiff on July 16, 2024. With nothing left to lose, Ms. Albert seeks legal redress for the damage caused.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

37.    The State Bar conducted multiple pre-litigation, confidential investigations without warrants on the Plaintiff, Lenore Albert, from December 4, 2014, to the present.

38.    On or about February 24, 2022, Lenore Albert discovered that the State Bar had conducted 322,525 confidential pre-litigation investigations. This information ended up on JudyRecords.com, identifying the attorney under investigation by name, accessible to anyone with internet access, which is referred to as the "data breach."

39.    The Defendant State Bar of California, by and through Defendant State Bar's Chief Administrative Officer ("CAO") Steve Mazer, and Leah Wilson, purchased a case management system ("CMS") named Odyssey from Defendant Tyler Technologies, Inc. and installed it in or about 2018. The CMS included the Odyssey portal, which has been blamed, in part, as the cause of the data breach due to its failure to **have an adequate access control check** on said portal.

40.    Steve Mazer, the defendant, is the employee who authorized Leah Wilson's procurement of the CMS and Odyssey Portal from Tyler Technologies, a defendant. Mazer chose this option despite being a more costly low-code/no-code solution over customized software offered by another company at a lower price.

41.    Defendant Steve Mazer is the employee who also approved and/or entered into the contract with Defendant Rick Rankin to act as the Interim Information Technology Director of the State Bar.

42.    When the system was installed, Defendant Steve Mazer approved paying Defendant Tyler Technologies additional funds to perform implementation and administration services of the Odyssey CMS, including the Odyssey Portal, and paying Defendant Rick Rankin as the IT Director.

43.    However, ensuring adequate security measures were in place was a nondelegable duty of the State Bar because all State Bar complaints and investigations must remain confidential until public Notice of Disciplinary Charges is filed under Bus & Prof Code § 6086.1.

44.    The State Bar's confidential investigations are so highly confidential that a bar member is not entitled to learn of the investigation, obtain notice of State Bar subpoenas,

7

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

or even obtain the records the State Bar acquired against or on the member as part of their confidential investigation.

45.     Bus & Prof Code §§ 6086 and 6025 confer powers on the State Bar to adopt rules of procedure.

46.     At the time of the data breach, the State Bar adopted Rules of Procedure, Rule 2301, which provided that "the files and records of the Office of Chief Trial Counsel are confidential."

47.     State Bar Rules of Procedure, Rule 2302(e)(2) similarly provided: "(a) information concerning inquiries, complaints or investigations is confidential and shall not be shared outside of the State Bar Office of Chief Trial Counsel."

48.     These complaints are to be considered "highly confidential" which public policy would forbid the confidence to be violated.

49.     The State Bar knew that a charge from a complaint, no matter how guiltless the attorney might be, if generally known, would do the attorney irreparable harm even though the attorney is cleared by the State Bar.

50.     Plaintiff Lenore Albert is informed and believes and alleges thereon that the State Bar of California informed Defendants Tyler Technologies, Inc., Rick Rankin, and Does 1 through 50 how "highly confidential" these State Bar investigations were and that the State Bar intended to use Odyssey and/or Odyssey Portal in the Department of the Office of Chief Trial Counsel ("OCTC") where these records were created, maintained, and/or stored.

51.     The State Bar learned that the software they were using, Odyssey and/or Odyssey Portal, failed to have an or had an inadequate access control check, which allowed Plaintiff Lenore Albert's identity tied to one or more confidential State Bar investigations to be accessed, scraped, and/or harvested by third parties online.

52.     The supplier of Odyssey/Odyssey Portal, defendant Tyler Technologies, Inc., realized that it had sold Odyssey Portal to multiple other state, county, and local agencies throughout the United States without a proper access control check in place and nonpublic information from those databases was posted on the Internet, too.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

53.     Defendant Tyler Technologies and the State Bar of California decided to withhold information from Plaintiff Lenore Albert regarding any confidential investigations with her name until all issues with thirteen other California agencies had been resolved.

54.     The defendants went to great lengths to control the narrative and hide the information away from the public as they worked on this massive breach.

55.     Upon learning of the data breach, Plaintiff Lenore Albert asked the State Bar employees Cindy Chan, Suzanne Grandt, and Linda Knitter if she were included in it and if she could get any further details. Cindy Chan, Suzanne Grandt, and Linda Knitter refused to respond.

56.     On March 1, 2022, the State Bar communications department responded that it could not answer individual questions. Shortly thereafter, State Bar employee Suzanne Grandt sent a subpoena to Leslie Westmoreland for an appearance on March 3, 2022.

57.     On April 4, 2022, Lenore Albert requested the State Bar to disclose any confidential investigations and the status of Client Security Fund claims in her name. The State Bar objected, citing confidentiality, even though some information was already published on JudyRecords.com.

58.     Lenore Albert later learned that the State Bar had already identified the victims of the State Bar data breach, including her, by February 28, 2022, and had finished their analysis of the breach by March 9, 2022. However, the State Bar refused to answer her questions unnecessarily, causing her anxiety and frustration to grow.

59.     Plaintiff Lenore Albert later learned that on March 9, 2022, Defendant Tyler Technologies, Inc. employee Jeremy Ward, who was put in charge of working with Kevan Schweitzer, the operator of JudyRecords.com, told Schweitzer that Tyler Technologies decided to put a "hold[] on the CA clients" and "deal with" all of its California clients in "a single bucket."

60.     The State Bar still had not told the Plaintiff, Lenore Albert, if she was included in the data breach or what was included in the breach.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

61.     So, she agreed to file a putative class action against the State Bar for the data breach, captioned *John Roe v State Bar of California* on March 18, 2022, in the Orange County Superior Court, case no. 30-2022-01250695-CV-AT-CXC.

62.     The State Bar of California waived its Eleventh Amendment immunity, which resulted in the case being removed to federal court: *John Roe v State Bar of California*, case no 22-cv-00983-DFM.

63.     Thereafter, the Plaintiff, Lenore Albert, received an email alleging that her identity, which was linked to confidential State Bar investigations, had been exposed on JudyRecords.com. The May 18, 2022, email also mentioned evidence of a page view, indicating that other people had seen the information. Ex 1.

64.     The email failed to provide details about confidential investigations on JudyRecords.com, information on Lenore Albert from the docket, and whether this information could be found on search engines, paid sites, or the Dark Web.

65.     Plaintiff Lenore Albert asked Defendant State Bar employees Cindy Chan, Benson Hom, and Sherell McFarlane to identify the confidential State Bar investigations against her. She made a Public Records Act request on April 4, 2022, but was denied the information on the grounds of confidentiality. Outraged that she was not privy to the confidential details third parties saw online about her, this left her feeling frustrated, worried, and anxious about what third parties might have seen in the investigation dockets.

### Background on the Odyssey Portal Purchase

66.     In 2018, the Office of Chief Trial Counsel ("OCTC") launched an online complaint portal, allowing complaining witnesses to file complaints electronically rather than on paper via mail.

67.     The State Bar of California changed its system to a new Case Management System employing "Odyssey," which it purchased for approximately $3 million from Tyler Technologies. It kept its admissions database on different technology.

68.     In 2020, OCTC integrated the online complaint portal with Odyssey, automatically opening confidential State Bar investigations when an online complaint

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

was submitted, eliminating the need for State Bar of California staff to enter data for complaints submitted online manually. However, these confidential investigations were not then encrypted, or the encryption was not working and went untested, as shown by a third party's later posting onto the internet.

69.    In or about October 2021, Kevan Schwitzer scraped and/or harvested the cases from the California State Bar website and put them on the internet at JudyRecords.com, which was free and open to anyone in the public who had internet access. Tyler Technologies, Inc. had a data breach before the State Bar data breach. Yet, the State Bar, by and through Defendant Rick Rankin and Defendant Steve Mazer, continued to use the Odyssey Portal and pay Tyler Technologies administration fees without performing its own adequate security measures.

70.    Judyrecords.com site is set up to do a search by name wherein one can see the details of the investigation without having to click on the record. The search results are not uniform, but some levels of detailed information show up in a general search without having to select and view the actual file. At the time of the breach, the data included the venue, a case number, the names of the parties, and a URL linking back to the original record.

71.    Defendant, State Bar did not report the breach to the California Attorney General's office or local law enforcement. Instead, it used the time and press to obfuscate, downplay, and deny any liability. It has the specter of destroying and/or covering up the evidence of wrongdoing.

72.    The Plaintiff, Lenore Albert did not permit, consent, or authorize her identity attached to confidential State Bar investigations to be posted onto the internet.

73.    As a direct and proximate result of the unreasonable conduct of Steve Mazer, Rick Rankin, Tyler Technologies, the State Bar of California, and Does 1 through 50, and each of them, jointly and severally, the identity of the Plaintiff, Lenore Albert was associated with multiple baseless confidential State Bar investigations that were posted on the internet and viewed by others.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

74.     Plaintiff, Lenore Albert invested around $25.00 each month in credit and dark web monitoring to address and oversee potential dark web exposures. This action was prompted by the data breach, which led to the Plaintiff's email address being compromised on the dark web, causing considerable time and effort to combat others in their attempt to login to her email, in addition to spam and phishing attacks.

75.     The Plaintiff, Lenore Albert, devoted valuable time to exhaustively scouring the internet for any signs of the confidential State Bar investigations being disclosed. Consequently, Lenore Albert has suffered a profound loss of peace of mind.

<strong>Background Facts of State Bar Corruption</strong>

76.     On or about November 11, 2014, the State Bar searched Ms. Albert's law office expenses through a third party purporting to work with the State Bar without a warrant or proper authorization and created an appearance that the State Bar had confiscated her client files with the local police which led to Ms. Albert's filing of the whistleblower complaint on December 3, 2014.

77.     Ms. Albert learned that Sheri Moody, Cindy Brown, and others were defrauding the State Bar of California Client Security Fund ("CSF") by submitting false or fraudulent claims to the State Bar, the Social Security Administration, the IRS and other government entities for services, payment or approval, understanding that in order to reach CSF funds, they had to ensure their targeted attorney was at least suspended. Upon becoming a victim of this fraudulent scheme, Plaintiff Lenore Albert informed the State Bar to stop these false claims.

78.     Instead of stopping these false claims, the State Bar initiated disciplinary proceedings to revoke Ms. Albert's license to practice law which acted in concert with a campaign to degrade Ms. Albert's reputation to obfuscate the ongoing fraud and corruption occurring in a state agency with the fifth largest economy in the world.

79.     Ms. Albert's acts in furtherance of attempting to stop these false claims were a substantial motivating reason for the State Bar's decision to discipline her and continue to secretly investigate and harass her over the next ten-year period.

Complaint for Constitutional Violations and Anticompetitive Conduct<br><em>Albert v Tyler Technologies, et al.</em>

80.    Ronald O'Donell submitted a paper to the State Bar in 2014 or 2015 showing the State Bar how one of these individuals was marketing an "affidavit" to obtain money from the State Bar through a purported "attorney bond" which was really the CSF fund to persons that lost their home to foreclosure.

81.    Any correspondence sent to the State Bar thereafter, that named Ms. Albert instantly turned into a State Bar complaint, opening up a confidential investigation against Ms. Albert, from the correspondence by Ronald O'Donnell in 2014-2015 to a letter by Robert Shaw in 2024.

82.    From December 2015 through 2016, Defendant State Bar employee Sherell McFarlane interfered with Ms. Albert's representation of Mr. and Mrs. Koshak in the case of *Koshak v 10675 S Orange Park Blvd LLC* by investigating and prosecuting Ms. Albert on behalf of 10675 S Orange Park Blvd LLC while Mr. and Mrs. Koshak's wrongful foreclosure appeal was pending. The appeal was not concluded until 2018, and Ms. Albert was suspended for 30 days in the disciplinary matter. The suspension was initially posted as January 5, 2018, but later moved to February 14, 2018.

83.    State Bar employee Sherell McFarlane failed to disclose or misrepresented facts to Judge Roland during the disciplinary proceeding against Lenore Albert by omitting documents from the record. McFarlane also failed to disclose Jennifer Needs' true employment status, and the nonexistence of the 10675 S Orange Park Blvd LLC and fraud committed by the defense firm during the proceeding.

84.    Despite this, the State Bar recommended the suspension of Ms. Albert's license in October 2016, just a few weeks before the general election in which she was the endorsed Democratic candidate for the state Assembly (AD 72).

85.    The recommendation appeared in the Los Angeles Times, giving the impression that Ms. Albert was already suspended, affecting the 72,000 people who had voted for her in the general election.

86.    Sherell McFarlane secretly searched for Ms. Albert's personal and financial accounts pre-litigation without a warrant or notifying Ms. Albert.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

87.     Similarly, when Ms. Albert ran for office as Orange County District Attorney in 2018, the State Bar and its employees, including State Bar employee Suzanne Grandt, refused to reinstate Ms. Albert's license after 30 days in 2018, causing disruption during the primary election and forcing her to remove the word "attorney" next to her name. During the election, attorney Greg Diamond, who was an adversary, was allowed to represent the State Bar in the superior court on the ballot challenge, and the State Bar sent private and confidential documents regarding Lenore Albert to Greg Diamond without notifying Ms. Albert.

88.     In 2019, the State Bar searched Lenore Albert's password-protected Yelp account without a warrant. When Yelp told Ms. Albert what happened, the State Bar warned Ms. Albert she would be prosecuted if she responded to any negative reviews online about her.

89.     On January 29, 2020, the State Bar filed further public disciplinary charges against Ms. Albert just prior to her trial against attorney David Seal in order to disrupt and interfere with that trial. The baseless charges were later dismissed.

90.     The State Bar continued with its investigations and disciplinary proceedings against Ms. Albert from 2020 through 2022 interfering with her marketing work on the Oconsortium Technology tour.

91.     On April 20, 2021, the State Bar refused to reinstate Ms. Albert's license in contempt of court order which interfered with the *Gilbert-Bonnaire v Demerjian trial*, preventing her from amending the pleadings prior to the trial date of May 7, 2021. The State Bar employee, Suzanne Grandt then failed to disclose or misled Judge Clarkson during an adversary proceeding by omitting a minute order issued prior to May 5, 2021 wherein the Judge in the *Gilbert-Bonnaire v Demerjian* case ruled that the trial of May 7, 2021 remained.

92.     From September to October 2022, State Bar employee, Cindy Chan disrupted and attempted to disrupt the continued *Gilbert-Bonnaire v Demerjian* trial by opposing continuance of the UPL disciplinary hearing asserting that both trials could occur simultaneously.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

93.     The State Bar continued to open more confidential State Bar investigations against Lenore Albert.

94.     On May 18, 2022, Lenore Albert was notified that the confidential State Bar investigations identifying her by name landed on the internet on JudyRecords.com with evidence of page views.

95.     After the data breach, Ms. Albert filed a putative class action lawsuit against the State Bar representing six clients and approximately 191,000 putative class members. One month later, the State Bar retaliated by filing a notice of disciplinary charges against Ms. Albert on April 28, 2022, for purported unauthorized practice of law in a federal court that represented on its own website her membership was active. Ms. Albert alleged the State Bar was violating the antitrust laws by attempting to regulate the practice of law in federal court. State Bar's counsel, including employee Suzanne Grandt misled the federal court asserting that such allegations were fanciful. On April 3, 2023, the federal court dismissed the antitrust claim. Seven minutes later, the State Bar recommended the suspension of Ms. Albert's license for purported unauthorized practice of law in federal court.

96.     On March 1, 2024, the State Bar requested an extension of time to demur and respond to discovery. Despite being granted the extension until March 11, 2024, and 12, 2024, respectively, the State Bar took the extreme step of recommending disbarment and placing Ms. Albert on interim suspension. This action was based on rules or statutes that were not charged in the NDC and one did not even exist in the Bus & Prof Code. This interim suspension significantly interfered with Ms. Albert's contracts and economic opportunities in important legal matters. Upon learning of the interim suspension and disbarment, Robert Shaw, a putative class member in *John Roe v State Bar of California* wrote the State Bar a letter complaining about what the State Bar had done. Like the matter of Ronald O'Donnell, the State Bar turned it around and made it into a complaint against Ms. Albert.

97.     Plaintiff Theresa Marasco's jury trial was set to begin in April 2024. She settled her case for less than it was worth because she could litigate the case herself without counsel.

98.     Plaintiff Larry Tran was forced to defend a demurrer in pro per losing all of his claims except for the one that was overruled when Ms. Albert was his counsel.

99.     Plaintiff Ryan McMahon's case has stalled because he has not been able to find counsel to take his case.

100.    Plaintiff James Ocon had his business disrupted.

101.    Plaintiff Chad Pratt, the only named plaintiff in the John Roe data breach case has been unable to find counsel, stalling that case and Plaintiff Leslie Westmoreland lost his license to practice law.

102.    On June 17, 2024, the California Supreme Court refused to review Ms. Albert's petition for review and the disbarment became final on or about July 16, 2024.

103.    The State Bar employees' illegal and reprehensible practices corrupted the administrative or judicial processes discriminating against Ms. Albert.

104.    The violations are self-evident by the concealment of an attorney's unauthorized practice of law while prosecuting other attorneys in the State Bar court.

105.    By June 30, 2024, all active attorneys were required to have paid their annual State Bar dues, complied with MCLE for their group, and fill out compliance with Client Trust Account Protection Program ("CTAPP").

106.    As of June 30, 2024 State Bar employee, Alexander Binder failed to have completed his CTAPP requirement which would have placed him on immediate inactive status.

107.    However, his membership profile shows that he was placed on inactive status from July 2, 2024 to July 19, 2024 for noncompliance with CTAPP.

108.    While Mr. Binder's license was suspended, the State Bar paid him to prosecute, and he continued to hold himself out as an attorney with the ability to practice law in California and prosecuted multiple members of the State Bar. Such conduct includes but is not limited to, Early Neutral Evaluation correspondence, Early Neutral Evaluation

16

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

hearings, drafting and/or filing Notice of Disciplinary Charges, Oppositions and other papers in the State Bar court, correspondence and/or appearing in approximately twelve other cases.

109.    Here, State Bar Office of Chief Trial Counsel attorney Alex Binder violated Bus & Prof Code § 6125 by practicing law from July 1, 2024 until he was reinstated on July 19, 2024 as outlined above. This violation warranted his termination as a State Bar employee, disgorgement of his salary that he was paid while suspended, disciplinary charges requesting disbarment and vacating the proceedings against the attorneys he prosecuted.

110.    None of those things happened. Instead, State Bar hearing department Judge Cynthia Valenzuela issued an Order in the case of Sherry Lee Collins for either Mr. Binder or one of his supervising attorneys: Sherell McFarlane, Christopher Jagard or George Cardona to provide a list of all cases he appeared in the court.

111.    Supervising attorney Sherell McFarlane supplied a list of Mr. Binder's cases to Judge Valenzuela by filing it in the Sherry Lee Collins matter which had been defaulted.

112.    However, Supervising attorney Sherell McFarlane did not list "all" cases in the State Bar court that Mr. Binder had worked on during his suspension. For example, the case of Mr. Woodhouse was missing from the list.

113.    The conduct of Ms. McFarlane was misrepresentative and an act of moral turpitude on the grounds Ms. McFarlane knew of the Woodhouse case because she was the supervising attorney on that case, too.

114.    Nevertheless, Judge Valenzuela then merely issued an order that retroactively "affirmed" the filings that were made by Mr. Binder while he was suspended (on inactive status). She never issued an Order to Show Cause why any of the Supervising attorneys failed to ensure that the work was being done by an attorney with an active license at the State Bar violating Judicial Canons 1 through 4. This was improper.

115.    Furthermore, although nothing was filed in the Woodhouse matter advising Judge Roland of Mr. Binder's suspension, on August 1, 2024 Judge Roland issued a minute order striking Mr. Binder's papers based on his suspension in July. State Bar prosecutors

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

and judges are not supposed to have extrajudicial communications; however, Ms. Albert is informed and believes that the extrajudicial communications demonstrated in the Binder matter is an example of the type of extrajudicial communications corrupting the administrative or judicial process that occurred in Ms. Albert's cases to her injury.

116.   At or near the same time that State Bar was concealing Mr. Binder's UPL, the State Bar advertised Ms. Albert's disbarment on X (formerly Twitter), LinkedIn and Facebook.

117.   The State Bar economically oppressed Ms. Albert by disrupting her business, causing reputational damage, and subjecting Ms. Albert to severe emotional distress.

<b>The Conspiracy</b>

118.   After Ms. Albert initiated the *John Roe v State Bar of California* data breach case, she discovered Defendants State Bar of California and Tyler Technologies conspired to mislead the public about the nature and extent of the data breach.

119.   Plaintiff, Lenore Albert is informed and believes that thirteen other state agencies in California suffered the same data breach but the breach was covered up by Defendants State Bar of California and Tyler Technologies causing the delay in notification that she had page views of confidential investigations tied to her name posted online.

120.   Plaintiff, Lenore Albert is informed and believes that the nature and extent of the data breach showed the State Bar employees were abusing their power for their own personal interest by performing pre-litigation confidential State Bar investigations on other members of the Bar which was covered up by Defendants State Bar of California and Tyler Technologies and was a substantial factor in agreeing to have Ms. Albert disbarred in order to avoid providing the proof to her.

121.   Defendants agreed orally or in writing or implied by the nature of the acts done to cover up the above information in order that the public would not find out and thereby agreed to have Ms. Albert taken out of the picture by way of disbarment.

122.   Even if Defendants Tyler Technologies and/or the State Bar of California including defendants Cindy Chan, Benson Hom, Steve Mazer, Rick Rankin, Leah Wilson and Suanne Grandt did not personally commit a wrongful act or did not know all

of the details of the agreement or the identities of all of the other participants, Defendants, and each of them still conspired to commit a wrongful act as alleged herein.

123.    Defendants' participation can be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged coconspirators.

## Vicarious Liability of Tyler Technologies

124.    Jeremy Ward and Doe Defendants 1 through 50 were Tyler Technologies employee and/or agent; and Jeremy Ward and Doe Defendants 1 through 50 were acting within the scope of its employment and/or agency when it harmed Plaintiffs making Tyler Technologies, Inc. jointly and severally liable.

## Delayed Discovery

125.    Plaintiff, Lenore Albert, did not discover, and a reasonable and diligent investigation would not have disclosed, that the State Bar would go to the lengths of issuing an interim suspension and disbarment when it was supposed to turn over discovery in the data breach case of *John Roe v State Bar of California* which disqualified her as counsel and contributed to Ms. Albert's harm.

126.    Discovery and investigation are ongoing to determine the number and nature of pre-litigation unlawful searches and seizures/confidential investigations initiated by the State Bar against the Plaintiff, Lenore Albert, as well as the purpose and individuals involved. Additionally, the Plaintiff has been unable to uncover these facts earlier due to the State Bar and their employee's refusal to disclose the existence of confidential investigations to Plaintiff and as such will need to use the discovery process to discover the same.

## Other Proceedings Tolled the Statute of Limitations

127.    The statute of limitations was tolled while Plaintiff, Lenore Albert was representing the Plaintiff attorneys in the putative class action, *John Roe v State Bar of California* until March 13, 2024, because she could not represent the Plaintiffs in a putative class action and be a Plaintiff at the same time. Furthermore, the statute of limitations was tolled while Ms. Albert was in bankruptcy from 2018 to present, case no.

18-bk-10548-SC, specifically in the adversary proceeding captioned *Albert-Sheridan v State Bar of California,* case no. 18-ap-1065-SC wherein the State Bar was adjudged in contempt on January 27, 2023, but third parties including Nira Woods and David Bitzer were dismissed. Furthermore, the State Bar had filed baseless, harassing actions against Ms. Albert in case no. 20-O-00045 regarding nonpayment to 10675 S Orange Park Blvd. LLC which opposing counsel Philip Green tried to collect from Plaintiff Lenore Albert's bankruptcy estate; and case no. 21-O-30638 regarding payment of $3,625.00 to Bonnie Kent and $6,395.00 to David Bitzer (confidential investigation numbers 17-O-05418 and 18-O-11088). Those cases were not dismissed until August 7, 2024, equitably tolling the statute of limitations.

128.    Defendants Rick Rankin, Tyler Technologies, the State Bar of California, and its employees, received timely notice that Lenore Albert filed a tort claim for the data breach on March 14, 2022, but could not act on it because she was counsel for Plaintiffs in the putative class action, *John Roe v State Bar of California,* case no. 30-2022-01250695-CU-AT-CXC filed on March 18, 2022 in the Orange County superior court until she was disbarred by the State Bar on July 16, 2024. The facts of the putative class action and this claim are so similar that an investigation of the putative class action gave or would have given Defendants the information needed to defend this lawsuit.

129.    Plaintiff, Lenore Albert was acting reasonably and in good faith by representing the other attorneys in the putative class action until she was disqualified and disbarred on July 16, 2024.

**Defendant Estopped from Asserting Statute of Limitations**

130.    Lenore Albert claims that even if her lawsuit was not filed on time, she may still proceed because the State Bar did or said something that caused Lenore Albert to delay filing the lawsuit.

131.    The State Bar said it was frivolous or fanciful to assert the State Bar would attempt to regulate the practice of law in federal court after it filed disciplinary charges against Lenore Albert for unauthorized practice of law in federal court when she was suspended in state court but her license in that federal court showed it remained active.

Such representation in the putative class action, *John Roe v State Ba of California* caused Lenore Albert to believe that it would not be necessary to file a lawsuit.

132.    Lenore Albert relied on the State Bar's conduct and therefore did not file the lawsuit within the time otherwise required.

133.    A reasonable person in Lenore Albert's position would have relied on the State Bar's conduct.

134.    After the limitation period had expired, the State Bar's representations by words or conduct proved to not be true because it disbarred Ms. Albert for purported unauthorized practice of law in federal court on July 16, 2024.

135.    From March 11, 2024 through to the present Ms. Albert has been forced to draft and redraft notices, responses, and motions regarding this turn of events, approximately 2 million words to explain what has happened to other courts she maintained a license in, objecting to reciprocal discipline, thus making this filing timely.

136.    After filing her petition for cert. to the United States Supreme Court, which was docketed on September 10, 2024, Lenore Albert proceeded diligently to file suit once she discovered the need to proceed.

### RYAN MCMAHON

137.    Ryan McMahon, a former law enforcement officer, and victim of the online cancel culture crowd was harmed by the State Bar defendants when the defendants caused his attorney's license to be revoked leaving him to defend pending motions in federal court.

138.    On or about 2023, Ryan McMahon hired plaintiff Lenore Albert to file a civil lawsuit captioned *McMahon v Whitney* in the United States District Court of the Eastern District of California, Case No. 20-cv-01972-KJM-JDP against a local agency.

139.    This case involved the unauthorized release of confidential personnel files by the city of Vallejo, John Whitney, and Jane/John Doe's 1-10. During this period, the State Bar of California was in the process of attempting to disbar Plaintiff McMahon's counsel, Lenore Albert. Several motions against the city and defendants were actively being fought, mitigated, and won in federal Court.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

140.   Traction was being made in the case to hold the city and defendants accountable for their nefarious actions against plaintiff, Ryan McMahon. At the same time, Lenore Albert was being distracted from plaintiff McMahon's case in her legal battles against the State Bar employees: Suzanne Grandt, Cindy Chan, Benson Hom, Sherell McFarlane, the state bar board, all John/Jane Does 1-50.

141.   As a direct and proximate result, the State Bar's investigation disrupted plaintiff McMahon's case and the case of other litigants who hired Lenore Albert as counsel.

142.   As a former police officer of over a decade, Plaintiff, Ryan McMahon has investigations supervisory experience, several POST-certified training classes, and investigatory classes, which makes the plaintiff more than capable of determining right from wrong and determining if specific laws or statutes may have been violated.

143.   Plaintiff, Ryan McMahon worked as lead investigator in several high-profile cases, such as homicides and sexual assault cases, where the perpetrator was prosecuted and charged by the District Attorney's office. It is the same for lower-level misdemeanor-type crimes. Plaintiff McMahon qualified as an expert witness by the courts in some cases. He read the allegations from the State Bar employees against Lenore Albert. Based on his unbiased opinions, he took the time and expense to write several declarations to the Court in his own case and in defense of Lenore Albert.

144.   Plaintiff, Ryan McMahon requested the Court, State Bar, and its employees allow Lenore Albert to continue as a counsel in his case, as it is convoluted and has several integral parts that a new counsel would have a challenging time catching up to speed. Plaintiff, McMahon also expressed his concerns to all involved parties that it was hard to find Lenore Albert or any counsel to take his case due to being prior law enforcement and a David vs. Goliath scenario in seeking retribution and accountability from all defendants involved.

145.   Plaintiff Ryan McMahon's pleas were ignored, and on or about March 14, 2024 plaintiff Lenore Albert was abruptly suspended and then later disbarred on July 16, 2024 from practicing law. The disbarment caused Plaintiff Ryan McMahon's case, which was

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

actively being litigated, to stall while he attempted to obtain alternate counsel. Since Lenore Alberts's disbarment, plaintiff, Ryan McMahon has been unable to find representation to this date, which he knew was going to be an issue, and he noted on several previous documents to the Court.

146.    As a result of the above events, Lenore Albert was forced to terminate her legal contract for representation with plaintiff, Ryan McMahon, and she was forced to stop representing him.

147.    But for, the State Bar overstepping its authority in disbarring McMahon's attorney, Lenore Albert, by using a nonexistent statute, in part, for a case that involved no client harm and did not benefit the people of California, plaintiff Ryan McMahon would not have been harmed.

148.    The disbarment of Lenore Albert was highly irregular. It disrupted Ms. Albert's representation of plaintiff, McMahon in an active federal case, where plaintiff Ryan McMahon and plaintiff Lenore Albert had invested thousands of dollars and over a year of preparation.

149.    The Bar's actions have affected plaintiff Ryan McMahon's mental health, personal and professional reputation, and financial well-being. Its actions have also violated plaintiff Ryan McMahon's right to due process, as he has been unable to secure new counsel.

150.    Case 20-cv-01972-KJM-JDP now has several pending motions, and plaintiff, McMahon is forced to represent himself, putting him at a significant disadvantage against experienced attorneys. The culmination of fraudulent and baseless actions by Suzanne Grandt, Cindy Chan, Benson Hom, Sherell McFarlane, the state bar board, and all John/Jane Does 1-50 in this case brought before the Court caused irreparable harm to plaintiff, Ryan McMahon in his case which is still being actively litigated in the United States District Court of the Eastern District of California by way of the actions listed below.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

151.   Defendants Suzanne Grandt, Cindy Chan, Benson Hom, Sherell McFarlane, the state bar board, and all John/Jane Does 1-50's conduct was so outrageous it would shock the conscience of the Court. As a result, all should be held accountable and liable for injustice against, Ryan McMahon, and the federal court system, which they interrupted during the frivolous allegations against his former attorney, Lenore Albert.

152.   The above actors used language in their motions to disbar my counsel, Lenore Albert, described as an effort to protect the clients/citizens of California against the nefarious activity and business dealings of Lenore Albert. These facts were false, and several documents filed by past clients of Lenore Albert outlined/proved no concerns of wrongdoing or trickery that would harm them. All defensive pleadings to advocate and support Lenore Albert were filed by Court motions and all by productive, smart, and articulate citizens who admired and found Lenore Alberts's efforts to represent them beneficial. Despite facts presented to the courts and all the actors, Lenore Albert was still disbarred under false pretenses.

153.   I am seeking monetary relief of more than $1.5 million dollars from Defendants Suzanne Grandt, Cindy Chan, Benson Hom, Sherell McFarlane, the state bar board, all John/Jane Does 1-50 and all other defendants plus the reinstatement of my lawyer Lenore Albert as a direct result of the following violations:

    a.  Tortious Interference of McMahon's contractual obligations/agreement with Lenore Albert which ended shockingly abrupt;

    b.  Causing undue delay in plaintiff's case;

    c.  Constitutional violations;

    d.  Aiding and abetting the city of Vallejo, John Whitney and all John/Jane Does 1-10 to violate McMahon's constitutional right to privacy;

    e.  Hindering the financial outcome of plaintiff's case;

    f.  Acting arbitrarily against plaintiff's interests in protection by prosecuting plaintiff Lenore Albert yet doing nothing to former counsel Alison Berry Wilkinson who actually harmed plaintiff Ryan McMahon.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

g. Aiding and abetting all defendants in McMahon's federal case in the cover-up of Bus & Prof Code § 17200 Violation;

h. Abuse of Discretion/Power for interfering with a federal court case and disbarment of plaintiff's counsel over a case presented that was over five years old;

i. Negligence; and

j. Violations for using disparaging and harassing treatment against plaintiff, Ryan McMahon's former counsel, which directly affected him and his federal case and in the press.

154.   The plaintiff, Ryan McMahon, suffered reputational and emotional harm. This harm affected his profession as a law enforcement officer and his personal reputation, which was highlighted by the media and news outlets. It also impacted his family and friends, causing emotional distress for him, his family, and his friends.

**THERESA MARASCO**

155.   Theresa Marasco, a former paralegal, and tenant that was having landlord-tenant issues, is informed and believes and alleges thereon that the State Bar employees had contacted opposing counsel and/or the defendants in her case, interfering or attempting to interfere in her case after plaintiff Lenore Albert was hired to represent her in or about February 2023.

156.   Theresa Marasco filed her litigation captioned *Marasco v1753 9th Street LLC*, Case No. 19SMCV00056 in 2019. It was finally going to trial the first week of April 2024 just before her five-year limitations period expired.

157.   She has been forced to represent herself to settle lienholders claims.

158.   On March 11, 2024, she was informed that the State Bar was abruptly suspending her counsel of record (plaintiff Lenore Albert) license to practice law on March 14, 2024.

159.   As a consequence, knowing she could not finish the expert depositions and take the case to trial by herself, she was forced to not have her day in court which she really wanted and entered into a quick settlement along with the three other co-plaintiffs for a

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

six-figure settlement upon agreement that their counsel would waive the contract of 40% contingency fee.

160.    Plaintiff is informed and believes and alleges thereon that plaintiff would have received much more from a jury and that her expenses which she had to pay including experts and multiple depositions would have been paid by the defense, but for the State Bar abruptly revoking her attorney's license to practice law on the eve of her trial.

161.    The State Bar defendants knew of plaintiff Theresa Marasco's litigation because Theresa Marasco testified on plaintiff Lenore Albert's behalf along with other co-plaintiffs in the case at Albert's disciplinary hearing and when the abrupt suspension took place.

162.    The State Bar Defendants revoked Marasco's attorney's license just days before the Section 3294 hearing wherein the 1753 9th Street LLC defendants would be forced to hand over their financials for the punitive damages phase of trial which plaintiff is informed and believes would have significantly increased the settlement offer.

163.    She drafted and filed declarations served on the State Bar requesting that Lenore Albert be able to proceed in her case, but the State Bar refused to grant her request.

164.    The actions of the Defendant State Bar employees, including but not limited to Cindy Chan and Benson Hom were contrary to Bus & Prof Code §6001.1 on the grounds plaintiff Theresa Marasco was representative of the underserved community who lack access to the courts.

165.    But for the Defendants wrongful conduct, plaintiff Theresa Marasco would not have lost nearly five years of time working on the case, exacerbated her mental distress, mental freeze, and still had an effect on her family relations who were co-plaintiffs in the case.

166.    Plaintiff Theresa wanted her day in court because it had a lot of moving parts and Theresa Marasco wanted to show it to a jury.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

## CHAD PRATT

167.   Chad Pratt was the only named plaintiff in the data breach putative class action *John Roe v State Bar of California*, case No. 30-2022-01250695 filed on March 18, 2022.

168.   After the case was filed, the State Bar initiated charges against Chad Pratt in violation of his constitutional rights as retaliation.

169.   Not only did they revoke his license to practice law based on conduct before a federal court wherein the federal judge did not refer plaintiff Chad Pratt for discipline, but the State Bar also delayed in producing the discovery in the class action case, then revoked his counsel, plaintiff Lenore Albert's, license to practice law interfering with his litigation.

170.   Chad Pratt is informed and believes and alleges thereon that the State Bar employees had contacted the opposing counsel and/or the defendants in his case, interfering or attempting to interfere in his case, barring discovery to take place and the class to be certified.

171.   He drafted and filed declarations served on the court requesting that Lenore Albert be able to proceed in his case after learning of the March 11, 2024 State Bar opinion of disbarment and interim suspension, but the State Bar refused to grant his request.

## LARRY TRAN

172.   Plaintiff Larry Tran hired plaintiff Lenore Albert to represent him in the case of *Tran v Tesla*, case no. 23STCV02546 in Los Angeles Superior Court.

173.   Plaintiff is informed and believes and alleges thereon that the State Bar employees' conduct barred him from overruling the demurrer on the fraud causes of action in his case and he lost bargaining power because his breach of warranty claim was reduced when he lost his attorney by losing the expected reasonable attorney fee award, thus frustrating an early settlement in the case.

174.   Plaintiff Larry Tran is a law school graduate that works as a nonlawyer in a law office that does not handle lemon law or fraud cases. Having to represent himself in such

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

an abrupt manner with only a three-day warning has cost him overtime trying to learn the law in this area and defend against demurrers.

175.   He drafted and filed declarations served on the court requesting that Lenore Albert be able to proceed in his case after learning of the March 11, 2024 State Bar opinion of disbarment and interim suspension but the State Bar refused to grant his request. Consequently, the court substituted Larry Tran into his case pro per on or about April 16, 2024.

## LESLIE WESTMORELAND

176.   Plaintiff, Leslie Westmoreland, was a private practitioner after he retired from the California Department of Justice where both he and plaintiff Lenore Albert were first introduced.

177.   When the State Bar suspended plaintiff Lenore Albert's license to practice law on February 14, 2018 and failed to reinstate it, he employed Lenore Albert to assist him on several occasions, two of which were filed in the U.S. District Court for the Eastern District of California while both plaintiff Lenore Albert and plaintiff Leslie Westmoreland's membership in that federal court showed as active and in good standing.

178.   On November 20, 2022, the State Bar summarily suspended plaintiff, Leslie Westmoreland, for purportedly assisting or aiding and abetting, plaintiff Lenore Albert in the unauthorized practice of law in federal court. Then the California Supreme Court disbarred him on September 15, 2023.

179.   The suspension and disbarment violated his Fourteenth Amendment rights.

180.   The violation included but is not limited to the circumstance that culpability based on assisting or aiding/abetting was dependent on first finding plaintiff Lenore Albert culpable of unauthorized practice of law, something that the California Supreme Court did not do until plaintiff Lenore Albert was disbarred on July 16, 2024.

181.   The California Supreme Court refused to vacate the order of disbarment a week later, resulting in harm by the loss of Leslie Westmoreland's livelihood.

182.   Plaintiff, Leslie Westmoreland, has attained an age over 65, thus the pecuniary loss was an act of elder abuse, too.

**JAMES OCON**

183.    James Ocon, a veteran of the U.S. Navy, owned Ocon Solutions and created the Oconsortium during the Covid pandemic in 2020.

184.    It was decided to develop a nationwide tour demonstrating state of art next generation broadcast technology to various broadcast stations throughout the United States.

185.    Lenore Albert's license to practice law was suspended at the beginning of this venture and she agreed to do the operations and marketing of the tour from 2020 through 2022.

186.    However, during preparation, launch and execution of the tour, the State Bar through Defendants Benson Hom, Cindy Chan, and Suzanne Grandt interrupted the Oconsortium Technology tour by drowning plaintiff Lenore Albert in paper and baseless investigations that were later dismissed.

187.    The Oconsortium Technology tour was unable to maintain day to day operations and it was shut down in December 2022.

188.    The Defendants' tortious interference, pulling Lenore Albert out of the tour, was a substantial factor in causing harm to plaintiff James Ocon.

189.    Plaintiff James Ocon invested his retirement income to start up Ocon Solutions and the Oconsortium technology tour which he lost in an estimated amount of $100,000.00 to $200,000.00.

190.    Plaintiff James Ocon lost sponsorship investment exceeding $100,000.00 from other companies such as Panasonic, Canon, and Sinclair Broadcasting Group. Plaintiff James Ocon also suffered reputational harm in his business, shame, ridicule, and emotional distress.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

# FIRST CAUSE OF ACTION

## False Claims Act – Unjust Enrichment

## Defrauding the State Bar CSF

## By Plaintiff Lenore Albert

191.    Plaintiff(s) incorporate the allegations in paragraphs 1 to 136 as though fully set forth herein.

192.    Plaintiff Lenore Albert blew the whistle that others were defrauding the State Bar Client Security Fund with false claims.

193.    Plaintiff was harmed as a result entitling her to damages.

194.    When Ms. Albert became a member of the California State Bar on December 5, 2000, she entered into an agency relationship with Defendant, State Bar of California.

195.    In or about late 2014 to early 2015, plaintiff Lenore Albert, learned that Sheri Moody, Cindy Brown, Billie Rene Powers, Jodi Sisson, and others were knowingly defrauding, attempting to defraud, and/or conspiring to defraud the State Bar of California Client Security Fund ("CSF") by submitting false or fraudulent claims to the State Bar, and other government entities such as the Social Security Administration or the Internal Revenue Service for services, payment or approval, understanding that in order to reach the State Bar CSF funds, they had to ensure their targeted attorney was at least suspended. Upon becoming a victim of this fraudulent scheme, Plaintiff informed the State Bar and F.B.I. to stop these false claims.

196.    Instead of stopping these false claims, the State Bar through Doe 1 to Doe 50, and Defendant Sherell McFarlane, initiated disciplinary proceedings on or about December 15, 2015, to revoke Ms. Albert's license to practice law which acted in concert with a campaign to degrade Ms. Albert's reputation to obfuscate the ongoing fraud and corruption occurring in a state agency with the fifth largest economy in the world.

197.    Ms. Albert's acts in furtherance of attempting to stop these false claims were a substantial motivating reason for the State Bar's decision by Doe 1 through Doe 50 to: (1) discipline her with a series of state bar proceedings brought pursuant to a policy of starting disciplinary proceedings without regard to the merits and for an unlawful

purpose; and (2) to continue to secretly investigate and harass her over the next ten-year period.

198.   Thereafter, from 2016 through 2020 Nira Woods, Bonnie Kent, David Bitzer, Alfredo Hernandez, and Sherry Hernandez knowingly defrauded, attempted to defraud and/or conspired to defraud the government of money, property, or services by submitting a false or fraudulent claim to the State Bar of California for payment or approval that remained open through August 2024, (to the exclusion of Nira Woods who was paid by the State Bar in December 2020).

199.   It wasn't until on or about April 20, 2021, that Plaintiff, Lenore Albert, learned through her adversary proceeding captioned *Albert-Sheridan v State Bar of California*, case no. 18-ap-1065-SC, that the State Bar paid Nira Woods $20,000.00 through the CSF on December 18, 2020. On April 20, 2021, Plaintiff Lenore Albert had to repay the State Bar Client Security Fund $20,801.00 in order to get her license to practice reinstated and she did so by borrowing the money from a third party. Then she fought the State Bar over the CSF payment in the Orange County superior court wherein her request for writ of mandate was denied on or about May 24, 2023, thus equitably tolling the statute of limitations. Although she was in bankruptcy, during this time period, her Chapter 7 bankruptcy trustee, Jeffrey Golden, never disclosed that he had been appointed to the California State Bar CSF commission in or after 2013.

200.   Additionally, on or about September 8, 2018, Defendant State Bar employee Suzanne Grandt and on or about October 16, 2018, attorney Phillip Green of Samuels, Green, and Steele, knowingly attempted to defraud Ms. Albert's bankruptcy estate, case no. 18-bk-01548-SC, of money, property, or services by submitting a false or fraudulent claim to the U.S. Bankruptcy Court for payment or approval of the Chapter 7 trustee's distribution of $167,500.00 in assets in 2022 that was collected in Ms. Albert's bankruptcy case.

201.   Upon becoming a victim of this fraudulent scheme, Plaintiff informed the State Bar and the Bankruptcy court to stop these false claims.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

202.   The U.S. Bankruptcy court eventually stopped these claims after Ms. Albert filed numerous motions. But, instead of stopping these false claims, the Defendant State Bar employees Doe 1 through Doe 50, Ruben Duran, Leah Wilson, Cindy Chan, and Benson Hom initiated more confidential State Bar investigations and disciplinary proceedings to revoke Ms. Albert's license to practice law which acted in concert with a campaign to degrade Ms. Albert's reputation to obfuscate the ongoing fraud and corruption occurring in a state agency with the fifth largest economy in the world.

203.   Ms. Albert acted in furtherance of attempting to stop these false claims.

204.   Ms. Albert was harmed. The State Bar disbarred Ms. Albert in 2024.

205.   Defendant State Bar employees, Ruben Duran, Leah Wilson, Doe 1 through Doe 50, Suzanne Grandt, Cindy Chan, and Benson Hom's conduct was a substantial factor in causing Plaintiff's harm.

206.   Ms. Albert's acts in furtherance to stop a false claim were another substantial motivating reason for the State Bar's decision to disbar her in addition to thwarting the *John Roe v State Bar of California* class action case.

207.   Plaintiff is informed and believes and alleges thereon that the government apparently doesn't care because the State Bar is not funded by the taxpayer but by its own members. However, the U.S. mail was used to defraud in the process while the State Bar is exempt from paying postage.

208.   Alternatively, the Plaintiff is informed and believes and alleges thereon that the Defendants were unjustly enriched by receiving a benefit at the expense of the plaintiff, Lenore Albert.

209.   The Defendants and each of them, by their actions against plaintiff Lenore Albert, have prevented her from gaining other employment and moving on with her life.

210.   Lenore Albert is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, costs, and punitive damages against all defendants, except the State Bar of California.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

211.   Lenore Albert is entitled to mandatory injunctive relief, ordering reinstatement of her license to practice law and deletion of the suspension/disbarment activity on her membership page from the defendant State Bar of California.

212.   Lenore Albert is entitled to treble damages.

## SECOND CAUSE OF ACTION

### 42 U.S.C. §1983 - Unreasonable Search and Seizure

### Pre-Litigation Warrantless Searches

### By Plaintiff Lenore Albert

213.   Plaintiff(s) incorporate the allegations in paragraphs 1 to 136, 191-212 as though fully set forth herein.

214.   The California State Bar Invaded Plaintiff Lenore Albert's property interest with warrantless pre-litigation searches, and she was harmed as a result.

215.   The first unreasonable search Plaintiff, Lenore Albert, is aware of occurred on or about November 11, 2014, when Cindy Brown entered Plaintiff, Lenore Albert's office area with several other people and the Huntington Beach police department interrogating her receptionist about how much Ms. Albert paid in office space rent and other amenities without a search warrant or probable cause.

216.   Plaintiff, Lenore Albert is informed and believes and alleges thereon that from that time forward the State Bar has been secretly searching Plaintiff, Lenore Albert's things and seizing personal information or property that would require a warrant pre-litigation.

217.   Defendants Doe 1, Doe 2, Sherell McFarlane, Katherine Kinsey, Benson Hom, and Suzanne Grandt, Ruben Duran and Leah Wilson, acting or purporting to act in the performance of their official duties, under color of state law, deprived Lenore Albert of a federally protected right.

218.   State Bar employees Doe 1, Doe 2, Sherell McFarlane, Katherine Kinsey, Benson Hom, and Suzanne Grandt carried out one or more unreasonable search(es) and/or seizure(s) of Lenore Albert's personal bank records, information in her password-protected online accounts, including but not limited to her Yelp account, and other

33

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

private information or communications of Lenore Albert's in violation of the Fourth Amendment to the U.S. Constitution.

219.    If the court later determines that the conduct alleged, in whole or in part, was not a search or seizure that required a warrant, then the defendants' conduct violated Ms. Albert's right to privacy under the Fourteenth Amendment to the U.S. Constitution.

a.    For example, Citibank informed Ms. Albert that on or about September 6, 2016, State Bar employee Sherell McFarlane searched and/or seized Lenore Albert's accounts pre-litigation that would reveal Ms. Albert's financial resources, including but not limited to such as her personal bank accounts she opened, her signature card, and other information collected by her financial institutions.

b.    Then, on or about September 26, 2016, State Bar employee Sherell McFarlane searched and/or seized Lenore Albert's accounts pre-litigation that would reveal Ms. Albert's financial resources, including but not limited to such as her commercial bank accounts she opened, her signature card, and other information collected by her financial institutions without a warrant or notice to Lenore Albert.

c.    On or about November 29, 2017, State Bar employee Benson Hom searched and/or seized Lenore Albert's communications with Ocwen Loan Servicing pre-litigation without a warrant or notice to Lenore Albert.

d.    On February 6, 2018, September 3, 2019, and March 8, 2020, insurance defense counsel David Seal received two documents and also acted as a confidential informant for the State Bar. These documents relate to Ms. Albert's 2008 whistle-blowing incident, alleging that defense attorney Jon Holdaway from Arent Fox accessed work product on the attorney-Plaintiff-only CAALA listserve. One of the documents was secured in attorney Steve Glickman's desk. After Ms. Albert blew the whistle, she was removed from the Listserve so she could not inform other members who the "rat" was. Her membership was terminated. Instead of filing charges against Jon Holdaway, there was an agreement with CAALA for him to leave the state of California. Hence, Plaintiff, Lenore Albert is informed and believes and alleges that the State Bar employees committed a search and seizure of said documents and gave them to David Seal.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

e.      Furthermore, Yelp informed Ms. Albert that on or about July 26, 2019, State Bar employee Katherine Kinsey searched and/or seized Lenore Albert's password-protected online accounts, including but not limited to such as all Yelp accounts she opened, her comments, communications, and other information collected by Yelp pre-litigation without a warrant or notice to Lenore Albert.

f.      On or about September 2020, former State Bar employee Erin Joyce had Ms. Albert personally served with a subpoena at her Joshua Drive address in Trabuco Canyon, California an address which was not provided to her at that time or publicly listed with the U.S. postal service.

g.      On or about March 1, 2022, State Bar employee Cindy Chan interviewed attorney Kamran Javendal who disclosed that State Bar employee Suzanne Grandt had contacted him, and, on that basis, Lenore Albert alleges that State Bar employee Suzanne Grandt searched and/or seized Lenore Albert's communications or property without a warrant or notice to Lenore Albert.

h.      On or about March 11, 2024, State Bar employees Doe 1, Doe 2, and Suzanne Grandt searched and/or seized or caused a search and/or seizure of Plaintiff, Lenore Albert's personal financial information pre-litigation knowing that an interim suspension would disrupt her business potential profits in the short-term causing economic oppression to Plaintiff, Lenore Albert without a warrant or notice to Lenore Albert.

220.   Plaintiff, Lenore Albert is informed and believes and alleges thereon that these secret searches and seizures continued from 2015 through to the present.

221.   Defendants Doe 1, Doe 2, Sherell McFarlane, Katherine Kinsey, Benson Hom, and Suzanne Grandt did not have a warrant.

222.   Defendants Doe 1, Doe 2, Sherell McFarlane, Katherine Kinsey, Benson Hom, and Suzanne Grandt were acting under color of law, in their official capacity for injunctive relief barring them from performing future warrantless searches.

223.   Defendants Doe 1, Doe 2, Sherell McFarlane, Katherine Kinsey, Benson Hom, and Suzanne Grandt were acting under color of law, in their personal capacity entitling

Plaintiff, Lenore Albert, to damages for the harm caused by the defendants past violations and defendants Leah Wilson and Ruben Duran permitted this to happen.

224.   Lenore Albert was harmed. The acts subjected her to economic oppression, extortion-like threats, reputational harm, and disrupted her business operations.

225.   State Bar employees Doe 1, Doe 2, Sherell McFarlane, Katherine Kinsey, Benson Hom, Suzanne Grandt's, and each of their, search and/or seizure was a substantial factor in causing Lenore Albert's harm.

226.   Defendant State Bar employees Leah Wilson, Doe 1, Doe 2, Sherell McFarlane, Katherine Kinsey, Benson Hom, and Suzanne Grandt were acting under color of law, in their official capacity for injunctive relief barring them from performing future warrantless searches.

227.   Defendant State Bar employee Doe 1, Doe 2, Leah Wilson, Ruben Duran, Sherell McFarlane, Katherine Kinsey, Benson Hom, and Suzanne Grandt were acting under color of law, in their personal capacity entitling Plaintiff, Lenore Albert, to damages for the harm caused by the defendants past violations.

228.   Lenore Albert is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, costs, and punitive damages against all defendants.

229.   Defendants Doe 1, Doe 2, Sherell McFarlane, Katherine Kinsey, Benson Hom, Suzanne Grandt's conduct was reckless, callous, or done with evil intent which needs to be deterred in the future, justifying an award of punitive damages.

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 - Unreasonable Search and Seizure
### Prelitigation Warrantless Searches Directed by Doe Defendants
### By Plaintiff Lenore Albert

230.   Plaintiff, Lenore Albert incorporates the allegations in paragraphs 1 through 136, 191-229 above as though fully set forth herein.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

231.    State Bar employees Doe 3, Doe 4, and Doe 5 were supervisory officials overseeing State Bar employees Doe 1, Doe 2, Sherell McFarlane, Katherine Kinsey, Benson Hom, and Suzanne Grandt's wrongful conduct alleged in the first cause of action.

232.    State Bar employees Doe 3, Doe 4, and Doe 5 knew or in the exercise of reasonable diligence should have known of State Bar employees Doe 1, Doe 2, Sherell McFarlane, Katherine Kinsey, Benson Hom, and Suzanne Grandt's wrongful conduct.

233.    State Bar employees Doe 3, Doe 4, and Doe 5 knew that the wrongful conduct created a substantial risk of harm to Lenore Albert.

234.    State Bar employees Doe 3, Doe 4, and Doe 5 disregarded that risk by expressly approving, impliedly approving, or failing to take adequate action to prevent the wrongful conduct of Doe 1, Doe 2, Sherell McFarlane, Katherine Kinsey, Benson Hom, and Suzanne Grandt.

235.    Lenore Albert was harmed.

236.    State Bar employees Doe 3, Doe 4, and Doe 5's conduct was a substantial factor in causing Lenore Albert's harm.

237.    State Bar employees Doe 3, Doe 4, and Doe 5's conduct was reckless, callous, or done with evil intent which needs to be deterred in the future, justifying an award of punitive damages.

238.    Lenore Albert is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, costs, and punitive damages against all defendants.

## FOURTH CAUSE OF ACTION

### False Claims Act – Unjust Enrichment

### Covering Up the Prelitigation Warrantless Searches

### By Plaintiff Lenore Albert

239.    Plaintiff incorporates the allegations in paragraphs 1 to 136, 191-238 as though fully set forth herein.

37

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

240.   The Defendants harmed plaintiff Lenore Albert in their attempt to cover up the warrantless prelitigation searches.

241.   Ms. Albert was a member of the State Bar of California entering into a relationship of principal/agent, board/member akin to a union/member relationship. She had previously learned that defendants Leah Wilson, Ruben Duran, Steve Mazer, Suzanne Grandt, and others were knowingly defrauding, attempting to defraud, and/or conspiring to defraud the State Bar of California by using the state power to secretly submit false or fraudulent documents to and/or from the State Bar to other private and government entities for services, payment or approval.

242.   The Defendants obtained government services to perform covert warrantless searches on other State Bar members in addition to Plaintiff Lenore Albert and then tried to cover it up after the data breach happened.

243.   On February 24, 2022, the State Bar data breach exposed the scheme to defraud, and Plaintiff Lenore Albert informed the California Department of Justice and/or others, but they did nothing.

244.   Plaintiff learned on or about November 28, 2023, that from May 2022 through July 2022 the Defendant State Bar of California notified approximately 256,559 people via 95,288 emails and 161,271 that their identity tied a confidential investigation had appeared on JudyRecords.com as part of the data breach. When the breach was discovered, there was approximately 191,000 active state bar members, yet over 322,525 confidential state bar investigations were found on JudyRecords.com, thus reasonably concluding that a substantial portion of all members, including inactive members such as judges, had at least one confidential state bar investigation tied to their name posted on JudyRecords.com.  Furthermore, the State Bar represented that approximately 44,000 public disciplinary state bar actions also appeared on JudyRecords.com at the same time. However, the State Bar has only prosecuted approximately 150 disciplinary proceedings per year making that number improbable because it would take 293 years to prosecute.

245.   Ms. Albert is informed and believes and alleges thereon that the State Bar employees were abusing the confidential state bar investigation process, treating their

investigative subpoena power like secret warrants, and violating the Fourth Amendment and Fourteenth Amendment rights of other members for their own personal gain, which could be monetary or nonmonetary favors.

246.   Ms. Albert acted in the furtherance of attempting to stop these false claims by amending the pleadings in *John Roe v State Bar of California* litigation and seeking discovery thereon.

247.   Ms. Albert was harmed. The State Bar disbarred Ms. Albert on July 16, 2024.

248.   Instead of stopping these false claims, the State Bar through Doe 1 to Doe 50, and Defendant Steve Mazer hired other outside attorneys from multiple law firms to delay discovery until the State Bar could revoke Ms. Albert's license to practice law. Defendants Ruben Duran, Leah Wilson, Suzanne Grandt and Steve Mazer participated, directed, advised, or ordered this conduct which was unlawful to obfuscate the ongoing fraud and corruption occurring in a state agency with the fifth largest economy in the world.

249.   The State Bar went to great lengths to prevent Ms. Albert from obtaining evidence to prove the State Bar was violating the Fourth Amendment of its members on a massive scale in the *John Roe v State Bar of California* case, including the extreme measure of disbarring her. Initially, the State Bar, through defendant Tyler Technologies, agreed to move the data breach case to federal court and waive immunity, when initial discovery responses were due in May 2022. Following the case being sent back to state court after April 3, 2023, the State Bar filed an application to stay discovery. When this was rejected, they withheld the evidence until a protective order was signed by the court. However, the Defendants then delayed signing the stipulated protective order in any form from November 2023 to **February 27, 2024**. After the protective order was signed on **March 7, 2024**, the State Bar was supposed to turn over their discovery on Friday, **March 8, 2024**. The State Bar then used an outside associate attorney Chris Weber to obtain an extension of time to March 12, 2024. Then on Monday, **March 11, 2024**, the State Bar issued its Order disbarring Ms. Albert and suspending her license to practice law in the interim. The protective order was procured by fraud. The State Bar refused to

turn over its discovery. This effectively kept the hard evidence that Ms. Albert requested out of her hands.

250.   It is reasonable to believe that Rob Bonta's office did not act on the data breach of 322,525 confidential state bar investigations that landed on the internet for two possible reasons: either the State Bar had effectively tarnished Ms. Albert's reputation, causing Rob Bonta's office to disregard the issue, or employees in Rob Bonta's office had previously used State Bar employees for their own personal gain, leading to politically motivated actions.

251.   Ms. Albert's acts in furtherance of attempting to stop these false claims was a substantial motivating reason for the State Bar's decision by Doe 1 through Doe 50 to disbar her because she would not drop seeking the evidence to prove that the State Bar employees had conducted illegal search and seizures on a substantial portion of other members of the State Bar in the *John Roe v State Bar of California* case which is why the data breach was so massive.

252.   Defendant Does 1 through 50, and Defendant State Bar employees, Leah Wilson, Ruben Durn, Steve Mazer, Suzanne Grandt, Cindy Chan, Benson Hom's conduct was a substantial factor in causing Plaintiff's harm.

253.   Ms. Albert's act in furtherance to stop a false claim was a substantial motivating reason for the State Bar's decision to disbar her in addition to thwarting the *John Roe v State Bar of California* class action case.

254.   Plaintiff is informed and believes and alleges thereon that the government apparently doesn't care because the State Bar is not funded by the taxpayer but by its own members. However, the U.S. mail is used to defraud in the process while the State Bar is exempt from paying postage. As such, there is an indirect cost to the federal government.

255.   Alternatively, the Plaintiff is informed and believes and alleges thereon that the Defendants were unjustly enriched by receiving a benefit at the expense of the plaintiff, Lenore Albert.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

256.   Lenore Albert is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, costs, and punitive damages against all defendants, except the State Bar of California.

257.   Lenore Albert is entitled to an Order mandating reinstatement of her license to practice law and deletion of the suspension/disbarment activity on her membership page from the defendant State Bar of California.

258.   The Court should issue an appropriate injunction and refer the matter to the U.S. Department of Justice for oversight and further investigation.

259.   Lenore Albert is entitled to treble damages.

### FIFTH CAUSE OF ACTION
### 42 U.S.C. §1983 - First Amendment Retaliation
### Retaliation for Pursuing the Data Breach Case
### By Plaintiff Lenore Albert

260.   Plaintiff, Lenore Albert incorporates the allegations in paragraphs 1 through 136, 167-171, 191-259 above as though fully set forth herein.

261.   The Defendants harmed plaintiff, Lenore Albert for pursuing the Data Breach case.

262.   State Bar employees Doe 1 through Doe 50, Sherell McFarlane, Cindy Chan, Benson Hom, and Suzanne Grandt, acting or purporting to act in the performance of their official duties, under color of state law, deprived Lenore Albert of a federally protected right.

263.   On or about December 4, 2014, Lenore Albert sued the State Bar for violating her civil rights and disrupting her business. From December 5, 2000 through December 4, 2014 Ms. Albert had no public record of discipline.

264.   In retaliation for Ms. Albert filing that lawsuit in 2014, State Bar employee Sherell McFarlane, filed her first set of disciplinary charges against Ms. Albert seeking

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

disbarment of her license on or about December 15, 2015. The State Bar has kept Ms. Albert under constant investigation from that date to the present – for the past ten years.

265.    Most recently, Lenore Albert sued the State Bar on March 18, 2022, representing approximately six named Plaintiffs and 191,000 putative class members for the data breach of confidential investigations that landed on the internet in the case of *John Roe v State Bar of California*. She then sought discovery into the claims from the State Bar. This type of activity is traditionally protected under the First Amendment and Fourteenth Amendment of the U.S. Constitution.

266.    In retaliation for her protected activity, an adverse action was taken against the Plaintiff, Lenore Albert, which would deter "a person of ordinary firmness" from continuing to engage in that speech or conduct.

267.    On April 29, 2022 (one month after she filed the lawsuit of *John Roe v State Bar of California*), State Bar employee Cindy Chan filed public disciplinary charges for purported unauthorized practice of law based on a rushed workup by Benson Hom to revoke her license to practice law which violated her First Amendment rights under the U.S. Constitution.

268.    Counsel for the State Bar at the direction of Defendant Suzanne Grandt interjected the possibility of Ms. Albert no longer being able to maintain a class action against the State Bar from that time forward in the case.

269.    On or about May 13, 2022, the State Bar consented to federal jurisdiction over *John Roe v State Bar of California*, co-defendant Tyler Technologies removing the case to federal court in order to avoid answering discovery requests that were due.

270.    On April 3, 2023 at 4:15PM PST, the federal court dismissed the antitrust claims in *John Roe v State Bar of California* adopting State Bar's counsel, Suzanne Grandt's representation that the State Bar would not use the disciplinary process to attempt to regulate the practice of law in federal court. Approximately seven minutes later, at 4:21PM PST, the State Bar filed a recommendation to suspend Lenore Albert's license based on practice in federal court while Lenore Albert's license was merely suspended in state court – thereby regulating the practice of law in federal court.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

271.   On March 1, 2024, the State Bar defendants requested an extension of time to file their demurrer to March 11, 2024, representing all defendants will first submit their discovery responses by March 8, 2024.

272.   On March 8, 2024, the State Bar represents that they need more time to get documents to Ms. Albert in *John Roe v State Bar of California*.

273.   Ms. Albert responded that the State Bar needs to produce the discovery by March 12, 2024.

274.   On March 11, 2024 at 4:24PM PST, the State Bar filed an opinion recommending disbarment of Lenore Albert's license to practice law and suspended her license to practice law in the interim.

275.   The State Bar filed a demurrer to all causes of action, including those that were previously overruled.

276.   On March 12, 2024, Ms. Albert requested the State Bar documents as promised, but the State Bar refused to produce them based on the March 11, 2024 State Bar disciplinary order.

277.   On March 14, 2024, the State Bar abruptly suspended Ms. Albert's license to practice law in state court.

278.   On March 15, 2024, the State Bar and co-defendants filed a statement with the State Court to dismiss the Class Certification motion.

279.   On March 20, 2024, the Orange County Superior Court Order struck the Motion for Class Certification as a result of the State Bar suspension and recommended disbarment of Ms. Albert.

280.   The State Bar advertised Ms. Albert's disbarment on Facebook, LinkedIn, and X (formerly known as Twitter).

281.   The State Bar disbarment under the State Bar Act was without probable cause because the State Bar Act does not apply to practice in federal court and Bus & Prof Code § 6124 which she was found to have violated does not even exist in the Code.

282.   Plaintiff, Lenore Albert alleges that State Bar employees Doe 1 through Doe 50, Leah Wilson, Ruben Duran, Suzanne Grandt, Cindy Chan, and Benson Hom actions

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

would likely have deterred a reasonable person from continuing to represent the Plaintiffs in the *John Roe v State Bar of California* putative class action.

283.   The retaliatory action was a motivating factor, at least in part, by Plaintiff, Lenore Albert's protected activity.

284.   Lenore Albert was and continues to be harmed – she was suspended when the State Bar was supposed to turn over discovery in the putative class action, and then disbarred.

285.   Lenore Albert also had to provide notifications and proceed through reciprocal discipline proceedings at the state and federal level requiring her to expend a substantial amount of time and effort from March 2024 through September 2024 (drafting approximately 2 million words).

286.   Lenore Albert suffered business loss, reputation damage and emotional distress.

287.   The Defendants Leah Wilson and Ruben Duran knew what was happening and ran her out of state which delayed her medical care after having two serious medical incidents in June 2023 and September 2023 causing further pain, discomfort, and worry.

288.   State Bar employees Leah Wilson, Ruben Duran, Doe 1 though Doe 50, Suzanne Grandt, Benson Hom, and Cindy Chan's actions were a substantial factor in causing Lenore Albert's harm.

289.   Defendant State Bar employees Leah Wilson Ruben Duran, Doe 1 though Doe 50, Suzanne Grandt, Benson Hom, and Cindy Chan's were acting under color of law, in their official capacity for injunctive relief barring them from performing future warrantless searches.

290.   Defendant State Bar employees Leah Wilson, Ruben Duran, Doe 1 though Doe 50, Suzanne Grandt, Benson Hom, and Cindy Chan's were acting under color of law, in their personal capacity entitling Plaintiff, Lenore Albert, to damages for the harm caused by the defendants past violations.

291.   Lenore Albert is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering,

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, costs, and punitive damages against all defendants.

292.    Defendants Doe 1 through Doe 50, Suzanne Grandt, Benson Hom, and Cindy Chan's conduct was reckless, callous, or done with evil intent which needs to be deterred in the future, justifying an award of punitive damages.

## SIXTH CAUSE OF ACTION
### 42 U.S.C. §1983 - First Amendment Retaliation
### Chilling Free Speech Under Threat of Disciplinary Action
### By Plaintiff Lenore Albert

293.    Plaintiff incorporates the allegations made in paragraphs 1 through 136, 191-292 above as though fully set forth herein.

294.    The Defendants chilled plaintiff Lenore Albert's free speech under threat of disciplinary action.

295.    State Bar employees Leah Wilson, Cindy Chan and Benson Hom, acting or purporting to act in the performance of their official duties, under color of state law, deprived Lenore Albert of a federally protected right.

296.    Lenore Albert sued the State Bar in 2014 for violation of her civil rights. Thereafter, in or about 2018, Ms. Albert responded to several online negative reviews that contained disparaging information about her. This type of activity is traditionally protected under the First Amendment of the U.S. Constitution.

297.    In retaliation for her protected activity, an adverse action was taken against the Plaintiff, Lenore Albert, which would deter "a person of ordinary firmness" from continuing to engage in that speech or conduct. State Bar employee Benson Hom told Lenore Albert that he was investigating her online activity for State Bar employee Cindy Chan, who had initiated one or more confidential State Bar investigations in 2018 to the present as a result. The defendants threatened State Bar disciplinary action to revoke Ms. Albert's license to practice law if she didn't remove her responses or otherwise defend herself online by responding to negative reviews, which violated her First Amendment rights under the U.S. Constitution.

298.   Plaintiff is informed and believes and alleges thereon that those investigations were not closed until she was disbarred on July 16, 2024 and the investigations will reopen if she is later reinstated.

299.   Plaintiff, Lenore Albert alleges that State Bar employees Cindy Chan and Benson Hom actions directed by Defendant Leah Wilson would likely have deterred a reasonable person from defending her reputation online or filing another civil rights lawsuit against the State Bar.

300.   The retaliatory action was a motivating factor, at least in part, by Plaintiff, Lenore Albert's protected activity.

301.   Lenore Albert was and continues to be harmed - suffering online reputation damage and emotional distress, shame, ridicule, and it interfered with business prospects in amount not less than $500,000.00 and up to $11 million as a result.

302.   Reputation damage to Ms. Albert resulted in general damages causing Plaintiff, Lenore Albert great humiliation, shame, mortification, and grievous mental pain and suffering, and tends to injure her personal and business reputation.

303.   State Bar employee Leah Wilson, Benson Hom and Cindy Chan's actions were a substantial factor in causing Lenore Albert's harm.

304.   Defendant State Bar employees Benson Hom and Cindy Chan were acting under color of law, in their official capacity for injunctive relief barring them from performing future warrantless searches.

305.   Defendant State Bar employee Leah Wilson, Benson Hom and Cindy Chan were acting under color of law, in their personal capacity entitling Plaintiff, Lenore Albert, to damages for the harm caused by the defendants' past violations.

306.   Defendants Leah Wilson, Benson Hom, and Cindy Chan's conduct was reckless, callous, or done with evil intent which needs to be deterred in the future, justifying an award of punitive damages.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

## SEVENTH CAUSE OF ACTION

### Antitrust Violation

### Attempt to Regulate the Practice of Law in Federal Courts

**By Plaintiffs Lenore Albert, Leslie Westmoreland, Chad Pratt, and Ryan McMahon**

307.   Plaintiffs incorporate herein by reference paragraphs 1 through 306 above in this pleading as though fully set forth herein.

308.   The Defendants, and each of them, Cindy Chan, Benson Hom, Suzanne Grandt, Steve Mazer, Leah Wilson, the State Bar of California, and Does 1 through 50, attempted to Regulate the Practice of Law in Federal Court, harming plaintiffs, Lenore Albert, Chad Pratt, Leslie Westmoreland, and Ryan McMahon.

309.   This cause of action is being brought pursuant to the authorization under § 4 of the Clayton Act.

310.   The State Bar of California has a legally acquired monopoly power over who can be admitted to and practice in the state courts in California and the federal courts have legally acquired monopoly power over who can be admitted to and practice in the federal courts.

311.   The Defendants, and each of them, Cindy Chan, Benson Hom, Suzanne Grandt, Steve Mazer, Leah Wilson, the State Bar of California, and Does 1 through 50, have attempted and/or succeeded in forming a monopoly over who can practice in federal court.

312.   Plaintiffs, Lenore Albert, Chad Pratt, and Leslie Westmoreland were thwarted from maintaining their membership in the federal courts based on the State Bar's attempt to monopolize who can practice in federal court as further alleged in this cause of action.

313.   Ms. Albert's membership to practice in the U.S. District Court for the Eastern District of California showed active from December 14, 2017 through March 1, 2021.

314.   On April 24, 2018, the Court for the U.S. District Court for the Eastern District of California was informed that the California State Bar suspended Ms. Albert's license to practice law, but the Court did nothing.

47

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

315.   On August 18, 2019, the Court for the U.S. District Court for the Eastern District of California was informed that the California State Bar still had suspended Ms. Albert's license to practice law, but the Court did nothing.

316.   No Order, or reporter's transcript during Ms. Albert's State Bar suspension period which ran from February 14, 2018 through May 5, 2021 existed representing that Ms. Albert's membership in the U.S. District Court for the Eastern District of California was suspended.

317.   On April 28, 2022, Defendant Cindy Chan, an employee of the State Bar, irrefutably filed a Notice of Disciplinary Charges against Ms. Albert. The charges stemmed from purported unauthorized practice of law in the U.S. District Court for the Eastern District of California between August 18, 2019, and November 21, 2019, as well as on February 19, 2021. The primary aim was to disbar Ms. Albert due to her representation of 191,000 attorneys and former judges in a data breach case against the State Bar. This case, captioned *John Roe v State Bar of California*, was previously filed on March 18, 2022.

318.   On November 20, 2022, Defendants Cindy Chan and Benson Hom caused plaintiff Leslie Westmoreland to be summarily suspended for aiding and abetting plaintiff Lenore Albert in the alleged unauthorized practice of law in federal court knowing that the California Supreme Court had not yet issued an order of culpability of Lenore Albert.

319.   Furthermore, the State Bar disciplined the only named plaintiff in the data breach case, Chad Pratt, seeking disbarment, after the data breach case was filed, too.

320.   On March 11, 2024, the State Bar Review Department issued an Opinion recommending disbarment and ordered her license suspended based on the fictitious Bus. & Prof. Code § 6124 for unauthorized practice of law in the federal court. The State Bar was supposed to produce their discovery in the data breach case the following day.

321.   The State Bar failed to act pursuant to a clearly articulated and affirmatively expressed state policy that the State Bar Act only applies to practice in state court, not federal court, thus no Parker immunity is possible.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

322.    Furthermore, the California Supreme Court is not actively supervising this anticompetitive conduct of the State Bar in investigating and disciplining Plaintiff members for unauthorized practice of law against suspended attorneys who have not had their membership suspended in federal courts which is evidenced by the fact that the California Supreme Court denied Plaintiff, Lenore Albert's petition for review on or about June 17, 2024 even though the State Bar used a fictitious Code Section 6124 in the disbarment Opinion.

323.    The California State Bar's investigation and disbarment of Ms. Albert for allegedly practicing law in federal court while she was an active member is a clear attempt to assert its authority beyond California's borders and into the jurisdiction of the federal court, violating constitutional principles.

324.    *After* the State Bar acted, on or about May 24, 2024, the U.S. District Court for the Eastern District of California then issued an Order of reciprocal discipline, disbarring Ms. Albert from practicing in federal court.

325.    *Even more egregious, before* Lenore Albert was found culpable for purportedly performing unauthorized practice of law in federal court, the State Bar Defendants charged Plaintiff, Leslie Westmoreland with assisting or aiding/abetting plaintiff Lenore Albert in the unauthorized practice of law and actually suspended his license and disbarred him before the disbarment of Lenore Albert by the California supreme court.

326.    This type of conduct unfairly tends to destroy competition itself, creating a barrier to re-enter the profession causing injury to the Plaintiffs, Lenore Albert, Chad Pratt, and Leslie Westmoreland.

327.    Plaintiff Ryan McMahon's case was sitting in the United States District Court for the Eastern District of California, and he abruptly lost counsel when Ms. Albert's license was revoked, adding to the destruction of competition and creating a barrier of access to the courts for plaintiffs in Ryan McMahon's position.

328.    This decreases the access to justice and increases the cost of access to the federal courts based on the political will of the state.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

329.   The harm and inefficiencies in this market have been well documented by the federal courts in the south during the 1960s when State Bars would refuse to admit, suspend or disbar attorneys representing civil litigants driving the necessity of out of state lawyers to file civil rights cases in the federal courts in the south.

330.   Due to the hostility (or fear of losing their license to practice law) it was out-of-state attorneys that represented oppressed minorities in the South to push civil rights forward. See Pollitt, Counsel for the Unpopular Cause: The "Hazard of Being Undone," 43 N. C. L. Rev. 9 (1964); and, Judicial Performance in the Fifth Circuit 73 Yale L. J. 90 (1963); Wright, The Overloaded Fifth Circuit: A Crisis in Judicial Administration 42 Texas L. Rev. 949 (1964).

331.   Lenore Albert, Leslie Westmoreland, Chad Pratt, and Ryan McMahon were injured in their business or property as a result of the anticompetitive conduct of the State Bar and its employees. Plaintiff Lenore Albert lost her cases (her business she had since 2001) and license to practice law. Plaintiff Ryan McMahon lost his opportunity to hold Alison Wilkinson accountable for breaching his right to confidentiality, including reimbursement from the pending $40,000.00 sanctions motion, and representation in federal court. Plaintiff Leslie Westmoreland also lost his business practice and license to practice law and so did Plaintiff Chad Pratt.

332.   Plaintiff Lenore Albert was run out of the state of California. This also undermines the legitimacy, independence, and integrity of the federal courts.

333.   Plaintiffs, Lenore Albert, Leslie Westmoreland, Chad Pratt, and Ryan McMahon are entitled to actual damages including but not limited to loss of reasonably anticipated profits and increase in expenses, costs, and fees.

334.   Plaintiffs Lenore Albert, Chad Pratt, and Leslie Westmoreland are also entitled to injunctive relief restoring their license to practice law in federal court.

335.   Plaintiffs Lenore Albert, Leslie Westmoreland, Chad Pratt, and Ryan McMahon are also entitled to treble damages.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

## EIGHTH CAUSE OF ACTION
### 42 U.S.C. §1983 - Violation of Due Process
### Wrongful Disciplinary Action
### By Plaintiffs Lenore Albert, Chad Pratt, and Leslie Westmoreland

336.   Plaintiffs incorporate the allegations in paragraphs 1 through 136, 167-171, 176-182, 307-335 above as though fully set forth herein.

337.   The Defendants wrongfully took plaintiff, Lenore Albert, and Leslie Westmoreland's license to practice law without due process.

338.   First, Defendants Leah Wilson, Suzanne Grandt, Cindy Chan and Benson Hom deprived Plaintiffs, Lenore Albert and Leslie Westmoreland of a right secured by the Constitution and laws of the United States – the Fourteenth Amendment of the U.S. Constitution by regulating Lenore Albert's practice of law in federal court clearly contrary to case precedent *In re McCue,* rules, and regulations that the State Bar Act (Bus & Prof Code § 6001 et seq ) only applies to practice in California state courts.

339.   Additionally, Defendants Leah Wilson, Suzanne Grandt, Cindy Chan and Benson Hom deprived Plaintiff, Lenore Albert and Plaintiff, Leslie Westmoreland of a right secured by the Constitution and laws of the United States – the Fourteenth Amendment of the U.S. Constitution by not providing plaintiff, Lenore Albert nor plaintiff, Leslie Westmoreland with an independent adjudicator because the prosecutor, adjudicator and investigator are all paid from the member dues and State Bar disciplinary costs imposed on the members, including Lenore Albert in the disciplinary system.

340.   Plaintiff Chad Pratt was the only named plaintiff in the John Roe v State Bar of California data breach case. After the data breach case was filed, the State Bar charged Plaintiff Chad Pratt with making a misrepresentation to a federal judge and have recommended his disbarment as a result. However, the complaint did not come from the federal judge, the federal judge did not testify at trial and no court order or transcript clearly admonished Chad Pratt for making a misrepresentation to a federal judge, as such making the drastic remedy of disbarment excessive in violation of his due process rights.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

341.    Plaintiff Chad Pratt is informed and believes and alleges thereon that but for the data breach, the State Bar would not have pursued charges against him on June 22, 2023.

342.    Plaintiff Chad Pratt was charged over $2,000.00 to appeal to the review department and will be charged at least $25,000.00 in State Bar costs to defend himself based in part on a fixed cost sheet that the State Bar creates to meet its own budget including employee salaries.

343.    Plaintiff Lenore Albert was charged $27,500.00 in State Bar costs to defend herself based in part on a fixed cost sheet that the State Bar creates to meet its own budget including employee salaries.

344.    Plaintiff Leslie Westmoreland was charged $5,362.00 in State Bar costs without going to a hearing based in part on a fixed cost sheet that the State Bar creates to meet its own budget including employee salaries.

345.    Defendant Suzanne Grandt's salary in 2022 was $215,628.00.

346.    Defendant Cindy Chan's salary in 2022 was $160,764.94.

347.    Defendant Benson Hom's salary in 2022 was $116,644.28.

348.    The State Bar Hearing Judge Saab's salary in 2022 was $209,719.92 and the Review Department Judge Honn's salary in 2023 was $223,795.07.

349.    Ms. Albert was listed as an active member in the federal court while suspended in state court.

350.    Ms. Albert was disbarred on or about July 16, 2024, partly under a nonexistent statute, Bus & Prof Code §6124, per Judge Honn's written opinion that the California Supreme Court denied review.

351.    Another violation occurred when Defendant Suzanne Grandt worked with Wells Fargo and/or Kamran Javendal, Tyler Technologies, and Doe 1 through Doe 50, pre-litigation to prevent Ms. Albert from continuing in the practice of law for their own benefit thereby intentionally violating Ms. Albert's rights and Leah Wilson approved it.

352.    Defendants and each of them demanded an enormous amount of time and attention from plaintiff Lenore Albert interfering with her other matters including but not limited to the Oconsortium from 2020 while she was suspended to when her license was

reinstated through 2022. The Defendants and each of them also interfered with her cases after her license was reinstated in 2021.

353.   An additional violation occurred when Defendants Cindy Chan and Benson Hom intentionally violated Ms. Albert's rights by creating a pre-litigation report, then going forward with the wrongful prosecution on April 29, 2022, without obtaining a supervisor's signature on the report (permission). Alternatively, said Defendants violated due process rights of Plaintiff, Lenore Albert by omitting the supervisor approval from the report and Leah Wilson failed to properly supervise this conduct.

354.   Finally, plaintiff Lenore Albert was placed on an interim suspension and sanctioned $5,000.00 in a matter where there was no finding of client harm or potential harm to the public in violation of her Fourteenth Amendment rights.

355.   The actions taken against Ms. Albert were arbitrary, discriminatory, and done in bad faith in comparison to the State Bar's treatment of *Respondent V* who received a private admonishment for unauthorized practice of law and State Bar employee Alexander Binder who received no disciplinary action at all which Leah Wilson allowed.

356.   Defendants Leah Wilson, Suzanne Grandt, Cindy Chan, and Benson Hom were acting or purporting to act in the performance of their official duties.

357.   Defendant State Bar employees Leah Wilson, Suzanne Grandt, Benson Hom and Cindy Chan were acting under color of law, in their official capacity at the time the conduct complained of occurred for injunctive relief barring them from future violations.

358.   Defendant State Bar employees Leah Wilson, Suzanne Grandt, Benson Hom and Cindy Chan were acting under color of law, in their personal capacity at the time the conduct complained of occurred entitling Plaintiff, Lenore Albert, to damages for the harm caused by the defendants past violations.

359.   The stress of the State Bar finding no client or public harm yet finding culpability while ignoring intentionally federal constitutional law demonstrating that there was an abusive purpose afoot was a substantial factor in causing stress relating to a stroke-like condition in June 2023. The defendants ran her out of state, which delayed her medical

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

care after having serious medical incidents in June 2023 and September 2023, causing further pain, discomfort, and worry.

360.   Lenore Albert was harmed in amounts not less than $500,000.00 and up to $11 million as a result.

361.   Defendant Leah Wilson, Suzanne Grandt, Cindy Chan and Benson Hom's wrongful acts were a substantial factor in causing Lenore Albert's harm.

362.   Lenore Albert is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, costs, and punitive damages against all defendants, except the State Bar of California.

363.   Plaintiff seeks mandatory injunctive relief from the California State Bar, declaring the disbarment void for violating plaintiff's constitutional due process rights and barring the state from prosecuting plaintiff for practice in federal court in the future.

364.   Defendants Leah Wilson, Cindy Chan, Benson Hom, Suzanne Grandt's conduct was reckless, callous, or done with evil intent which needs to be deterred in the future, justifying an award of punitive damages.

## NINTH CAUSE OF ACTION

### Excessive Fines

### State Bar Costs

### By Plaintiffs Lenore Albert, Leslie Westmoreland, and Chad Pratt

365.   Plaintiff incorporates the allegations made in paragraphs 1 through 1 ab36, 167-171, 172-175, 336-365, above as though fully set forth herein.

366.   Defendant State Bar of California charged Ms. Albert $27,055.00 in State Bar costs plus $5,000.00 in sanctions to defend herself in the disciplinary proceeding which resulted in disbarment on or about July 16, 2024.

367.   There was no finding of harm to the public, client, or the courts by the State Bar hearing department in Ms. Albert's disciplinary proceedings. The Costs are the result of

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

a fixed costs sheet the State Bar creates plus payment of the State Bar's copy of the reporter's transcript.

368.  Ms. Albert obtained no payment from drafting the papers and there was no client complaint or restitution involved, making the costs and fine excessive and the process lacking in due process or access to the courts in violation of the First and Fourteenth Amendment of U.S. Constitution making this an appropriate cause of action under 42 U.S.C. §1983.

369.  Defendant State Bar employee Cindy Chan deprived Plaintiff, Lenore Albert of a right secured by the Constitution and laws of the United States – the Eighth Amendment of the U.S. Constitution by violating the excessive fines clause making this an appropriate cause of action under 42 U.S.C. §1983.

370.  Defendant State Bar of California deprived Plaintiff, Lenore Albert of a right secured by Article 1 Section 17 of the California Constitution by violating the state's excessive fines clause.

371.  Defendant Cindy Chan was acting "under color of" state law at the time the conduct complained of occurred.

372.  Defendant Cindy Chan was acting or purporting to act in the performance of their official duties.

373.  As a result of this conduct, Ms. Albert is forced to pay the State Bar $32,500.00 for defending herself against the State Bar's allegations that she committed unauthorized practice of law under a fictitious statute Bus & Prof Code §6124. If she does not pay, then the amount is transferred to the California State Franchise Board for collection and garnishment of any future wages, causing the risk of future injury.

374.  Lenore Albert was harmed in amount not less than $32,500.00 as a result.

375.  Defendant State Bar of California and Cindy Chan's wrongful acts were a substantial factor in causing Lenore Albert's harm.

376.  Lenore Albert is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her

reputation; interest, costs, and punitive damages against all defendants, except the State Bar of California.

377.   Lenore Albert is entitled to an Order enjoining the State Bar of California from attempting to collect on these excessive fines.

378.   Defendants Cindy Chan's conduct was despicable, fraudulent, reckless, callous, or done with evil intent which needs to be deterred in the future, justifying an award of punitive damages.

## TENTH CAUSE OF ACTION
### Invasion of Privacy – Cal Const. Art 1 § 1
### Prelitigation Warrantless Searches Invaded Albert's Privacy
### By Plaintiff Lenore Albert

379.   Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 1-136, 191-378, above as though fully set forth herein.

380.   Plaintiff, Lenore Albert had a reasonable expectation of privacy in her personal financial records, bank records, the terms of her office lease, and online activity that was password protected including online posts, comments, communications, identity, and number of online accounts without a warrant.

381.   From at least 2016 and possibly as early as 2014 to the present, State Bar employees Cindy Chan, Benson Hom, Sherell McFarlane and possibly others, opened multiple confidential State Bar investigations against Lenore Albert; using covert "investigative subpoenas" executed by Sherell McFarlane, Katherine Kinsey, and possibly others, to intrude into her private matters, including, but not limited to her personal financial records, bank records, the terms of her office lease, and online activity that was password protected including online posts, comments, communications, in addition to the identity and number of online accounts without a warrant.

382.   Plaintiff, Lenore Albert had a legally protected privacy interest to be free from this covert government intrusion without a valid warrant and/or probable cause under Business & Professions Code § 6044 in order to conform to her constitutional rights.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

383.    The Plaintiff, Lenore Albert alleges that the defendant intentionally intruded into Plaintiff, Lenore Albert's private affairs by initiating its own pre-litigation investigations on the Plaintiff without probable cause and improperly obtaining private information over the past decade in order to control and/or oppress the Plaintiff, Lenore Albert. The State Bar employees used secret pre-litigation "investigative subpoenas" and other devices to intrude into Plaintiff, Lenore Albert's private matters, including, but not limited to her ongoing cases, personal financial records, bank records, the terms of her office lease, and online accounts or activity that was password protected including online posts, comments, communications, identity and number of online accounts without a warrant.

384.    Defendants' State Bar of California, Sherell McFarlane, Katherine Kinsey, Benson Hom, and Cindy Chan's intrusion into Plaintiff, Lenore Albert's private affairs would be highly offensive to a reasonable person. This was a serious invasion of the Plaintiff, Lenore Albert's privacy or an egregious breach of the social norms underlying the Plaintiff's privacy rights.

385.    Additionally, others who wrote the State Bar in support of Lenore Albert, like Ronald O'Donnell in 2014 or Robert Shaw in 2024 received responses from the State Bar that it turned their communications into State Bar complaints against Ms. Albert, instead.

386.    Ms. Albert is informed and believes and alleges thereon that the State Bar defendants assigned disciplinary case numbers to these confidential investigations which ended up being posted on JudyRecords.com from on or about October 15, 2021 through February 26, 2022, specifically identifying Lenore Albert tied to those investigations where anyone with internet access could freely view and download those dockets causing another layer of invading her right to privacy.

387.    JudyRecords displayed hundreds of records under the name Lenore Albert, a portion of which were confidential State Bar investigations.

388.    On or about May 18, 2022, Plaintiff, Lenore Albert received a notice that confidential State Bar investigations with her name and the type of case the State Bar

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

was investigating attached to it had been published on JudyRecords.com and had "page views" by other people.

389.   The State Bar's use of its expansive power to investigate Plaintiff, Lenore Albert without a legitimate purpose such as probable cause or a serious suspicion that she had committed a disciplinable offense was and remains **an egregious breach of the social norms** underlying her privacy rights and/or was an impact on the privacy of Plaintiff, Lenore Albert that is more than slight or trivial.

390.   Plaintiff, Lenore Albert was harmed, including but not limited to mental suffering, anxiety, humiliation, emotional distress.

391.   She also suffered from further harm to her reputation and/or loss of standing in the community.

392.   She suffered a privacy injury by having her identity posted on the internet in relation to the confidential State Bar investigation in general damages, including but not limited to great loss of peace of mind, reputation damage, humiliation, shame, mortification, and grievous mental pain and suffering.

393.   Since the data breach, she has been receiving a distinct type of spam. She was notified by a credit fraud monitoring service that the email address receiving the spam had surfaced on the dark web. This has been annoying, frustrating, and time-consuming.

394.   Defendant has also exposed Ms. Albert to an increased risk of identity theft, fraud, and reputational damage worthy of redress, deterrence, or punishment.

395.   Lenore Albert has had to regularly monitor search engines like Google to make sure that any information linking her to a confidential State Bar investigation doesn't resurface on the internet or get spread by her opponents and their supporters, fearing future extortionate threats. This is important because such information could harm her personal and professional reputation.

396.   As a result of the breach, Ms. Albert suffered anxiety from the information leak, including emotional distress in knowing a multitude of these confidential State Bar investigations identifying her as the attorney in question ended up on the internet when she had active adversaries working against her.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

397.   Plaintiff, Lenore Albert will continue to suffer harm in the future on the grounds that she will forever be the target of time-consuming and annoying spam, phishing schemes and be burdened with spending time and financial resources to ensure that the information does not reappear again on the internet.

398.   Plaintiff, Lenore Albert also must be ever vigilant against retaliatory actions taken against her by the State Bar or others and her reputation has been irreparably harmed. Plaintiff, Lenore Albert spent money on Experian Credit monitoring and/or other online reputation and dark web monitoring service to assist in monitoring the dark web, as a result.

399.   Defendant State Bar's conduct was a substantial factor in causing Plaintiff Lenore Albert's harm entitling her to damages, costs, and reasonable attorney fees, if any.

400.   Defendants Leah Wilson, Ruben Duran and Steve Mazer approved of this conduct making them jointly and severally liable for damages.

401.   Plaintiff, Lenore Albert, is entitled to future injunctive relief against the State Bar to bar it from future pre-litigation investigations against Ms. Albert without a valid warrant.

## ELEVENTH CAUSE OF ACTION

### Govt Code §815.6 Liability – Negligence of Public Entity

### State Bar Violated Mandatory Duty – Data Breach

### By Plaintiff Lenore Albert

402.   Plaintiff incorporates paragraphs 1 through 136, 380-401, above as though fully set forth herein.

403.   The identity of the Plaintiff, Lenore Albert, was posted on the internet in connection with a confidential State Bar investigation because the State Bar of California failed to use reasonable care in keeping this information confidential.

404.   Defendant State Bar of California was under a mandatory duty to keep all State Bar investigations confidential unless and until public notice of disciplinary charges were filed pursuant to Bus. & Prof. Code §6086.1 and State Bar Rules of Procedure, Rules 2301 and 2302.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

405.   The enactment of these statutes and rules were designed to protect against the type of harm (privacy harm) suffered by the Plaintiff and members of the class.

406.   The State Bar is under no obligation to investigate any one member of the bar; however, it chose to do so, bringing about an additional duty to refrain from engaging in conduct that places the person under investigation. Once the State Bar collects confidential information, it is not the rule of the bar or its officers to distribute that confidential information or allow it to be distributed onto the internet.

407.   The scope of the agency's powers to initiate confidential investigations and collect confidential information without notifying the member of the investigation or the contents thereof is broad.

408.   But the scope of the Bar's authority, when it undertakes to collect this information and begin an investigation obligates the bar to then make sure such confidential information or investigation it initiates is securely stored away from public view which Plaintiff, Lenore Alberts would expect to be consistent with the State Bar's own Ethics Opinion on this issue No. 20-0004 published on or about August 10, 2021.

409.   Defendant State Bar of California as the initiator of confidential investigations and collector of personal information owed Plaintiff, Lenore Albert a duty to implement and maintain adequate security measures to safeguard Plaintiff, Lenore Albert's personal information and existence of nonpublic State Bar investigations consistent with public policy, State Bar policies, statutes, and California privacy laws.

410.   It was foreseeable that Plaintiff, Lenore Albert would be harmed if the State Bar of California failed to use reasonable care in ensuring confidential State Bar investigations were securely stored in a way third parties could not access them or if they did could not read them because they were encrypted.

411.   It was reasonably certain that the Plaintiff, Lenore Albert, would suffer a privacy injury if those confidential investigations were made public.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

## **TWELFTH CAUSE OF ACTION**

### **Govt Code §815.2 Liability Vicarious Liability for an Act or Omission of an Employee**
### **State Bar Employees Liable for Data Breach**
### **By Plaintiff Lenore Albert**

412.    Plaintiff incorporates paragraphs 1 through 136, 402-411, above as though fully set forth herein.

413.    Defendant State Bar of California was under a mandatory duty to refrain from conducting unreasonable search and seizures of Plaintiff, Lenore Albert's property and retaliating against Ms. Albert for engaging in protected activity pursuant to the limited powers under the State Bar Act and the U.S. Constitution.

414.    Defendant State Bar of California was under a mandatory duty to keep all State Bar investigations confidential unless and until public notice of disciplinary charges were filed pursuant to Bus. & Prof. Code §6086.1 and State Bar Rules of Procedure, Rules 2301 and 2302.

415.    The enactment of the U.S. Constitution and the State Bar Act was designed to protect against the type of harm suffered by the Plaintiff, Lenore Albert.

416.    Defendants Doe 1 through Doe 50, Steve Mazer, Sherell McFarlane, Katherine Kinsey, Benson Hom, Cindy Chan, and Suzanne Grandt were employees hired by the State Bar of California and were under a duty to keep all state bar investigations confidential until public charges were filed and to refrain from abusing their power as more fully alleged herein, yet Defendants, and each of them, failed to exercise reasonable care in preventing the violation of Ms. Albert's constitutional rights and invading her right to privacy.

417.    Failure to keep all confidential state bar investigations confidential and refrain from abusing their power as more fully alleged in the causes of action above at the State Bar yet Defendants, and each of them, proximately led to the violation of Ms. Albert's constitutional rights and invading her right to privacy

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

418.   Defendants Doe 1, Doe 2, Doe 3, Doe 4, Doe 5, Sherell McFarlane, Katherine Kinsey, Benson Hom, Cindy Chan, and Suzanne Grandt, and each of them, unreasonable care was a substantial factor in the State Bar of California's breach of this mandatory duty and was the direct and proximate cause of injury suffered by the Plaintiff, Lenore Albert.

419.   As a result of the breach, Ms. Albert suffered anxiety from the information leak, including emotional distress in knowing a multitude of these confidential State Bar investigations identifying her as the attorney in question ended up on the internet when she had active adversaries working against her.

420.   Plaintiff, Lenore Albert will continue to suffer harm in the future on the grounds that she will forever be the target of time-consuming and annoying spam, phishing schemes and be burdened with spending time and financial resources to ensure that the information does not reappear again on the internet.

421.   Plaintiff, Lenore Albert also must be ever vigilant against retaliatory actions taken against her by the State Bar or others and her reputation has been irreparably harmed. Plaintiff, Lenore Albert spent money on Experian Credit monitoring and/or other online reputation and dark web monitoring service to assist in monitoring the dark web, as a result.

422.   The State Bar of California has refused to disclose to Ms. Albert how invasive the State Bar has been in her affairs leading to further anxiety, stress, and fear that this could land in the hands of her adversaries or their allies causing future harm to her career or reputation.

423.   The State Bar of California is liable for Defendants Doe 1 through Doe 50, Steve Mazer, Sherell McFarlane, Katherine Kinsey, Benson Hom, Cindy Chan, and Suzanne Grandt, and each of them, failure to use reasonable care under Govt Code §815.2.

424.   Lenore Albert is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, costs, against the defendant.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

### THIRTEENTH CAUSE OF ACTION

**Govt Code §815.4 Liability Vicarious Liability for an Act or Omission of an Independent Contractor – Nondelegable Duty**

**Rick Rankin Liable for Data Breach**

**By Plaintiff Lenore Albert**

425.   Plaintiff incorporates paragraphs 1 through 136, 402-424, above as though fully set forth herein.

426.   Defendant State Bar of California was under a mandatory duty to keep all State Bar investigations confidential unless and until public notice of disciplinary charges were filed pursuant to Bus. & Prof. Code §6086.1 and State Bar Rules of Procedure, Rules 2301 and 2302.

427.   The enactment was designed to protect against the type of harm (privacy harm) suffered by the Plaintiff, Lenore Albert.

428.   Defendant Rick Rankin was an independent contractor hired by the State Bar of California at an annual salary of approximately $126,000.00 to act as the interim Information Technologies Director and was under a duty to maintain reasonable security measures at the State Bar yet Defendant failed to exercise reasonable care in preventing the data breach.

429.   Defendant Rick Rankin was under a duty to make sure that industry standards were employed by the State Bar and he breached his duty when the bar failed maintain cybersecurity industry standards such as continuous vulnerability management, conducting regular penetration testing and other security testing, encryption of confidential records to ensure things like access control checks were in place, and if not, the data would not be readable if posted on the internet.

430.   He also failed to ensure the State Bar deleted old confidential investigations that did not lead to public discipline. Defendant Rick Rankin also failed to ensure the State Bar adopted and enforced retention and destruction policies which led to approximately 322,525 confidential State Bar investigations that had not resulted in public discipline to be scraped and/or harvested and posted onto the internet.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

431.   Failure to implement these reasonable security measures (CIS Controls) proximately led to the data breach alleged herein.

432.   Defendant Rick Rankin's unreasonable care was a substantial factor in the State Bar of California's breach of this mandatory duty and was the direct and proximate cause of injury suffered by the Plaintiff, Lenore Albert.

433.   As a result of the breach, Ms. Albert suffered anxiety from the information leak, including emotional distress in knowing a multitude of these confidential State Bar investigations identifying her as the attorney in question ended up on the internet when she had active adversaries working against her.

434.   Plaintiff, Lenore Albert will continue to suffer harm in the future on the grounds that she will forever be the target of time-consuming and annoying spam, phishing schemes and be burdened with spending time and financial resources to ensure that the information does not reappear again on the internet.

435.   Plaintiff, Lenore Albert also must be ever vigilant against retaliatory actions taken against her by the State Bar or others and her reputation has been irreparably harmed. Plaintiff, Lenore Albert spent money on Experian Credit monitoring and/or other online reputation and dark web monitoring service to assist in monitoring the dark web, as a result.

436.   The State Bar of California has refused to disclose to Ms. Albert how invasive the State Bar has been in her affairs. The Bar refused to tell her the number or nature of the confidential State Bar investigations identifying her on JudyRecords.com they found leading to further anxiety, stress, and fear that this could land in the hands of her adversaries or their allies causing future harm to her career or reputation.

437.   The State Bar of California is liable for Rick Rankin's failure to use reasonable care under Govt Code §815.4.

438.   Lenore Albert is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, costs, and punitive damages against the defendant.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

439.   Defendant's conduct is closely connected to the injuries the Plaintiff, Lenore Alberts suffered.

440.   Defendant State Bar of California bears some moral blame for failing to protect the confidential information it collected and confidential investigations it instituted on persons who likely did not even know there was a State Bar investigation instituted and continues to not know the details, nature, or extent of those investigations.

441.   It is foreseeable that the identity of the people under investigation, in addition to the identity of the complainants or witnesses would reach the internet when there was no access control check maintained on the Odyssey platform/portal the State Bar chose to purchase from Tyler Technologies.

442.   The State Bar breached one more of the duties alleged above, which was a proximate cause of Plaintiff, Lenore Albert's harm.

443.   As a result of the breach, Ms. Albert suffered anxiety from the information leak, including emotional distress in knowing a multitude of these confidential State Bar investigations identifying her as the attorney in question ended up on the internet when she had active adversaries working against her.

444.   Plaintiff, Lenore Albert will continue to suffer harm in the future on the grounds that she will forever be the target of time-consuming and annoying spam, phishing schemes and be burdened with spending time and financial resources to ensure that the information does not reappear again on the internet.

445.   Plaintiff, Lenore Albert also must be ever vigilant against retaliatory actions taken against her by the State Bar or others and her reputation has been irreparably harmed. Plaintiff, Lenore Albert spent money on Experian Credit monitoring and/or other online reputation and dark web monitoring service to assist in monitoring the dark web, as a result.

446.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

## FOURTEENTH CAUSE OF ACTION

### Negligence

### Tyler Technologies Liable for Data Breach

### By Plaintiff Lenore Albert

447.   Plaintiff incorporates paragraphs 1 through 136, 402-424 above as though fully set forth herein.

448.   Plaintiff, Lenore Albert's identity was posted on the internet in connection with one or more confidential State Bar matters due to the data breach.

449.   Defendant Tyler Technologies was negligent for failure to have an adequate access control check in place on its product called Odyssey Portal, the failure of which was below industry standards.

450.   An access control check is a reasonable security measure to protect the access of personal or confidential information from unauthorized users (third parties).

451.   Defendant Tyler Technologies as the software developer and the State Bar of California as the initiator of confidential investigations and collector of personal information owed Plaintiff, Lenore Albert a duty to implement and maintain adequate security measures to safeguard Plaintiff, Lenore Albert's personal information and existence of State Bar investigations consistent with public policy, State Bar policies, statutes, and California privacy laws.

a.   It was foreseeable that Plaintiff, Lenore Albert would be harmed if Tyler Technologies' Odyssey failed to have an access control check because it sold the product to the State Bar of California for its use in OCTC where confidential State Bar investigations take place.

b.   It was reasonably certain that the Plaintiff, Lenore Alberts and suffered a privacy injury without a proper access control check on Odyssey after the State Bar started to use it.

c.   Defendant's conduct is closely connected to the injuries the Plaintiff, Lenore Albert, suffered.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

d.    Defendant Tyler Technologies bears some moral blame for failing to protect confidential information by failing to have an access control check in place in the Odyssey platform that it sold to the State Bar.

452.    It is foreseeable that the identity of the people under investigation, in addition to the identity of the complainants or witnesses would reach the internet when there was no access control check maintained on the Odyssey platform/Odyssey Portal the State Bar chose to purchase from Tyler Technologies.

453.    Tyler Technologies breached one more of the duties alleged above which was a proximate cause of Plaintiff, Lenore Albert, and the members of the class harm.

454.    Tyler Technologies' negligence was a substantial factor in causing Plaintiff Lenore Albert's harm.

455.    As a result of the breach, Ms. Albert suffered anxiety from the information leak, including emotional distress in knowing a multitude of these confidential State Bar investigations identifying her as the attorney in question ended up on the internet when she had active adversaries working against her.

456.    Plaintiff, Lenore Albert will continue to suffer harm in the future on the grounds that she will forever be the target of time-consuming and annoying spam, phishing schemes and be burdened with spending time and financial resources to ensure that the information does not reappear again on the internet.

457.    Plaintiff, Lenore Albert also must be ever vigilant against retaliatory actions taken against her by the State Bar or others and her reputation has been irreparably harmed. Plaintiff, Lenore Albert spent money on Experian Credit monitoring and/or other online reputation and dark web monitoring service to assist in monitoring the dark web, as a result.

458.    Lenore Albert is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); and damage to her reputation.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

## FIFTEENTH CAUSE OF ACTION

### Negligence

### Steve Mazer and Rick Rankin Liable for Data Breach

### By Plaintiff Lenore Albert

459.    Plaintiff incorporates paragraphs 1 through 136, 402-458 above as though fully set forth herein.

460.    Defendant Steve Mazer, the State Bar employee in charge of contracts was under a duty to select software from a vendor that had adequate security checks in place to ensure unauthorized users could not obtain confidential State Bar investigations. He was also under a duty to ensure that he hired an interim Information Technologies Director that would perform adequate access control checks to ensure the continued security of confidential State Bar investigations.

461.    Defendant Rick Rankin, as the interim Information Technologies Director of the State Bar of California was under a duty to implement reasonable security measures to safeguard the 322,525 confidential State Bar investigations the State Bar Office of Chief Trial Counsel had amassed and/or adequately supervise, train, and employ those who can implement reasonable security measures at the State Bar.

462.    On or about February 2016, the California Department of Justice defined what "constitutes a lack of reasonable security" to include the CIS Controls published by the Center for Internet Security's Critical Security Controls (CIS Controls), NISTR800-88r1, NISTR SSDF, OWASP, and other cybersecurity best practices outlined by SAFECode, the Software Alliance, OWASP, the Council of Registered Security Testers (CREST), and the PCI Security Standards Council. These CIS Controls(availableathttps://www.cisecurity.org/controls) include:

a.    Control 01: Inventory and Control of Enterprise Assets

b.    Control 03: Data Protection

c.    Control 06: Access Control Management

d.    Control 07: Continuous Vulnerability Management

e.    Control 14: Security Awareness and Skills Training

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

f.      Control 15: Service Provider Management

g.      Control 16: Application Software Security

h.      Control 17: Incident Response Management

i.      Control 18: Penetration Testing

463.    Defendant Steve Mazer breached his duty by failing to ensure an access control check was in place when the State Bar purchased the software Odyssey Portal from Tyler Technologies; and Rick Rankin breached his duty by failing to perform reasonable security procedures as outlined by the Center for Internet Security's Critical Security Controls (CIS Controls) and other industry standards listed above resulting in an additional breach by Steve Mazer.

464.    Defendants Steve Mazer, and Rick Rankin, and each of them, jointly and severally, were a substantial factor in causing the Plaintiff, Lenore Albert's harm leading to the failure to discover a security vulnerability in the Odyssey case management system, including the Odyssey Portal that resulted in the harvesting, scraping, exfiltration of 322,525 confidential State Bar investigations that were placed on JudyRecords.com including those of Plaintiff Lenore Albert.

465.    The Plaintiff's injuries resulted from an occurrence, the nature of which the statute or regulation industry data security standard was designed to prevent.

466.    As a result of the breach, Ms. Albert suffered anxiety from the information leak, including emotional distress in knowing a multitude of these confidential State Bar investigations identifying her as the attorney in question ended up on the internet when she had active adversaries working against her.

467.    Plaintiff, Lenore Albert will continue to suffer harm in the future on the grounds that she will forever be the target of time-consuming and annoying spam, phishing schemes and be burdened with spending time and financial resources to ensure that the information does not reappear again on the internet.

468.    Plaintiff, Lenore Albert also must be ever vigilant against retaliatory actions taken against her by the State Bar or others and her reputation has been irreparably harmed. Plaintiff, Lenore Albert spent money on Experian Credit monitoring and/or other online

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

reputation and dark web monitoring service to assist in monitoring the dark web, as a result.

469.    Lenore Albert is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); and damage to her reputation.

470.    Plaintiff, Lenore Albert is entitled to actual damages and general damages against defendants Steve Mazer and Rick Rankin, jointly and severally.

## SIXTEENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### Data Breach

### By Plaintiff Lenore Albert

471.    Plaintiffs incorporate herein by reference paragraphs 1 through 136, 402-471 above in this pleading as though fully set forth herein.

472.    Defendant State Bar of California, Tyler Technologies, Steve Mazer, and Rick Rankin's conduct alleged in the Eighth through Thirteenth Causes of action relating to the data breach were negligent.

473.    Lenore Albert suffered serious emotional distress, including suffering, anguish, nervousness, anxiety, shock, humiliation, and shame of the type that an ordinary, reasonable person would be unable to cope with.

474.    Defendants State Bar of California, Tyler Technologies, Steve Mazer, and Rick Rankin's negligent conduct was a substantial factor in causing Lenore Albert's serious emotional distress.

475.    Defendants State Bar of California, Tyler Technologies, Steve Mazer, and Rick Rankin's conduct jointly and severally are liable for the harm caused as a result.

476.    Lenore Albert was harmed. She lost in whole or in part the economic benefits or advantage reasonably expected from the relationships including a pending prevailing party post-trial attorney fee award requesting approximately $650,000.00 in the case of *Gilbert-Bonnaire v Demerjian*, but no less than $100,000.00; a pending motion for

70

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

sanctions in the case of *McMahon v Whitney* requesting $40,000.00 but no less than $5,000.00, and a reasonable attorney fee in the case of *Tran v Tesla* in an amount to be proven at trial but no less than $25,000.00.

477.    Plaintiff Ryan McMahon and Lenore Albert were in an economic relationship that probably would have resulted in a future economic benefit to Both Ryan McMahon and Lenore Albert.

478.    Defendants Suzanne Grandt, Cindy Chan, Benson Hom, the state bar board, and all John/Jane Does 1-50 knew or should have known of this relationship based on the above facts and filed court motions.

479.    Defendants Suzanne Grandt, Cindy Chan, Benson Hom, the state bar board, and all John/Jane Does 1-50 knew or should have known that this relationship would be disrupted if they failed to act with reasonable care.

480.    That Suzanne Grandt, Cindy Chan, Benson Hom, the state bar board, and all John/Jane Does 1-50 failed to act with reasonable care when they made false claims against Lenore Albert and revoked her law license, failed to consider pleas from Lenore Alberts client that were contrary to their benefit of proceeding with a fraudulent case against Lenore Albert.

481.    That Suzanne Grandt, Cindy Chan, Benson Hom, Sherell McFarlane, the state bar board, and all John/Jane Does 1-50 engaged in wrongful conduct through

　　　　a.  Conduct was outrageous and out of the standard business practices of the State Bar when they The State Bar and its employees intentionally and wrongfully disrupted federal trial Case No. 23-cv-01972-KJM-JDP, violating my, Ryan McMahon's 14th Amendment rights, interfering with a legally binding contract with my, Ryan McMahon's attorney, Lenore Albert and hindering the economic potential of the case's outcome. Their actions caused reputational and emotional harm, culminating in the wrongful disbarment of my attorney, which continues to impact my life to this day.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

482.   The relationship was disrupted when Lenore Albert was disbarred, forced to close her business, and canceled a binding contract between Lenore Albert and Ryan McMahon.

483.   Ryan McMahon was harmed financially, emotionally, and reputationally, and there was a loss of time and recourse to set the record straight in active litigation.

484.   Defendants Suzanne Grandt, Cindy Chan, Benson Hom, the state bar board, and all John/Jane Does 1-50's wrongful conduct was a substantial factor in causing Ryan McMahon's harm.

485.   The State Bar's action against Ms. Albert resulted in dissuading other attorneys from substituting into the case and taking it to trial.

486.   Lenore Albert is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, costs, and punitive damages against all defendants, except the State Bar of California.

487.   Defendants' Doe 6, Doe 7, Doe 8, Doe 9, Doe 10, Tyler Technologies, State Bar of California, Cindy Chan, Benson Hom, and Suzanne Grandt's wrongful conduct, and each of them, jointly and severally, were a substantial factor in causing Lenore Albert's harm.

488.   Defendant Tyler Technologies is jointly and severally liable for the harm caused by the State Bar defendants named above.

## SEVENTEENTH CAUSE OF ACTION

### Breach of Fiduciary Duty

**By Plaintiff Ryan McMahon, Larry Tran, Theresa Marasco, and Chad Pratt**

489.   Plaintiff(s) incorporate the allegations in paragraphs 1 to 32, 137-190, 336-365, as though fully set forth herein.

490.   Defendant State Bar of California and its employees, Leah Wilson, Ruben Duran, Cindy Chan, Benson Hom, Suzanne Grandt, the board, and Does 1 to 50, were Plaintiff Ryan McMahon, Larry Tran, Theresa Marasco and Chad Pratt's agent in that the State

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

Bar owes a fiduciary duty to protect the public and the State Bar of California knew or should have known that plaintiff Lenore Albert was representing Plaintiffs Ryan McMahon, Larry Tran, Theresa Marasco, and Chad Pratt when the State Bar revoked Ms. Albert's license to practice law.

491.   The Defendants acted on the behalf of Plaintiffs, Theresa Marasco, Chad Pratt, Larry Tran, and Ryan McMahon for purposes of revoking Plaintiff Lenore Albert's license to practice law under Bus & Prof Code §6001.1.

492.   The Defendants failed to act as a reasonably careful agent set up to protect Ms. Albert's clients, including Plaintiffs Ryan McMahon, Theresa Marasco, Chad Pratt, and Larry Tran, like another State Bar agency would have acted under the same or similar circumstances.

493.   Defendants breached their duty to protect the public and the public's trust and maintain the integrity of the judicial system.

494.   Plaintiffs Ryan McMahon's Case No. 23-cv-01972-KJM-JDP; plaintiff Theresa Marasco's Case No. 19SMCV00056; plaintiff Larry Tran's Case No. 23STCV02546; and plaintiff Chad Pratt's Case No. 30-2022-01250695 were harmed because plaintiff Lenore Albert was representing them as their counsel of record when the State Bar revoked her license to practice of law.

495.   Plaintiff Ryan McMahon suffered privacy, reputational and emotional harm, including harm to his profession as a law enforcement officer, a personal reputation spotlighted by the media and news outlets, harm to his family and friends, and the emotional roller coaster placed upon Ryan McMahon, his family, and friends.

496.   Theresa Marasco is informed and believes and alleges thereon that the State Bar employees had contacted opposing counsel and/or the defendants in her case, interfering or attempting to interfere in her case, suffering economic damage to a quick settlement and emotional harm.

497.   Chad Pratt is informed and believes and alleges thereon that the State Bar employees had contacted the opposing counsel and/or the defendants in his case,

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

interfering or attempting to interfere in his case, barring discovery to take place and the class to be certified causing him financial and emotional harm.

498.   Plaintiff Larry Tran is informed and believes and alleges thereon that the State Bar employees' conduct barred him from overruling the demurrer on the fraud causes of action in his case and he lost bargaining power because his breach of warranty claim was reduced when he lost his attorney by losing the expected reasonable attorney fee award, thus frustrating an early settlement in the case causing financial and emotional harm.

499.   Defendants' disbarment of Lenore Albert was a substantial factor in causing harm to plaintiffs Ryan McMahon, Theresa Marasco, Larry Tran, and Chad Pratt.

500.   Defendant State Bar of California and its employees, Defendants Leah Wilson, Ruben Duran, Cindy Chan, Benson Hom, Suzanne Grandt and Does 1 to 50's conduct was a substantial factor in causing plaintiffs Larry Tran, Theresa Marasco, Chad Pratt and Ryan McMahon's harm entitling to them to damages.

## EIGHTEENTH CAUSE OF ACTION

### Aid and Abetting the Breach of Fiduciary Duty

### By Plaintiff Ryan McMahon, Larry Tran, Theresa Marasco, and Chad Pratt

501.   Plaintiff(s) incorporate the allegations in paragraphs 1 to 32, 137-190, 336-365, 489-500 as though fully set forth herein.

502.   The above Defendants knew or should have known their actions constituted a benefit to the defendants in plaintiff Ryan McMahon, plaintiff Theresa Marasco, plaintiff Larry Tran, and plaintiff Chad Pratt's litigation if they were to remove Lenore Albert's law license and should have known this as employees of the California State Bar.

503.   Additionally, plaintiffs Ryan McMahon, Larry Tran, Theresa Marasco, and Chad Pratt filed papers and/or testified at the State Bar hearing in support of keeping Lenore Albert's license intact for the plaintiffs' own benefit in their own litigation because they knew that by losing representation they would be harmed.

504.   All Defendants knew this information from filed documents with the Court.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

505.   The Defendants State Bar of California, Leah Wilson, Ruben Duran, Cindy Chan, Benson Hom, and Suzanne Grandt breached its/their fiduciary duty to Plaintiffs Ryan McMahon, Theresa Marasco, Larry Tran and Chad Pratt.

506.   Defendants Does 1 to 50, had actual knowledge of that breach of fiduciary duties.

507.   Defendants' conduct provided substantial assistance or encouragement to the third party's breach.

508.   Defendants' conduct was a substantial factor in causing harm to Plaintiff Ryan McMahon, Larry Tran, Theresa Marasco, and Chad Pratt.

509.   As a result of failure to supervise, Suzanne Grandt, Cindy Chan, Benson Hom, Sherell McFarlane, the state bar board, all John/Jane Does 1-50 aided and abetted the defendants in each of the plaintiffs' lawsuits in violation of law and Bus & Prof Code §6001.1.

510.   Plaintiffs Larry Tran, Theresa Marasco, Ryan McMahon, and Chad Pratt's litigation was harmed causing them each economic injury including additional expenses, loss of potential damages, and noneconomic damage such as additional emotional distress, anxiety, paranoia, mental suffering, panic attacks, mental freeze, grief, loss of sleep, shame, mortification, and has interfered with their day to day activities (expenditure of time when their attorney was abruptly removed from their cases).

## NINETEENTH CAUSE OF ACTION

### 42 USC 1983 - Violation of Due Process

### By Plaintiff Ryan McMahon, Theresa Marasco, Larry Tran, and Chad Pratt

511.   Plaintiff(s) incorporate the allegations in paragraphs 1 to 510, as though fully set forth herein.

512.   Defendants, Suzanne Grandt, Cindy Chan, Benson Hom, Sherell McFarlane, Katherine Kinsey, Leah Wilson, Ruben Duran, Steve Mazer, and Does 1 through 50 were acting under color of law in their official and personal capacities as alleged herein.

513.   Defendants, Suzanne Grandt, Cindy Chan, Benson Hom, Sherell McFarlane, Katherine Kinsey, Leah Wilson, Steve Mazer, and Does 1 through 50 violated the plaintiffs First and Fourteenth Amendment rights.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

514.   As a result of the defendants' conduct which was clearly a violation under Bus & Prof Code §6001.1, the plaintiffs, Ryan McMahon, Theresa Marasco, Larry Tran, and Chad Pratt, and each of them were harmed.

515.   Under the 14th Amendment, Suzanne Grandt, Cindy Chan, Benson Hom, Sherell McFarlane, Katherine Kinsey, Leah Wilson, Steve Mazer, Ruben Duran, the State Bar Board, all John/Jane Does 1-50 employees intentionally and wrongfully:

a.  Harmed plaintiff Ryan McMahon's federal litigation Case No. 23-cv-01972-KJM-JDP on or about May 24, 2024, violating plaintiff Ryan McMahon's 14th Amendment rights culminating in the wrongful disbarment of his attorney in federal court based on the State court disbarment that occurred on July 16, 2024, which continues to adversely impact his life to this day.

b.  Harmed plaintiff Theresa Marasco's state court Case No. 19SMCV00056 on or about March 12, 2024, violating plaintiff Theresa Marasco's 14th Amendment rights culminating in the wrongful disbarment of her attorney on July 16, 2024, which continues to adversely impact her life to this day.

c.  Harmed plaintiff Larry Tran's state court Case No. 23STCV02546 on or about May 16, 2024, violating plaintiff Larry Tran's 14th Amendment rights culminating in the wrongful disbarment of his attorney on July 16, 2024, which continues to adversely impact his life to this day.

d.  Harmed plaintiff Chad Pratt's state court Case No. 30-2022-01250695-CV-AT-CXC (aka 22-cv-00983-DFM) on or about March 12, 2024, violating plaintiff Chad Pratt's 14th Amendment rights culminating in the wrongful disbarment of his attorney on July 16, 2024, which continues to adversely impact his life to this day.

516.   Plaintiffs allege that the disparaging treatment against their lawyer, Lenore Albert, adversely affected their ability to find new counsel to represent them in ongoing litigation which was clearly in violation of Bus & Prof Code §6001.1 and their First Amendment and Fourteenth Amendment rights.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

517.   Each plaintiff wrote the State Bar and/or the courts pleading to allow them to keep Lenore Albert as their trial counsel and just suspend or disbar her to prevent her from taking on new clients but the State Bar employees named as plaintiffs in this lawsuit and Does 1 through 50 refused to do so in violation of the plaintiffs clear rights because Judge Saab in the State Bar Hearing Department unequivocally ruled that the State Bar failed to prove any client harm as part of the misconduct.

518.   Plaintiffs, and each of them, are entitled to damages for their actual loss and additional expense including but not limited to additional litigation expense,  loss of recoupment in litigation costs and attorney fees, loss of causes of action/claims, and noneconomic damages, including but not limited to, exacerbation of preexisting depression, mental freeze, panic, mental suffering, anxiety, emotional distress, and frustration.

519.    Defendants, Suzanne Grandt, Cindy Chan, Benson Hom, Sherell McFarlane, Katherine Kinsey, Leah Wilson, Ruben Duran, Steve Mazer, and Does 1 through 50 were indifferent, in reckless disregard of plaintiffs' rights, malicious, despicable, and/or fraudulent entitling the plaintiffs to punitive damages of each defendant in their personal capacity.

## TWENTIETH CAUSE OF ACTION

### Intentional Interference with a Prospective Economic Advantage

### By Plaintiff James Ocon

### Oconsortium Technology Tour

520.   Plaintiff James Ocon incorporates paragraphs 1 through 136, 183-239, 336-365, above in this pleading as though fully set forth herein.

521.    James Ocon is very afraid to file this in state court based on the proximity of the state court to the State Bar. James Ocon hopes that the federal court can help him right those wrongs and level the playing field as citizens in the state of California and small business owners like himself who had nothing to do with Lenore Albert's unfair and illegal allegations against her.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

522.    Plaintiff James Ocon was leading the Oconsortium tour with Lenore Albert and other sponsors and supporters from 2020 through 2022. Most of Jim Ocon's professional network, including Fortune 500 companies and notable broadcasters like Sinclair Broadcast Group, as well as professional organizations such as ATSC, SBE, and SMPTE, were involved to represent the educational side of the industry. There were also stakeholders, and several broadcast stations impacted. All of these were in an economic relationship that likely would have resulted in an economic benefit to James Ocon.

523.    Defendants Doe 1 through 50, the State Bar of California, Leah Wilson, Ruben Duran, Cindy Chan, Benson Hom, and Suzanne Grandt knew of the relationship.

524.    Defendants Doe 1 through 50, the State Bar of California Cindy Chan, Benson Hom, and Suzanne Grandt engaged in wrongful conduct with the intention of sabotaging Lenore Albert during the planning, development, launch, and execution of the Oconsortium Technology tour from 2020 through December 2022. This conduct caused significant financial and personal harm to the Plaintiff. James Ocon, the Plaintiff, invested his savings in the tour, which ultimately led to financial ruin. Whenever there were problems or disruptions, including costly mechanical issues, Lenore Albert could have provided valuable assistance, but her absence resulted in significant losses. James Ocon was even required to testify at a state bar hearing to defend Lenore Albert's actions. The economic impact has been severe, leading to Chapter 7 bankruptcy and unrealized value for companies such as Canon, Panasonic, and others. The tactics employed by the defendants have been draconian and have deeply affected James Ocon.

525.    Leah Wilson and Ruben Duran allowed, approved or permitted defendants' acts.

526.    It should be noted that an entire community of people and resources was used to launch the tour, including Lenore Albert and the OConsortium, which is the group of people plaintiff James Ocon put together. During Covid James Ocon felt that this was a good response to build a better future during the pandemic.

527.    James Ocon used his entire retirement of approximately $100,000 to $200,000 to start up Ocon Solutions and the Oconsortium technology tour which he lost and the defendants' disruption to his business was a substantial factor in that loss.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

528.   By engaging in this conduct, Defendants Does 1 through 50, the State Bar of California, Cindy Chan, Benson Hom, and Suzanne Grandt intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur which Defendants Leah Wilson and Ruben Duran allowed.

529.   The relationship was disrupted when Defendants Does 1 through 50, the State Bar of California, Cindy Chan, Benson Hom, and Suzanne Grandt's actions resulted in investigating and prosecuting Lenore Albert to revoke her license to practice law during the tour.

530.   James Ocon was harmed to an amount to be proven at trial, approximately $2.5 million but no less than $225,000.00.

531.   The State Bar's action against Plaintiff James Ocon resulted in business disruption, loss of savings, loss of sponsor money, loss of member money, loss of potential business to Ocon Solutions due to the disruption of the tour, reputational harm due to the failure of the tour, and emotional distress.

532.   Plaintiff James Ocon is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to his reputation; interest, costs, and punitive damages against all defendants, except the State Bar of California.

533.   Defendants' Does 1 through 50, the State Bar of California, Cindy Chan, Benson Hom, Leah Wilson, Ruben Duran, and Suzanne Grandt's conduct, and each of them, jointly and severally, was a substantial factor in causing James Ocon's harm.

534.   Defendant Does 1 through 50, Ruben Duran, Leah Wilson, Cindy Chan, Benson Hom, and Suzanne Grandt's conduct was fraudulent, despicable, done with malice or in some other way violated James Ocon's right, which entitles James Ocon to punitive damages.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

## TWENTY FIRST CAUSE OF ACTION

### Negligent Interference with a Prospective Economic Advantage

### By Plaintiffs Lenore Albert and James Ocon

### Oconsortium Technology Tour

535.   Plaintiff James Ocon incorporates paragraphs 1 through 136, 183-239, 336-365, above in this pleading as though fully set forth herein.

536.   Alternatively, Plaintiff James Ocon was leading the Oconsortium tour with Lenore Albert and other sponsors and supporters. James Ocon was in an economic relationship that likely would have resulted in an economic benefit to James Ocon as a result of the tour.

537.   Defendants Does 1 through 50, Tyler Technologies, the State Bar of California, Cindy Chan, Benson Hom, and Suzanne Grandt knew or should have known of these relationships and the Oconsortium technology tour which ended in December 2022.

538.   Defendants Does 1 through 50, the State Bar of California, Cindy Chan, Benson Hom, and Suzanne Grandt knew or should have known that these relationships would be disrupted if the defendants Does 1 through 50, the State Bar of California, Cindy Chan, Benson Hom, and Suzanne Grandt failed to act with reasonable care.

539.   Defendants Does 1 through 50, the State Bar of California, Cindy Chan, Benson Hom, and Suzanne Grandt failed to act with reasonable care.

540.   Defendants Does 1 through 50, Tyler Technologies, the State Bar of California, Cindy Chan, Benson Hom, and Suzanne Grandt engaged in wrongful conduct through the wrongful acts as Plaintiff described in the prior cause of action. The defendants disrupted James Ocon's tour, and it cost James Ocon a lot of money.

541.   The relationship was disrupted when Defendants actions resulted in harassing Lenore Albert as James Ocon described in the prior cause of action.

542.   Plaintiff James Ocon's relationships outlined above were disrupted.

543.   Plaintiff James Ocon was harmed. Defendant State Bar employees and Tyler Technologies action against Plaintiff James Ocon resulted in business disruption, loss of savings, loss of sponsor money, loss of member money, loss of potential business to

80

Ocon Solutions due to the disruption of the tour, reputational harm due to the failure of the tour, and emotional distress.

544.    James Ocon is entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to his reputation; interest, costs, and punitive damages against all defendants, except the State Bar of California.

545.    Defendants' Does 1 through 50, Tyler Technologies, Leah Wilson, Cindy Chan, Benson Hom, and Suzanne Grandt's wrongful conduct, and each of them, jointly and severally, were a substantial factor in causing Lenore Albert's harm.

## TWENTY SECOND CAUSE OF ACTION

### Intentional Interference with Contractual Relations

### By All Plaintiffs except James Ocon against All Defendants, except for Katherine Kinsey and Sherell McFarlane

546.    Plaintiffs incorporates paragraphs 1 through 182, 336-365 above in this pleading as though fully set forth herein.

547.    There was a valid contract between Lenore Albert and plaintiff Chad Pratt in the case captioned *John Roe v State Bar of California*.

*548*.    There was a valid contract between Lenore Albert and plaintiff Theresa Marasco in the case captioned *Marasco v 1753 9th Street LLC*.

549.    There was a valid contract between Lenore Albert and plaintiff Ryan McMahon in the case captioned *McMahon v Whitney*.

550.    There was a valid contract between Lenore Albert and Paula Gilbert Bonnaire in the case captioned *Gilbert-Bonnaire v Demerjian*.

551.    There was a valid contract between Lenore Albert and plaintiff Larry Tran in the case captioned *Tran v Tesla*.

552.    Defendants were not a party to any of the valid contracts described above.

553.    Defendants had knowledge of the existence of all of these contracts.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

554.    Defendants' conduct made performance more expensive or difficult by revoking Plaintiff Lenore Albert's license to practice when motions were pending in each of the aforementioned cases.

555.    The relationship was disrupted when Defendants wrongfully caused the State Bar to revoke Ms. Albert's license to practice law on March 11, 2024 effective March 13, 2024, disqualifying her from further pursuing the cases on her former clients' behalf.

556.    The State Bar's action against Ms. Albert resulted in dissuading other attorneys from substituting in the cases.

557.    Plaintiff Lenore Albert had a prevailing party attorney fees award motion pending the Gilbert-Bonnaire case where plaintiff, Leslie Westmoreland was also owed fees for the beginning of litigation.

558.    Defendants knew that disruption of performance was certain or substantially certain to occur.

559.    Plaintiffs Lenore Albert, Chad Pratt, Ryan McMahon, Theresa Marasco, Larry Tran, and Leslie Westmoreland were harmed.

560.    As a proximate result of Defendants' intentional interference with these valid contracts, Plaintiffs Larry Tran, Leslie Westmoreland, Chad Pratt, Lenore Albert and Theresa Marasco have now suffered (and will continue to suffer) actual, consequential, and/or incidental damages in an amount to be determined in the course of this proceeding but not less than $125,000.00.

561.    Plaintiffs Lenore Albert, Larry Tran, Theresa Marasco, Leslie Westmoreland, Chad Pratt, and Ryan McMahon were harmed and are entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, costs, and punitive damages against all defendants, except the State Bar of California.

562.    Defendants' conduct, and each of them, jointly and severally, was a substantial factor in causing the plaintiffs' harm.

563.   Defendant Tyler Technologies' conduct of aiding and abetting or acting in concert with the State Bar defendants was a substantial factor in causing harm to each of the plaintiffs making Tyler Technologies jointly and severally liable.

564.   Defendant Tyler Technologies' conduct by and through its controlling manager Doe 10, Jeremy Ward and their counsel was fraudulent, despicable, done with malice or in some other way violated the plaintiffs' rights, which entitles plaintiffs to punitive damages.

## TWENTY THIRD CAUSE OF ACTION

### Intentional Interference with Prospective Economic Relations

### By All plaintiffs, except James Ocon against all Defendants, except Sherell McFarlane and Katherine Kinsey

565.   Plaintiff incorporates paragraphs 1 through 182, 336-365, 546-564 above in this pleading as though fully set forth herein.

566.   Plaintiffs Lenore Albert, Chad Pratt, Ryan McMahon, Theresa Marasco, Larry Tran, and Leslie Westmoreland were in an economic relationship as client and attorney that probably would have resulted in an economic benefit to each plaintiff mutually.

567.   Defendants had knowledge of the existence of these relationships.

568.   On March 14, 2024, the Defendants caused plaintiff Lenore Albert's license to be revoked immediately prior to hearings in each of the matters causing financial disruption in each.

569.   Defendants knew that by engaging in this conduct, knew that disruption of the relationship was certain or substantially certain to occur.

570.   The relationship between Plaintiffs Chad Pratt, Ryan McMahon, Theresa Marasco, Larry Tran, and Leslie Westmoreland and Lenore Albert was disrupted.

571.   Plaintiffs Lenore Albert, Chad Pratt, Ryan McMahon, Theresa Marasco, Larry Tran, and Leslie Westmoreland were harmed.

572.   As a proximate result of Defendants' intentional interference with these prospective economic advantage, Plaintiffs Larry Tran, Leslie Westmoreland, Lenore Albert, Chad Pratt, Ryan McMahon, and Theresa Marasco have now suffered (and will

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

continue to suffer) actual, consequential, and/or incidental damages in an amount to be
determined in the course of this proceeding but not less than $125,000.00.

573.    Plaintiffs Lenore Albert, Larry Tran, Theresa Marasco, Leslie Westmoreland,
Chad Pratt, and Ryan McMahon were harmed and are entitled to economic damages
(past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic
damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional
distress); damage to her reputation; interest, costs, and punitive damages against all
defendants, except the State Bar of California.

574.    Defendants' conduct, and each of them, jointly and severally, was a substantial
factor in causing plaintiffs' harm.

575.    Defendant Tyler Technologies' conduct of aiding and abetting or acting in concert
with the State Bar defendants was a substantial factor in causing harm to plaintiffs
making Tyler Technologies jointly and severally liable.

576.    Defendant Tyler Technologies' conduct by and through its controlling manager
Doe 10, Jeremy Ward and their counsel was fraudulent, despicable, done with malice or
in some other way violated plaintiffs rights, which entitles plaintiffs to punitive damages.

## TWENTH FOURTH CAUSE OF ACTION

### Negligent Interference with Prospective Economic Advantage

### By Plaintiff Lenore Albert, Chad Pratt, Ryan McMahon, Theresa Marasco, Larry Tran, and Leslie Westmoreland against all Defendants

577.    Plaintiffs incorporate paragraphs 1 through 182, 520-576 above in this pleading as
though fully set forth herein.

578.    Plaintiffs Lenore Albert, Chad Pratt, Ryan McMahon, Theresa Marasco, Larry
Tran, and Leslie Westmoreland were in an economic relationship as client and attorney
that probably would have resulted in a future economic benefit to each plaintiff mutually.

579.    Defendants had knowledge or should have known of the relationships.

580.    Defendants knew or should have known that these relationships would be
disrupted if Defendants failed to act with reasonable care.

581.    Defendants failed to act with reasonable care.

84

582.   Defendants engaged in wrongful conduct by wrongfully and abruptly revoking plaintiff Lenore Albert's license to practice law immediately prior to hearings in the plaintiffs' cases causing financial loss.

583.   The relationship between Plaintiffs Larry Tran, Chad Pratt, Leslie Westmoreland, Theresa Marasco, Ryan McMahon, and Lenore Albert was disrupted.

584.   Plaintiffs Lenore Albert, Chad Pratt, Ryan McMahon, Theresa Marasco, Larry Tran, and Leslie Westmoreland were harmed.

585.   As a proximate result of Defendants' intentional interference with these valid contracts, Plaintiffs Larry Tran, Theresa Marasco, Lenore Albert, Ryan McMahon, Leslie Westmoreland, and Chad Pratt have now suffered (and will continue to suffer) actual, consequential, and/or incidental damages in an amount to be determined in the course of this proceeding but not less than $125,000.00.

586.   Plaintiffs Lenore Albert, Larry Tran, Theresa Marasco, Leslie Westmoreland, Chad Pratt, and Ryan McMahon were harmed and are entitled to economic damages (past/future lost earnings, past/future lost profit, lost earning capacity); noneconomic damages (mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress); damage to her reputation; interest, costs, and punitive damages against all defendants, except the State Bar of California.

587.   Defendants' conduct, and each of them, jointly and severally, was a substantial factor in causing plaintiffs harm.

588.   Defendant Tyler Technologies' conduct of aiding and abetting or acting in concert with the State Bar defendants was a substantial factor in causing harm to plaintiffs making Tyler Technologies jointly and severally liable.

589.   Defendant Tyler Technologies' conduct by and through its controlling manager Doe 10, Jeremy Ward and their counsel was fraudulent, despicable, done with malice or in some other way violated plaintiffs rights, which entitles plaintiffs to punitive damages.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

## TWENTY FIFTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### By Plaintiff Lenore Albert

590.   Plaintiff incorporates paragraphs 1 through 589 above in this pleading as though fully set forth herein.

591.   Defendants Doe 1 through Doe 50, and State Bar employee Suzanne Grandt's conduct of revoking Ms. Albert's license in order to gain an unfair advantage in the *John Roe v State Bar of California* case was outrageous.

592.   The regulation of lawyers practicing in federal court, abruptly cutting clients off from representation when motions were pending, the data breach, warrantless searches/seizures, the unlawful and baseless confidential state bar investigations, disruption to James Ocon's tour, and the other plaintiffs' cases in an attempt to cover it up by disbarring plaintiff Lenore Albert was extreme and outrageous.

593.

594.   Other outrageous actions taken by the Defendant State Bar employees Doe 1 through Doe 50, Suzanne Grandt, Rick Rankin, Steve Mazer (who also contracted with the outside law firms to oppose Ms. Albert in the data breach litigation), Cindy Chan, Benson Hom, Sherell McFarlane, Katherine Kinsey, and Suzanne Grandt that caused Ms. Albert serious emotional distress over the last ten years include: interfering with her elections in 2016 and 2018; failing to protect her identity tied to multiple confidential State Bar investigations from leaking out onto the internet; invading her privacy; creating State Bar complaints out of thin air; keeping Plaintiff, Lenore Albert under constant surveillance with prelitigation confidential State Bar investigation for ten years; disbarring Plaintiff, Lenore Albert for violating Bus & Prof Code § 6124 which isn't even a statute; misleading various judges;  omitting evidence from the record; ordering Ms. Albert to pay nonexistent companies; disciplining her for nonpayment of debt; impugning her reputation; economically oppressing her; stalking her dockets; interfering with her cases; and having ex parte communications about her with opposing counsel,

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

judges, and others which averaged about 1,000 communications in a 3-year period, alone.

595.    Furthermore, Defendants Sherell McFarlane and Cindy Chan treated Ms. Albert differently than their own Office of Chief Trial Counsel employee Alex Binder who practiced law while his license was suspended from July 2, 2024 to July 19, 2024.

596.    Sherell McFarlane filed a notice that Alexander Binder was prosecuting other attorneys while he was suspended on the Sherry Lee Collins docket whom Alexander Binger got summarily disbarred while he was in fact suspended. State Bar Judge Cynthia Valenzuela (Dixon) then merely ordered that all filings by Mr. Binder while he was suspended were to be retroactively reaffirmed.

597.    Ms. McFarlane filed a list of such cases but omitted the Woodhouse case that was sitting before Judge Roland. Judge Roland nevertheless finds out about the suspension through an extrajudicial communication and strikes Mr. Binder's papers filed in Woodhouse in July while he was suspended.

598.    Neither Ms. McFarlane, Mr. Jagard, nor Mr. Cardona were disbarred or even disciplined for aiding and abetting Mr. Binder in the unauthorized practice of law, and neither was Mr. Binder.

599.    It is evident that Ms. Albert was unfairly treated compared to Binder, which appears to be arbitrary, discriminatory, or done in bad faith. While Binder was prosecuting other attorneys under a suspended license from July 2, 2024 through July 2024, Ms. Albert was disbarred on July 16, 2024 for purportedly practicing law while suspended in violation of Bus & Prof Code §6124 in order to gain a tactical advantage in the *John Roe v State Bar of California* case which is enough to shock the conscious as outrageous conduct outside all bounds of a civilized society. Defendant Sherell McFarlane, along with Mr. Christopher Jagard, Mr. George Cardona, Judge Roland, and Judge Valenzuela, all corruptly swept the entire incident under the rug. Disbarring Ms. Albert to prevent the data breach case from becoming a class action lawsuit and turning over discovery was outrageous and despicable.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

600.    Defendant Tyler Technologies, by and through its employee Jeremy Ward, conspired with, aided and abetted or acted in concert with the State Bar employees by delaying their discovery through March 8, 2024 after a protective order was signed. This was not litigation-privileged conduct because disbarring an attorney in order to gain a tactical advantage in litigation is outside the privilege.

601.    Defendant Rick Rankin and Tyler Technologies employee, Jeremy Ward agreed to downplay the data breach by recasting the breach as a "page view" of "docket" information when in fact those "dockets" were not face pages of dockets, but if there were any line items entries, such entries were included. Furthermore, they concealed the extent and nature of each docket entry made about Ms. Albert leading to continuing anxiety.

602.    Defendant Tyler Technologies didn't even adequately test the Odyssey Portal to ensure that confidential State Bar investigations would not be swept up with public records by third parties. Developing software to store confidential case information without testing the Odyssey Portal to ensure that the records could not be swept up with the public records was extreme and outrageous. It is like a car manufacturer assembling a car and then selling it without first testing the brakes. Failure to test such basic safety and security measures is extreme and outrageous.

603.    Defendant State Bar Employees Doe 1 through Doe 50, Cindy Chan, Benson Hom, Sherell McFarlane, Katherine Kinsey, Suzanne Grandt, and Defendant Tyler Technologies, Inc. intended to cause Lenore Albert emotional distress or acted with reckless disregard.

604.    Lenore Albert suffered physical pain from delayed medical care, a stroke-like condition, disfigurement, impairment, pain, suffering, and severe emotional distress including sleepless nights, anger, nervousness, anxiety, worry, humiliation, and shame.

605.    Defendant State Bar Employees Does 1 through 50, Cindy Chan, Benson Hom, Sherell McFarlane, Katherine Kinsey, Suzanne Grandt, Defendant Rick Rankin, and Defendant Tyler Technologies, Inc. were a substantial factor in causing the severe emotional distress.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

606.   Defendant State Bar Employees Does 1 through 50, Cindy Chan, Benson Hom, Sherell McFarlane, Katherine Kinsey, Suzanne Grandt, and Defendant Rick Rankin actions amounted to actual fraud, corruption and/or actual malice entitling Plaintiff, Lenore Albert to an award of punitive damages.

607.   Jeremy Ward was a controlling manager of defendant Tyler Technologies, Inc. and his actions amounted to actual fraud, corruption and/or actual malice entitling Plaintiff, Lenore Albert, to an award of punitive damages.

608.   That Suzanne Grandt, Cindy Chan, Benson Hom, Sherell McFarlane, the state bar board, all John/Jane Does 1-50 conduct was outrageous and out of the standard business practices of the State Bar when they The State Bar and its employees intentionally and wrongfully disrupted federal trial Case No. 23-cv-01972-KJM-JDP, violating my 14th Amendment rights, interfering with my contract with my attorney, and hindering the economic potential of the case's outcome. Their actions caused reputational and emotional harm, culminating in the wrongful disbarment of my attorney, which continues to impact my life to this day.

## TWENTY SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### By Plaintiffs James Ocon, Ryan McMahon, Larry Tran, Theresa Marasco, Chad Pratt, and Leslie Westmoreland

609.   Plaintiffs incorporates paragraphs 1 through 608 above in this pleading as though fully set forth herein.

610.   Defendants Suzanne Grandt, Cindy Chan, Benson Hom, and Does 1 through 50 conduct alleged in the pleading was extreme and outrageous.

611.   Defendants extreme and outrageous conduct intended to cause Plaintiffs Ryan McMahon, Larry Tran, Theresa Marasco, Chad Pratt and Leslie Westmoreland emotional distress or with reckless disregard for plaintiffs' well-being caused them extreme emotional distress because they asked the State Bar to allow them to keep plaintiff Lenore Albert as their counsel and thus were present at the time that the

defendants outrageous conduct occurred when the State Bar defendants ignored them and revoked their attorney's license to practice law.

612.    The conduct was extreme and outrageous because the State Bar Court Judge Saab specifically did not find that Ms. Albert committed client harm nor was she a danger to the public and in other similar cases the State Bar has taken no action or even allowed the disciplined attorney to continue representing clients on the clients request in order to avoid harming a client they currently represent.

613.    As for James Ocon, the conduct was extreme and outrageous because he was not employing plaintiff Lenore Albert in a legal matter, yet the State Bar intentionally interfered with his tour while she was employed to work on it by distracting her with an overwhelming amount of baseless and harassing claims.

614.    Defendants intended to cause the plaintiffs emotional distress, or Defendants acted with reckless disregard of the probability that plaintiffs would suffer emotional distress knowing that plaintiffs were present when the harassing and outrageous conduct occurred.

615.    Defendants knew that emotional distress would probably result from Defendants' conduct or Defendants gave little or no thought to the probable effects of their conduct.

616.    Plaintiffs Larry Tran, Ryan McMahon, James Ocon, Chad Pratt, Leslie Westmoreland, and Theresa Marasco, and each of them, suffered severe emotional distress including anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, panic attacks, sadness, sleepless nights, and shame.

617.    Plaintiffs have lost a trust in the integrity of the judicial system and the State Bar of California.

618.    Defendants' conduct was a substantial factor in causing plaintiffs severe emotional distress.

619.    Defendants'conduct was so vile, despicable, or malicious it warrants the imposition of punitive damages in addition to compensation for the annoyance and discomfort, including inconvenience, mental suffering, emotional distress, humiliation, and injury to reputation.

90

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

## TWENTY SEVENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### By All Plaintiffs against All Defendants

620.   Plaintiffs incorporates paragraphs 1 through 619 above in this pleading as though fully set forth herein.

621.   Plaintiffs Larry Tran, Theresa Marasco, James Ocon, Leslie Westmoreland, Chad Pratt, Ryan McMahon, and Lenore Albert claim Defendants' conduct caused them to suffer severe emotional distress.

622.   Even if the defendant's conduct does not rise to the level of intentional or reckless conduct, Defendants owed the plaintiffs a duty of care not to cause him and her emotional distress.

623.   Defendants failed to act as a reasonably careful person(s) and/or entity in the same situation.

624.   Defendants were negligent.

625.   Plaintiffs were harmed and Defendants' negligence was a substantial factor in causing Plaintiffs harm.

626.   Lenore Albert suffered physical pain from delayed medical care, a stroke-like condition, disfigurement, impairment, pain, suffering, in addition to severe emotional distress.

627.   Plaintiffs, Larry Tran, Theresa Marasco, James Ocon, Leslie Westmoreland, Ryan McMahon, and Chad Pratt suffered serious emotional distress including, anguish, fright, horror, nervousness, grief, panic attacks, anxiety, worry, shock, humiliation, and shame.

628.   Plaintiff Chad Pratt suffered an exacerbation of his depression.

629.   Plaintiff Theresa Marasco suffered an exacerbation of her anxiety and mental freeze.

630.   Plaintiff James Ocon suffered morning gagging with his panic attacks during the tour.

631.   Defendants' negligence was a substantial factor in causing Plaintiffs' serious emotional distress.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

## TWENTY EIGHTH CAUSE OF ACTION

### Negligence

### All plaintiffs against all Defendants

632.    Plaintiff incorporates paragraphs 1 through 589 above in this pleading as though fully set forth herein.

633.    Defendants, and each of them, owed the plaintiffs, and each of them, a duty of reasonable care as more fully alleged above.

634.    Defendants, and each of them, breached their duty of care owed to the plaintiffs as more fully alleged above.

635.    Plaintiffs, and each of them were harmed, including but not limited to exacerbation of medical conditions and mental suffering, mental distress, anguish, shame, embarrassment, mortification, sleepless nights, panic attacks, and anxiety.

636.    The defendants, and each of them, were a substantial factor in causing the plaintiffs' harm.

637.    Plaintiffs, and each of them, are entitled to a damage award for injuries each of them incurred as a direct and proximate cause of the defendants' negligence.

## THIRTIETH CAUSE OF ACTION

### Negligence per se

### By all Plaintiffs against all Defendants

638.    Plaintiff incorporates paragraphs 1 through 589 above in this pleading as though fully set forth herein.

639.    Defendants, State Bar of California, Leah Wilson, Steve Mazer, Suzanne Grandt, Cindy Chan, Benson Hom, Steve Mazer, Sherell McFarlane, and Katherine Kinsey, Tyler Technologies, Rick Rankin and Does 1 through 50 were under a mandatory to:

      a.    keep all state bar investigations confidential until public disciplinary charges are filed under Bus & Prof Code § 6086.1.

640.    Defendants, State Bar of California, Leah Wilson, Suzanne Grandt, Cindy Chan, Benson Hom, Steve Mazer, Sherell McFarlane, and Katherine Kinsey, and Does 1 through 50 were under a mandatory to:

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

a. And to protect the public over disciplining an attorney under Bus & Prof Code § 6001.1 which provides "Protection of the public, which includes support for greater access to, and inclusion in, the legal system, **shall** be the highest priority for the State Bar of California and the board of trustees in exercising their licensing, regulatory, and disciplinary functions. Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public **shall** be paramount." Id.

b. which each said defendant breached as more fully alleged above.

641.   Each of these statutes was designed to protect the same class of persons that the plaintiffs represent.

642.   Defendants, and each of them violated Bus & Prof Code §6001.1 and § 6086.1 as alleged in the preceding paragraphs resulting in a breach of their duty of care owed to the plaintiffs as more fully alleged above.

643.   Defendants should have used alternative methods if discipline was warranted based on their training and experience, in order to protect the due process of the law in plaintiffs' cases. All Defendants acted negligently when they used false statutes and went beyond the authority of the State to interfere with a federal case and pursue disciplinary action against an attorney who had several active cases in litigation. The reasoning for the disciplinary action was to protect the clients of Lenore Albert from suspected predatory actions and nefarious activity. In several court motions, all Defendants were advised in writing that there were no concerns from Lenore Albert's client, Ryan McMahon, based on his training and experience as a law enforcement officer for over a decade. Ryan McMahon, Chad Pratt, Larry Tran, and Theresa Marasco also provided several alternative solutions to the Defendants listed above in order to avoid the disbarment of their attorney, Lenore Albert, and allow her to continue litigating their cases.

644.   Plaintiffs, and each of them, were harmed, including but not limited to exacerbation of medical conditions and mental suffering, mental distress, anguish, shame, embarrassment, mortification, sleepless nights, panic attacks, and anxiety.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

645.   The defendants, and each of them, were a substantial factor in causing the plaintiffs' harm.

646.   Plaintiffs, and each of them, are entitled to a damage award for injuries to each of them incurred as a direct and proximate cause of the defendants' negligence.

### THIRTY FIRST CAUSE OF ACTION

**Gross Negligence**

**By all Plaintiffs against all Defendants**

647.   Plaintiffs incorporates paragraphs 1 through 589 above in this pleading as though fully set forth herein.

648.   Defendants, Steve Mazer, Suzanne Grandt, Cindy Chan, Leah Wilson, Benson Hom, Steve Mazer, Sherell McFarlane, and Katherine Kinsey, Tyler Technologies, Rick Rankin and Does 1 through 50 were under a mandatory to:

a.   keep all state bar investigations confidential until public disciplinary charges are filed under Bus & Prof Code § 6086.1.

649.   Defendants, Leah Wilson, Suzanne Grandt, Cindy Chan, Benson Hom, Steve Mazer, Sherell McFarlane, and Katherine Kinsey, and Does 1 through 50 were under a mandatory to:

a. And to protect the public over disciplining an attorney under Bus & Prof Code § 6001.1 which provides "Protection of the public, which includes support for greater access to, and inclusion in, the legal system, shall be the highest priority for the State Bar of California and the board of trustees in exercising their licensing, regulatory, and disciplinary functions. Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount." Id.

b. which each said defendant breached as more fully alleged above.

650.   Each of these statutes are designed to protect the same class of persons that the plaintiffs represent.

94

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

651.    Defendants, and each of them violated Bus & Prof Code §6001.1 and § 6086.1 as alleged in the preceding paragraphs resulting in a breach of their duty of care owed to the plaintiffs as more fully alleged above.

652.    The Defendants' conduct rose to the level of gross negligence because the Defendants acted or failed to act in a manner that lacked any care, or it was an extreme departure from what a reasonably careful person would do in the same situation to prevent harm to oneself or to others entitling plaintiffs to punitive damages.

653.    Plaintiffs, and each of them, were harmed, including but not limited to exacerbation of medical conditions and mental suffering, mental distress, anguish, shame, embarrassment, mortification, sleepless nights, panic attacks, and anxiety.

654.    The defendants, and each of them, were a substantial factor in causing the plaintiffs' harm.

655.    Plaintiffs, and each of them, are entitled to a damage award for injuries each of them incurred as a direct and proximate cause of the defendants' negligence.

656.    Defendants conduct was malicious, cruel, in disregard of plaintiffs rights or so despicable that plaintiffs are entitled to an award of punitive damages.

**THIRTY SECOND CAUSE OF ACTION**

**Financial Elder Abuse**

**By Plaintiff Leslie Westmoreland**

657.    Plaintiff incorporate paragraphs 1 through 32, 172-175, 191-212, 307-379 above in this pleading as though fully set forth herein.

658.    That the State Bar of California by and through its Defendant employees, Cindy Chan, Benson Hom, and Does 1 through 50 took, or aided and abetted in taking, or assisted in the taking of plaintiff's license to practice law in violation of state and federal law.

659.    Plaintiff, Leslie Westmoreland was 65 years of age or older at the time of the conduct complained of this complaint.

95

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

660.   Defendant State Bar of California, and its employees, Defendants Cindy Chan, Benson Hom and Does 1 through 50 wrongfully took plaintiff Leslie Westmoreland's license to practice law in violation of his rights as more fully alleged above.

661.   Plaintiff Leslie Westmoreland was harmed by the wrongful taking of his license to practice law, causing financial and reputational harm as more fully alleged in this complaint above.

662.   Defendants, State Bar of California by and through Defendant employees Cindy Chan, Benson Hom and Does 1 through 50' s conduct was a substantial factor in causing plaintiff, Leslie Westmoreland's harm.

### THIRTY THIRD CAUSE OF ACTION

#### Fraud by Concealment

#### By Plaintiffs Lenore Albert and Leslie Westmoreland

663.   Plaintiff incorporates paragraphs 1 through 136, 307-379 above in this pleading as though fully set forth herein.

664.   That defendant State Bar of California by and through Defendant Employees, Leah Wilson, Suzanne Grandt, Cindy Hom, Benson Hom and Defendant Does 1 through 50 and plaintiffs Leslie Westmoreland and Lenore Albert were in a fiduciary relationship while she was a member of the State Bar.

665.   Defendants Leah Wilson, Suzanne Grandt, Cindy Hom, Benson Hom and Defendant Does 1 through 50 intentionally failed to disclose certain facts or disclosed some facts to plaintiff Lenore Albert but intentionally failed to disclose other facts, making the disclosure deceptive because on or before February 1, 2024 the Defendants knew that they were going to revoke plaintiff Lenore Albert's license to practice law after the judge signed the protective order in the case of John Roe v State Bar of California. The judge signed the protective order on March 7, 2024. The State Bar defendants sought an extension of time to produce the discovery which was granted to March 12, 2024 and then the State Bar abruptly issued an Opinion of disbarment and interim suspension to occur on March 14, 2024.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

666.    Leslie Westmoreland was prior counsel on the case of Gilbert-Bonnaire and as such, he was in an agency relationship with plaintiff Lenore Albert to the extent that an attorney fee would be awarded to the plaintiff who prevailed at jury trial.

667.    Plaintiff Lenore Albert did not know of the concealed facts, so she paid her State Bar dues of approximately $500.00 by February 1, 2024 and she gave the State Bar defendants an extension of time to produce the discovery in the John Roe v State Bar of California case to March 12, 2024. Additionally, plaintiff Lenore Albert did not move to advance the hearing on prevailing party attorney fees in the case of Gilbert-Bonnaire which was set for June 2024 because she had no reason to believe that her license would be suspended by that date.

668.    Defendants Leah Wilson, Suzanne Grandt, Cindy Hom, Benson Hom, and Does 1 through 50 intended to deceive plaintiff, Lenore Albert by concealing the above-mentioned facts.

669.    Defendants Leah Wilson, Suzanne Grandt, Cindy Hom, Benson Hom, and Does 1 through 50 also knew that Plaintiff Leslie Westmoreland relied on plaintiff Lenore Albert to recoup his attorney fees in the Gilbert-Bonnaire case because the State Bar had already revoked his license on November 20, 2022 and the California supreme court disbarred him on September 15, 2023.

670.    Had the omitted information been disclosed, plaintiff Lenore Albert reasonably would have behaved differently including but not limited to extending the time to pay her annual State Bar fees for 2024 to June 30, 2024; barring the defendants an extension of time to produce discovery in March 2024; and moved to advance the hearing date on her motion for an award of attorney fees prior to March 11, 2024 in the Gilbert-Bonnaire post-trial litigation wherein she requested over $600,000.00 in reasonable attorneys, $20,000.00 of which was earmarked to pay plaintiff Leslie Westmoreland.

671.    As a direct and proximate result, plaintiffs Lenore Albert and Leslie Westmoreland were harmed.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

672.    Defendant Leah Wilson, Suzanne Grandt, Cindy Chan, Benson Hom, and Does 1 through 50's concealment as controlling mangers employed by the defendant State Bar of California were a substantial factor in causing plaintiff Lenore Albert's harm.

673.    Plaintiff is entitled to punitive damages against the individual defendants based on their fraudulent conduct.

## EXEMPLARY DAMAGES

674.    The conduct constituting malice, oppression, or fraud by Jeremy Ward, Kevan Schweitzer, and Does 1 through 50, was authorized by one or more officers, directors, or managing agents of Tyler Technologies, Inc.

675.    The aforementioned conduct of Defendants Tyler Technologies, Inc. and Does 1 through 50, was malicious and/or an intentional misrepresentation, deceit, or concealment of a material fact with the intention on the part of the Defendant Tyler Technologies, Inc. and Does 1 through 50 to thereby deprive Plaintiff of property or legal rights or otherwise causing injury.

676.    The aforementioned conduct of Defendants Leah Wilson, Ruben Duran, Steve Mazer, Sherell McFarlane, Katherine Kinsey, Cindy Chan, Benson Hom, Suzanne Grandt and Does 1 through 50 in their personal capacity was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

## PRAYER FOR RELIEF

1.    Special damages;

2.    General damages;

3.    Injunctive relief;

4.    Treble damages for the antitrust cause of action;

5.    Double damages for the false claims act causes of action;

6.    Punitive damages for intentional acts but not as to any governmental agency;

7.    Costs, including expert witness fees;

8.    Attorney fees; and

9.    Any further relief the court would deem appropriate and just.

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial for all legal claims.

Dated:  September 16, 2024          Respectfully Submitted,

/s/ Lenore Albert

LENORE L. ALBERT, Plaintiff pro se

Dated:  September 16, 2024          Respectfully Submitted,

/s/ James Ocon

JAMES OCON, Plaintiff pro se

Dated:  September 16, 2024          Respectfully Submitted,

/s/ Larry Tran

LARRY TRAN, Plaintiff pro se

Dated:  September 16, 2024          Respectfully Submitted,

/s/ Theresa Marasco

THERESA MARASCO, Plaintiff pro se

Dated:  September 16, 2024          Respectfully Submitted,

/s/ Ryan McMahon

RYAN MCMAHON, Plaintiff pro se

Dated:  September 16, 2024          Respectfully Submitted,

/s/ Chad Pratt

CHAD PRATT, Plaintiff pro se

Dated:  September 16, 2024          Respectfully Submitted,

/s/ Leslie Westmoreland

LESLIE WESTMORELAND, Plaintiff pro se

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

Dated:  September 16, 2024                Respectfully Submitted,

/s/ Lenore Albert_____

LENORE L. ALBERT, Plaintiff pro se

Dated:  September 16, 2024                Respectfully Submitted,

/s/ James Ocon_____

JAMES OCON, Plaintiff pro se

Dated:  September 16, 2024                Respectfully Submitted,

/s/ Larry Tran_____

LARRY TRAN, Plaintiff pro se

Dated:  September 16, 2024                Respectfully Submitted,

/s/ Theresa Marasco

THERESA MARASCO, Plaintiff pro se

Dated:  September 16, 2024                Respectfully Submitted,

/s/ Ryan McMahon_____

RYAN MCMAHON, Plaintiff pro se

Dated:  September 16, 2024                Respectfully Submitted,

/s/ Chad Pratt_____

CHAD PRATT, Plaintiff pro se

Dated:  September 16, 2024                Respectfully Submitted,

/s/ Leslie Westmoreland_____

LESLIE WESTMORELAND, Plaintiff pro se

_____

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

Dated:  September 16, 2024              Respectfully Submitted,

_/s/ Lenore Albert_____

LENORE L. ALBERT, Plaintiff pro se

Dated:  September 16, 2024              Respectfully Submitted,

_/s/ James Ocon_____

JAMES OCON, Plaintiff pro se

Dated:  September 16, 2024              Respectfully Submitted,

_/s/ Larry Tran_____

LARRY TRAN, Plaintiff pro se

Dated:  September 16, 2024              Respectfully Submitted,

_/s/ Theresa Marasco_____

THERESA MARASCO, Plaintiff pro se

Dated:  September 16, 2024              Respectfully Submitted,

_/s/ Ryan McMahon_____

RYAN MCMAHON, Plaintiff pro se

Dated:  September 16, 2024              Respectfully Submitted,

_/s/ Chad Pratt_____

CHAD PRATT, Plaintiff pro se

Dated:  September 16, 2024              Respectfully Submitted,

_/s/ Leslie Westmoreland_____

LESLIE WESTMORELAND, Plaintiff pro se

99

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

Dated:  September 16, 2024          Respectfully Submitted,

/s/ Lenore Albert

LENORE L. ALBERT, Plaintiff pro se

Dated:  September 16, 2024          Respectfully Submitted,

/s/ James Ocon

JAMES OCON, Plaintiff pro se

Dated:  September 16, 2024          Respectfully Submitted,

/s/ Larry Tran

LARRY TRAN, Plaintiff pro se

Dated:  September 16, 2024          Respectfully Submitted,

/s/ Theresa Marasco

THERESA MARASCO, Plaintiff pro se

Dated:  September 16, 2024          Respectfully Submitted,

/s/ Ryan McMahon

RYAN MCMAHON, Plaintiff pro se

Dated:  September 16, 2024          Respectfully Submitted,

/s/ Chad Pratt

CHAD PRATT, Plaintiff pro se

Dated:  September 16, 2024          Respectfully Submitted,

/s/ Leslie Westmoreland

LESLIE WESTMORELAND, Plaintiff pro se

99

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

Dated:  September 16, 2024          Respectfully Submitted,

                                    /s/ Lenore Albert

                                    LENORE L. ALBERT, Plaintiff pro se

Dated:  September 16, 2024          Respectfully Submitted,

                                    /s/ James Ocon

                                    JAMES OCON, Plaintiff pro se

Dated:  September 16, 2024          Respectfully Submitted,

                                    /s/ Larry Tran   *Larry Tran*

                                    LARRY TRAN, Plaintiff pro se

Dated:  September 16, 2024          Respectfully Submitted,

                                    /s/ Theresa Marasco

                                    THERESA MARASCO, Plaintiff pro se

Dated:  September 16, 2024          Respectfully Submitted,

                                    /s/ Ryan McMahon

                                    RYAN MCMAHON, Plaintiff pro se

Dated:  September 16, 2024          Respectfully Submitted,

                                    /s/ Chad Pratt

                                    CHAD PRATT, Plaintiff pro se

Dated:  September 16, 2024          Respectfully Submitted,

                                    /s/ Leslie Westmoreland

                                    LESLIE WESTMORELAND, Plaintiff pro se

Complaint for Constitutional Violations and Anticompetitive Conduct
*Albert v Tyler Technologies, et al.*

/s/ Ryan McMahon
_____

RYAN MCMAHON, Plaintiff pro se

Respectfully Submitted,

/s/ Chad Pratt
_____

CHAD PRATT, Plaintiff pro se

Respectfully Submitted,

/s/ Leslie Westmoreland
_____

LESLIE WESTMORELAND, Plaintiff pro se

Respectfully Submitted,

/s/ Lenore Albert
_____

LENORE L. ALBERT, Plaintiff pro per

99

nal Violations and Anticompetitive Conduct
Tyler Technologies, et al.