# EXHIBIT 2

| | |
|---|---|
| 1 | Zachary T. Timm (SBN 316564) |
|   | zach.timm@klgates.com |
| 2 | **K&L GATES LLP** |
|   | 10100 Santa Monica Boulevard |
| 3 | Seventh Floor |
|   | Los Angeles, California 90067 |
| 4 | Telephone: 310.552.5000 |
|   | Facsimile: 310.552.5001 |
| 5 | |
| 6 | Beth W. Petronio, *admitted pro hac vice* |
|   | beth.petronio@klgates.com |
| 7 | **K&L GATES LLP** |
|   | 1717 Main Street, Suite 2800 |
| 8 | Dallas, TX 75201 |
|   | Telephone: (214) 939-5815 |
|   | Facsimile: (214) 939-5849 |
| 9 | |
| 10 | Attorneys for Defendant |
|    | Tyler Technologies, Inc. |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DIVISION

| | |
|---|---|
| LENORE ALBERT, JAMES OCON, RYAN MCMAHON, LARRY TRAN, THERESA MARASCO; CHAD PRATT; AND LESLIE WESTMORELAND<br><br>Plaintiffs,<br><br>v.<br><br>TYLER TECHNOLOGIES, INC., STATE BAR OF CALIFORNIA; RICK RANKIN, STEVE MAZER, LEAH WILSON, RUBEN DURAN SHERRELL MCFARLANE; KATHERINE KINSEY, BENSON HOM, CINDY CHAN, SUZANNE GRANT, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 8:24-cv-01997-WLH-DFM<br>[Assigned to the Hon. Wesley L. Hsu]<br><br>**DECLARATION OF BETH PETRONIO IN SUPPORT OF DEFENDANT TYLER TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: September 16, 2024<br><br>Hearing Date: December 20, 2024<br>Time: 1:30 p.m.<br>Courtroom: 9B |

**DECLARATION OF BETH PETRONIO**

# DECLARATION OF BETH PETRONIO

I, Beth W. Petronio, declare as follows:

1. I am a partner at the law firm of K&L Gates LLP (the "Firm"), counsel for Defendant Tyler Technologies, Inc. ("Tyler" or "Defendant") in the above-captioned matter. I am over the age of 18 years, have personal knowledge of the facts contained in this declaration, and if called as a witness, could and would testify competently to the truth of the facts stated herein. I submit this Declaration in support of Tyler's Motion to Dismiss First Amended Complaint (the "Motion").

2. On October 17, 2024, I emailed Plaintiffs to inform that that I and the Firm represented Tyler, and informing Plaintiffs that Tyler desired to speak with Plaintiffs regarding their complaint.

3. On October 17, 2024, I (and nobody else from the Firm) received a calendar invite from Plaintiff Lenore Albert for a meet and confer on Tyler's and the State Bar of California's intended motions in response to Plaintiffs' Complaint. This meet and confer was scheduled for October 23, 2024.

4. On October 23, 2024, I logged into the Zoom meeting that Ms. Albert sent me prepared to meet and confer with Plaintiffs' regarding Tyler's intended Motion to Dismiss the Complaint. I was removed from the Zoom meeting before it began (and before I had said anything), and was not permitted to re-join.

5. On October 28, 2024, I received another calendar invite from Ms. Albert with a Zoom link to join a subsequent meet and confer

6. On October 29, 2024, I participated in a meet confer between Tyler, the State Bar of California and related defendants (through their counsel), and the Plaintiffs. During this meet and confer conference I explained that Tyler intended to move to dismiss Plaintiffs' Complaint in its entirety, including all individual causes of action. During that same meet and confer I informed Plaintiffs that Tyler believed the claims filed against it were all frivolous, and that Tyler was contemplating a motion for sanctions. I further described and discussed the grounds on which that motion would be

based. Plaintiffs indicated that they would not amend their complaint to dismiss Tyler, and so Tyler prepared a motion to dismiss the Complaint, which was to be filed by November 6, 2024.

7. On November 5, 2024, Plaintiffs filed their First Amended Complaint.

8. On November 6, 2024, I exchanged emails with Plaintiffs informing them that Tyler intended to file a motion to dismiss the First Amended Complaint and all causes of action against Tyler therein, including to advise Plaintiffs of the grounds for Tyler's motion. Attached hereto as **Exhibit A** is a true and correct copy of this email exchange.

9. Ms. Albert stated she was unavailable during the week of November 4 because she was purportedly drafting a multiple motions to be filed in this case. The Parties were not able to meet and confer on Tyler's motion until November 12, 2024.

10. On November 12, 2024, I participated in a meet and confer conference with Plaintiffs and counsel for the State Bar of California and related individual defendants. During that conference, I explained that Tyler intended to file a motion to dismiss Plaintiffs' First Amended Complaint and explained the grounds for such motion. Plaintiffs declined to dismiss Tyler.

Executed this 17th day of November, 2024 in Dallas, Texas.

Beth Petronio

# EXHIBIT A

**Timm, Zach T.**

| | |
|---|---|
| **From:** | Petronio, Beth W. |
| **Sent:** | Wednesday, November 06, 2024 1:07 PM |
| **To:** | lenore albert; Kevin Gilbert; jim.ocon@oconcompany.com; codethree53@gmail.com; larrylytran@gmail.com; theresa.marasco@gmail.com; westmorelandlw7@gmail.com |
| **Cc:** | Elena LaBella; Jennifer Garcia; Nicholas D. Fine; chadprattsr@gmail.com; Timm, Zach T. |
| **Subject:** | RE: Albert, et al. v. Tyler Technologies, Inc., et al. -- State Bar Defs' Anticipated Motions |

Ms. Albert and all other plaintiffs:

Let me start by stating the obvious – you sued Tyler; not the other way around. Having been sued, Tyler now has an obligation under the Federal Rules to respond to the amended complaint by November 18 and all counsel and pro se parties have an obligation under the local rules to meet and confer regarding that response no later than 7 days prior to that date, which would be November 11. Defendants have proposed November 7 at 3pm PT for that meeting and have not heard any alternative within the 7-day window from any one of the plaintiffs. The fact that Ms. Albert personally is working on an injunction, was busy drafting the amended complaint, or doesn't have a "staff" is an issue created by Ms. Albert, who certainly could have drafted her injunction before the complaint was filed. Nor should the fact that she is busy drafting an injunction impact whether each of the other plaintiffs can independently participate in a meet and confer. The issue is not about how long it takes Tyler to prepare its motion; it's about complying with the local rules on the meet and confer. So, unless I hear a different time proposed within the 7-day window, Tyler will be prepared to meet and confer tomorrow as Mr. Gilbert proposed. Also, in terms of your suggestion that our motion will "mirror" what was filed in the state court, let me be absolutely clear about what our motion will include (and what we discussed on October 29). With regard to the negligence claim filed by Ms. Albert that is based on the data breach, we will assert the same grounds asserted in the state court action (lack of duty, no damages, no proximate cause), along with statute of limitations. With regard to the interference claims asserted by the other plaintiffs (which are not part of the state court action), we will assert that there are no facts in the complaint to support the conclusory allegations, including no fact supporting the suggestion that Tyler was aware of these plaintiffs or of Ms. Albert's relationships or contracts with any of them (a required element for the interference claims). Nor is there any factual allegation that Tyler had any involvement in Ms. Albert's disbarment. It is not enough to merely say Tyler ratified the State Bar's behavior; you must state facts that support your assertion that Tyler took some action that caused harm to you. There are no such factual allegations in the complaint nor can any such facts truthfully be pled.

Thank you,
Beth

---

**From:** lenore albert <lenalbert@interactivecounsel.com>
**Sent:** Wednesday, November 6, 2024 10:38 AM
**To:** Kevin Gilbert <kgilbert@ohhlegal.com>; jim.ocon@oconcompany.com; codethree53@gmail.com; larrylytran@gmail.com; theresa.marasco@gmail.com; westmorelandlw7@gmail.com; Petronio, Beth W. <beth.petronio@klgates.com>
**Cc:** Elena LaBella <elabella@ohhlegal.com>; Jennifer Garcia <jgarcia@ohhlegal.com>; Nicholas D. Fine

<nfine@ohhlegal.com>; chadprattsr@gmail.com; Timm, Zach T. <Zach.Timm@klgates.com>
**Subject:** Re: Albert, et al. v. Tyler Technologies, Inc., et al. -- State Bar Defs' Anticipated Motions

---

**This Message Is From an External Sender**
This message came from outside your organization.

---

Dear Counsel,

As I informed you on October 29, 2024 during our meet and confer I would seek a preliminary injunction. As a disbarred attorney, unlike you, I have no staff. I have no paralegal, no legal assistant, no legal secretary or law clerk to assist me in all of the things that you have readily at your fingertips. Not that it is any of your business, but it should be apparant after filing the First Amended Complaint I am still in the midst of preparing my motion for preliminary injunction and your piling on is only distracting me from that end making it longer for me to prepare the motion.
If we met and conferred next Tuesday morning as I suggested, you would still have 7 days with full staff to file your motions including other attorneys on this case.

Beth, you stated that your motions would mirror the motions you filed in the state court matter. Seven days to change a caption page and footers is plenty of time to get that accomplished.

Kevin, your email stated that the "same" deficiencies existed in the first amended complaint as in the original complaint. At the last meet and confer session you stated that the State Bar already had those defense prepared. Therefore it appears you would only have to change the hearing date on your papers.

Consequently, 7 days with full staff that you each have the luxury of assisting you, including other attorneys does not seem to decry any prejudice either.

If you want a stipulation to extend time to respond by 30 days, I am happy to sign such.

Finally, if neither of you understand why Kevin attached orders granting attorney fees as sanctions, how am I supposed to shine a light on that decision that was made by Kevin? I can only conclude it was a further threat just like his first email threatening a $10,000.00 bond.


Sincerely,

Lenore Albert

[lenorealbert.com/](lenorealbert.com/)


On Wednesday, November 6, 2024 at 08:00:09 AM PST, Petronio, Beth W. <beth.petronio@klgates.com> wrote:


Ms. Albert

I also do not understand your comments. There was nothing attached to Mr. Gilbert's email.

2

Tyler is available on November 7 at 3pm PT as well and agrees with Mr. Gilbert that the meet and confer is required to take place this week, as our deadline to respond is 14 days from the date of the Amended Complaint. *See* Fed. R. Civ. P. 15(a)(3).

Thank you,

Beth

---

**From:** Kevin Gilbert <kgilbert@ohhlegal.com>
**Sent:** Wednesday, November 6, 2024 9:32 AM
**To:** lenore albert <lenalbert@interactivecounsel.com>; jim.ocon@oconcompany.com; codethree53@gmail.com; larrylytran@gmail.com; theresa.marasco@gmail.com; westmorelandlw7@gmail.com
**Cc:** Elena LaBella <elabella@ohhlegal.com>; Jennifer Garcia <jgarcia@ohhlegal.com>; Nicholas D. Fine <nfine@ohhlegal.com>; chadprattsr@gmail.com; Petronio, Beth W. <beth.petronio@klgates.com>; Timm, Zach T. <Zach.Timm@klgates.com>
**Subject:** RE: Albert, et al. v. Tyler Technologies, Inc., et al. -- State Bar Defs' Anticipated Motions

Don't understand your comments.

Are we confirmed for November 7 at 3 or is there another time this week that works better for the Plaintiffs?

---

**From:** lenore albert <lenalbert@interactivecounsel.com>
**Sent:** Wednesday, November 6, 2024 7:15 AM
**To:** Kevin Gilbert <kgilbert@ohhlegal.com>; jim.ocon@oconcompany.com; codethree53@gmail.com; larrylytran@gmail.com; theresa.marasco@gmail.com; westmorelandlw7@gmail.com
**Cc:** Elena LaBella <elabella@ohhlegal.com>; Jennifer Garcia <jgarcia@ohhlegal.com>; Nicholas D. Fine <nfine@ohhlegal.com>; chadprattsr@gmail.com; Beth W. Petronio - K&L Gates (beth.petronio@klgates.com) <beth.petronio@klgates.com>; Zachary T. Timm (Zach.Timm@klgates.com) <zach.timm@klgates.com>
**Subject:** RE: Albert, et al. v. Tyler Technologies, Inc., et al. -- State Bar Defs' Anticipated Motions

Why would you attach an order granting attorney fees and not mention it in your email? That is not notice or anything.

Furthermore I take that as a threat and it only confirms what I have be n saying the defendants are using the state bar to line their own pockets.

Yahoo Mail: Search, Organize, Conquer

On Wed, Nov 6, 2024 at 9:36 AM, Kevin Gilbert

<kgilbert@ohhlegal.com> wrote:

You're mistaken – the rules allow us 14 days to respond to an amended pleading. Thus, the meet and confer must be completed this week. We will proceed as proposed on November 7, 2024 at 3, unless you have a time that works better for Plaintiffs.

**From:** lenore albert <lenalbert@interactivecounsel.com>
**Sent:** Tuesday, November 5, 2024 5:56 PM
**To:** jim.ocon@oconcompany.com; codethree53@gmail.com; larrylytran@gmail.com; theresa.marasco@gmail.com; westmorelandlw7@gmail.com; Kevin Gilbert <kgilbert@ohhlegal.com>
**Cc:** Elena LaBella <elabella@ohhlegal.com>; Jennifer Garcia <jgarcia@ohhlegal.com>; Nicholas D. Fine <nfine@ohhlegal.com>; chadprattsr@gmail.com; Beth W. Petronio - K&L Gates (beth.petronio@klgates.com) <beth.petronio@klgates.com>; Zachary T. Timm (Zach.Timm@klgates.com) <zach.timm@klgates.com>
**Subject:** Re: Albert, et al. v. Tyler Technologies, Inc., et al. -- State Bar Defs' Anticipated Motions

Dear Mr. Gilbert,

I am not familiar with a rule that would require an emergency meet and confer for this week. It is my understanding you have 21 days to respond to the amended pleading, thus there is no emergency. We are, I literally mean I am not available this week at this time. I am available next Tuesday during business hours that takes into account Beth's time difference and during business hours which all have coordinated on our end.

If you hold a meeting at a time plaintiffs are not available that does not comply with the local rules.

Sincerely,

Lenore Albert

lenorealbert.com/

On Tuesday, November 5, 2024 at 05:50:17 PM PST, Kevin Gilbert <kgilbert@ohhlegal.com> wrote:

4

Unfortunately, the local rules require the meet and confer conference to be completed this week. We will proceed as proposed on November 7 at 3, unless you have another date/time that works better for Plaintiffs this week.

Thank you,

Kevin

---

**From:** lenore albert <lenalbert@interactivecounsel.com>
**Sent:** Tuesday, November 5, 2024 4:47 PM
**To:** jim.ocon@oconcompany.com; codethree53@gmail.com; larrylytran@gmail.com; theresa.marasco@gmail.com; westmorelandlw7@gmail.com; Kevin Gilbert <kgilbert@ohhlegal.com>
**Cc:** Elena LaBella <elabella@ohhlegal.com>; Jennifer Garcia <jgarcia@ohhlegal.com>; Nicholas D. Fine <nfine@ohhlegal.com>; chadprattsr@gmail.com; Beth W. Petronio - K&L Gates (beth.petronio@klgates.com) <beth.petronio@klgates.com>; Zachary T. Timm (Zach.Timm@klgates.com) <zach.timm@klgates.com>
**Subject:** Re: Albert, et al. v. Tyler Technologies, Inc., et al. -- State Bar Defs' Anticipated Motions

Dear Mr. Gilbert,

Thank you for your email. We are available on Tuesday, November 12, 2024, at 8:00AM PST.

Last time, none of the following questions were answered, and I would like to know about any relevant causes of action you determine should be dismissed or struck.

In an attempt work out issues in good faith, maybe my unanswered questions suprised you. In the atmosphere of civility, I have written them out below to give you plenty of time to have your response and make it a productive meeting.

As always, if November 12, 2024 at 8:00AM PST works for the defendants, please let me know by Friday.

1. Are you going to file a motion to dismiss based on Subject Matter Jurisdiction?
    1. If so, please point out the basis for this motion.
2. Are you going to file a motion to dismiss based on lack of Standing?
    1. If so, please point out the basis for this legal argument?

5

      3.    12b6 – Facts Missing to State a Cause of Action – To give you notice what is being pled

           1.    Are you moving to dismiss the cause of action because it fails to state enough facts to support a cause of action?

           2.    Is your argument going to be based on plausibility? That the facts are not plausible? If so, which specific fact is nor plausible?

      4.    FRCP 8 – Are you going to arge that this cause of action fails to meet the Rule 8 standarf of giving a plain and short statement of violation alleged?

      5.    Are you going to argue that this cause of action is vague, ambiguous, or indefinite?

      6.    If you are going to argue it is not a short statement yet it is vague and ambiguous what would you like me to do – make it longer with more detail or take some of the detail out and make it shorter?

      7.    Is there a type of damage alleged you do not believe is supported by this type of cause of action?

      8.    Are you going to assert any of the defendants you represent are immune from liability in this cause of action?

           1.    If so, which defendants are immune?

           2.    For each defendant, what type of immunity are you going to assert?

           3.    Have you given me the legal bases for each immunity you intend to assert?

      9.    Have you given me the legal bases you intend to argue in dismissing this cause of action?

We are available at 8:00AM on Tuesday November 12, 2024 PST. A zoom link for the meeting is below.

Lenore Albert is inviting you to a scheduled Zoom meeting.

Topic: Albert, et al v Tyler Technologies, et al 8:00AM PST Tues 11-12-24

Time: Nov 12, 2024 08:00 AM Pacific Time (US and Canada)

Join Zoom Meeting

https://us06web.zoom.us/j/84948331157?pwd=3pUbsgV5UAzDfdNxx1cBnKZiUfypIW.1

Meeting ID: 849 4833 1157

Passcode: 223753

---

One tap mobile

+13052241968,,84948331157#,,,,*223753# US

+13092053325,,84948331157#,,,,*223753# US

---

Dial by your location

• +1 305 224 1968 US

• +1 309 205 3325 US

• +1 312 626 6799 US (Chicago)

• +1 646 931 3860 US

• +1 929 205 6099 US (New York)

• +1 301 715 8592 US (Washington DC)

• +1 360 209 5623 US

• +1 386 347 5053 US

• +1 507 473 4847 US

• +1 564 217 2000 US

• +1 669 444 9171 US

• +1 669 900 6833 US (San Jose)

• +1 689 278 1000 US

• +1 719 359 4580 US

• +1 253 205 0468 US

• +1 253 215 8782 US (Tacoma)

• +1 346 248 7799 US (Houston)

Meeting ID: 849 4833 1157

Passcode: 223753

Find your local number: https://us06web.zoom.us/u/kbDqEER2Fb

Sincerely,

Lenore Albert

lenorealbert.com/

On Tuesday, November 5, 2024 at 09:56:44 AM PST, Kevin Gilbert <kgilbert@ohhlegal.com> wrote:

Thank you for filing Plaintiffs' FAC. After reviewing that pleading, it appears to suffer from the same deficiencies and is subject to the same defenses as previously discussed both in the numerous emails and the prior meet and confer conferences. Pursuant thereto, the State Bar Defendants will be filing motions which challenge the entirety of Plaintiffs' claims, with those arguments being identical to the ones discussed during our prior conferences. Nevertheless, we wanted to schedule a further meet and confer conference, both to assure there is no question that the Court's local rules are satisfied as well as to discuss the issues further, should you have any additional questions.

We have tentatively scheduled the meet and confer call for Thursday, November 7, 2024, at 3:00 pm, but are happy to reschedule it to any other time this week. Unless we receive an alternate date and time from you prior to the close of business tomorrow (November 6, 2024), we will assume that the November 7, 2024 call is confirmed and will circulate a zoom link.

Thank you,

Kevin

**From:** Kevin Gilbert
**Sent:** Tuesday, October 15, 2024 3:01 PM
**To:** lenalbert@interactivecounsel.com; jim.ocon@oconcompany.com; codethree53@gmail.com; larrylytran@gmail.com; theresa.marasco@gmail.com; chadprattsr@gmail.com; westmorelandlw7@gmail.com
**Cc:** Grandt, Suzanne <suzanne.grandt@calbar.ca.gov>; Elena LaBella <elabella@ohhlegal.com>; Jennifer Garcia <jgarcia@ohhlegal.com>; Nicholas D. Fine <nfine@ohhlegal.com>
**Subject:** Albert, et al. v. Tyler Technologies, Inc., et al. -- State Bar Defs' Anticipated Motions

As each of you are aware, our firm represents the State Bar Defendants in response to your recent lawsuit. We wanted to reach out prior to filing the following applications/motions:

- **Ex Parte Application**, which will request 1) an order requiring Plaintiffs to post a security bond of at least $10,000 prior to proceeding with litigation, and 2) an order extending the time for Defendants to file their responsive motions by at least 30 days or, in the alternative, 30 days after Plaintiffs post a security bond;
- **Anti-SLAPP Motion to Strike**, which will seek sanctions for violating the Anti-SLAPP statutes, including requesting that the Court order each Plaintiff to reimburse Defendants for their time and expense in having to respond to the above-referenced litigation;
- **Motion to Sever**, which will seek to sever the separate claims into different lawsuits, with Ms. Albert's claims proceeding separately from the remainder of the Plaintiffs; and
- **Motion to Dismiss**, which will challenge the entirety of the asserted claims on at least the following grounds:
    - Lack of jurisdiction to address claims related to attorney discipline/licensing;
    - Claim splitting/res judicata as related to the prior adjudication of the claims related to the purported breach of confidentiality/privacy, as well as due to the pending state court litigation for those same claims;
    - Lack of duty due to the absence of any legal duty owed by Defendants to each of the Plaintiffs; and
    - Defendants' entitlement to immunity under the Government Code, for prosecutorial immunity and/or qualified immunity.

Obviously, the foregoing is not intended to be an exhaustive discussion of the perceived deficiencies in the Complaint, but is intended to provide a general understanding of the arguments that will be advanced in the forthcoming motions, in hopes of assuring that our discussions are meaningful. Given the number of parties that are involved in these discussions, we propose having a conference call on Friday, October 18 at 1:30pm so that everyone can join to discuss these matters. Unless we hear from you to the contrary, we will circulate a zoom link for everyone to join at that time.

Please let us know if you have any other issues you would like to discuss. Otherwise, we look forward to working with all of you and to our discussions on Friday at 1:30pm.

Thank you,

Kevin


Kevin Gilbert, Esq.

Orbach Huff + Henderson LLP

**Pleasanton**

6200 Stoneridge Mall Road, Suite 225

Pleasanton, California  94588
(510) 999-7908 Main
(510) 999-7918 Fax


**Los Angeles**
1901 Avenue of the Stars, Suite 575
Los Angeles, California  90067
(310) 788-9200 Main
(310) 788-9210 Fax


Los Angeles  |  Pleasanton  |  San Diego  |  City of Industry  |  Pacific Grove  |  Orange  |  Riverside


The information contained in this email, including attachments, may be confidential or subject to attorney-client privilege and is only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, or is the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us by return email or by calling 510-999-7908.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Beth.Petronio@klgates.com.