# EXHIBIT 3

Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard
Seventh Floor
Los Angeles, California  90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Beth W. Petronio, *admitted pro hac vice*
beth.petronio@klgates.com
**K&L GATES LLP**
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone:  (214) 939-5815
Facsimile:   (214) 939-5849

Attorneys for Defendant
Tyler Technologies, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DIVISION

| | |
|---|---|
| LENORE ALBERT, JAMES OCON, RYAN MCMAHON, LARRY TRAN, THERESA MARASCO; CHAD PRATT; AND LESLIE WESTMORELAND<br><br>Plaintiffs,<br><br>v.<br><br>TYLER TECHNOLOGIES, INC., STATE BAR OF CALIFORNIA; RICK RANKIN, STEVE MAZER, LEAH WILSON, RUBEN DURAN SHERRELL MCFARLANE; KATHERINE KINSEY, BENSON HOM, CINDY CHAN, SUZANNE GRANT, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 8:24-cv-01997-WLH-DFM<br>[Assigned to the Hon. Wesley L. Hsu]<br><br>**DECLARATION OF ZACHARY TIMM IN SUPPORT OF DEFENDANT TYLER TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: September 16, 2024<br><br>Hearing Date:   December 20, 2024<br>Time:                1:30 p.m.<br>Courtroom:       9B |

---

**DECLARATION OF ZACHARY TIMM**

# DECLARATION OF ZACHARY TIMM

I, Zachary T. Timm, declare as follows:

1.      I am an attorney at the law firm of K&L Gates LLP (the "Firm"), counsel for Defendant Tyler Technologies, Inc. ("Tyler" or "Defendant") in the above-captioned matter. I am over the age of 18 years, have personal knowledge of the facts contained in this declaration, and if called as a witness, could and would testify competently to the truth of the facts stated herein. I submit this Declaration in support of Tyler's Motion to Dismiss First Amended Complaint (the "Motion").

2.      On October 17, 2024, my colleague, Beth Petronio, forwarded me a calendar invite for an October 23, 2024 meet and confer she received from Plaintiff Lenore Albert, which contained a Zoom link for such meet and confer.

3.      On October 23, 2024, I accessed the Zoom link that Ms. Petronio had forwarded me. Prior to the meet and confer conference beginning, I saw that Ms. Petronio had disappeared from the Zoom. When I inquired, Ms. Albert informed me that she had removed Ms. Petronio from the Zoom because Ms. Petronio was not listed on the docket as counsel of record for Tyler. I told Ms. Albert that Ms. Petronio was Tyler's lead counsel for this action, that she intended to file an application to appear *pro hac vice*, and that there was no requirement for Ms. Petronio to appear on the docket to participate in a meet and confer, particularly where Tyler had not yet filed a responsive pleading. Ms. Albert informed me that she would not allow Ms. Petronio back into the Zoom and asked the other Plaintiffs if they wanted to participate in a meet and confer conference with Ms. Petronio. They each declined to meet and confer with Ms. Petronio. I informed all Plaintiffs that Tyler would not proceed with the meet and confer if its lead counsel was not permitted to re-join the Zoom meeting. The Parties eventually agreed to conduct the meet and confer with respect to Tyler once Ms. Petronio had filed her *pro hac vice* application.

4.      Attached hereto as **Exhibit A** is a true and correct copy of a printout of the docket for the matter of *In re Lenore Albert*, Case No. 2:24-ad-00002-DMG pending in

the Central District of California. I created this PDF by accessing the Docket Report for that case through the Court's CM/ECF system on November 18, 2024, and printing the entire page to PDF.

5. Attached hereto as **Exhibit B** is a true and correct copy of a printout of the docket for the matter of *John Roe 1, et al. v. The State Bar of California, et al.*, Case No. 8:22-cv-00983-DFM pending in the Central District of California. I created this PDF by accessing the Docket Report for that case through the Court's CM/ECF system on November 18, 2024, and printing the entire page to PDF.

6. On June 28, 2024, I appeared at a Status Conference and hearing on Defendants' Demurrers to the Fourth Amended Complaint in the matter of *John Roe 1, et al. v. State Bar of California, et al.*, Case No. 30-2022-01250695-CU-AT-CXC pending in the Superior Court for the State of California, County of Orange. At that hearing, the Court continued the hearing on Defendants' Demurrers to October 18, 2024. Attached hereto as **Exhibit C** is a true and correct copy of the Notice of Ruling and Tentative Order I received from counsel for the State Bar of California following that June 28, 2024 hearing.

7. On October 18, 2024, I appeared at the continued Status Conference and hearing on Defendants' Demurrers to the Fourt Amended Complaint in the matter of *John Roe 1, et al. v. State Bar of California, et al.*, Case No. 30-2022-01250695-CU-AT-CXC pending in the Superior Court for the State of California, County of Orange. At that hearing, the Court continued the hearing on Defendants' Demurrers to February 7, 2025. Attached hereto as **Exhibit D** is a true and correct copy of the Notice of Ruling and Tentative Order I received from counsel for the State Bar of California following that October 18, 2024 hearing.

**DECLARATION OF ZACHARY TIMM**

8.      Attached hereto as **Exhibit E** is a true and correct copy of the Fourth Amended Complaint filed in the matter of *John Roe 1, et al. v. State Bar of California, et al.*, Case No. 30-2022-01250695-CU-AT-CXC pending in the Superior Court for the State of California, County of Orange.

Executed this 18th day of November, 2024 in Los Angeles, California.


*/s/ Zachary T. Timm*
Zachary T. Timm

**DECLARATION OF ZACHARY TIMM**

# EXHIBIT A

Query    Reports    Utilities    Help    Log Out

ATYDISCP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
# CIVIL DOCKET FOR CASE #: 2:24-ad-00002-DMG

Albert                                              Date Filed: 03/14/2024
Assigned to: Judge Dolly M. Gee

**In Re**

**Lenore Albert**                     represented by   **Lenore L Albert**
                                                        Law Offices of Lenore Albert
                                                        1968 South Coast Hwy Suite 3960
                                                        Laguna Beach, CA 92651
                                                        424-365-0741
                                                        Email: lenorealbert@msn.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/14/2024 | 1 | ORDER TO SHOW CAUSE by Judge Philip S. Gutierrez. ORDER a response to this Order to Show Cause shall be submitted within 30 days of this order as outlined in this order. FURTHER ORDERED if the attorney fails to respond within the time specified an order of suspension shall issue. Response to Order to Show Cause due by 4/15/2024. (jcw) (Entered: 03/14/2024) |
| 03/26/2024 | 2 | EX PARTE APPLICATION for Issuance of Declaratory Relief to proceed filed by Central District Member Lenore Albert. (Albert, Lenore) (Entered: 03/26/2024) |
| 03/27/2024 | 3 | MINUTES (IN CHAMBERS) by Judge Philip S. Gutierrez: denying 2 EX PARTE APPLICATION for Issuance (jcw) (Entered: 03/27/2024) |
| 04/12/2024 | 4 | RESPONSE filed by In Re Lenore Albertto Order to Show Cause -- attorney discipline, 1 (Attachments: # 1 Response on Want of Due Process, # 2 Response Showing Insufficient Proof, # 3 Response Showing Manifest Injustice, # 4 Declaration James Ocon, # 5 Declaration Gregory Meinhardt, # 6 Declaration John Roe 1, # 7 Declaration NZ, # 8 Declaration Chad Pratt, # 9 Declaration Darryl W. Genis, # 10 Declaration CLS, # 11 Declaration Robert Shaw, # 12 Declaration Diddo Clark, # 13 Declaration Ryan McMahon, # 14 Declaration Larry Tran, # 15 Declaration Theresa Marasco, # 16 Declaration Antonio Marasco)(Albert, Lenore) (Entered: 04/12/2024) |
| 04/12/2024 | 5 | Reporters Transcripts filed by In Re Lenore Albert *Vol 1 through 4* re: Order to Show Cause -- attorney discipline, 1 (Attachments: # 1 Reporters Transcript Vol 1, # 2 Reporters Transcript Vol 2, # 3 Reporters Transcript Vol 3, # 4 Reporters Transcript Vol 4)(Albert, Lenore) (Entered: 04/12/2024) |
| 04/13/2024 | 6 | DECLARATION of Lenore Albert re Order to Show Cause -- attorney discipline, 1 filed by In Re Lenore Albert. (Attachments: # 1 Ex 1, # 2 Ex 2, # 3 Ex 3, # 4 Ex 4, # 5 Ex 5, # 6 Ex 6, # 7 Ex 7, # 8 Ex 8, # 9 Ex 9, # 10 Ex 10, # 11 Ex 11, # 12 Ex 12, # 13 Ex 13, # 14 Ex |

| | | |
|---|---|---|
| | | 14, # [15](#) Ex 15, # [16](#) Ex 16, # [17](#) Ex 17, # [18](#) Ex 18, # [19](#) Ex 19, # [20](#) Ex 20, # [21](#) Ex 21, # [22](#) Ex 22, # [23](#) Ex 23, # [24](#) Ex 24)(Albert, Lenore) (Entered: 04/13/2024) |
| 04/13/2024 | [7](#) | EXHIBIT Filed filed by In Re Lenore Albert. *Respondent Trial Exhibits 1001 - 1049* as to Order to Show Cause -- attorney discipline, [1](#) . (Attachments: # [1](#) Exhibit 1001 - 1024 part 1, # [2](#) Exhibit 1024 - 1049)(Albert, Lenore) (Entered: 04/13/2024) |
| 04/13/2024 | [8](#) | EXHIBIT Filed filed by In Re Lenore Albert. *Respondent Trial Exhibits 1050 - 1099* as to Exhibit (non-trial) [7](#) . (Attachments: # [1](#) Exhibit 1075 - 1082, # [2](#) Exhibit 1083 - 1099) (Albert, Lenore) (Entered: 04/13/2024) |
| 04/13/2024 | [9](#) | EXHIBIT Filed filed by In Re Lenore Albert. *Respondent Trial Exhibits 1100 - 1176* as to Exhibit (non-trial) [7](#) . (Albert, Lenore) (Entered: 04/13/2024) |
| 04/13/2024 | [10](#) | EXHIBIT Filed filed by In Re Lenore Albert. *Respondents Trial Exhibits 1177 - 1182* as to Exhibit (non-trial) [7](#) . (Attachments: # [1](#) Exhibit 1178, # [2](#) Exhibit 1179, # [3](#) Exhibit 1180, # [4](#) Exhibit 1181, # [5](#) Exhibit 1182)(Albert, Lenore) (Entered: 04/13/2024) |
| 04/13/2024 | [11](#) | EXHIBIT Filed filed by In Re Lenore Albert. *Respondent Trial Exhibit 1183 Cindy Chan and David Seal No Code No Links* as to Exhibit (non-trial) [7](#) . (Albert, Lenore) (Entered: 04/13/2024) |
| 04/13/2024 | [12](#) | EXHIBIT Filed filed by In Re Lenore Albert. *Respondent Trial Exhibits 1184 - 1185 SANDC and Answer* as to Exhibit (non-trial) [7](#) . (Attachments: # [1](#) Exhibit 1185)(Albert, Lenore) (Entered: 04/13/2024) |
| 04/13/2024 | [13](#) | EXHIBIT Filed filed by In Re Lenore Albert. *State Bar Trial Exhibits 1 - 7* as to Response,, [4](#) . (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4, # [5](#) Exhibit 5, # [6](#) Exhibit 6, # [7](#) Exhibit 7)(Albert, Lenore) (Entered: 04/13/2024) |
| 04/13/2024 | [14](#) | EXHIBIT Filed filed by In Re Lenore Albert. *State Bar Trial Exhibits 8 - 65 (- missing)* as to Exhibit (non-trial), [13](#) . (Attachments: # [1](#) Exhibit 26 - 47, # [2](#) 49 - 59, # [3](#) 62, # [4](#) 63, # [5](#) 64, # [6](#) 65)(Albert, Lenore) (Entered: 04/13/2024) |
| 04/13/2024 | [15](#) | State Bar Rules of Procedure and Practice filed by In Re Lenore Albert re: Order to Show Cause -- attorney discipline, [1](#) (Attachments: # [1](#) Rules of Practice)(Albert, Lenore) (Entered: 04/13/2024) |
| 04/13/2024 | [16](#) | DECLARATION of DE and MTA re Order to Show Cause -- attorney discipline, [1](#) filed by In Re Lenore Albert. (Albert, Lenore) (Entered: 04/13/2024) |
| 05/10/2024 | [17](#) | NOTICE OF REASSIGNMENT OF CASE filed. Pursuant to the succession of the Honorable Dolly M. Gee as Chief Judge of the Central District. Case transferred to Judge Dolly M. Gee for all further proceedings. Case number will now read 2:24-ad-00002 DMG. (rn) (Entered: 05/10/2024) |
| 06/24/2024 | [18](#) | MINUTES IN CHAMBERS- ORDER VACATING MARCH 14, 2024 ORDER TO SHOW CAUSE AND ISSUING A NEW ORDER TO SHOW CAUSE by Judge Dolly M. Gee. Accordingly, the Court hereby VACATES the March 14 Order to Show Cause and issues the following Order to Show Cause based on Albert's disbarment. Accordingly, Albert is HEREBY ORDERED TO SHOW CAUSE, in writing, by August 16, 2024, why she should not be disbarred from the practice of law before this Court, pursuant to Rule 83-3.2 of the Local Rules for the Central District of California. (SEE DOCUMENT FOR FURTHER DETAILS.) (rolm) (Entered: 06/24/2024) |
| 07/08/2024 | [19](#) | NOTICE of Decision: Disbarment filed by respondent Lenore Albert. (Albert, Lenore) (Entered: 07/08/2024) |

| 08/07/2024 | 20 | RESPONSE filed by In Re Lenore Albertto Order to Show Cause,,, Terminate Deadlines,, 18 (Albert, Lenore) (Entered: 08/07/2024) |
|---|---|---|

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/18/2024 17:42:18 | | | |
| **PACER Login:** | fm010600 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:24-ad-00002-DMG End date: 11/18/2024 |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# EXHIBIT B

Query     Reports     Utilities     Help     Log Out

ACCO,CLOSED,CONMAG

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CIVIL DOCKET FOR CASE #: 8:22-cv-00983-DFM

John Roe 1 et al v. The State Bar of California et al            Date Filed: 05/13/2022
Assigned to: Magistrate Judge Douglas F. McCormick            Date Terminated: 05/01/2023
Related Case: 8:24-cv-01997-WLH-DFM            Jury Demand: Plaintiff
Case in other court: Superior Court of California County of            Nature of Suit: 410 Anti-Trust
                Orange, 30-02022-01250695-CU-AT-CXC            Jurisdiction: Federal Question
Cause: 28:1441 Notice of Removal

**Plaintiff**

**John Roe 1**            represented by    **Lenore L Albert**
*an individual*            Law Offices of Lenore Albert
             1968 South Coast Hwy Suite 3960
             Laguna Beach, CA 92651
             424-365-0741
             Email: lenorealbert@msn.com
             *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jane Roe 1**            represented by    **Lenore L Albert**
*an individual*            (See above for address)
             *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jane Roe 2**            represented by    **Lenore L Albert**
*an individual*            (See above for address)
             *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jane Roe 3**            represented by    **Lenore L Albert**
*an individual*            (See above for address)
             *ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Roe 2**            represented by    **Lenore L Albert**
*on behalf of themselves and all others*            (See above for address)
*similarly situated*            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Chad T. Pratt**            represented by    **Lenore L Albert**
             (See above for address)
             *ATTORNEY TO BE NOTICED*

**Plaintiff**

**NZ Roe**

represented by **Lenore L Albert**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The State Bar of California**                    represented by **Barrett J. Anderson**
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
202-460-0766
Email: banderson1@ftc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael G Rhodes**
Cooley LLP
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
415-693-2000
Fax: 415-693-2222
Email: rhodesmg@cooley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert G Retana**
The State Bar of California
180 Howard Street
San Francisco, CA 94105-1639
415-538-2337
Fax: 415-538-2321
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tiana A. Demas**
Cooley LLP
55 Hudson Yards
10001-2157
New York, NY 10001-2157
212-479-6560
Email: tdemas@cooley.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Ming Liu**
Buchalter
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
949-224-6258
Email: DLiu@buchalter.com
*ATTORNEY TO BE NOTICED*

Gregory John Merchant
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
415-693-2000
Email: gmerchant@cooley.com
*ATTORNEY TO BE NOTICED*

Suzanne Grandt
The State Bar of California
180 Howard Street
San Francisco, CA 94105
415-538-2388
Fax: 415-538-2321
Email: suzanne.grandt@calbar.ca.gov
*ATTORNEY TO BE NOTICED*

Vanessa L Holton
The State Bar of California
Office of General Counsel
180 Howard Street
San Francisco, CA 94105-1639
415-538-2381
Fax: 415-538-2321
Email: vanessa.holton@calbar.ca.gov
*ATTORNEY TO BE NOTICED*

Walter Waidelich
Cooley LLP - Library
10265 Science Center Drive
San Diego, CA 92121
858-550-6179
Email: cwaidelich@cooley.com
*TERMINATED: 02/27/2023*

**Defendant**

**Tyler Technologies, Inc.**            represented by   **Beth W. Petronio**
*also known as*                                          K and L Gates LLP
Doe 1                                                    1717 Main Street, Suite 2800
                                                         Dalls, TX 75201
                                                         214-939-5815
                                                         Fax: 214-939-5849
                                                         Email: beth.petronio@klgates.com
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Christina N. Goodrich**
                                                         KandL Gates LLP
                                                         10100 Santa Monica Boulevard, 8th Floor
                                                         Los Angeles, CA 90067
                                                         310-552-5000
                                                         Fax: 310-552-5001
                                                         Email: christina.goodrich@klgates.com

*ATTORNEY TO BE NOTICED*

**Jason Nathaniel Haycock**
K and L Gates LLP
Four Embarcadero Center Suite 1200
San Francisco, CA 94111
415-882-8200
Fax: 415-882-8220
Email: jason.haycock@klgates.com
*TERMINATED: 05/19/2022*

**Zachary Thomas Timm**
KandL Gates LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, CA 90067
310-552-5000
Fax: 310-552-5001
Email: zach.timm@klgates.com
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **Defendant** | | |
| **Kevan Schwitzer**<br>*TERMINATED: 05/20/2022* | represented by | **David Belcher**<br>Faegre Drinker Biddle and Reath LLP<br>1800 Century Park East, Suite 1500<br>Los Angeles, CA 90067<br>310-203-4000<br>Fax: 310-229-1285<br>Email: david.belcher@faegredrinker.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Peter William Baldwin**
Faegre Drinker Bibble and Reath LLP
1177 Avenue of the Americas 41st Floor
New York, NY 10036
212-248-3140
Fax: 212-248-3141
Email: peter.baldwin@faegredrinker.com
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **Defendant** | | |
| **Rick Rankin** | represented by | **Justin Alexander Anderson**<br>Jeffer Mangels Butler and Mitchell LLP<br>1900 Avenue of the Stars 7th Floor<br>Los Angeles, CA 90067<br>310-203-8080<br>Fax: 310-203-0567<br>Email: janderson@jmbm.com<br>*ATTORNEY TO BE NOTICED* |

**Michael Allan Gold**
Jeffer Mangels Butler and Mitchell LLP
1900 Avenue of the Stars 7th Floor
Los Angeles, CA 90067-5010

310-203-8080
Fax: 310-203-0567
Email: mgold@jmbm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*4 through 10, inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/13/2022 | 1 | NOTICE OF REMOVAL from Orange County, case number 30-2022-0125695-CU-AT-CXC Receipt No: ACACDC-33294587 - Fee: $402, filed by Defendant Tyler Technologies, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I) (Attorney Jason Nathaniel Haycock added to party Tyler Technologies, Inc.(pty:dft))(Haycock, Jason) (Entered: 05/13/2022) |
| 05/13/2022 | 2 | CIVIL COVER SHEET filed by Defendant Tyler Technologies, Inc.. (Haycock, Jason) (Entered: 05/13/2022) |
| 05/13/2022 | 3 | *Defendant Tyler Technologies, Inc.'s Certification Pursuant to Civil L.R. 3-15* CERTIFICATE of Interested Parties filed by Defendant Tyler Technologies, Inc., (Haycock, Jason) (Entered: 05/13/2022) |
| 05/13/2022 | 4 | CORPORATE DISCLOSURE STATEMENT *Defendant Tyler Technologies, Inc.'s Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1* filed by Defendant Tyler Technologies, Inc. (Haycock, Jason) (Entered: 05/13/2022) |
| 05/13/2022 | 5 | NOTICE of Appearance filed by attorney Lenore L Albert on behalf of Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3 (Attorney Lenore L Albert added to party Jane Roe 1(pty:pla), Attorney Lenore L Albert added to party John Roe 1(pty:pla), Attorney Lenore L Albert added to party Jane Roe 2(pty:pla), Attorney Lenore L Albert added to party John Roe 2(pty:pla), Attorney Lenore L Albert added to party Jane Roe 3(pty:pla))(Albert, Lenore) (Entered: 05/13/2022) |
| 05/13/2022 | | CONFORMED FILED COPY OF COMPLAINT against Defendants Does 1 through 10, inclusive, JudyRecords.com, Employee Doe, The State Bar of California. Jury Demanded., filed by plaintiffs Jane Roe 2, Jane Roe 1, John Roe 1, Jane Roe 3, John Roe 2. (FILED IN STATE COURT ON 3/18/2022 SUBMITTED ATTACHED EXHIBIT A) (ghap) (Entered: 05/16/2022) |
| 05/13/2022 | | CONFORMED FILED COPY OF AMENDED COMPLAINT amending Complaint - (Discovery the plaintiff having designated a defendant in the complaint by the incorrect name of JudyRecords.com and having discovered the true name of the defendant to be Kevan Schwitzer, filed by plaintiffs filed by plaintiffs Jane Roe 2, Jane Roe 1, John Roe 1, Jane Roe 3, John Roe 2. (FILED IN STATE COURT ON 3/24/2022 SUBMITTED ATTACHED EXHIBIT B)(ghap) (Entered: 05/16/2022) |
| 05/13/2022 | | CONFORMED FILED COPY OF PROOF OF SERVICE Executed by Plaintiff Jane Roe 2, Jane Roe 1, John Roe 1, Jane Roe 3, John Roe 2, upon Plaintiff The State Bar of California served on 3/24/2022, answer due 4/14/2022. Service of the Summons and Complaint were executed upon Leah Wilson, authorized agent as Executive Director of the State Bar of Calfornia in compliance with California Code of Civil Procedure by method of service not specified.Original Summons NOT returned. (FILED IN STATE |

| | | |
|---|---|---|
| | | COURT ON 3/28/2022 SUBMITTED ATTACHED EXHIBIT C) (ghap) (Entered: 05/16/2022) |
| 05/13/2022 | | CONFORMED FILED COPY OF PROOF OF SERVICE Executed by Plaintiff Jane Roe 2, Jane Roe 1, John Roe 1, Jane Roe 3, John Roe 2, upon Defendant Employee Doe served on 3/24/2022, answer due 4/14/2022. Service of the Summons and Complaint were executed upon Leah Wilson, authorized agent as Executive Director of the Stae Bar of Calfiornia in compliance with California Code of Civil Procedure by method of service not specified.Original Summons NOT returned. (FILED IN STATE COURT ON 3/28/2022 SUBMITTED ATTACHED EXHIBIT D) (ghap) (Entered: 05/16/2022) |
| 05/13/2022 | | CONFORMED FILED COPY OF FIRST AMENDED COMPLAINT against Defendants Does 4 through 10, inclusive, Rick Rankin, Kevan Schwitzer, The State Bar of California, Tyler Technologies, Inc. amending Complaint - (Discovery),, filed by plaintiffs Jane Roe 2, Jane Roe 1, John Roe 1, Jane Roe 3, John Roe 2. (FILED IN STATE COURT ON 4/13/2022 SUBMITTED ATTACHED EXHIBIT H)(ghap) (Entered: 05/16/2022) |
| 05/13/2022 | | CONFORMED FILED COPY OF AMENDMENT TO COMPLAINT amending Complaint - (Discovery), plaintiff being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of DOE 1 and having discovered the true name of the defendant to be Tyler Technologies, Inc., filed by plaintiffs Jane Roe 2, Jane Roe 1, John Roe 1, Jane Roe 3, John Roe 2. (FILED IN STATE COURT ON 3/25/2022 SUBMITTED ATTACHED EXHIBIT E)(ghap) (Entered: 05/16/2022) |
| 05/13/2022 | | CONFORMED FILED COPY OF PROOF OF SERVICE Executed by Plaintiff Jane Roe 2, Jane Roe 1, John Roe 1, Jane Roe 3, John Roe 2, upon Defendant Tyler Technologies, Inc. served on 3/28/2022, answer due 4/18/2022. Service of the Summons and Complaint were executed upon Capitol Corporate Services-Leigh Johnson-Person Authorized to Accept Service of Process in compliance with California Code of Civil Procedure by personal service.Original Summons NOT returned. (FILED IN STATE COURT ON 3/29/2022 SUBMITTED ATTACHED EXHIBIT F) (ghap) (Entered: 05/16/2022) |
| 05/13/2022 | | CONFORMED FILED COPY OF PROOF OF SERVICE Executed by Plaintiff Jane Roe 2, Jane Roe 1, John Roe 1, Jane Roe 3, John Roe 2, upon Defendant Kevan Schwitzer served on 3/29/2022, answer due 4/19/2022. Service of the Summons and Complaint were executed upon 6909 State Hwy 161, Apt No 320, Irving, TX 75039 in compliance with California Code of Civil Procedure by personal service.Original Summons NOT returned. (FILED IN STATE COURT ON 4/1/2022 SUBMITTED ATTACHED EXHIBIT G) (ghap) (Entered: 05/16/2022) |
| 05/13/2022 | | NON CONFORM COPY OF NOTICE AND ACKNOWLEDGMENT OF SERVICE of Summons and Complaint returned Executed filed by Plaintiff Jane Roe 2, Jane Roe 1, John Roe 1, Jane Roe 3, John Roe 2, upon Defendant Rick Rankin acknowledgment sent by Plaintiff on 4/30/2022, answer due 5/23/2022. Acknowledgment of Service signed by Michael A.Gold, Jeffer Manpels Butler and Mitchell LLP, Attorney for defendant Rick Rankin. (SUBMITTED ATTACHED EXHIBIT I) (ghap) Modified on 5/16/2022 (ghap). (Entered: 05/16/2022) |
| 05/16/2022 | 6 | NOTICE OF ASSIGNMENT to District Judge David O. Carter and Magistrate Judge Douglas F. McCormick. (ghap) (Entered: 05/16/2022) |
| 05/16/2022 | 7 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (ghap) (Entered: 05/16/2022) |
| 05/16/2022 | 8 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (ghap) (Entered: 05/16/2022) |

| 05/16/2022 | 9 | NOTICE OF PRO HAC VICE APPLICATION DUE for Non-Resident Attorney Beth W Petronio on behalf on Defendant. A document recently filed in this case lists you as an out-of-state attorney of record. However, the Court has not been able to locate any record that you are admitted to the Bar of this Court, and you have not filed an application to appear Pro Hac Vice in this case. Accordingly, within 5 business days of the date of this notice, you must either (1) have your local counsel file an application to appear Pro Hac Vice (Form G-64) and pay the applicable fee, or (2) complete the next section of this form and return it to the court at cacd_attyadm@cacd.uscourts.gov. You have been removed as counsel of record from the docket in this case, and you will not be added back to the docket until your Pro Hac Vice status has been resolved. (ghap) (Entered: 05/16/2022) |
|---|---|---|
| 05/16/2022 | 10 | INITIAL STANDING ORDER FOLLOWING ASSIGNMENT OF CIVIL CASE TO JUDGE CARTER. (dca) (Entered: 05/16/2022) |
| 05/18/2022 | 11 | NOTICE of Appearance filed by attorney Christina N Goodrich on behalf of Defendant Tyler Technologies, Inc. (Attorney Christina N Goodrich added to party Tyler Technologies, Inc.(pty:dft))(Goodrich, Christina) (Entered: 05/18/2022) |
| 05/18/2022 | 12 | NOTICE of Appearance filed by attorney David Belcher on behalf of Defendant Kevan Schwitzer (Attorney David Belcher added to party Kevan Schwitzer(pty:dft))(Belcher, David) (Entered: 05/18/2022) |
| 05/18/2022 | 13 | NOTICE of Appearance filed by attorney David Belcher on behalf of Defendant Kevan Schwitzer (Belcher, David) (Entered: 05/18/2022) |
| 05/18/2022 | 14 | STIPULATION to Dismiss Defendant Kevan Schwitzer filed by Defendant Kevan Schwitzer. (Attachments: # 1 Proposed Order on Stipulation)(Belcher, David) (Entered: 05/18/2022) |
| 05/19/2022 | 15 | Application for Admission Pro Hac Vice filed by Defendant Tyler Technologies, Inc. *for Beth Petronio* (Goodrich, Christina) (Entered: 05/19/2022) |
| 05/19/2022 | 16 | Notice of Appearance or Withdrawal of Counsel: for attorney Jason Nathaniel Haycock counsel for Defendant Tyler Technologies, Inc.. Jason N. Haycock is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by Defendant Tyler Technologies, Inc.. (Haycock, Jason) (Entered: 05/19/2022) |
| 05/19/2022 | 17 | Notice of Appearance or Withdrawal of Counsel: for attorney Michael G Rhodes counsel for Defendant The State Bar of California. Adding Michael G. Rhodes as counsel of record for The State Bar of California for the reason indicated in the G-123 Notice. Filed by Defendant The State Bar of California. (Attorney Michael G Rhodes added to party The State Bar of California(pty:dft))(Rhodes, Michael) (Entered: 05/19/2022) |
| 05/19/2022 | 18 | APPLICATION of Non-Resident Attorney Tiana A. Demas to Appear Pro Hac Vice on behalf of Defendant The State Bar of California (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-33328841) filed by Defendant The State Bar of California. (Attachments: # 1 Proposed Order) (Rhodes, Michael) (Entered: 05/19/2022) |
| 05/19/2022 | 19 | Notice of Appearance or Withdrawal of Counsel: for attorney Walter Waidelich counsel for Defendant The State Bar of California. Adding Walter C. Waidelich as counsel of record for The State Bar of California for the reason indicated in the G-123 Notice. Filed by Defendant The State Bar of California. (Attorney Walter Waidelich added to party The State Bar of California(pty:dft))(Waidelich, Walter) (Entered: 05/19/2022) |
| 05/19/2022 | 20 | Notice of Appearance or Withdrawal of Counsel: for attorney Barrett J Anderson counsel for Defendant The State Bar of California. Adding Barrett J. Anderson as counsel of record for The State Bar of California for the reason indicated in the G-123 Notice. Filed |

| | | |
|---|---|---|
| | | by Defendant The State Bar of California. (Attorney Barrett J Anderson added to party The State Bar of California(pty:dft))(Anderson, Barrett) (Entered: 05/19/2022) |
| 05/19/2022 | 21 | Notice of Appearance or Withdrawal of Counsel: for attorney Gregory John Merchant counsel for Defendant The State Bar of California. Adding Gregory Merchant as counsel of record for The State Bar of California for the reason indicated in the G-123 Notice. Filed by Defendant The State Bar of California. (Attorney Gregory John Merchant added to party The State Bar of California(pty:dft))(Merchant, Gregory) (Entered: 05/19/2022) |
| 05/19/2022 | 22 | NOTICE AND ACKNOWLEDGMENT OF SERVICE of Summons and Complaint returned Executed filed by Plaintiff Jane Roe 2, Jane Roe 1, John Roe 1, Jane Roe 3, John Roe 2, upon Defendant Acknowledgment of Service signed by Michael A. Gold, Esq., Attorney and Authorized Agent for Rick Rankin. (Albert, Lenore) (Entered: 05/19/2022) |
| 05/19/2022 | 23 | Joint STIPULATION Extending Time to Answer the complaint as to The State Bar of California answer now due 6/6/2022; Rick Rankin answer now due 6/6/2022; Kevan Schwitzer answer now due 6/6/2022; Tyler Technologies, Inc. answer now due 6/6/2022, re Notice of Removal (Attorney Civil Case Opening), 1, Amended Complaint, filed by Defendant The State Bar of California.(Waidelich, Walter) (Entered: 05/19/2022) |
| 05/19/2022 | 24 | Pro Hac Vice Application of Tiana Demas opposition re: APPLICATION of Non-Resident Attorney Tiana A. Demas to Appear Pro Hac Vice on behalf of Defendant The State Bar of California (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-33328841) 18 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 05/19/2022) |
| 05/20/2022 | 25 | APPLICATION of Non-Resident Attorney Beth W. Petronio to Appear Pro Hac Vice on behalf of Defendant Tyler Technologies, Inc. (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-33335323) filed by attorney Tyler Technologies, Inc.. (Attachments: # 1 Proposed Order Proposed Order on App of Non-Resident) (Goodrich, Christina) (Entered: 05/20/2022) |
| 05/20/2022 | 26 | ORDER by Judge David O. Carter, Granting Stipulation of Voluntary Dismissal with Prejudice of Kevan Schwitzer 14 . SEE DOCUMENT FOR FURTHER INFORMATION. Kevan Schwitzer terminated. (twdb) (Entered: 05/20/2022) |
| 05/20/2022 | 27 | NOTICE of Deficiency in Electronically Filed Pro Hac Vice Application RE: APPLICATION of Non-Resident Attorney Tiana A. Demas to Appear Pro Hac Vice on behalf of Defendant The State Bar of California (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-33328841) 18 . The following error(s) was/were found: Local Rule 5-4.3.4 Application not hand-signed. Local Rule 83-2.1.3.4 Local counsel does not maintain an office within the District. Case information is incomplete. DJ and MJ initials missing on application and proposed order. Please note DJ and MJ Assignment, dated 5/16/22, Dkt. 6 . Applicants information missing on proposed order. Other error(s) with document(s): Please note that electronic, image or stamp signatures are not allowed for either applicant or local counsel. See Instructions for Applicants (1). (lt) (Entered: 05/20/2022) |
| 05/24/2022 | 28 | Notice of Appearance or Withdrawal of Counsel: for attorney Michael Allan Gold counsel for Defendant Rick Rankin. Adding Michael A. Gold as counsel of record for Rick Rankin for the reason indicated in the G-123 Notice. Filed by Defendant Rick Rankin. (Attorney Michael Allan Gold added to party Rick Rankin(pty:dft))(Gold, Michael) (Entered: 05/24/2022) |
| 05/25/2022 | 29 | Notice of Appearance or Withdrawal of Counsel: for attorney Justin Alexander Anderson counsel for Defendant Rick Rankin. Adding Justin A. Anderson as counsel of record for Defendant Rick Rankin for the reason indicated in the G-123 Notice. Filed by Defendant |

| | | |
|---|---|---|
| | | Rick Rankin. (Attorney Justin Alexander Anderson added to party Rick Rankin(pty:dft)) (Anderson, Justin) (Entered: 05/25/2022) |
| 05/26/2022 | [30](#) | Corrected APPLICATION of Non-Resident Attorney Tiana A. Demas to Appear Pro Hac Vice on behalf of Defendant The State Bar of California (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-33371088) filed by Defendant The State Bar of California. (Attachments: # [1](#) Declaration of Michael G. Rhodes, # [2](#) Proposed Order) (Rhodes, Michael) (Entered: 05/26/2022) |
| 05/27/2022 | [31](#) | NOTICE of Deficiency in Electronically Filed Pro Hac Vice Application RE: Corrected APPLICATION of Non-Resident Attorney Tiana A. Demas to Appear Pro Hac Vice on behalf of Defendant The State Bar of California (Pro Hac Vice Fee - $500 Fee Paid, Receipt No. ACACDC-33371088) [30](#) . The following error(s) was/were found: Local Rule 83-2.1.3.3(d) Certificate of Good Standing not attached for every state court listed to which the applicant has been admitted. (lt) (Entered: 05/27/2022) |
| 05/27/2022 | [33](#) | ORDER ON APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE PRO HAC VICE by Judge David O. Carter. APPLICATION to Appear Pro Hac Vice on behalf of Defendant The State Bar of California, designating Michael G Rhodes as local counsel. granting [18](#) Non-Resident Attorney Tiana A. Demas (rolm) (Entered: 05/31/2022) |
| 05/31/2022 | [32](#) | ORDER on Application of Non-Resident Attorney to Appear in a Specific Case Pro Hac Vice by Judge David O. Carter. APPLICATION to Appear Pro Hac Vice on behalf of Defendant Tyler Technologies, Inc., designating Christina N. Goodrich as local counsel. granting [25](#) Non-Resident Attorney Beth W. Petronio (rolm) (Entered: 05/31/2022) |
| 06/06/2022 | [34](#) | NOTICE of Appearance filed by attorney Zachary Thomas Timm on behalf of Defendant Tyler Technologies, Inc. (Attorney Zachary Thomas Timm added to party Tyler Technologies, Inc(pty:dft))(Timm, Zachary) (Entered: 06/06/2022) |
| 06/06/2022 | [35](#) | NOTICE OF MOTION AND MOTION to Dismiss Defendant Tyler Technologies, Inc. filed by Defendant Tyler Technologies, Inc.. Motion set for hearing on 8/8/2022 at 08:30 AM before Judge David O. Carter. (Attachments: # [1](#) Exhibit A) (Timm, Zachary) (Entered: 06/06/2022) |
| 06/06/2022 | [36](#) | NOTICE OF MOTION AND MOTION to Dismiss Defendant Rick Rankin filed by Defendant Rick Rankin. Motion set for hearing on 8/8/2022 at 08:30 AM before Judge David O. Carter. (Attachments: # [1](#) Declaration of Justin A. Anderson in Support of Motion to Dismiss, # [2](#) Proposed Order) (Anderson, Justin) (Entered: 06/06/2022) |
| 06/06/2022 | [37](#) | REQUEST FOR JUDICIAL NOTICE re NOTICE OF MOTION AND MOTION to Dismiss Defendant Rick Rankin [36](#) filed by Defendant Rick Rankin. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C)(Anderson, Justin) (Entered: 06/06/2022) |
| 06/06/2022 | [38](#) | NOTICE OF MOTION AND MOTION to Dismiss Plaintiffs' First Amended Complaint filed by Defendant The State Bar of California. Motion set for hearing on 8/8/2022 at 08:30 AM before Judge David O. Carter. (Attachments: # [1](#) Memorandum in Support of Motion to Dismiss Plaintiffs' First Amended Complaint, # [2](#) Declaration of T. Demas in Support of Motion to Dismiss Plaintiffs' First Amended Complaint, # [3](#) Exhibit A to T. Demas Declaration in Support of Motion to Dismiss Plaintiffs' First Amended Complaint, # [4](#) Exhibit B to T. Demas Declaration in Support of Motion to Dismiss Plaintiffs' First Amended Complaint, # [5](#) Exhibit C to T. Demas Declaration in Support of Motion to Dismiss Plaintiffs' First Amended Complaint, # [6](#) Proposed Order) (Anderson, Barrett) (Entered: 06/06/2022) |
| 06/06/2022 | [39](#) | REQUEST FOR JUDICIAL NOTICE re NOTICE OF MOTION AND MOTION to Dismiss Plaintiffs' First Amended Complaint [38](#) filed by Defendant The State Bar of |

| | | California. (Anderson, Barrett) (Entered: 06/06/2022) |
|---|---|---|
| 06/08/2022 | 40 | NOTICE of Designation of Lead Counsel filed by Defendant The State Bar of California. (Demas, Tiana) (Entered: 06/08/2022) |
| 06/14/2022 | 41 | NOTICE OF MOTION AND MOTION for Order for Protective Order filed by plaintiff Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. Motion set for hearing on 7/18/2022 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Roe Plaintiffs, # 2 Declaration Lenore Albert) (Albert, Lenore) (Entered: 06/14/2022) |
| 06/23/2022 | 42 | NOTICE OF MOTION AND MOTION to Disqualify Counsel WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP filed by plaintiff Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. Motion set for hearing on 7/25/2022 at 08:30 AM before Judge David O. Carter. (Albert, Lenore) (Entered: 06/23/2022) |
| 06/23/2022 | 43 | NOTICE OF ERRATA filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. correcting NOTICE OF MOTION AND MOTION to Disqualify Counsel WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP 42 (Albert, Lenore) (Entered: 06/23/2022) |
| 06/24/2022 | 44 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: NOTICE OF MOTION AND MOTION to Disqualify Counsel 42 . The following error(s) was/were found: Proposed Document was not submitted as separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 06/24/2022) |
| 06/27/2022 | 45 | ORDER SETTING SCHEDULING CONFERENCE by Judge David O. Carter. Scheduling Conference set for 8/8/2022 at 08:30 AM before Judge David O. Carter. (kdu) (Entered: 06/27/2022) |
| 06/27/2022 | 46 | OPPOSITION to NOTICE OF MOTION AND MOTION for Order for Protective Order 41 filed by Defendants Rick Rankin, The State Bar of California, Tyler Technologies, Inc.. (Attachments: # 1 Declaration of Tiana Demas in Support of Defendants' Joint Opposition to Plaintiffs' Motion for Protective Order, # 2 Exhibit A to Declaration of Tiana Demas in Support of Defendants' Joint Opposition to Plaintiffs' Motion for Protective Order, # 3 Exhibit B to Declaration of Tiana Demas in Support of Defendants' Joint Opposition to Plaintiffs' Motion for Protective Order, # 4 Exhibit C to Declaration of Tiana Demas in Support of Defendants' Joint Opposition to Plaintiffs' Motion for Protective Order)(Demas, Tiana) (Entered: 06/27/2022) |
| 06/28/2022 | 47 | ORDER OF THE CHIEF JUDGE (#22-151) approved by Judge Philip S. Gutierrez. Pursuant to the recommended procedure adopted by the Court for the CREATION OF CALENDAR of Judge Sykes, Sunshine Suzanne, this case is transferred from Judge David O. Carter to the calendar of Judge Sunshine Suzanne Sykes for all further proceedings. The case number will now reflect the initials of the transferee Judge 8:22-cv-00983 SSS(DFMx). (rn) (Entered: 06/29/2022) |
| 06/29/2022 | 48 | REASSIGNMENT ORDER by Judge Sunshine Suzanne Sykes: Please refer to Order for complete details., (iva) (Entered: 06/29/2022) |
| 06/29/2022 | 49 | NOTICE of Appearance filed by attorney Suzanne Grandt on behalf of Defendant The State Bar of California (Attorney Suzanne Grandt added to party The State Bar of California(pty:dft))(Grandt, Suzanne) (Entered: 06/29/2022) |
| 06/29/2022 | 50 | NOTICE of Appearance filed by attorney Suzanne Grandt on behalf of Defendant The State Bar of California (Grandt, Suzanne) (Entered: 06/29/2022) |

| 07/01/2022 | 51 | NOTICE OF MOTION re NOTICE OF MOTION AND MOTION to Dismiss Plaintiffs' First Amended Complaint 38 *(Re-Notice)* filed by Defendant The State Bar of California. Motion set for hearing on 9/16/2022 at 02:00 PM before Judge Sunshine Suzanne Sykes. (Demas, Tiana) (Entered: 07/01/2022) |
|---|---|---|
| 07/05/2022 | 52 | NOTICE OF MOTION re NOTICE OF MOTION AND MOTION to Dismiss Defendant Tyler Technologies, Inc. 35 *(Re-Notice)* filed by Defendant Tyler Technologies, Inc.. Motion set for hearing on 9/16/2022 at 02:00 PM before Judge Sunshine Suzanne Sykes. (Timm, Zachary) (Entered: 07/05/2022) |
| 07/06/2022 | 53 | NOTICE OF MOTION re NOTICE OF MOTION AND MOTION to Dismiss Defendant Rick Rankin 36 *(Re-Notice)* filed by Defendant Rick Rankin. Motion set for hearing on 9/16/2022 at 02:00 PM before Judge Sunshine Suzanne Sykes. (Anderson, Justin) (Entered: 07/06/2022) |
| 07/06/2022 | 54 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION to Dismiss Defendant Rick Rankin 36 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 07/06/2022) |
| 07/06/2022 | 55 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION to Dismiss Defendant Tyler Technologies, Inc. 35 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 07/06/2022) |
| 07/06/2022 | 56 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION to Dismiss Plaintiffs' First Amended Complaint 38 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 07/06/2022) |
| 07/06/2022 | 57 | REQUEST FOR JUDICIAL NOTICE re NOTICE OF MOTION AND MOTION to Dismiss Defendant Tyler Technologies, Inc. 35 , NOTICE OF MOTION AND MOTION to Dismiss Plaintiffs' First Amended Complaint 38 , NOTICE OF MOTION AND MOTION to Dismiss Defendant Rick Rankin 36 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 07/06/2022) |
| 07/07/2022 | 58 | Notice Resetting Hearing on Plaintiffs' Motion for a Protective Order filed by plaintiff Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 07/07/2022) |
| 07/07/2022 | 59 | Notice Resetting Hearing to Disqualify Defense Counsel filed by plaintiff Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 07/07/2022) |
| 07/07/2022 | 60 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice (Other) 59 , Notice (Other) 58 . The following error(s) was/were found: Incorrect event selected. Correct event to be used is: Civil Events Motions and Related Filings Responses/Replies/Other Motion Related Documents - select - Notice of Motion. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (shb) (Entered: 07/07/2022) |
| 07/14/2022 | 61 | STATEMENT Joint Case Management Statement filed by Defendant The State Bar of California *Joint Case Management Statement* re: Order 48 . (Demas, Tiana) (Entered: 07/14/2022) |
| 07/15/2022 | 62 | CONSENT TO PROCEED before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b), filed by plaintiff Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 07/15/2022) |

| | | |
|---|---|---|
| 07/19/2022 | 63 | NOTICE OF MOTION re NOTICE OF MOTION AND MOTION to Disqualify Counsel WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP 42 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. Motion set for hearing on 9/16/2022 at 02:00 PM before Judge Sunshine Suzanne Sykes. (Albert, Lenore) (Entered: 07/19/2022) |
| 07/19/2022 | 64 | NOTICE OF MOTION re NOTICE OF MOTION AND MOTION for Order for Protective Order 41 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. Motion set for hearing on 9/16/2022 at 02:00 PM before Judge Sunshine Suzanne Sykes. (Albert, Lenore) (Entered: 07/19/2022) |
| 07/19/2022 | 65 | CONSENT TO PROCEED before United States Magistrate Judge by all parties pursuant to GO 18-11 is approved by District Judge Sunshine Suzanne Sykes and Magistrate Judge Douglas F. McCormick. This case is hereby reassigned to Magistrate Judge Douglas F. McCormick for all further proceedings. Case number will now read 8:22-cv-00983 DFM. (rn) (Entered: 07/19/2022) |
| 07/20/2022 | 66 | SCHEDULING NOTICE by Magistrate Judge Douglas F. McCormick. The Court sets a Telephonic Status Conference for 8/4/2022 at 10:00 AM before Magistrate Judge Douglas F. McCormick. The Courtroom Deputy Clerk will circulate call in information via separate email. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (nbo) TEXT ONLY ENTRY (Entered: 07/20/2022) |
| 07/25/2022 | 67 | REPLY In Support of NOTICE OF MOTION AND MOTION to Dismiss Defendant Tyler Technologies, Inc. 35 filed by Defendant Tyler Technologies, Inc.. (Timm, Zachary) (Entered: 07/25/2022) |
| 07/25/2022 | 68 | REPLY NOTICE OF MOTION AND MOTION to Dismiss Plaintiffs' First Amended Complaint 38 filed by Defendant The State Bar of California. (Demas, Tiana) (Entered: 07/25/2022) |
| 07/25/2022 | 69 | REPLY IN SUPPORT OF NOTICE OF MOTION AND MOTION to Dismiss Defendant Rick Rankin 36 filed by Defendant Rick Rankin. (Gold, Michael) (Entered: 07/25/2022) |
| 07/29/2022 | 70 | [PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO THE MOTIONS TO DISMISS] REQUEST FOR JUDICIAL NOTICE re NOTICE OF MOTION AND MOTION to Dismiss Defendant Tyler Technologies, Inc. 35 , NOTICE OF MOTION AND MOTION to Dismiss Plaintiffs' First Amended Complaint 38 , NOTICE OF MOTION AND MOTION to Dismiss Defendant Rick Rankin 36 *(Supplemental)* filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) Modified on 7/29/2022 (es). (Entered: 07/29/2022) |
| 08/02/2022 | 71 | Opposition Opposition re: NOTICE OF MOTION AND MOTION to Disqualify Counsel WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP 42 filed by Defendant The State Bar of California. (Attachments: # 1 Declaration Declaration of Robert G. Retana in Support of The State Bar of California's Opposition to Motion to Disqualify Wagstaffe, von Loewenfeldt, Bush and Readwick LLP as Representatives of the State Bar of California)(Grandt, Suzanne) (Entered: 08/02/2022) |
| 08/04/2022 | 81 | MINUTES OF Telephone Status Conference held before Magistrate Judge Douglas F. McCormick: Case called and counsel make their appearances. Court and counsel confer. Court moves motions hearings from September 16, 2022 at 2:00pm to Thursday, September 15, 2022, at 11:00am. Court also set a Scheduling conference for 9/15/2022, at 11:00am. Counsel submit proposed dates to Court by September 1, 2022. Court Reporter: CS 8/04/2022. (et) (Entered: 08/09/2022) |
| 08/05/2022 | 72 | NOTICE OF MOTION AND MOTION for Preliminary Injunction re Continued Violation of the Information Practices Act and Plaintiffs Constitutional Rights filed by |

| | | plaintiff Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. Motion set for hearing on 9/15/2022 at 02:00 PM before Magistrate Judge Douglas F. McCormick. (Albert, Lenore) (Entered: 08/05/2022) |
|---|---|---|
| 08/05/2022 | 73 | REQUEST FOR JUDICIAL NOTICE re NOTICE OF MOTION AND MOTION for Preliminary Injunction re Continued Violation of the Information Practices Act and Plaintiffs Constitutional Rights 72 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 08/05/2022) |
| 08/05/2022 | 74 | DECLARATION of Lenore Albert, Esq. in support of NOTICE OF MOTION AND MOTION for Preliminary Injunction re Continued Violation of the Information Practices Act and Plaintiffs Constitutional Rights 72 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 08/05/2022) |
| 08/05/2022 | 75 | DECLARATION of M.A. in support of NOTICE OF MOTION AND MOTION for Preliminary Injunction re Continued Violation of the Information Practices Act and Plaintiffs Constitutional Rights 72 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 08/05/2022) |
| 08/05/2022 | 76 | DECLARATION of N.Z. in support of NOTICE OF MOTION AND MOTION for Preliminary Injunction re Continued Violation of the Information Practices Act and Plaintiffs Constitutional Rights 72 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 08/05/2022) |
| 08/05/2022 | 77 | DECLARATION of John Roe 2 in support of NOTICE OF MOTION AND MOTION for Preliminary Injunction re Continued Violation of the Information Practices Act and Plaintiffs Constitutional Rights 72 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 08/05/2022) |
| 08/06/2022 | 78 | DECLARATION of Kevan Schwitzer in support of NOTICE OF MOTION AND MOTION for Preliminary Injunction re Continued Violation of the Information Practices Act and Plaintiffs Constitutional Rights 72 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 08/06/2022) |
| 08/08/2022 | 79 | DECLARATION of R.S. in support of NOTICE OF MOTION AND MOTION for Preliminary Injunction re Continued Violation of the Information Practices Act and Plaintiffs Constitutional Rights 72 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 08/08/2022) |
| 08/08/2022 | 80 | NOTICE WITHDRAWING PARA. 1, 3, AND 10 TO THE DECLARATION OF R.S. IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION re NOTICE OF MOTION AND MOTION for Preliminary Injunction re Continued Violation of the Information Practices Act and Plaintiffs Constitutional Rights 72 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 08/08/2022) |
| 08/11/2022 | 82 | NOTICE OF MOTION re NOTICE OF MOTION AND MOTION for Preliminary Injunction re Continued Violation of the Information Practices Act and Plaintiffs Constitutional Rights 72 *Amended* filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. Motion set for hearing on 9/15/2022 at 11:00 AM before Magistrate Judge Douglas F. McCormick. (Albert, Lenore) (Entered: 08/11/2022) |
| 08/11/2022 | 83 | DECLARATION of Jane Roe 2 in support of NOTICE OF MOTION AND MOTION for Preliminary Injunction re Continued Violation of the Information Practices Act and Plaintiffs Constitutional Rights 72 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 08/11/2022) |

| 08/18/2022 | 84 | Joint NOTICE OF MOTION AND MOTION to Strike Plaintiffs' Request for Judicial Notice,, 70 , Request for Judicial Notice, 57 filed by Defendant The State Bar of California. Motion set for hearing on 9/15/2022 at 11:00 AM before Magistrate Judge Douglas F. McCormick. (Attachments: # 1 Memorandum of Points and Authorities in Support of Their Joint Motion to Strike and Objection to Plaintiffs' Requests for Judicial Notice, # 2 Proposed Order) (Demas, Tiana) (Entered: 08/18/2022) |
| 08/25/2022 | 85 | MEMORANDUM in Opposition to Joint NOTICE OF MOTION AND MOTION to Strike Plaintiffs' Request for Judicial Notice,, 70 , Request for Judicial Notice, 57 84 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 08/25/2022) |
| 08/25/2022 | 86 | OPPOSITION to NOTICE OF MOTION AND MOTION for Preliminary Injunction re Continued Violation of the Information Practices Act and Plaintiffs Constitutional Rights 72 filed by Defendant The State Bar of California. (Attachments: # 1 Declaration of T. Demas in Support of Opposition to Preliminary Injunction, # 2 Exhibit A to the Declaration of T. Demas in Support of Opposition to Preliminary Injunction, # 3 Exhibit B to the Declaration of T. Demas in Support of Opposition to Preliminary Injunction, # 4 Exhibit C to the Declaration of T. Demas in Support of Opposition to Preliminary Injunction, # 5 Exhibit D to the Declaration of T. Demas in Support of Opposition to Preliminary Injunction, # 6 Exhibit E to the Declaration of T. Demas in Support of Opposition to Preliminary Injunction, # 7 Exhibit F to the Declaration lof T. Demas in Support of Opposition to Preliminary Injunction, # 8 Exhibit G to the Declaration of T. Demas in Support of Opposition to Preliminary Injunction, # 9 Exhibit H to the Declaration of T. Demas in Support of Opposition to Preliminary Injunction, # 10 Exhibit I to the Declaration of T. Demas in Support of Opposition to Preliminary Injunction, # 11 Exhibit J to the Declaration of T. Demas in Support of Opposition to Preliminary Injunction)(Demas, Tiana) (Entered: 08/25/2022) |
| 09/01/2022 | 87 | Notice filed by Defendant Rick Rankin, The State Bar of California, Tyler Technologies, Inc.. *re Joint Proposed Case Schedule* (Attachments: # 1 Proposed Order re Case Schedule)(Demas, Tiana) (Entered: 09/01/2022) |
| 09/01/2022 | 88 | REPLY in Support of Joint NOTICE OF MOTION AND MOTION to Strike Plaintiffs' Request for Judicial Notice,, 70 , Request for Judicial Notice, 57 84 filed by Defendant The State Bar of California. (Demas, Tiana) (Entered: 09/01/2022) |
| 09/01/2022 | 89 | JOINT REPORT Rule 26(f) Discovery Plan *By Counsel for Plaintiff Only (not joint)* ; estimated length of trial 7 days, filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3.. (Attachments: # 1 Declaration)(Albert, Lenore) (Entered: 09/01/2022) |
| 09/01/2022 | 90 | REPLY in support of motion NOTICE OF MOTION AND MOTION for Preliminary Injunction re Continued Violation of the Information Practices Act and Plaintiffs Constitutional Rights 72 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Attachments: # 1 Declaration Lenore Albert, Esq., # 2 Declaration Jane Roe 1)(Albert, Lenore) (Entered: 09/01/2022) |
| 09/07/2022 | 91 | Order Denying Plaintiffs' Motion to Disqualify (Dkt. 42) by Magistrate Judge Douglas F. McCormick: For the following reasons, the Motion is DENIED. Denying 42 MOTION to disqualify Counsel. [See Order for details.] (es) (Entered: 09/07/2022) |
| 09/07/2022 | 92 | Order Denying Plaintiffs' Motion for Preliminary Injunction (Dkt. 72) by Magistrate Judge Douglas F. McCormick: For the following reasons, the Motion is DENIED. Denying 72 MOTION for Preliminary Injunction. [See Order for details.] (es) (Entered: 09/07/2022) |

| 09/15/2022 | 93 | MINUTES OF Defendant, Tyler Technologies, Inc.'s Motion to Dismiss 35 Defendant, Rick Rankin's Motion to Dismiss 36 ; Defendant, The State Bar of California's Motion to Dismiss First Amended Complaint 38 Plaintiffs' Motion for Order for Protective Order 41 Defendants' Joint Motion to Strike Plaintiffs' Requests for Judicial Notice 84 Motion Hearing held before Magistrate Judge Douglas F. McCormick: Case called and counsel make their appearances. Counsel argue motions. Court takes matters under submission. Court Reporter: CS 09/15/2022. (es) (Entered: 09/19/2022) |
|---|---|---|
| 09/16/2022 | 94 | Order re Defendants' Motions to Dismiss (Dkts. 35, 36, 38) by Magistrate Judge Douglas F. McCormick: IT IS ORDERED THAT the Sherman Act § 2 claim is dismissed with leave to amend, whereas the § 3 claim is dismissed without leave to amend. IT IS FURTHER ORDERED THAT Plaintiffs shall file an amended complaint within twenty-one (21) days. Plaintiffs are given leave to add additional factual allegations, re-plead the § 2 claim, and add a § 1 claim. Otherwise, Plaintiffs shall not add new causes of action or parties. Defendants may file a Supplemental Motion to Dismiss within fourteen (14) days addressing the Sherman Act claims. Plaintiffs shall file any Supplemental Opposition within fourteen (14) days. And Defendants shall file any Supplemental Reply within seven (7) days. The Clerk of Court will reach out to set a hearing date. When appropriate, the Court will issue further orders regarding supplemental jurisdiction. Denying 35 MOTION to Dismiss Defendant The State Bar of California; Denying 36 MOTION to Dismiss Defendant The State Bar of California; Denying with leave to amend 38 MOTION to Dismiss. (es) (Entered: 09/19/2022) |
| 09/19/2022 | 95 | TRANSCRIPT ORDER as to Defendant The State Bar of California for Court Smart (CS). Court will contact Maritza DeJesus at mdejesus@cooley.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Demas, Tiana) (Entered: 09/19/2022) |
| 09/30/2022 | 96 | NOTICE of Change of address by Tiana A. Demas attorney for Defendant The State Bar of California. Changing attorneys address to 10265 Science Center Drive, San Diego, CA 92121. Filed by Defendant The State Bar of California. (Demas, Tiana) (Entered: 09/30/2022) |
| 10/06/2022 | 97 | TRANSCRIPT for proceedings held on 9-15-2022. Court Reporter/Electronic Court Recorder: BABYKIN COURTHOUSE SERVICES, phone number (626)963-0566. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/27/2022. Redacted Transcript Deadline set for 11/7/2022. Release of Transcript Restriction set for 1/4/2023. (ss) (Entered: 10/06/2022) |
| 10/06/2022 | 98 | NOTICE OF FILING TRANSCRIPT filed for proceedings 9-15-2022 re Transcript 97 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ss) TEXT ONLY ENTRY (Entered: 10/06/2022) |
| 10/07/2022 | 99 | SECOND AMENDED COMPLAINT against plaintiff Does, Rick Rankin, The State Bar of California, Tyler Technologies, Inc. amending Amended Complaint, Amended Complaint, Complaint - (Discovery), Amended Complaint,, filed by plaintiff Jane Roe 2, Jane Roe 1, John Roe 1, Jane Roe 3, John Roe 2(Albert, Lenore) (Entered: 10/07/2022) |
| 10/10/2022 | 100 | SECOND AMENDED COMPLAINT against Defendant Does, Rick Rankin, The State Bar of California, Tyler Technologies, Inc. amending Amended Complaint, Amended Complaint, Amended Complaint/Petition, 99 , Complaint - (Discovery), Amended Complaint,, filed by plaintiff Jane Roe 2, Jane Roe 1, John Roe 1, Jane Roe 3, John Roe 2(Albert, Lenore) (Entered: 10/10/2022) |

| 10/10/2022 | [101] | NOTICE OF ERRATA filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. correcting Amended Complaint/Petition, [99] *Correct Document filed as Docket No. 100* (Albert, Lenore) (Entered: 10/10/2022) |
|---|---|---|
| 10/11/2022 | [102] | APPLICATION to file document *Doc No 99* under seal filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3.(Albert, Lenore) (Entered: 10/11/2022) |
| 10/12/2022 | [103] | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Document RE: APPLICATION to file document *Doc No 99* under seal [102] . The following error(s) was/were found: Proposed document was not submitted or was not submitted as a separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (et) (Entered: 10/12/2022) |
| 10/13/2022 | [104] | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT RE: APPLICATION to file document *Doc No 99* under seal [102] by Magistrate Judge Douglas F. McCormick. Plaintiff is ordered to lodge a proposed order no later than 10/21/2022. (et) (Entered: 10/13/2022) |
| 10/13/2022 | [105] | NOTICE OF LODGING filed re Response By Court to Notice of Deficiencies (G-112B) - optional html form, [104] , Deficiency in Electronically Filed Documents (G-112A) - optional html form,, [103] (Attachments: # [1] Proposed Order)(Albert, Lenore) (Entered: 10/13/2022) |
| 10/17/2022 | [106] | ORDER SEALING DOC. NO. 99 by Magistrate Judge Douglas F. McCormick: Granting [102] APPLICATION to Seal Document, this Court grants Plaintiffs John Roe 1, Jane Roe 1, Jane Roe 2, Jane Roe 3 and John Roe 2 application for an ORDER sealing Document 99 "Second Amended Complaint" pursuant to Local Rule 79-5 on the grounds the incorrect draft of the pleading containing work product privilege was erroneously filed. (es) (Entered: 10/17/2022) |
| 10/18/2022 | [107] | Joint EX PARTE APPLICATION to Extend Time to File Answer to 11/21/2022 re Amended Complaint/Petition, [100] filed by Defendant The State Bar of California. (Attachments: # [1] Memorandum of Points and Authorities in Support of Ex Parte Application to Extend Time to Respond to Second Amended Complaint, # [2] Declaration of B. Anderson in Support of Ex Parte Application to Extend Time to Respond to Second Amended Complaint, # [3] Exhibit A to Declaration of B. Anderson in Support of Ex Parte Application to Extend Time to Respond to Second Amended Complaint, # [4] Exhibit B to Declaration of B. Anderson in Support of Ex Parte Application to Extend Time to Respond to Second Amended Complaint, # [5] Proposed Order for Supplemental Motion to Dismiss the Sherman Antitrust Act Claims in the Second Amended Complaint) (Demas, Tiana) (Entered: 10/18/2022) |
| 10/20/2022 | [108] | MEMORANDUM in Opposition to Joint EX PARTE APPLICATION to Extend Time to File Answer to 11/21/2022 re Amended Complaint/Petition, [100] [107] *and Declaration of Lenore Albert* filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 10/20/2022) |
| 10/21/2022 | [109] | MINUTES (IN CHAMBERS) by Magistrate Judge Douglas F. McCormick Granting [107] Defendants' EX PARTE APPLICATION for Extension of Time. (nbo) (Entered: 10/21/2022) |
| 10/21/2022 | [110] | SCHEDULING ORDER by Magistrate Judge Douglas F. McCormick for Defendants' Supplemental Motions to Dismiss the Sherman Antitrust Act Claims in the Second Amended Complaint. (nbo) (Entered: 10/21/2022) |

| 11/21/2022 | 111 | STATEMENT in response to Court Orders filed by Defendant Rick Rankin re: Scheduling Order 110 , Order on Motion to Dismiss Party,,,,,,,,,,,,,, 94 . (Anderson, Justin) (Entered: 11/21/2022) |
|---|---|---|
| 11/21/2022 | 112 | Supplemental NOTICE OF MOTION AND MOTION to Dismiss Sherman Act Claim in Second Amended Complaint filed by Defendant Tyler Technologies, Inc.. (Attachments: # 1 Proposed Order) (Timm, Zachary) (Entered: 11/21/2022) |
| 11/21/2022 | 113 | Supplemental NOTICE OF MOTION AND MOTION to Dismiss Second Amended Complaint filed by Defendant The State Bar of California. (Attachments: # 1 Memorandum of Points and Authorities in Support of Supplemental Motion to Dismiss to Plaintiffs' Second Amended Complaint, # 2 Declaration of T. Demas in Support of Supplemental Motion to Dismiss to Plaintiffs' Second Amended Complaint, # 3 Exhibit A to Declaration of T. Demas in Support of Supplemental Motion to Dismiss to Plaintiffs' Second Amended Complaint, # 4 Exhibit B to Declaration of T. Demas in Support of Supplemental Motion to Dismiss to Plaintiffs' Second Amended Complaint, # 5 Exhibit C to Declaration of T. Demas in Support of Supplemental Motion to Dismiss to Plaintiffs' Second Amended Complaint, # 6 Exhibit D to Declaration of T. Demas in Support of Supplemental Motion to Dismiss to Plaintiffs' Second Amended Complaint, # 7 Exhibit E to Declaration of T. Demas in Support of Supplemental Motion to Dismiss to Plaintiffs' Second Amended Complaint, # 8 Exhibit F to Declaration of T. Demas in Support of Supplemental Motion to Dismiss to Plaintiffs' Second Amended Complaint, # 9 Proposed Order) (Demas, Tiana) (Entered: 11/21/2022) |
| 11/21/2022 | 114 | REQUEST FOR JUDICIAL NOTICE re Supplemental NOTICE OF MOTION AND MOTION to Dismiss Second Amended Complaint 113 filed by Defendant The State Bar of California. (Demas, Tiana) (Entered: 11/21/2022) |
| 01/09/2023 | 115 | MEMORANDUM in Opposition to Supplemental NOTICE OF MOTION AND MOTION to Dismiss Second Amended Complaint 113 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 01/09/2023) |
| 01/09/2023 | 116 | MEMORANDUM in Opposition to Supplemental NOTICE OF MOTION AND MOTION to Dismiss Sherman Act Claim in Second Amended Complaint 112 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 01/09/2023) |
| 01/09/2023 | 117 | REQUEST FOR JUDICIAL NOTICE re Supplemental NOTICE OF MOTION AND MOTION to Dismiss Sherman Act Claim in Second Amended Complaint 112 , Supplemental NOTICE OF MOTION AND MOTION to Dismiss Second Amended Complaint 113 filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 01/09/2023) |
| 01/23/2023 | 118 | REPLY in Support of Supplemental NOTICE OF MOTION AND MOTION to Dismiss Second Amended Complaint 113 filed by Defendant The State Bar of California. (Demas, Tiana) (Entered: 01/23/2023) |
| 01/23/2023 | 119 | REPLY In Support of Supplemental NOTICE OF MOTION AND MOTION to Dismiss Sherman Act Claim in Second Amended Complaint 112 filed by Defendant Tyler Technologies, Inc.. (Timm, Zachary) (Entered: 01/23/2023) |
| 01/31/2023 | 120 | MINUTE ORDER (IN CHAMBERS) Order Setting Hearing on Supplemental Motions to Dismiss by Magistrate Judge Douglas F. McCormick: re: Supplemental NOTICE OF MOTION AND MOTION to Dismiss Sherman Act Claim in Second Amended Complaint 112 , Supplemental NOTICE OF MOTION AND MOTION to Dismiss Second Amended Complaint 113 . The motions are fully briefed. The Court sets the motions for hearing on |

| | | February 16, 2023, at 10:00 a.m. [SEE DOCUMENT FOR FURTHER INFORMATION.] (es) (Entered: 01/31/2023) |
|---|---|---|
| 02/07/2023 | [121](#) | Joint STIPULATION for Hearing re Minutes of In Chambers Order/Directive - no proceeding held,, Set/Reset Motion Hearing and R&R Deadlines, [120](#) filed by Defendant The State Bar of California. (Attachments: # [1](#) Proposed Order)(Demas, Tiana) (Entered: 02/07/2023) |
| 02/07/2023 | [122](#) | ORDER REGARDING THE HEARING DATE FOR DEFENDANTS' SUPPLEMENTAL MOTIONS TO DISMISS by Magistrate Judge Douglas F. McCormick, re Stipulation for Hearing [121](#) , The Court, now ORDERS as follows: The Court resets the hearing on the supplemental motions to dismiss the federal antitrust claims in Plaintiffs Second Amended Complaint, filed by the State Bar and Tyler, (see Dkts. 112, 113), for March 7, 2023, at 10:00 a.m. (es) (Entered: 02/07/2023) |
| 02/27/2023 | [123](#) | Notice of Appearance or Withdrawal of Counsel: for attorney Walter Waidelich counsel for Defendant The State Bar of California. Walter Waidelich is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by Defendant The State Bar of California. (Waidelich, Walter) (Entered: 02/27/2023) |
| 03/07/2023 | [124](#) | MINUTES OF HEARING ON SUPPLEMENTAL MOTIONS TO DISMISS [112](#) [113](#) Motion Hearing held before Magistrate Judge Douglas F. McCormick: Case called and counsel make their appearances. Counsel argue motions. Court takes matters under submission. Court Reporter: CS 03/07/23. (es) (Entered: 03/07/2023) |
| 03/08/2023 | [125](#) | TRANSCRIPT ORDER as to Defendant The State Bar of California for Court Smart (CS). Court will contact Martiza DeJesus at mdejesus@cooley.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Demas, Tiana) (Entered: 03/08/2023) |
| 03/10/2023 | [126](#) | REQUEST FOR JUDICIAL NOTICE re Supplemental NOTICE OF MOTION AND MOTION to Dismiss Sherman Act Claim in Second Amended Complaint [112](#) , Supplemental NOTICE OF MOTION AND MOTION to Dismiss Second Amended Complaint [113](#) *Post Submission Based On New Evidence* filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 03/10/2023) |
| 03/17/2023 | [127](#) | ORDER by Magistrate Judge Douglas F. McCormick: Denying [41](#) MOTION for Order. Plaintiffs' Motion is DENIED. If the Court denies the pending supplemental motions to dismiss or retains supplemental jurisdiction over the state law claims, Plaintiffs will be required to file an amended complaint reflecting their given names. Until then, Plaintiff need not take affirmative action. (et) (Entered: 03/17/2023) |
| 03/31/2023 | [128](#) | TRANSCRIPT for proceedings held on 3/7/2023 10:03 a.m. to 10:52 a.m.. Court Reporter/Electronic Court Recorder: BABYKIN COURTHOUSE SERVICES, phone number (626) 963-0566. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 4/21/2023. Redacted Transcript Deadline set for 5/1/2023. Release of Transcript Restriction set for 6/29/2023. (apr) (Entered: 03/31/2023) |
| 03/31/2023 | 129 | NOTICE OF FILING TRANSCRIPT filed for proceedings 3/7/2023 10:03 a.m. to 10:52 a.m. re Transcript [128](#) THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (apr) TEXT ONLY ENTRY (Entered: 03/31/2023) |
| 04/03/2023 | [130](#) | ORDER re: Defendants' Supplemental Motions to Dismiss (Dkts. 112, 113) by Magistrate Judge Douglas F. McCormick: Defendants' Supplemental Motions to Dismiss are |

| | | GRANTED. Plaintiffs' antitrust claims are DISMISSED with prejudice. A separate order will follow regarding Plaintiffs' remaining claims. [See document for further information.] (es) (Entered: 04/03/2023) |
|---|---|---|
| 04/03/2023 | [131](#) | MINUTE ORDER (IN CHAMBERS) Order Re: Supplemental Jurisdiction by Magistrate Judge Douglas F. McCormick: The Court invites the parties to address this issue by submitting supplemental briefing within ten (10) days. Unless otherwise ordered, the Court will take this issue under submission without a hearing. [See document for further information.] (es) (Entered: 04/03/2023) |
| 04/13/2023 | [132](#) | SUPPLEMENT to Minutes of In Chambers Order/Directive - no proceeding held, [131](#) filed by Plaintiffs Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 04/13/2023) |
| 04/13/2023 | [133](#) | SUPPLEMENT to Minutes of In Chambers Order/Directive - no proceeding held, [131](#) filed by Defendant The State Bar of California. (Demas, Tiana) (Entered: 04/13/2023) |
| 05/01/2023 | [134](#) | MINUTE ORDER (IN CHAMBERS) Order Declining Supplemental Jurisdiction and Closing Case by Magistrate Judge Douglas F. McCormick: Given the Court's decision to decline jurisdiction, it will not make any further rulings on Defendants' motion to dismiss. [SEE DOCUMENT FOR FURTHER INFORMATION.] (Made JS-6. Case Terminated.) (es) (Entered: 05/02/2023) |
| 05/03/2023 | [135](#) | MINUTE ORDER (IN CHAMBERS) ORDER REMANDING CASE by Magistrate Judge Douglas F. McCormick: On May 1, 2023, the Court exercised its discretion to decline supplemental jurisdiction over the state-law claims and closed this case. See Dkt. 134. Plaintiffs have informed the Court that the state court suspended the case after removal and thus wish for an order of remand rather than dismissal. The dismissal order is VACATED. The Clerk of Court is directed to REMAND this case to Orange County Superior Court and CLOSE this case. (es) (Entered: 05/04/2023) |
| 05/04/2023 | [136](#) | TRANSMITTAL of documents to Orange County Superior Court. A certified copy of the order of remand and a copy of the docket sheet from this court was sent to Orange County Superior Court. (es) (Entered: 05/04/2023) |
| 05/31/2023 | [137](#) | Receipt of acknowledgment letter from Orange County Superior Court, Santa Ana, CA, 92701. Case No. 30-2022-01250695-CU-AT-CXC. (bm) (Entered: 05/31/2023) |
| 03/20/2024 | [138](#) | First EX PARTE APPLICATION to Vacate Order to Remand Case to State Court,, [135](#) , Minutes of In Chambers Order/Directive - no proceeding held,, [131](#) , Minutes of In Chambers Order/Directive - no proceeding held,, Terminated Case, [134](#) , Order on Motion to Dismiss,,, [130](#) , EX PARTE APPLICATION to Set Aside Order: Order to Remand Case to State Court,, [135](#) , Order on Motion to Dismiss,,, [130](#) filed by plaintiff John Roe 1. (Attachments: # [1](#) Declaration of Chad Pratt, # [2](#) Declaration of John Roe 1, # [3](#) Declaration of NZ 1, # [4](#) Declaration of NZ 2, # [5](#) Declaration of DE, # [6](#) Declaration KC, # [7](#) Declaration of Lenore Albert, # [8](#) Exhibit 1, # [9](#) Exhibit 2, # [10](#) Exhibit 3, # [11](#) Proposed Order) (Albert, Lenore) (Entered: 03/20/2024) |
| 03/20/2024 | [139](#) | REQUEST FOR JUDICIAL NOTICE re First EX PARTE APPLICATION to Vacate Order to Remand Case to State Court,, [135](#) , Minutes of In Chambers Order/Directive - no proceeding held, [131](#) , Minutes of In Chambers Order/Directive - no proceeding held,, Terminated Case, [134](#) , Order on Mo EX PARTE APPLICATION to Set Aside Order re: Order to Remand Case to State Court,, [135](#) , Order on Motion to Dismiss,,, [130](#) [138](#) filed by Plaintiff John Roe 1. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4, # [5](#) Exhibit 5, # [6](#) Exhibit 6, # [7](#) Exhibit 7, # [8](#) Exhibit 8, # [9](#) Exhibit 9)(Albert, Lenore) (Entered: 03/20/2024) |

| 03/20/2024 | [140](#) | NOTICE OF ERRATA filed by Plaintiff John Roe 1. correcting First EX PARTE APPLICATION to Vacate Order to Remand Case to State Court,, [135](#) , Minutes of In Chambers Order/Directive - no proceeding held, [131](#) , Minutes of In Chambers Order/Directive - no proceeding held,, Terminated Case, [134](#) , Order on Mo EX PARTE APPLICATION to Set Aside Order re: Order to Remand Case to State Court,, [135](#) , Order on Motion to Dismiss,,, [130](#) [138](#) (Albert, Lenore) (Entered: 03/20/2024) |
| --- | --- | --- |
| 03/21/2024 | [141](#) | Opposition Opposition to re: First EX PARTE APPLICATION to Vacate Order to Remand Case to State Court,, [135](#) , Minutes of In Chambers Order/Directive - no proceeding held, [131](#) , Minutes of In Chambers Order/Directive - no proceeding held,, Terminated Case, [134](#) , Order on Mo EX PARTE APPLICATION to Set Aside Order re: Order to Remand Case to State Court,, [135](#) , Order on Motion to Dismiss,,, [130](#) [138](#) filed by Defendant The State Bar of California. (Attorney David Ming Liu added to party The State Bar of California(pty:dft))(Liu, David) (Entered: 03/21/2024) |
| 03/21/2024 | [142](#) | NOTICE OF ERRATA filed by Plaintiff John Roe 1. correcting Errata, [140](#) , First EX PARTE APPLICATION to Vacate Order to Remand Case to State Court,, [135](#) , Minutes of In Chambers Order/Directive - no proceeding held, [131](#) , Minutes of In Chambers Order/Directive - no proceeding held,, Terminated Case, [134](#) , Order on Mo EX PARTE APPLICATION to Set Aside Order re: Order to Remand Case to State Court,, [135](#) , Order on Motion to Dismiss,,, [130](#) [138](#) , Objection/Opposition (Motion related),, [141](#) (Albert, Lenore) (Entered: 03/21/2024) |
| 03/21/2024 | [143](#) | MINUTES (IN CHAMBERS) Order Denying Ex Parte Application (Dkt. 138) by Magistrate Judge Douglas F. McCormick: Before the Court is Plaintiffs' Ex Parte Application to vacate the order of remand and reopen this case under the Federal Rules of Civil Procedure and the Court's inherent authority. See Dkt. [138](#) . No opposition has yet been filed, and none is needed. For the following reasons, the Court DENIES Plaintiffs' request. SEE DOCUMENT FOR FURTHER INFORMATION. (es) (Entered: 03/21/2024) |
| 04/02/2024 | [144](#) | [PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60 filed as] NOTICE OF MOTION AND MOTION to Vacate Order on Motion for Order, [127](#) , Order to Remand Case to State Court,, [135](#) , Order on Motion to Vacate,, Order on Motion to Set Aside Order, [143](#) , Minutes of In Chambers Order/Directive - no proceeding held,, Terminated Case, [134](#) , Order on Motion to Dismiss,,, [130](#) , NOTICE OF MOTION AND MOTION to Reopen Case filed by plaintiff John Roe 1, Jane Roe 2, John Roe 2. Motion set for hearing on 5/2/2024 at 10:00 AM before Magistrate Judge Douglas F. McCormick. (Attachments: # [1](#) Declaration John Roe 1, # [2](#) Declaration NZ, # [3](#) Declaration Chad Pratt, # [4](#) Declaration DE, # [5](#) Declaration KC, # [6](#) Declaration Theresa Marasco) (Albert, Lenore) Modified on 4/3/2024 (es). (Entered: 04/02/2024) |
| 04/02/2024 | [145](#) | DECLARATION of Lenore Albert in support of NOTICE OF MOTION AND MOTION to Vacate Order on Motion for Order, [127](#) , Order to Remand Case to State Court,, [135](#) , Order on Motion to Vacate,, Order on Motion to Set Aside Order, [143](#) , Minutes of In Chambers Order/Directive - no proceeding hel NOTICE OF MOTION AND MOTION to Reopen Case filed by Plaintiffs John Roe 1, Jane Roe 2, John Roe 2. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4, # [5](#) Exhibit 5, # [6](#) Exhibit 6, # [7](#) Exhibit 7, # [8](#) Exhibit 8, # [9](#) Exhibit 9, # [10](#) Exhibit 10, # [11](#) Exhibit 11, # [12](#) Exhibit 12, # [13](#) Exhibit 13, # [14](#) Exhibit 14, # [15](#) Exhibit 15, # [16](#) Exhibit 16, # [17](#) Exhibit 17, # [18](#) Exhibit 18, # [19](#) Exhibit 19, # [20](#) Exhibit 20, # [21](#) Exhibit 21)(Albert, Lenore) (Entered: 04/02/2024) |
| 04/02/2024 | [146](#) | DECLARATION of Larry Tran in support of NOTICE OF MOTION AND MOTION to Vacate Order on Motion for Order, [127](#) , Order to Remand Case to State Court,, [135](#) , Order on Motion to Vacate,, Order on Motion to Set Aside Order, [143](#) , Minutes of In |

| 04/02/2024 | | Chambers Order/Directive - no proceeding hel NOTICE OF MOTION AND MOTION to Reopen Case 144 filed by Plaintiffs John Roe 1, Jane Roe 2, John Roe 2. (Albert, Lenore) (Entered: 04/02/2024) |
| --- | --- | --- |
| 04/02/2024 | 147 | REQUEST FOR JUDICIAL NOTICE re NOTICE OF MOTION AND MOTION to Vacate Order on Motion for Order, 127 , Order to Remand Case to State Court,, 135 , Order on Motion to Vacate,, Order on Motion to Set Aside Order, 143 , Minutes of In Chambers Order/Directive - no proceeding hel NOTICE OF MOTION AND MOTION to Reopen Case 144 filed by Plaintiffs John Roe 1, Jane Roe 2, John Roe 2. (Attachments: # 1 Proposed Order)(Albert, Lenore) (Entered: 04/02/2024) |
| 04/08/2024 | 148 | EX PARTE APPLICATION to Shorten Time for Hearing on re NOTICE OF MOTION AND MOTION to Vacate Order on Motion for Order, 127 , Order to Remand Case to State Court,, 135 , Order on Motion to Vacate,, Order on Motion to Set Aside Order, 143 , Minutes of In Chambers Order/Directive - no proceeding hel NOTICE OF MOTION AND MOTION to Reopen Case 144 to 04/30/2024 filed by plaintiff John Roe 1. (Attachments: # 1 Declaration, # 2 Proposed Order) (Albert, Lenore) (Entered: 04/08/2024) |
| 04/08/2024 | 149 | EX PARTE APPLICATION to Continue Hearing Re: NOTICE OF MOTION AND MOTION to Vacate Order on Motion for Order, 127 , Order to Remand Case to State Court,, 135 , Order on Motion to Vacate,, Order on Motion to Set Aside Order, 143 , Minutes of In Chambers Order/Directive - no proceeding hel NOTICE OF MOTION AND MOTION to Reopen Case 144 filed by Defendant Tyler Technologies, Inc.. (Attachments: # 1 Declaration Justin A. Anderson, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Proposed Order) (Timm, Zachary) (Entered: 04/08/2024) |
| 04/09/2024 | 150 | MEMORANDUM in Opposition to EX PARTE APPLICATION to Continue Hearing Re: NOTICE OF MOTION AND MOTION to Vacate Order on Motion for Order, 127 , Order to Remand Case to State Court,, 135 , Order on Motion to Vacate,, Order on Motion to Set Aside Order, 143 , Minutes 149 filed by Plaintiffs John Roe 1, Jane Roe 2, John Roe 2, Chad T. Pratt, NZ Roe. (Attachments: # 1 Declaration)(Attorney Lenore L Albert added to party Chad T. Pratt(pty:pla), Attorney Lenore L Albert added to party NZ Roe(pty:pla)) (Albert, Lenore) (Entered: 04/09/2024) |
| 04/09/2024 | 151 | OPPOSITION re: EX PARTE APPLICATION to Shorten Time for Hearing on re NOTICE OF MOTION AND MOTION to Vacate Order on Motion for Order, 127 , Order to Remand Case to State Court,, 135 , Order on Motion to Vacate,, Order on Motion to Set Aside Order, 143 , 148 filed by Defendant The State Bar of California. (Liu, David) (Entered: 04/09/2024) |
| 04/10/2024 | 152 | MINUTES (IN CHAMBERS) Order Re: Ex Parte Application 148 149 by Magistrate Judge Douglas F. McCormick. Plaintiffs' Application is thus DENIED. Accordingly, the Court finds it in the interest of justice to continue the hearing and briefing schedule and GRANTS Defendants' Application. (SEE DOCUMENT FOR FURTHER DETAILS.) (rolm) (Entered: 04/10/2024) |
| 04/10/2024 | 153 | ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO CONTINUE HEARING AND BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR RELIEF UNDER FED. R. CIV. PROC. RULE 60 by Magistrate Judge Douglas F. McCormick. IT IS HEREBY ORDERED THAT: The hearing on Plaintiffs' Motion (DE 144) is taken off-calendar, to be rescheduled for a time after Chief Judge Philip S. Gutierrez has entered a final order on the Order to Show Cause as to why Ms. Lenore Albert- the individual who filed Plaintiffs' Motion- should not be suspended from the practice of law in the Central District pursuant to Local Rule 83-3.2. (rolm) (Entered: 04/10/2024) |

| 05/07/2024 | [154](#) | MOTION filed by Plaintiff Chad T. Pratt, NZ Roe, Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (es) (Entered: 05/07/2024) |
| 05/09/2024 | [155](#) | MINUTES (IN CHAMBERS) by Magistrate Judge Douglas F. McCormick: The Court has no authority to rule on Plaintiff's motion. Accordingly, the motion is DENIED [154](#) . (et) (Entered: 05/09/2024) |
| 07/08/2024 | [156](#) | NOTICE of Decision: Disbarment filed by plaintiff Chad T. Pratt, NZ Roe, Jane Roe 1, John Roe 1, Jane Roe 2, John Roe 2, Jane Roe 3. (Albert, Lenore) (Entered: 07/08/2024) |
| 07/09/2024 | 157 | Notice of Electronic Filing re Notice of Decision by other Court [156](#) e-mailed to david.liu@fmglaw.com bounced due to David Liu is no longer with Freeman Mathis & Gary. The primary e-mail address associated with the attorney record has been deleted. Pursuant to Local Rules it is the attorneys obligation to maintain all personal contact information including e-mail address in the CM/ECF system. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (jp) TEXT ONLY ENTRY (Entered: 07/09/2024) |
| 07/11/2024 | 158 | Notice of Electronic Filing re Notice of Decision by other Court [156](#) e-mailed to robert.retana@calbar.ca.gov bounced due to no longer work at the State Bar. The primary e-mail address associated with the attorney record has been deleted. Pursuant to Local Rules it is the attorneys obligation to maintain all personal contact information including e-mail address in the CM/ECF system. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (rolm) TEXT ONLY ENTRY (Entered: 07/11/2024) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/18/2024 17:38:46 | | |
| **PACER Login:** | fm010600 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:22-cv-00983-DFM End date: 11/18/2024 |
| **Billable Pages:** | 20 | **Cost:** | 2.00 |

# EXHIBIT C

1

**FREEMAN MATHIS & GARY, LLP**
DAVID M. LIU (SBN 216311)

2

david.liu@fmglaw.com
CHRISTOPHER J. WEBER (SBN 233998)

3

christopher.weber@fmglaw.com
3030 Old Ranch Parkway, Suite 200

4

Seal Beach, CA  90740
Telephone:     (213) 615-7000

5

Facsimile:     (213) 615-7100

6

OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA

7

ELLIN DAVTYAN (238609) (ellin.davtyan@calbar.ca.gov)
General Counsel

8

ROBERT G. RETANA (148677) (robert.retana@calbar.ca.gov)
Deputy General Counsel

9

SUZANNE C. GRANDT (304794) (suzanne.grandt@calbar.ca.gov)
Assistant General Counsel

10

180 Howard Street
San Francisco, CA 94105-1639

11

Telephone:     (415) 538-2388
Facsimile:     (415) 538-2517

12

13

*Attorneys for Defendant*
THE STATE BAR OF CALIFORNIA

14

15

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

16

**COUNTY OF ORANGE**

17

18

JOHN ROE 1, an individual; JOHN ROE 3;
JANE ROE 2 an individual; JANE ROE 3, an

19

individual, JOHN ROE 2, *on behalf of
themselves and all others similarly situated*,

20

21

Plaintiffs,

22

v.

23

STATE BAR OF CALIFORNIA; TYLER
TECHNOLOGIES, INC.; RICK RANKIN;
and DOES 4 through 10, inclusive,

24

25

Defendants.

Case No. 30-2022-01250695-CU-AT-CXC
*Assigned to Hon. Randall J. Sherman
Dept. CX-105*

**NOTICE OF RULING RE:
DEMURRERS AND STATUS
CONFERENCE**

Complaint filed:         March 18, 2022

Hearing Date: June 28, 2024
Hearing Time: 10:00 A. M.
Dept: CX-105

26

27

28

1

507238531.1
06/28/24 11:58AM

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2        **PLEASE TAKE NOTICE THAT** on June 28, 2024, at 10:00 a.m., Defendants'

3 unopposed demurrers to Plaintiffs' Fourth Amended Complaint, as well as a Status Conference,

4 came on regularly for hearing before the Honorable Randall J. Sherman, in Department CX105

5 of the Superior Court of the State of California, County of Orange.

6        Christopher Weber appeared on behalf of Defendant The State Bar of California;

7 Timothy Zach appeared on behalf of Defendant Tyler Defendant Technologies, Inc.; and

8 Michael Gold appeared on behalf of Defendant Rick Rankin.  Plaintiff Chad Pratt appeared on

9 behalf of himself in *pro per*.

10        The Court adopted its tentative ruling, attached hereto as Exhibit A, as the Court's final

11 ruling, continuing both the hearing on Defendants' Demurrers as well as the Status Conference

12 to **October 18, 2024**, at 10:00 a.m.

13        Defendant The State Bar of California was ordered to give notice.

14

Dated: June 28, 2024                **FREEMAN MATHIS & GARY, LLP**

15

16

17        By: _____
                  DAVID M. LIU

18                   CHRISTOPHER J. WEBER
                  Attorneys for Defendant

19                   STATE BAR OF CALIFORNIA

20

21

22

23

24

25

26

27

28

NOTICE OF RULING RE DEMURRERS AND STATUS CONFERENCE

507238531.1
06/28/24 11:58AM

EXHIBIT A

| 10 | **Roe 1 vs. The State Bar of California 2022-01250695** | The tentative ruling is to continue the hearing on defendants' unopposed Demurrers to Fourth Amended Complaint, as well as the Status Conference set for today, to October 18, 2024 at 10:00 a.m.  Plaintiffs' attorney has been suspended from the practice of law, and so the court is willing to grant plaintiffs one continuance to afford them sufficient time to obtain new counsel.  If plaintiffs fail to retain new counsel, their class claims are subject to being stricken.

Defendant The State Bar of California is ordered to give notice of the ruling. |
| 11 | **Valbuena vs. AEF Electric, Inc. 2018-01035004** | Defendant Derrick Thames' Motion for Judgment on the Pleadings is deemed a Motion to Strike and is granted without leave to amend, but without prejudice to plaintiffs seeking to add Derrick Thames as a judgment debtor in this case after trial as an alleged alter ego of defendant DS Thames International, Inc. if plaintiffs prevail against that corporate defendant at trial.

The Case Management Order which plaintiffs submitted to this court was signed by Judge Nakamura and entered on April 16, 2021.  The CMO provided in ¶C that the deadline to add new defendants and cross-defendants was June 15, 2021.  Plaintiffs did not add defendant Derrick Thames to this case until August 8, 2023, through their Second Amended Complaint.  This addition violated the CMO.  The Motion for Judgment on the Pleadings is not the proper challenge here, because the pleading is not alleged to fail to state a cause of action.  Rather, a motion to strike is the proper challenge here because defendant Thames alleges that the court, consistent with CCP §436(b), should strike part of the pleading because the naming of Thames as a defendant after the CMO deadline was not in conformity with a court order.

Plaintiffs argue that procedural law allows them to seek to hold Thames liable as an individual alter ego after judgment is entered against the corporation.  But that is not what plaintiffs have done.  They seek to add Thames now, before the trial, in violation of the CMO.  Thus, this ruling is without prejudice to plaintiffs seeking to add Derrick Thames as a judgment debtor in this case as an alleged alter ego of defendant DS Thames International, Inc. if they prevail against that defendant at trial.

Defendant Derrick Thames is ordered to give notice of the ruling. |
|  |  |  |
|  |  |  |
|  |  |  |

## **PROOF OF SERVICE**

I declare that I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years at the time of service and not a party to the within cause.  My business address is 550 South Hope Street, 22nd Floor, Los Angeles, California 90071-2627.

On June 28, 2024, I served copies of the attached document(s) entitled:  NOTICE OF RULING RE DEMURRERS AND STATUS CONFERENCE, on the interested parties in this action addressed as follows, and in the manner as set forth below:

☒   **BY U.S. MAIL.**  I placed such envelope, addressed as above by first-class mail, postage prepaid, for collection and mailing at my business address following our ordinary business practices. I am readily familiar with our ordinary business course of collection and processing of correspondence for mailing with the U.S. Postal Service. In the ordinary course of business on the same day that correspondence is placed for collection and mailing, it is deposited with the U.S. Postal Service for delivery to the addressee as to Lenore Albert, Esq. (only)

☒   **BY ELECTRONIC MAIL.**  I caused a copy of the document (s) to be sent from e-mail address sheila.benton@fmglaw.com to the persons at the e-mail address listed on the attached service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒   **STATE.**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 28, 2024 at Los Angeles, California.

_____
Sheila Benton

507238531.1
06/28/24 11:58AM

1

## SERVICE LIST

2

3

*John Roe 1, et al.  v. The State Bar of California, et al.*
*Case No.: 30-2022-01250695-CU-AT-CXC*

| | |
|---|---|
| Lenore Albert, Esq.<br>LAW OFFICE OF LENORE ALBERT<br>31872 Joshua Dr #22C<br>Trabuco Canyon, CA 92679<br><br>*[BY U.S. MAIL ONLY]* | *Attorney for Plaintiffs JOHN ROE 1, et al.*<br><br>T: (424) 365-0741<br>LenAlbert@InteractiveCounsel.com |
| Michael A. Gold, Esq.<br>Justin Anderson, Esq.<br>JEFFER MANGELS BUTLER &<br>MITCHELL LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067 | *Attorney for Defendant RICK RANKIN*<br><br>T: (310) 203-8080<br>mgold@jmbm.com<br>janderson@jmbm.com |
| Christina N. Goodrich, Esq.<br>Zachary T. Timm, Esq.<br>K&L GATES LLP<br>10100 Santa Monica Boulevard, 8th Floor<br>Los Angeles, CA 90067 | *Attorney for Defendant TYLER*<br>*TECHNOLOGIES, INC.*<br><br>T: (310) 552-5000<br>christina.goodrich@klgates.com<br>zach.timm@klgates.com |
| Beth W. Petronio, Esq. (admitted *pro hac vice*)<br>K&L GATES LLP<br>1717 Main Street, Suite 2800<br>Dallas, TX  75201 | *Attorney for Defendant TYLER*<br>*TECHNOLOGIES, INC.*<br><br>T: (214) 939-5815<br>beth.petronio@klgates.com |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

PROOF OF SERVICE

# EXHIBIT D

1 | **FREEMAN MATHIS & GARY, LLP**
CHRISTOPHER J. WEBER (SBN 233998)
2 | christopher.weber@fmglaw.com
DANIELLE A. OCAMPO (SBN 353484)
3 | danielle.ocampo@fmglaw.com
3030 Old Ranch Parkway, Suite 200
4 | Seal Beach, CA  90740
Telephone:     (562)583-3123
5 |
6 | OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
7 | ELLIN DAVTYAN (238609) (ellin.davtyan@calbar.ca.gov)
General Counsel
8 | ROBERT G. RETANA (148677) (robert.retana@calbar.ca.gov)
Deputy General Counsel
9 | SUZANNE C. GRANDT (304794) (suzanne.grandt@calbar.ca.gov)
Assistant General Counsel
10 | 180 Howard Street
San Francisco, CA 94105-1639
11 | Telephone:     (415) 538-2388
12 | *Attorneys for Defendant*
THE STATE BAR OF CALIFORNIA
13 |

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF ORANGE**

| | |
|---|---|
| JOHN ROE 1, an individual; JOHN ROE 3; JANE ROE 2 an individual; JANE ROE 3, an individual, JOHN ROE 2, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>STATE BAR OF CALIFORNIA; TYLER TECHNOLOGIES, INC.; RICK RANKIN; and DOES 4 through 10, inclusive,<br><br>Defendants. | Case No. 30-2022-01250695-CU-AT-CXC<br>*Assigned to Hon. Randall J. Sherman Dept. CX-105*<br><br>**NOTICE OF RULING RE: DEMURRERS AND STATUS CONFERENCE**<br><br>Complaint filed:         March 18, 2022<br><br>Hearing Date:  October 18, 2024<br>Hearing Time: 10:00 A. M.<br>Dept: CX-105 |

/ / /

/ / /

/ / /

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 18, 2024, at 10:00 a.m., Defendants' unopposed demurrers to Plaintiffs' Fourth Amended Complaint, as well as a Status Conference, came on regularly for hearing before the Honorable Randall J. Sherman, in Department CX105 of the Superior Court of the State of California, County of Orange.

Christopher Weber appeared on behalf of Defendant The State Bar of California; Beth Petrino and Timothy Zach appeared on behalf of Defendant Tyler Defendant Technologies, Inc.; and Justin Anderson appeared on behalf of Defendant Rick Rankin.  Plaintiffs Chad Pratt and Dan Chimeilweski appeared on behalf of themselves in *pro per*.

The Court adopted its tentative ruling, attached hereto as Exhibit A, as the Court's final ruling, continuing both the hearing on Defendants' Demurrers as well as the Status Conference to **February 7, 2025** at 10:00 a.m.

Defendant The State Bar of California was ordered to give notice.

Dated: October 21, 2024

FREEMAN MATHIS & GARY, LLP

By: _____
CHRISTOPHER J. WEBER
DANIELLE A. OCAMPO
*Attorneys for Defendant*
STATE BAR OF CALIFORNIA

NOTICE OF RULING RE DEMURRERS AND STATUS CONFERENCE

# EXHIBIT "A"

**TENTATIVE RULINGS**

**JUDGE RANDALL J. SHERMAN**

**DEPARTMENT CX105**

**OCTOBER 18, 2024**

Appearances, whether remote or in person, must be in compliance with Code of Civil Procedure §367.75, California Rules of Court, Rule 3.672, and Superior Court of California, County of Orange, Appearance Procedure and Information, Civil Unlimited and Complex, located at https://www.occourts.org/media-relations/covid/Civil_Unlimited_and_Complex_Appearance_Procedure_and_Information.pdf. Unless the court orders otherwise, remote appearances will be conducted via Zoom through the court's online check-in process, available at https://www.occourts.org/media-relations/civil.html. Information, instructions and procedures to appear remotely are also available at https://www.occourts.org/media-relations/aci.html. Once online check-in is completed, counsel and self-represented parties will be prompted to join the courtroom's Zoom hearing session. Participants will initially be directed to a virtual waiting room while the clerk provides access to the video hearing.

Court reporters will not be provided for motions or any other hearings. If a party desires a court reporter for a motion, it will be the responsibility of that party to provide its own court reporter. Parties must comply with the court's policy on the use of pro tempore court reporters, which can be found on the court's website at www.occourts.org/media/pdf/Privately_Retained_Court_Reporter_Policy.pdf.

If you intend to submit on the tentative ruling, please advise the other parties and the court by calling (657) 622-5305 by 9:00 a.m. on the hearing date. Make sure the other parties submit as well before you forgo appearing, because the court may change the ruling based on oral argument. Do not call the clerk about a tentative ruling with questions you want relayed to the court. Such a question may be an improper ex parte communication.

| # | Case Name & No. | Tentative Ruling |
|---|---|---|
| 1 | **Axis Surplus Insurance Co. vs. HomeDeliveryLink, Inc.** 2024-01393277 | The unopposed application of attorney Janis E. Steck to be admitted pro hac vice to represent defendant HomeDeliveryLink, Inc. in this action is granted. The applicant has complied with CRC Rule 9.40. If the attorney remains counsel for defendant on the anniversary of the date this application is granted, she must pay an annual renewal fee of $500 for each year that she maintains pro hac vice status in this case, pursuant to Gov. Code §70617(e)(2). Defendant HomeDeliveryLink, Inc. is ordered to give notice of the ruling unless notice is waived. |
| 2 | **Nilchian vs. Organic Pastures Dairy Company LLC** 2020-01166856 | The tentative ruling is to continue the hearing on plaintiff's Motion for Preliminary Approval of Class Action Settlement to February 7, 2025 at 10:00 a.m. Counsel must file supplemental papers addressing the court's concerns (not fully revised papers that would have to be re-read) at least 16 days before the next hearing date. Counsel should |

|   |   | submit an amendment to the settlement agreement rather than any amended settlement agreement.  Counsel also should provide a red-lined version of any revised papers, including the class notice. |
|---|---|---|
|   |   | In response to the court's point that plaintiff provided no information as to plaintiff's potential recovery or defendant's potential exposure for the violations alleged, plaintiff provided the court with information only as to defendant's Cream Top – Whole Raw Milk product.  The First Amended Complaint, however, asserted allegations as to defendant's "raw dairy products, including 'Cream Top – Whole Raw Milk'; 'Original Raw Kefir'; 'Gold Raw Kefir'." The settlement class includes purchasers of only defendant's Cream Top – Whole Raw Milk product.  Plaintiff has failed to show what potential outcome putative class members are giving up in exchange for the settlement not including any of defendant's other products. |
|   |   | The class notice has not been amended like the settlement agreement has been, to delete improper injunctive language.  In §12 on p. 7, the paragraph saying that, "no Settlement Class Member, or group of Settlement Class Members, may bring any future lawsuits against Defendant for mislabeling or deceptive marketing practices with respect to the Covered Products at issue, or any lawsuits based upon any claims or facts asserted in the current Lawsuit, or based upon any other claims that could have been asserted in this Lawsuit, but were not – even claims that were not known to such Settlement Class Member or that he or she did not even suspect existed as of the date the proposed Settlement is approved by the Court" must be deleted.  The language is also overbroad, since it includes products for which the class members will receive no consideration, the phrase "any other claims that could have been asserted in this Lawsuit" is vastly overbroad, and the general release type language may not be applied to class members, but only to the named plaintiff. |
|   |   | The parties have not provided the court with any declaration from any of defendant's attorneys as to any potential conflict of interest as to the proposed cy pres recipient, as required by CCP §382.4. |
|   |   | Plaintiff is ordered to give notice of the ruling to defense counsel unless notice is waived. |
| 3 | **Dabney vs. Alignment Healthcare USA, LLC 2022-01256712** | The tentative ruling is to continue the hearing on plaintiff's Motion for Preliminary Approval of Class and Representative Action Settlement to February 7, 2025 at 10:00 a.m.  Counsel must file supplemental papers addressing the court's concerns (not fully revised papers that would have to be re-read) at least 16 days before the next hearing date.  Counsel should submit an amendment to the settlement agreement rather than any amended settlement agreement.  Counsel also should provide a red-lined version of any revised papers, including the class notice.  Counsel also should provide the court with an |

explanation of how the pending issues were resolved, with
references to any corrections to the settlement agreement
and the class notice, rather than with just a supplemental
declaration or brief that simply asserts the issues have
been resolved.

The motion does not provide the court with the estimated
high, low or average individual payments to the class
members.  The estimated average payment must be
provided for preliminary approval, but if the high and low
estimated payments are not available at this time, they
must be provided in the motion for final approval.

The "Class Action and PAGA Settlement Agreement and
Class Notice" should not be one document with one title
and continuous page numbering if counsel intends to send
class members only the class notice.  The pages of the
class notice must be numbered starting with 1.

The settlement agreement in ¶¶5.5.2, 5.6 and 5.8.4 and
the class notice in §4.3 provide that the Administrator's
determination of the validity of opt-outs and each class
member's allocation of workweeks will be final and not
appealable or otherwise susceptible to challenge.  The
documents should reflect instead that the court will resolve
any opt-out validity or workweek dispute not otherwise
resolved by the Administrator and the parties.

The allocation of only 20% of the class action portion of the
settlement payments for wages appears to be low.  The
estimated exposure analysis in the motion allocates about
28% of the class members' potential (non-PAGA) recovery
to wages.  Either an increase to 25% or an adequate
explanation of why the figure is not at least 25% is
required.

In §3.2(c) of the class notice, fill in the blank for the
administrator's fee with $13,500.

Rather than having class members prepare their own opt-
out requests and workweek dispute forms, the class notice
must include an exclusion form and a workweek dispute
form that class members can complete and submit.  The
forms should be referenced in the class notice.

There is no information as to how many of the class
members or aggrieved employees speak and/or read
English, which might require that the class notice also be in
another language.

Counsel should provide declarations confirming whether
there any other actions (class, PAGA or individual,
including PAGA actions in the pre-lawsuit LWDA notice
stage) that could be affected by this settlement.

Counsel should propose a realistic Final Approval Hearing
date, bearing in mind that all papers in support of the Final
Approval Hearing, including detailed hourly breakdowns of

| | | plaintiff's attorneys to support a lodestar cross-check, detailed plaintiff attorney cost breakdowns, an Administrator declaration and invoice, and plaintiff's declaration to support the enhancement request, must be filed at least 16 calendar days before the Final Approval Hearing date, to provide enough time for court review, and must be served in compliance with CCP notice of motion requirements. <br><br> The Status Conference set for November 27, 2024 is ordered off calendar. <br><br> Plaintiff is ordered to give notice of the ruling to defense counsel unless notice is waived. |
|---|---|---|
| 4 | **Martinez vs. West Coast Prime Meats, LLC 2021-01185742** | Plaintiffs' Motion for Final Approval of Class Action Settlement, Attorneys' Fees and Expenses, and Enhancement Award is granted, except that the court awards enhancements to plaintiffs Veronica Cruz Martinez and Maria Morales only in the amounts of $3,000 each. Enhancement awards totaling $6,000 are sufficient and proper for a class and settlement of this size, and considering that there was nothing extraordinary about plaintiffs' contributions to the case. <br><br> The court concludes that the $350,000 class action and PAGA settlement, as approved, is fair, adequate and reasonable, and approves the following specific awards: <br><br> • $116,666.67 to plaintiffs' counsel for plaintiffs' attorneys' fees, as requested; <br> • $11,697.67 to plaintiffs' counsel for plaintiffs' attorney costs, as requested; <br> • $3,000.00 each to plaintiffs Veronica Cruz Martinez and Maria Morales as enhancement awards, reduced from the $5,000.00 each requested; <br> • $8,450.00 to the Administrator, ILYM Group, Inc, as requested; and <br> • $37,500.00 to the LWDA for its share of PAGA penalties, as requested. <br><br> The total amount that will be payable to all class members and aggrieved employees if they are paid the amount to which they are entitled pursuant to the judgment is $169,685.66. <br><br> Plaintiffs must combine their [Proposed] Order Granting Final Approval and their [Proposed] Judgment, and submit one document, a [Proposed] Order and Judgment. The Proposed Final Order and Judgment must (1) in ¶5, delete "and in the transcript of the proceedings of the preliminary approval hearing" (2) in ¶7, identify the putative class member who opted out and thus will not be bound by the judgment, (3) delete the last sentence of ¶7, improper injunction language, (4) in ¶10, delete D.Law, Inc. as class counsel, since they were not identified as class counsel in either ¶1.6 of the settlement agreement or ¶9 of the class notice, and are not receiving any attorneys' fees award, (5) |

| | | in ¶¶11 and 13, insert the actual enhancement award amounts, and (6) in §17 at 5:28, delete "or related in any manner to". |
|---|---|---|
| | | The court sets a Final Report Hearing for July 18, 2025 at 10:00 a.m., to confirm that distribution efforts are fully completed, including that the amount of the uncashed checks has been delivered to the State Controller's Office Unclaimed Property Fund in the names of the applicable payees, or confirming the initiation of the process for the reporting and distribution of uncashed checks, which may require following the procedures set forth in CCP §1520, and ultimately a showing that the Administrator's work is complete and that the court's file thus may be closed.  All supporting papers must be filed at least 16 days before the Final Report Hearing date. |
| | | Plaintiffs are ordered to give notice of the ruling to defense counsel unless notice is waived. |
| **5** | **Jimenez vs. Innovative Cleaning Services Inc. 2022-01292149** | The tentative ruling is to continue the hearing on plaintiff's Motion to Approve Private Attorneys General Act Settlement and Enter Final Judgment to February 7, 2025 at 10:00 a.m.  Counsel must file supplemental papers addressing the court's concerns (not fully revised papers that would have to be re-read) at least two weeks before the next hearing date.  Counsel must submit an amendment to the settlement agreement rather than any amended settlement agreement.  Counsel also must provide a red-lined version of any revised papers, including the proposed letter to the aggrieved employees.  Counsel also should provide the court with an explanation of how the pending issues were resolved, with references to any corrections to the settlement agreement and the proposed letter to the aggrieved employees, rather than with just a supplemental declaration or brief simply asserting that the issues have been resolved. |
| | | Plaintiff has not provided the court with the estimated average, high and low payments to aggrieved employees under the proposed settlement.  These estimates are needed to assist the court in properly determining the fairness of the proposed settlement. |
| | | In ¶I(a) of the settlement agreement, correct the case number, which starts with "30", not "0". |
| | | There is an escalator clause in the settlement agreement, but this is a motion to have the PAGA settlement fully approved, and so the court must approve a specific gross settlement amount on the granting of this motion.  Thus, the parties must determine the gross settlement amount to be approved, as well as the PAGA period ending date. |
| | | The definition of PAGA Claims includes claims for violations of Labor Code §§201 and 202, but it does not appear that any claims under those statutes were supported by any facts in plaintiff's letter to the LWDA, apart from simply |

| | | |
|---|---|---|
| | | citing those statutes.  If plaintiff did not give the LWDA notice and an opportunity to investigate or pursue litigation itself for violations of those statutes, they may not be the subject of the release in this case.  LaCour vs. Marshalls of California, LLC (2023) 94 Cal. App. 5th 1172, 1192-96.  Plaintiff must provide an explanation as to how plaintiff properly asserted claims for violation of those statutes in the LWDA letter, or those statutes must be removed from the definition of PAGA Claims being released. |
| | | Plaintiff does not provide any information as to how attorneys' fees will be split between the two law firms representing plaintiff and the aggrieved employees.  Plaintiff must disclose the proposed split so that the court can approve separate attorneys' fees awards. |
| | | Plaintiff has not submitted her attorneys' bills or a detailed breakdown of her attorneys' costs to support the court's review of the costs request.  Exhibit G to the Garay Declaration is not a costs breakdown, as claimed. |
| | | An invoice from the Administrator, not just an estimate, is required to support the $4,000.00 Administrator fee request. |
| | | The parties must identify a proposed cy pres recipient, and must provide the court with declarations from counsel as to any potential conflict of interest as to the proposed cy pres recipient, as required by CCP §382.4. |
| | | The proposed cover letter to be sent to the aggrieved employees with their penalty checks is wrong in stating, "you will be giving up or 'releasing' ICS from all claims, demands, liabilities, damages, attorney's fees, costs, and penalties that are asserted in the LWDA Notice and PAGA Action for alleged [list of claims]".  Only PAGA penalties have been settled, not any damages claims.  The cover letter must explain that no claims for any unpaid or underpaid wages have settled, and that this settlement is without prejudice to any pursuit of such claims. |
| | | Plaintiff is ordered to give notice of the ruling to defense counsel unless notice is waived. |
| 6 | **Aresh vs. Hunt 2018-00982195** | The Motion of Defendants Todd Mikles, Etienne Locoh, SCMG Liquidation, Inc., SSMF Liquidation, LLC, Infinity Urban Century, LLC, GCL, LLC, and Sovereign Capital Management Holdings, LLC for Judgment on the Pleadings is denied.  The Trustee Defendants' Joinder in Motion for Judgment on the Pleadings is denied.  Defendants' Request for Judicial Notice is granted. |
| | | Defendants seek judgment on the pleadings based on res judicata because this court sustained without leave to amend a demurrer in the related case of Aresh v. Mikles 2012 Irrevocable Trust, OCSC Case No. 30-2021-01180402 ("Aresh II").  The court sustained the demurrer in Aresh II because plaintiffs failed to plead sufficient allegations to |

| | | state causes of action due to vague or conclusory allegations, failed to join necessary party Todd Mikles, failed to plead facts to overcome applicable statutes of limitation, and plaintiffs improperly split causes of action between Aresh II and this action. The ruling in Aresh II is now on appeal. |
|---|---|---|
| | | The court in <u>Boyd v. Freeman</u> (2017) 18 Cal. App. 5th 847, 855, held that a judgment based on the sustaining of a demurrer for technical or formal defects is not on the merits and thus is not a bar to the filing of a new action. The court added that a demurrer which is sustained for failure of the facts to establish a cause of action is a judgment on the merits, but only if the same facts are pleaded in the second action, or if while different facts are pleaded, the new complaint contains the same defects as the former. Moreover, a judgment following a demurrer to potentially curable defects in the complaint's allegations also is not on the merits. <u>Id.</u> |
| | | Here, defendants rely on a ruling that was not a final judgment on the merits, and thus has no preclusive effect in this action. Further, defendants fail to demonstrate that the defects in the operative complaint in Aresh II are present in the operative complaint in this action such that the ruling would have a res judicata effect in this action. Defendants also have not shown that plaintiffs failed to name a necessary party, improperly split claims, or that the pleading in this action fails to state a claim. As such, the court's ruling in Aresh II does not bar the claims in this action. Finally, this court will not consider any new arguments raised for the first time in defendants' reply briefs. |
| | | Plaintiffs are ordered to give notice of the ruling unless notice is waived. |
| 7 | **The Regents of the University of California vs. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO, Local Union 4811 2024-01403666** | Proposed Intervenor Public Employment Relations Board's Motions for Leave to Intervene and for Stay of Judicial Proceedings are denied. |
| | | The very definition of intervention has no application here. CCP §387(b) provides: "An intervention takes place when a nonparty, deemed an intervenor, becomes a party to an action or proceeding between other persons by doing any of the following: (1) Joining a plaintiff in claiming what is sought by the complaint. (2) Uniting with a defendant in resisting the claims of a plaintiff. (3) Demanding anything adverse to both a plaintiff and a defendant." Proposed Intervenor Public Employment Relations Board ("PERB") does not satisfy any of these three criteria, rendering intervention inapplicable. The Union contends in a reply brief that PERB should be permitted to intervene because it is "uniting with a defendant in resisting the claims of a plaintiff", but PERB is not seeking to resist plaintiff's breach of contract claim in this action. Rather, PERB is asserting that it has exclusive jurisdiction to decide the dispute between the actual parties to the contract. |

PERB also has not established either of the criteria for mandatory intervention under CCP §387(d)(1).  First, PERB does not have "an interest relating to the property or transaction that is the subject of the action and that person is so situated that the disposition of the action may impair or impede that person's ability to protect that interest". Plaintiff Regents' Prayer for Relief in its Complaint asks for a judgment enjoining the defendant Union from all strike activities while the no-strike clauses in the parties' collective bargaining agreements are in effect.  PERB has no interest in whether or not the Union strikes.  Rather, PERB seeks to intervene as a neutral party who asserts that it has statutory priority to resolve the issues involved in this action through its quasi-judicial administrative process, citing Fresno Unified School Dist. v. National Education Assn. (1981) 125 Cal. App. 3d 259, 273.  That alleged "interest", however, does not qualify under the statute as an interest justifying mandatory intervention. To the contrary, as an adjudicative body, PERB must necessarily be neutral.

Even if PERB had the requisite interest, the exception in CCP §387(d)(1)(B) applies, because PERB's alleged interest is adequately represented by one or more of the existing parties.  The Union argued at the TRO hearing, and continues to argue, that this court should not rule on plaintiff's injunction requests because PERB has exclusive or primary jurisdiction over this dispute.

PERB cites Fresno Unified School Dist. v. National Education Assn. (1981) 125 Cal. App. 3d 259, in which the court held, "In light of the expertise which PERB brings to labor disputes arising under the EERA, the superior court which had jurisdiction over an equitable action should have stayed its hand until the specialized agency had initially addressed the dispute."  Id. at 274.  However, pursuant to CCP §527.3(b)(4)(iii), "The term 'labor dispute' includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment regardless of whether or not the disputants stand in the proximate relation of employer and employee."  The evidence shows that this case does not involve any controversy concerning the terms or conditions of the Union members' employment, and thus does not involve a labor dispute.  Rather, the Union members' strike was simply to express disapproval with the University's response to protests on its campuses.  Neither the terms nor the conditions of the Union members' employment were implicated by the University's response to protests on its campuses.  Although the protesters might include some Union members, not all of the Union members were protesters, and there was no showing that all of the Union's members sided with the Union on this issue. Indeed, if the Union were trying to obtain better pay, better benefits or better working conditions for its

members, then presumably all of the Union's members would be aligned in interest with the Union's position, since they all stood to benefit. Here, however, the Union's position had nothing to do with any unified interest of its members, but rather a political position with which many of the Union's 40,000 or so members presumably disagreed. In addition, the University's response to protesters was not to its employees, but to the protesters, whether they were UC students who are Union members, UC students who are not Union members, or people who are not UC students at all. Thus, this case does not involve a "labor dispute" falling within PERB's expertise.

Relevant to the issue of whether PERB has exclusive jurisdiction over this dispute, Gov. Code §3509(b) provides, "A complaint alleging any violation of this chapter or of any rules and regulations adopted by a public agency pursuant to Section 3507 or 3507.5 shall be processed as an unfair practice charge by the board. The initial determination as to whether the charge of unfair practice is justified and, if so, the appropriate remedy necessary to effectuate the purposes of this chapter, shall be a matter within the exclusive jurisdiction of the board." In the case of City of San Jose v. Operating Engineers Local Union No. 3 (2010) 49 Cal. 4th 597, the California Supreme Court confirmed that in 2000, the Legislature extended PERB's jurisdiction to cover matters arising under the Meyers-Milias-Brown Act of 1968 through the enactment of Gov. Code §3509, subd. (b) of which provides that a complaint alleging any violation of the MMBA shall be processed as an unfair practice charge by PERB, and that the initial determination as to whether the charge of unfair practice is justified and, if so, the appropriate remedy necessary to effectuate the purposes of this chapter, shall be a matter within the exclusive jurisdiction of PERB. 49 Cal. 4th at 605. In this case, however, the Regents do not allege any violation of the MMBA, but rather a breach of the parties' contracts. Thus, this case does not fall within the exclusive initial jurisdiction of PERB, and this court may adjudicate this case. Although the Regents did in fact initiate proceedings with PERB, those matters were ones in which the Regents accused the Union of violating the MMBA, which is within PERB's jurisdiction. This case, by contrast, avoids accusing the Union of violating the MMBA, relying solely on breach of contract allegations. The Higher Education Employer Employee Relations Act expressly states that PERB "shall not have authority to enforce agreements between the parties". Gov. Code §3563.2(2). Thus, mandatory intervention is denied.

CCP §387(d)(2) sets forth the criteria for permissive intervention, which may apply, "if the person has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both." Here, however, PERB does not have an interest in the matter in litigation, i.e., plaintiff's claims of breach of contract against the Union, or in the success of either of the parties, or an interest against both of the parties. The test set

| | | forth in <u>Reliance Ins. Co. v. Superior Court</u> (2000) 84 Cal. App. 4th 383, 386, is not satisfied because the nonparty PERB does not have a direct and immediate interest in the action.  Thus, permissive intervention is also denied.<br><br>Tellingly, PERB has cited no authority permitting an administrative agency to intervene in an action where it is neutral as to the claim at issue.<br><br>Plaintiff is ordered to give notice of the ruling unless notice is waived. |
|---|---|---|
| 8 | **Lundin vs. Goldman 2022-01290254** | On June 28, 2024, the court continued the hearing on Defendants' Motion to Compel Plaintiff Leslie Lundin's Compliance With Defendants' Notice of Her Deposition; Request for Sanctions in the Amount of $29,094.50, to today.  The court reasoned:<br><br>"Despite three deposition notices which were based in part on dates on which Lundin said she was available, Lundin objected at the last minute, failed to explain why she was unavailable, and failed to offer alternate deposition dates. It was only after defendants filed this motion on April 17, 2024 that Lundin finally appeared, on May 16, 2024. However, there is still a second deposition session scheduled to take place in September 2024.  Lundin also has agreed to produce documents in seven of the ten requested categories by July 5, 2024.  It seems prudent for this court to continue the hearing on this motion until after the second session of Lundin's deposition takes place, and she produces all the documents she intends to produce, with the court needing to resolve only unproduced documents that are still in dispute and the sanctions requests.  In addition, plaintiffs contend that the court should postpone compelling any further production by Lundin until defendants' alleged breach of the protective order by producing confidential documents without filing them under seal is resolved."<br><br>The parties' Joint Status Conference Report filed on October 4, 2024 explains that the second deposition session went forward on September 5, 2024.  However, defendants contend that Lundin improperly did not answer certain deposition questions.  Any such failure would have to be resolved by a future motion, not this motion.  In addition, plaintiffs produced some documents, and more documents were going to be produced during the week of October 7, 2024 as part of David Goldman's member inspection.  However, defendants assert that plaintiffs did not produce all of the required documents.  The sanctions request also remains pending.<br><br>Thus, the court will discuss the motion with the parties, and presumably will continue defendants' documents and sanctions requests to the date of one of the future hearings that have been set in this case. |

| 9 | **Roe 1 vs. The State Bar of California 2022-01250695** | The tentative ruling is to continue the hearing on defendants' Demurrers to Fourth Amended Complaint, as well as the Status Conference set for today, to February 7, 2025 at 10:00 a.m.  Plaintiffs' attorney was suspended from the practice of law, the court granted plaintiffs a continuance of the demurrer hearings to obtain new counsel, but plaintiffs still have not obtained new counsel. Plaintiff Chad Pratt, the only plaintiff whose name is of record, attempted to file a Substitution of Attorney, but the clerk rejected it, rendering his pro per status in limbo.  No other plaintiffs have filed any opposition to the demurrers. Thus, the court is willing to grant plaintiffs another continuance to obtain new counsel or to file their own oppositions.  If plaintiffs are not represented by an attorney in good standing, their class claims are subject to being stricken.  The court also isn't sure what to do about the fact that it does not know the names of the other "named" plaintiffs, who may well have to represent themselves if they want to continue to be part of this case. Any continued failure to appear or oppose the demurrers on their part might be construed as a concession to the demurrers as to them, because the failure to oppose a demurrer may be construed as an abandonment of any argument against it.  Herzberg v. County of Plumas (2005) 133 Cal. App. 4th 1, 20.

Defendant The State Bar of California is ordered to give notice of the ruling. |
|   |   |   |
|   |   |   |
|   |   |   |
|   |   |   |
|   |   |   |
|   |   |   |
|   |   |   |
|   |   |   |

(continued from previous entry)

Finally, the court does not intend to appoint a discovery referee today.

Defendants are ordered to give notice of the ruling unless notice is waived.

**PROOF OF SERVICE**

I am over 18 years of age and not a party to this action.

I am employed in Orange County, California, in the office of an active member of the State Bar of California. My business address is 3030 Old Ranch Parkway, Suite 200, Seal Beach, California 90740.

On October 21, 2024, I served a copy of the document(s) entitled:

**NOTICE OF RULING RE: DEMURRERS AND STATUS CONFERENCE**

in the manner described below:

☐      **By United States Mail.** I enclosed the document(s) in the envelope(s) addressed to the individual(s) on the attached Service List. I sealed and deposited the envelope(s) with postage fully prepaid at the United States Postal Service collection box located at 3020 Old Ranch Parkway, Seal Beach, California 90740.

☐      **By Overnight Delivery.** I enclosed the document(s) in the envelope(s) provided by an overnight delivery carrier and addressed to the individual(s) on the attached Service List. I sealed and deposited the envelope(s) in the box regularly maintained by the express service carrier located at 3020 Old Ranch Parkway, Seal Beach, California 90740.

☐      **By CM/ECF PORTAL.** I certify that I electronically filed the foregoing documents and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒      **By Electronic Service.** I attached the document(s) to an email and sent the email from lisa.khan@fmglaw.com to the individual(s) on the attached Service List at the email address(es) stated therein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 21, 2024, at Seal Beach, California

_____
Lisa Khan

1

2

**SERVICE LIST**

3

*John Roe 1, et al.  v. The State Bar of California, et al.*

4

*Case No.: 30-2022-01250695-CU-AT-CXC*

5

| | |
|---|---|
| Lenore Albert, Esq.<br>LAW OFFICE OF LENORE ALBERT<br>31872 Joshua Dr #22C<br>Trabuco Canyon, CA 92679 | *Attorney for Plaintiffs JOHN ROE 1, et al.*<br><br>T: (424) 365-0741<br>LenAlbert@InteractiveCounsel.com |
| Michael A. Gold, Esq.<br>Justin Anderson, Esq.<br>JEFFER MANGELS BUTLER &<br>MITCHELL LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067 | *Attorney for Defendant RICK RANKIN*<br><br>T: (310) 203-8080<br>mgold@jmbm.com<br>janderson@jmbm.com |
| Christina N. Goodrich, Esq.<br>Zachary T. Timm, Esq.<br>K&L GATES LLP<br>10100 Santa Monica Boulevard, 8th Floor<br>Los Angeles, CA 90067 | *Attorney for Defendant TYLER TECHNOLOGIES, INC.*<br><br>T: (310) 552-5000<br>christina.goodrich@klgates.com<br>zach.timm@klgates.com |
| Beth W. Petronio, Esq. (admitted *pro hac vice*)<br>K&L GATES LLP<br>1717 Main Street, Suite 2800<br>Dallas, TX  75201 | *Attorney for Defendant TYLER TECHNOLOGIES, INC.*<br><br>T: (214) 939-5815<br>beth.petronio@klgates.com |
| Chad Pratt | *Plf. In Pro Per*<br>chadprattsr@gmail.com |
| Dan Chmielewski | *Plf. In Pro Per*<br>dchm@cox.net |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# EXHIBIT E

1  Lenore L. Albert, Esq. SBN 210876
2  Email: lenalbert@InteractiveCounsel.com
   LAW OFFICES OF LENORE ALBERT
3  1968 S Coast Hwy #3960
   Laguna Beach, CA 92651
4  Telephone (424)365-0741
5  Attorney for Plaintiffs, John Roe 1,John Roe 3,
   Jane Roe 2, Chad Pratt, and NZ *on behalf of*
6  *themselves and all others similarly situated.*

7

8                    **SUPERIOR COURT OF CALIFORNIA**

9                          **COUNTY OF ORANGE**

10
   JOHN ROE 1, an individual; JOHN ROE 3; JANE      CASE NO. 30-2022-01250695-CU-AT-CXC
11 ROE 2; CHAD PRATT; and NZ *on behalf of*
   *themselves and all others similarly situated*,   Assigned to the Hon. Randall J. Sherman, CX-105
12                                                    Complaint filed: 03-18-2022
13                                    Plaintiff,
   vs.                                               **FOURTH AMENDED CLASS ACTION**
14                                                    **COMPLAINT**
   THE STATE BAR OF CALIFORNIA; TYLER
15 TECHNOLOGIES, INC.; RICK RANKIN; and               1. **Invasion of Privacy (Cal. Const. Art I § 1)**
   DOES 4 through 10, inclusive,                      2. **Negligence**
16                                 Defendants.        3. **Govt Code §815.6 Liability**
17                                                    4. **Govt Code §815.4 Liability**
                                                      5. **Negligence**
18                                                    6. **Deceit**

19
                                                      [**DEMAND FOR JURY TRIAL**]
20

21

22

23
          Plaintiffs John Roe 1, John Roe 3, Jane Roe 2, Chad Pratt, and NZ (referred to collectively as
24
   "Plaintiff" or "Plaintiffs"), by and through their attorney, amend their pleadings pursuant to the
25
   Court's order on demurrer and bring this action against Defendants, the State Bar of California, Tyler
26
   Technologies, Inc., Rick Rankin, and Does 4 through 10, and each of them so captioned, (collectively
27
   the "Defendants") and alleges the following on information and belief, except as to those allegations
28
   which pertain to the Plaintiffs and are within their personal knowledge:

## **PARTIES**

1.      Plaintiff, John Roe 1, at all times mentioned herein relevant to this complaint is employed in and is a resident of Orange County, California and has filed a confidential Complaint with the State Bar of California. Plaintiff sues under the pseudonym of "John Roe 1" to protect his legitimate interests in his privacy.

2.      Plaintiff, John Roe 3, at all times mentioned herein relevant to this complaint was a resident of Sutter County, California. He had filed a confidential Complaint with the State Bar of California. Plaintiff sues under the pseudonym of "John Roe 3" to  protect his legitimate interest in his privacy.

3.      Plaintiff, Jane Roe 2, at all times mentioned herein relevant to this complaint was a former judge licensed by the State Bar of California and resident of San Diego County, California and was the subject of a confidential investigation filed with the State Bar of California. Plaintiff sues under the pseudonym of "Jane Roe 2" to protect her legitimate interests in her privacy.

4.      Plaintiff, Chad Pratt, at all times mentioned herein relevant to this complaint is an attorney licensed by the State Bar of California and resident of Los Angeles County, California and was the subject of a confidential investigation filed with the State Bar of California.

5.      Plaintiff, NZ, at all times mentioned herein relevant to this complaint is an attorney licensed by the State Bar of California and resident of Los Angeles County, California and was the subject of a confidential investigation filed with the State Bar of California. Plaintiff sues under the pseudonym of "NZ" to protect his legitimate interests in his privacy.

6.      Defendant THE STATE BAR OF CALIFORNIA, is a public corporation and has two offices located in (1) San Francisco, California; and (2) Los Angeles, California. On or about February 24, 2022, the State Bar announced that approximately 260,000 (later 322,525) confidential disciplinary records were posted on the internet on a website with the URL JudyRecords.com that anyone with internet access could freely view. It was not the result of a hack.

7.      Defendant RICK RANKIN, principal of RPR Impact, LLC, is an independent contractor hired to perform the services as interim Director of the Information Technology Department of the State Bar of California and regularly conducts business in the state of California.

8.      Defendant TYLER TECHNOLOGIES, INC. ("Tyler Technologies") is a Texas corporation that regularly conducts business in California and is the vendor that supplied the software product called Odyssey including the Odyssey Portal to the State Bar of California which has been blamed for the data breach due to its failure to have an adequate access control check in place.

9.      KEVAN SCHWITZER is a resident of Texas and operates a website at URL JudyRecords.com that publishes information from various federal and state agencies that is freely open to anyone who has internet access. Millions of confidential records were published on his website, of which approximately 322,525 were confidential investigations opened up by the State Bar of California.

10.     Plaintiff does not know the true names and capacities of the Defendants DOES 4 through 10, inclusive, and, as such, names said Defendants by such fictitious names. Plaintiff will amend the complaint to state the true name and capacity of the DOE Defendant(s) when such information is ascertained.

11.     Plaintiff is informed and believes, and alleges thereon, that each Defendant assisted, adopted, ratified, approved, conspired, or acted in concert therewith with the other Defendant(s).

12.     Plaintiff is informed and believes, and alleges thereon, that each Defendant is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's' damages were proximately caused by the Defendants at all times mentioned in this complaint.

## SUMMARY OF THE FACTS

13.     On or about February 24, 2022 the State Bar of California learned that information about its confidential investigations which specifically identified the bar member, witness and/or complainant, had been exfiltrated or disclosed on the internet that anyone with access to the internet could freely read, share or download from JudyRecords.com.

14.     The State Bar of California is a public corporation with broad authority to initiate and open investigations on applicants and members. It maintains a large volume of sensitive private information containing the identity of the individual along with his or her birthdate, social security number, entire email and address history, expunged criminal records, medical records, banking information, and biometric data (fingerprints).

15.     Under longstanding common law and statutory principles, complaints to the State Bar not resulting in disciplinary action are privileged because confidentiality furthers the State Bar's interest in encouraging citizens to provide information and attorneys' interests in avoiding publications of unfounded complaints.

16.     These complaints are to be considered "highly confidential" which public policy would forbid the confidence to be violated. In some instances, even the attorney is not notified that a complaint or investigation has taken place.

17. The State Bar knew that a charge from a complaint, no matter how guiltless the attorney might be, if generally known, would do the attorney irreparable harm even though the attorney is cleared by the State Bar.

18. The State Bar also knew that it is essential to secure all possible information bearing on a complaint and necessarily much of the information can only be had upon the understanding that the informant and the information will be treated as confidential.

19. Plaintiffs are informed and believe and allege thereon that the State Bar of California informed Defendants Tyler Technologies, Inc., Rick Rankin, and Does 4 through 10 how "highly confidential" these state bar investigations were and that the state bar intended to use Odyssey in the Department of the Office of Chief Trial Counsel where these records were created, maintained, and/or stored.

20. The state bar confidential investigations are so highly confidential that a bar member is not entitled to learn of the investigation, obtain notice of State Bar subpoenas, or even obtain the records the state bar acquired against or on the member as part of their confidential investigation.

21. The State Bar has not disclosed what was posted about each plaintiff or member of the class as a result of the breach; to date the plaintiffs and the members of the class can only speculate as to what confidential state bar investigation was publicly posted online or additional information that may have been exposed that was attached to their identity.

22. Pursuant to the State Bar Act, the State Bar adopted rules that preliminary investigations shall not be made public and that all files, records and proceedings are confidential.

23. All State Bar complaints and investigations are confidential until public Notice of Disciplinary Charges are filed pursuant to Bus & Prof Code § 6086.1. Some complaints and investigations never end up being prosecuted, others remain confidential through prosecution, and still others become confidential after being "expunged."

24. Bus & Prof Code §§ 6086 and 6025 confer powers on the State Bar to adopt rules of procedure. Among those rules, the State Bar adopted Rules of Procedure, Rule 2301 which provides: "the files and records of the Office of Chief Trial Counsel are confidential."

25. State Bar Rules of Procedure, Rule 2302(e)(2) similarly provides: "(a) information concerning inquiries, complaints or investigations is confidential, and shall not be shared outside of the State Bar Office of Chief Trial Counsel."

26. The State Bar learned that the software they were using called Odyssey failed to have an or had an inadequate access control check which allowed the confidential state bar investigations including the

identity of the complainants, witnesses or bar members to be accessed and scraped and/or harvested by third parties online.

27.    The supplier of Odyssey, defendant Tyler Technologies, Inc. realized that it had sold Odyssey to multiple other state, county, and local agencies throughout the United States without a proper access control check in place and nonpublic information from those databases were posted on the internet, too.

28.    So, an agreement not known to the public or plaintiffs was made between Tyler Technologies, the State Bar of California, Rick Rankin, Does 4 through 10, and others, to delay informing plaintiffs and members of the class about the data breach, putting Defendants' interest above the plaintiffs and the class.

29.    Instead of giving expedient notice to the victims of the breach, the defendants went to great lengths to control the narrative and hide the information away from the public as they worked on this massive breach of millions of records.

30.    Plaintiffs filed this lawsuit as a result on March 18, 2022.

31.    On or about February 28, 2022, the State Bar of California's independent contractor, Nicholas Albright of E-Magined instructed Kevan Schweitzer "for future communication, let's leverage the following tag: Attorney-Client Privileged/Attorney Work Product" even though they were computer engineers, not lawyers.

32.    Defendant Rick Rankin representing the State Bar using Rick.Rankin@calbar.ca.gov email address, was copied on the February 28, 2022 email and permitted, let, instructed, adopted, or acquiesced in Nicholas Albright's approach.

33.    Additionally, on March 9, 2022, Defendant Tyler Technologies, Inc. employee Jeremy Ward put in charge of working with Kevan Schweitzer the operator of JudyRecords.com, told Schweitzer that Tyler Technologies decided to put a "hold[] on the CA clients" and "deal with" all of its California clients in "a single bucket."

34.    Defendants had already identified the victims of the State Bar data breach by February 28, 2022 and had finished their analysis of the breach by March 9, 2022 but the plaintiffs and the members of the class did not start receiving any type of notice of the breach until May 18, 2022 through July 10, 2022 (approximately 83 days after Defendant State Bar of California had knowledge of the breach) leading to an unreasonable delay caused by Defendant Tyler Technologies, Does 4 through 10, and others.

35.    Furthermore, the notice the Defendant State Bar distributed was insufficient. It failed to inform the plaintiffs and members of the class that the information was also indexed to Google and could

possibly be located on pay sites such as Lexis, Westlaw, Experian and could be found on the Dark Web, leaving the time loss and financial burden to the plaintiffs and the class.

36.     The Notice was insufficient in that it failed to explain that each confidential record of the 322,525 records were not personally reviewed; it failed to explain how §6007 records wound up on the internet; or how a social security number was located when the notice implied that only "docket" information was posted on JudyRecords.com. The Notice had no indicia of nothing more than spam because it did not come from the State Bar. It did not have a State Bar URL, address, Emblem, or name attached to it.

37.     The Notice was also misleading because it framed the extent of the breach in "page views" on JudyRecords.com but failed to inform the reader that (1) this was done through an analytical process that is not precise or exact; (2) via sampling of only a small portion of the records; and (3) the "page views" number did not include number of searches performed or whether the information was posted or viewed on other websites. It surely did not warn the reader that even if JudyRecords.com deleted the records, another party could have downloaded the information, and it may appear again on the internet in the future. Without this material information, it left many persons exposed to the breach to future risk of harm.

## THE STATE BAR'S ROLE

38.     The State Bar represents that it is an arm of the California Supreme Court which holds disciplinary hearings and makes recommendations on attorney suspensions and disbarments to the California Supreme Court.

39.     The State Bar publishes Ethic Opinions, Recommendations, and Review Department Opinions on its website.

40.     The State Bar knew or should have known that third parties look to scrape different court systems to post those cases on the internet to third party free access and paid access websites.

41.     As such, the State Bar knew or should have known that third parties would scrape opinions and case files from its website like any other judicial website.

42.     Yet, the State Bar failed to implement policies, systems and procedures that met industry standards necessary to protect such highly confidential information from being scraped or harvested when a third party would scrape or harvest the published recommendations and Review Department opinions.

43.     As a result, the identity of bar members under confidential investigations, along with the identity of complainants and confidential witnesses were scraped and/or harvested from the state bar website and posted on the internet resulting in harm caused in part by Defendant State Bar of California.

44.     The State Bar disregard for the plaintiffs' rights is almost McCarthyism because it has a stronger interest in collecting personal information on its members through its massive confidential investigations than it does in protecting the plaintiffs and class members privacy rights. On March 24, 2022 – one month after discovery of the data breach but before the State Bar notified the plaintiffs and members of the class about the breach, it announced it was moving forward to expand its confidential investigations to include acquiring photos of its members from the Department of Motor Vehicles to add to their data base.

### RICK RANKIN'S ROLE

45.     Plaintiffs are informed, believe, and allege thereon that Defendant Rick Rankin owns RPR Impact, LLC and holds himself out as a cybersecurity engineering leader. He was brought into the State Bar as an independent contractor to serve as the Information Technology director before the breach occurred.

46.     Industry standards for cybersecurity engineers would include penetration testing, which if performed on Odyssey would have revealed that there was no access control check in place.

47.     Another industry standard a cybersecurity engineer heading an Information Technology department would implement would have all confidential information encrypted in the event it wound up in the hands of third parties.

48.     Plaintiffs are informed and believe that Defendant Rick Rankin's failure to implement security measures such as regular penetration testing of Odyssey and encrypting the identity of bar members, witnesses or complainants subject to confidential investigations by the State Bar was another substantial factor in causing the breach and harm to the plaintiffs and members of the class.

49.     Additionally, some victims of the breach were persons seeking admission who were given notice of breach. Other victims of the breach were members that were compelled under Bus & Prof Code §6007 to submit to medical examinations by the State Bar. And at least one Social Security Number was posted on the internet evidencing that the nature, contents, and scope of the breach was much broader than merely "docket" data as represented in the delayed notifications.

### TYLER TECHNOLOGIES ROLE

50.     Tyler Technologies, Inc. develops software that it supplies to local, state and federal government agencies throughout the United States. One of its products is called Odyssey.

51.     It was a low-code/no-code solution which the State Bar intentionally selected over custom software built to manage its Office of Chief Trial Counsel records including the highly confidential state bar investigations.

52.     Kevan Schweitzer informed the State Bar that he was able to publicly access the State Bar's highly confidential state bar investigation matters because Odyssey failed to protect the State Bar's system from public access.

53.     Kevan Schweitzer demonstrated that accessibility was consistent with not performing access control checks.

54.     Tyler Technologies, Inc. was not communicating anything to the clients about the nature of the issue.

55.     Tyler Technologies never disclosed to the plaintiffs or the members of the class that the same issue was found on court systems using the Odyssey product such as found in the following California locations: Merced, San Mateo, Butte, Kings County, Sutter, Sonoma, Yuba, Stanislaus, Santa Cruz, Calaveras, Mendocino, Tehama and San Diego. This breach was repeated over and over throughout the country and possibly the largest coverup of this kind.

56.     Defendant Tyler Technologies, Inc., through its employee Jeremy Ward worked with Kevan Schweitzer the owner/operator of JudyRecords.com to control the narrative by downplaying its size and producing an analytic of "page views" to characterize the breach.

57.     Plaintiffs are informed, believe, and allege thereon that the downplaying of the scope of the breach was initiated in part by Defendant State Bar of California who was working on playing with the analytics.

58.     As support for this allegation, on March 7, 2022 Kevan Schweitzer communicated to Jeremy Ward that he thought it "can be a big win as far as being able to piggyback on Cal Bar's analysis, as well as being able to point to their ability to specifically determine which cases were affected."

59.     Plaintiffs and the class never received notifications regarding any of the confidential records leaked from the court systems and were never warned by any of the Defendants that even after this complaint was filed over a quarter million unprotected case links were still indexed on Google.com.

## ADDITIONAL FACTS

60.     In 2018, the Office of Chief Trial Counsel ("OCTC") launched an online complaint portal, allowing complaining witnesses to file complaints electronically, rather than on paper via mail.

61.     The following year, the State Bar of California OCTC transferred from an AS 400 Case Management System to a new Case Management System employing "Odyssey" which it purchased for approximately $3 million from Tyler Technologies. It kept its admissions database on different technology.

62.     Then in 2020, OCTC integrated the online complaint portal with Odyssey resulting in automatically opening confidential state bar investigations when the online complaint was submitted to eliminating the need of State Bar of California staff to manually enter data for complaints submitted on-line. However, these confidential investigations were not then encrypted as shown by the later posting onto the internet by a third party.

63.     In or about October 2021, Kevan Schwitzer scraped and/or harvested the cases from the California State Bar website and put them on the internet at JudyRecords.com which was free and open to anyone in the public that had internet access. Tyler Technologies, Inc. had a data breach before the State Bar data breach, yet the State Bar continued to use the Odyssey Portal without performing adequate security measures.

64.     Judyrecords.com site is set up to do a search by name wherein one can see the details of the investigation without having to click on the record. The search results are not uniform, but some level of detailed information shows up in a general search without having to select and view the actual file. The data includes the venue, the names of the parties, a URL to the record, and a case number.

65.     On or about February 22, 2022, the State Bar of California was informed confidential state bar investigations that included the identity of the bar member, witness or complainant were posted on the internet at https://Judysrecords.com.

66.     Plaintiff is informed and believes and alleges thereon that approximately 322,525 confidential state bar investigations identifying the bar member, witness or complainant was discovered on https://Judysrecords.com and had been there since on or about October 15, 2021.

67.     With the number of highly confidential investigations outnumbering the number of practicing attorneys in the state of California, plaintiffs and members of the class were anxious to know if their name was out there, how many times, and in relation to what investigation. The plaintiffs and members of the class also wanted to know the nature and contents of the breach and where else on the internet it could be.

68.     Defendant State Bar refused to give notice to the plaintiffs or class members or release any information helpful to them, so they filed this lawsuit on March 18, 2022 after filing State Bar tort claim forms with the agency.

69.     Defendant State Bar did not report the breach to the California Attorney General's office or local law enforcement. Instead, it used the time and press to obfuscate, downplay, and deny any liability. It has the specter of destroying and/or covering up the evidence or wrongdoing.

70.     From May 18, 2022 through mid-July 2022, the California State Bar created a third party email address and an out of state address or used an agent to create the same and sent generic notices filled with conflicting or deceitful information but did not contain exactly what was put out there about the plaintiffs and the class and it is something they cannot obtain themselves because JudyRecords.com pulled the records down and the State Bar refuses to inform the plaintiffs and class on the basis that all investigations not resulting in public discipline are confidential.

71.     The State Bar of California and Rick Rankin failed to use best practices because the database containing the confidential state bar investigations was bloated with approximately 513,000 confidential complaints more than five years old. Best practices would have had a system in place to delete these old files that did not result in a public disciplinary matter from the database.

72.     The Plaintiffs and members of the class did not permit, consent, or authorize their identity attached to confidential state bar investigations to be posted onto the internet.

73.     Plaintiff is informed and believes and alleges thereon that Defendant Rick Rankin failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information which gave JudyRecords.com the ability to obtain the identity of the people who were subjected to confidential investigations and place it in the public domain which the State Bar now denies any such duty.

74.     Defendant Tyler Technologies, Inc.'s use of low-code or no-code solutions to build a program is quick but when integrating with databases or using other cloud services and letting the software leave the native platform endpoint security issues arise where best practices would include ensuring an adequate access control check was in place upon installation/deployment/subscription based on the highly confidential nature of the state bar investigations at issue.

75.     As a direct and proximate result of the unreasonable conduct of Rick Rankin, Tyler Technologies, the State Bar of California, and Does 4 through 10, and each of them, jointly and severally, the identity of the plaintiffs and members of the class associated with approximately 322,525 confidential state bar investigations were posted on the internet.

76.     Plaintiff and the class remain at risk because repairing or installing an access control check is temporary and can easily be disabled. Industry standards require regular penetration testing and the encryption of confidential data.

77.     The public disclosure of the identity of a complainant or member under investigation is known to lead to irreparable harm to an attorney's reputation and can lead to job instability, loss of business, threats of extortion, and an unfair advantage to the attorney's adversaries. Likewise, publication of the identity of a complainant or witness is known to lead to an unfair advantage provided to the informant's adversaries phishing for information online or create more adversaries from the member's allies.

78.     The average cost to repair or combat reputational harm on the internet is between $10,000.00 to $25,000.00 per year.

79.     This data breach of 322,525 confidential state bar investigations caused by Defendants Tyler Technologies, Inc., the State Bar of California, Rick Rankin and Does 4 through 10, and each of them, jointly and severally, has proximately caused privacy harm, time loss, mitigation costs, paranoia, worry, anxiety, irreparable reputational harm, and will continue to cost the plaintiffs and members of the class time to research the internet every so often to ensure that these confidential records do not reappear. The plaintiffs and members of the class have also been subjected to spam and had to obtain monitoring services for the dark web.

### Tort Claims Filed

80.     On or about March 14, 2022, John Roe 1, Jane Roe 1 and Jane Roes 2 revealing their true identity to the defendants, filed tort claims with the State Bar of California prior to filing suit and Suzanne Grandt of the State Bar of California denied those claims. A general claim for the plaintiffs and members of the class was filed before this lawsuit was filed and Suzanne Grandt of the State Bar of California denied those claims. After this case was filed and the notices were received, Chad Pratt and John Roe 3 using their true identity filed tort claims with the State Bar of California through counsel of record and Suzanne Grandt of the State Bar of California denied those claims as well.

81.     John Roe 1, Jane Roe 1, and Jane 2  are informed and believe and allege thereon that their identity was part of the data breach because there was a confidential state bar investigation relating or referring to them, but they did not receive a notice from the State Bar of California about the breach.

82.     Chad Pratt was added to this complaint in April 2022. He was admitted to the State Bar of California on December 4, 1990 and defendants know his true identity. On May 22, 2022 Chad Pratt received a letter from the State Bar of California informing him that the State Bar was going investigate

him and proceed with disciplinary proceedings. The very next day, on <u>May 23, 2022</u> Chad Pratt then received a Notice of the Data Breach by way of email from: <u>noreply@castatebarodysseynotice.com</u>. Similarly, NZ who had no prior public disciplinary actions also started receiving state bar investigation letters and complaints after he was notified that his identity was part of the breach and had "page views" causing attorneys' serious concern and a great loss to their peace of mind after the data breach.

83.     Plaintiffs are informed and believe and allege thereon that the Defendant State Bar of California is using the identity of the named plaintiffs in a way to try to minimize the damage value of the case by either withholding the notices from the named plaintiffs or initiating proceedings so that if they become public, then the damage looks de minimus, but in fact such measures and tactics demonstrate the great risk showing the damage to be significant that this has caused to the plaintiffs and members of the class.

84.     Chad Pratt paid $74.99 for an annual subscription to mitigate or monitor dark web disclosures because after the data breach, he began spending a lot of time trying to get rid of spam and phishing.

85.     Chad Pratt has also spent time to determine if this confidential record has appeared on any other websites such as Lexis, Westlaw, Google or elsewhere.

## <u>JOHN ROE 1</u>

86.     Plaintiff, John Roe 1, at all times mentioned herein relevant to this complaint is employed in and is a resident of Orange County, California and filed a confidential Complaint with the State Bar of California before the data breach.

87.     Plaintiff sues under the pseudonym of "John Roe 1" to protect his legitimate interests in his privacy.

88.     Plaintiff John Roe 1 filed a State Bar tort claim with the State Bar prior to this complaint being filed on March 18, 2022, on his behalf and others similarly situation. The claim was denied.

89.     John Roe 1 is not an attorney but employed in public relations mainly for cybersecurity firms.

90.     In or about 2018 he complained against an attorney who represented he was making mistakes in his legal work and was not able to practice law due to an ongoing medical condition but continued the practice of law anyway.

91.     The State Bar opened an investigation, but no public discipline resulted from the investigation.

92.     Although the State Bar represented that all confidential State Bar investigations were scraped by Kevan Schweitzer and placed on the internet, Plaintiff did not receive a notice of the data breach from the State Bar about the data breach of the confidential State Bar investigation although the State Bar has plaintiff's current mail and email address. Plaintiff is informed, believes, and alleges thereon that either

the notice was put in spam or not sent on the basis that the State Bar received his identity and tort claim form on or about March 14, 2022 before the notices of breach were sent out in May 2022 in an attempt to eliminate him as a representative of the class.

93.     Because John Roe 1 already works in the world of cybersecurity he had already spent a considerable amount of money and time setting up a robust system which has prevented the phishing/spam emails and phone calls that others have experienced. It would be unreasonable to expect others to have spent thousands of dollars on such a robust system, thus the fact that this part of harm did not exist in this plaintiff's situation does not make him representative of the class. On the other hand, he is uniquely qualified to testify to just how much money and time he had to spend in order to prevent phishing/spam due to the impact of the data breach.

94.     The attorney plaintiff complained about was not his former attorney but an adversary in the local community who has multiple allies.

95.     Like the other plaintiffs and members of the class, John Roe 1's belief in justice or integrity in the system has been further damaged or destroyed, feeling violated by a system that was supposed to protect him from his adversaries and their allies. He now has no faith in the integrity of the state bar system or that it is set up to assure justice. He also must now take the time out of everyday life to mitigate the actual and potential impact of the data breach by closely reviewing and monitoring phone calls, emails for phishing attacks and the internet for docket activity to reappear or get circulated by his adversaries or their allies.

96.     Plaintiff suffered privacy harm and a great loss of peace of mind.

### JOHN ROE 3

97.     Plaintiff ,John Roe 3 substituted in for Jane Roe 1 is a resident of Sutter County, California.

98.     He previously made a complaint about an attorney with the State Bar of California that did not result in public discipline which resulted in a confidential State Bar investigation prior to the breach. On or about June 13, 2020 he received a notice from the State Bar that it had opened an investigation into the matter and assigned a case matter to it.

99.     He is not an attorney and works at a family ranch and lounge.

100.    Plaintiff sues under the pseudonym of "John Roe 3." to protect his legitimate interests in his privacy.

101.    On May 23, 2022 he received an email notifying him that his identity along with the confidential state bar investigation was found posted on the internet, but it was represented to him that there were "no page views" in the notice he received.

102.    John Roe 3 was left exposed and as a result, he received an unusual amount of phishing/scam phone calls after the breach interfering with his daily life (approximately ninety-nine in one day) costing him loss of time, annoyance, and money. Additionally, someone used his social security number other than himself.

103.    John Roe 3 is informed and believes and alleges thereon that his information that was exfiltrated from the State Bar included his phone number and was placed on the dark web based on the number of calls plaintiff John Roe 3 received thereafter. The purpose of keeping a complainant's identity confidential to act as a safety valve for the complainant who feels violated by an attorney has been eroded by the data breach for John Roe 3

104.    He has lost money in mitigation of the spam/phishing; loss of time by now having to deal with the actual and potential impact of the data beach in his daily life by having to closely review and monitor his emails and phone call. He spent approximately $395.00 due to breach. His belief in justice or integrity in the system has been further damaged or destroyed, feeling violated by a system that was supposed to protect him from his adversaries and their allies. He now experiences overwhelming outbursts of frustration, paranoia and stress as a result. Hearing of another data breach in the news or online triggers a PTSD type of response of immediately reminding the plaintiff of this data breach and the irreparable harm that it has caused which is hard to put into words other than an emotional harm of anxiety, paranoia, anger, and serious distress. Plaintiff now has the burden of continuing to monitor his credit based on unauthorized use of his social security number plus the internet to see if the information attached to his identity will reappear. He has suffered a great loss of peace of mind.

105.    A tort claim form was filed with the State Bar prior to this complaint being filed on March 18, 2022 on his behalf and all others similarly situated. The State Bar denied the claim a few weeks thereafter.

106.    Plaintiff's suffered privacy harm as a result of the data breach.

### JANE ROE 2

107.    Plaintiff, Jane Roe 2, at all times mentioned herein relevant to this complaint was a former judge licensed by the State Bar of California and resident of San Diego County, California and was the subject of a confidential investigation filed with the State Bar of California.

108.     Plaintiff sues under the pseudonym of "Jane Roe 2" to protect her legitimate interests in her privacy.

109.     Plaintiff Jane Roe 2 was investigated for a medical condition and is informed and believes and alleges thereon that the State Bar file contains her private medical records. No public disciplinary action is shown on her member profile.

110.     A claim was filed with the State Bar on her behalf on March 14, 2022 prior to the filing of this lawsuit and was later denied by the State Bar. On or about September 20, 2022, another claim was filed with the State Bar in her own name, revealing her identity to the defendants but that claim was denied, too.

111.     The ADA protects Plaintiff Jane Roe 2, and she has no knowledge of receiving a notice of breach from the State Bar but is well aware that a private investigation was in her file at the State Bar.

112.     As a result, plaintiff is informed and believes and alleges thereon that the State Bar failed to send out notices that would comply with the ADA in such a manner that plaintiff would know she received one or the defendants knew of plaintiff's identity and purposefully failed to give her notice in order to attempt to eliminate her as a representative of the class although the State Bar represented that all confidential State Bar investigations were scraped by Kevan Schweitzer and placed on the internet,.

113.     The State Bar has broad powers to compel any attorney at any time in their career, including former judges, to submit to a physical or psychological medical exam and to place that attorney on inactive status simply if the attorney refuses to comply. The purpose of keeping an attorney's identity confidential under this section of the State Bar as with any other confidential investigation in that such public disclosure would cause irreparable harm to their reputation. It is also supported by HIPAA, the California Medical Information Act, and the Lanterman-Petris Short Act. The State Bar codes its disciplinary proceedings under this section differently which is "docket type" of information that was consistent with the Notices that at least six such instances were discovered online leading to harm.

114.     Plaintiff's harm whether potential or actual, based on the impact of this data breach, has caused a time loss in plaintiff's everyday life trying to make sure that this docket information attached to her identity is not reappearing anywhere online. She also believes she lost money as a result of the breach.

115.     The data breach has exacerbated plaintiff's emotional distress with dealing with the state bar and retriggered PTSD.

116.     Plaintiff suffered privacy harm. She has suffered a great loss of peace of mind.

## **CHAD PRATT**

117.   Plaintiff, Chad Pratt, at all times mentioned herein relevant to this complaint is an attorney licensed by the State Bar of California and resident of Los Angeles County, California and was the subject of a confidential investigation filed with the State Bar of California.

118.   Plaintiff sues under the pseudonym of "Chad Pratt" to protect his legitimate interests in his privacy.

119.   Plaintiff Chad Pratt is a solo practitioner protecting consumers in litigation and/or criminal defense and was investigated for representing homeowners seeking loan modifications approximately a decade ago. He has a disciplinary record wherein he has been disciplined repeatedly over the same practice when new complaints are made by those who sought services a decade ago. A claim was filed with the State Bar on his behalf on March 14, 2022 prior to the filing of this lawsuit and was later denied by the State Bar. On or about September 20, 2022, another claim was filed with the State Bar in his own name.

120.   On May 21, 2022, the State Bar drafted a letter informing Chad Pratt he was going to be charged with a new State Bar investigation unrelated to loan modifications that had occurred approximately 3 to 4 years prior in federal court.

121.   On May 22, 2022, the very next day, Chad Pratt received a Notice of the breach informing him that his identity was found on JudyRecords.com in relation to a confidential state bar investigation but it purportedly had "no page views."

122.   Because the confidential state bar investigation letter from the State Bar dated May 21, 2022 concerned matters that predated the breach, Chad Pratt is informed and believes and alleges thereon that the State Bar decided to begin the investigation process because Chad Pratt's confidential investigation had a page view on Judyrecords.com even though the notice they sent said there was no evidence of page views, thus causing him harm.

123.   Chad Pratt spent approximately $75.00 in mitigation of the data breach to obtain antivirus/monitoring services because he started to receive spam/phishing emails and/or phone calls after the breach. Plaintiff must now take time and effort to mitigate the actual and potential impact of the data breach on his everyday life by closely reviewing and monitoring phone calls, emails for phishing attacks, case dockets to ensure that this  cases or cases do not reappear or get circulated to his adversaries or their allies to further impugn his reputation or character.

124.     Hearing of any data breach or the state bar results in triggering PTSD type symptoms where he feels like he is having a nervous breakdown, including extreme worry, anger, distress, paranoia, feeling of being thrown into the middle of a corrupt system like fodder and retaliation by the state bar. He also is experiencing paranoia that his adversaries and former clients upon learning of these other confidential investigations will jump on the wagon to obtain money or benefits through the Client Security Fund system or him directly akin to extortion causing further money loss or further reputational harm.

125.     He has suffered a great loss of peace of mind.

## NZ

126.     Plaintiff, NZ, at all times mentioned herein relevant to this complaint is an attorney licensed by the State Bar of California and resident of Los Angeles County, California and was the subject of a confidential investigation filed with the State Bar of California.

127.     Plaintiff has no public record of discipline and sues under the pseudonym of "NZ" to protect his legitimate interests in his privacy.

128.     Plaintiff NZ is a solo practitioner protecting consumers in litigation and was investigated by State Bar of California which did not result in public discipline.

129.     A claim was filed with the State Bar on his behalf on March 14, 2022 prior to the filing of this lawsuit and was later denied by the State Bar. On or about September 20, 2022, another claim was filed with the State Bar in his own name.

130.     On May 18, 2022, NZ received a Notice of the State Bar data breach informing him that his identity was found on JudyRecords.com in relation to a confidential state bar investigation and it had "page views" resulting in a serious invasion of his privacy.

131.     Since the data breach, NZ has been inundated with multiple State Bar investigations, mainly frivolous complaints about which he is seriously concerned.

132.     Because the confidential state bar investigation letters from the State Bar concern matters that predated the breach, NZ is informed and believes and alleges thereon that the State Bar decided to begin the investigation process because NZ's confidential investigation had a page view on Judyrecords.com causing him harm.

133.     NZ seeks to preserve his reputation in California and filing of any public disciplinary charges would irreparably harm him.

134.     NZ has suffered a great loss of peace of mind.

**The Conspiracy**

135.     Plaintiffs and members of the class allege they were not only harmed by the data breach, but also by the later delay in notification and coverup of the nature and extent of the breach. Discovery is continuing into this area and plaintiffs reserve the right to amend the pleadings as the information is in the possession and control of the defendants.

136.     Plaintiffs and the members of the putative class claim that they were harmed by the Defendants Tyler Technologies, Rick Rankin, the State Bar of California, Does 4 through 10, Kevan Schwitzer, Jeremy Ward and E-Magined, statutory violations, and/or constitutional violations alleged herein and that Tyler Technologies, Rick Rankin and the State Bar of California, and Does 4 through 10 are each responsible for the harm because they were part of a conspiracy to commit the torts, statutory violations, and/or constitutional violations in order to cover up and obfuscate the nature and extent of the data breach leading to the delay in notification, if any at all to the plaintiffs and the members of the class.

137.     Defendants agreed orally or in writing or implied by the nature of the acts done to unreasonably delay notification of the data breach and mislead the plaintiffs and members of the class of the nature and extent of the breach, in an effort to coverup the larger data breach aka to commit a wrongful act as more fully described in this pleading.

138.     That Tyler Technologies, Rick Rankin and State Bar of California were aware that the Notifications were going to be worded with "page views" that "docket information" normally does not contain medical information from a §6007 proceeding or a social security number and that this breach was not contained to JudyRecords.com nor was it limited to State Bar of California records so Tyler Technologies and their clients wanted this breach covered up planned to commit a wrongful act as more fully described in this pleading in order to cover up the true nature and extent of the breach.

139.     Tyler Technologies, Rick Rankin and State Bar of California agreed with each other and with Jeremy Ward and Kevan Schweitzer and others and intended that the wrongful act(s) leading to the delayed notification and coverup of the nature and extent of the breach alleged to have been committed.

140.     Even if Defendants Rick Rankin, Tyler Technologies and/or the State Bar of California did not personally commit a wrongful act or did not know all of the details of the agreement or the identities of all of the other participants, Defendants, and each of them still conspired to commit a wrongful act of covering up the data breach as more fully described in the pleadings.

141.     Defendants' participation can be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged coconspirators.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Vicarious Liability of Tyler Technologies, Inc.**

142.     Jeremy Ward and Doe Defendants 4 through 5 were Tyler Technologies employee and/or agent; and Jeremy Ward and Doe Defendants 4 through 5 were acting within the scope of its employment and/or agency when it harmed plaintiffs and members of the class making Tyler Technologies, Inc. jointly and severally liable.

**CLASS ALLEGATIONS**

143.   <u>Class Definition</u>: Plaintiffs bring this suit as a class action on behalf of themselves and all other similarly situated persons as a member of a Class defined as follows:

> a.   All persons identified in the approximately 322,525 confidential aka "nonpublic" California State Bar records received by Kevan Schwitzer, the owner/operator of https://JudyRecords.com.

144.   Excluded from the Class are the Court, plaintiffs' counsel, Defendants, and their affiliates, subsidiaries, current or former employees, officers, directors, agents, representatives, and their family members.

145.   <u>Numerosity</u>:  The persons who comprise the Plaintiff Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court. Class members are so numerous and are dispersed throughout the state that joinder of all Class members is impracticable. Class members can be identified, *inter alia*, through records maintained by the Defendants.

146.   <u>Common Questions of Fact and Law</u>:  Nearly all factual, legal, statutory, declaratory, and injunctive relief issues that are raised in this Complaint are common to the Plaintiff Class and will apply uniformly to every member of the Plaintiff Class.

147.   Defendants have acted or refused to act on grounds generally applicable to the class.

148.   A class action is superior to other methods for the fast and efficient adjudication of this controversy and to avoid the risk of disparate and inconsistent rulings in different courts. A class action regarding the issues in this case does not create any problems of manageability.

149.   The nature of notice to the proposed class required and/or contemplated would Defendant's list, when disclosed, would most likely be notice through email from Defendant's list which already identifies the complainants and attorney members along with their contact information, including email is the best practicable method possible. Also, mailing, media, the internet and/or other general notices are contemplated to ensure notice.

# FIRST CAUSE OF ACTION

## Invasion of Privacy – Cal Constitution Art 1 § 1

### (Plaintiff Jane Roe 2, Chad Pratt, NZ and those Similarly Situated Against Defendant State Bar of California)

150.    Plaintiffs incorporate herein by reference paragraphs 1 through 149 above in this pleading as though fully set forth herein.

151.    First Defendant State Bar of California harmed plaintiffs' Chad Pratt, Jane Roe 2, NZ and members of the Class that are attorneys.

152. Defendant State Bar of California amassed a vast amount of approximately 370,489 State Bar investigations which the Office of Chief Trial Counsel initiated against its members of which 322,525 were confidential.

153. The 322,525 confidential State Bar investigations found on the internet in 2022 exceeded the State Bar of California's reported membership of 268,179 licensed attorneys in 2022.

154. Plaintiff is informed and believes and alleges thereon that the Office of Chief Trial Counsel had been overreaching in its authority with impunity by investigating its own members without probable cause collecting information on them that they could not otherwise obtain because approximately ninety-six percent (96%) of the State Bar members totaling 256,159 had one or more confidential State Bar investigation posted JudyRecords.com attached to their identity.

155. This overreach by Defendant State Bar of California of investigating approximately ninety-six percent (96%) of the membership and amassing over 322,525 confidential State Bar investigations in its database - discovered on or about February 24, 2022 as a result of the data breach - was  either a serious invasion of the members privacy or an egregious breach of the social norms underlying the members' privacy rights.

156. Plaintiffs and the class had a **legally protected privacy interest** to be free from government intrusion without a legitimate purpose for investigation such as a probable cause or a serious suspicion that the member had committed a disciplinable offense.

157.    Plaintiffs and the class had a **reasonable expectation of privacy** that any state bar investigation would not be instituted or maintained without a reasonable suspicion or probable cause under Bus & Prof Code § 6044 in order to conform to the members' constitutional rights.

158.    Defendant State Bar of California's conduct by investigating its members in mass without a legitimate purpose constituted **a serious invasion** of the plaintiffs' and Class members' privacy.

159. The State Bar use of its expansive power to investigate its own members without a legitimate purpose such as probable cause or a serious suspicion that the member had committed a disciplinable offense was and remains **an egregious breach of the social norms** underlying their privacy rights of which has not been seen since the days of McCarthyism (except for the most exceptional situations that do not apply here such as the FISA Court wherein national security interests to thwart terrorism are weighed).

160. Investigations by the State Bar on such a massive scale was a **n egregious breach of the social norms** underlying the plaintiffs' and Class members' privacy rights that has not been seen since the days of McCarthyism and/or was an impact on the privacy of plaintiffs' and the Class privacy rights that is more than slight or trivial.

161. To the extent that the confidential State Bar investigation may have been outside the statute of limitations, plaintiffs invoke the **delayed discovery rule** to toll the statute of limitations on the grounds that (1) plaintiffs did not discover the State Bar had a confidential investigation in its database or had even conducted a confidential State Bar investigation against the plaintiff or class; and (2) plaintiffs and the class were unable to have made earlier discovery of this fact on the grounds that State Bar uses its Rules of Procedure and Bus & Prof Code §6086.10 in refusing to divulge the existence of a confidential State Bar investigation to its own members.

162. As a direct and proximate result, Plaintiffs have suffered a privacy injury and Defendant State Bar of California was a substantial factor in causing that harm.

163. **Second**, Defendant State Bar of California, Rick Rankin and Tyler Technologies, Inc. harmed Plaintiff NZ and approximately 1,300 other members of the Class who received notice that a confidential State Bar investigation was posted on JudyRecords.com and had evidence of a "page view" by Does 4 through 10.

164. Plaintiff NZ and the class comprising of approximately 1,300 State Bar members had a **legally protected privacy interest** in not having their identity revealed in connection with the approximately 1,034 confidential state bar investigations that were posted on the internet where other people had viewed them.

165. Plaintiff NZ and the class of 1,300 had **a reasonable expectation of privacy** that any state bar investigation would remain confidential unless or until a notice of disciplinary charges was filed and that their identity until that time would remain confidential because it was part of common law and codified in Bus & Prof Code § 6086.1.

166.     Defendant State Bar of California's failure to either (1) hire an Information Technologies Director to perform reasonable security measures that would have discovered the security vulnerability; or (2) use reasonable security measures such as using encryption in order to prevent the public posting of plaintiffs and the members of the class identity on the internet in connection with a confidential state bar investigation was conduct that resulted in **an unjustified and serious invasion of privacy**.

167.     Defendant State Bar of California and Does 4 through 10's conduct, jointly and severally, constituted a serious invasion of privacy causing privacy harm.

168.     Plaintiffs are informed and believe that Defendant State Bar of California still has not encrypted or redacted the information before going back online and taken other standard industry security measures leaving plaintiffs at further risk warranting injunctive relief.

169.     As a result of the breach, Plaintiffs and members of the class suffered a privacy injury by having their identity posted on the internet in relation to a confidential state bar investigation and plaintiffs and the class will continue to suffer harm in the future on the grounds they will forever e the targets of time consuming and annoying spam, phishing schemes and be burdened with spending time and financial resources to ensure that the information does not reappear again on the internet.

170.     Privacy damage to plaintiffs John Roe 1, John Roe 3, Jane Roe 2, Chad Pratt, NZ and all members of the Class resulted in general damages causing the plaintiffs great loss of peace of mind, humiliation, shame, mortification, and grievous mental pain and suffering.

171.     Reputation damage to plaintiff NZ and the other 1,300 class members resulted in general damages causing plaintiffs great humiliation, shame, mortification, and grievous mental pain and suffering, and tends to injure their personal and business reputation.

172.     Plaintiffs and class members must now take their time and effort to mitigate the actual and potential impact of the data breach out of their everyday lives by closely reviewing and monitoring phone calls and emails for phishing attacks and spam; by closely reviewing and monitoring public court docket databases such as Lexis, Westlaw, Justia. LegalEagle, Casetext, Google Scholar and the like to ensure that their identity associated with a confidential state bar investigation does not reappear on the internet or get circulated by his or her adversaries and their allies to impugn the reputation and character of the plaintiff or class member. Plaintiffs and the class members also must be ever vigilant against retaliatory actions against them by the state bar or others and their reputation has been irreparably harmed. Plaintiffs and the class members have spent money on antivirus services including but not limited to Norton LifeLock, McAfee, Experian Credit Monitoring and/or other brand credit and dark

web monitoring service to assist in monitoring the dark web, their credit reports for added docket activity and phishing scams.

173.    Plaintiffs have also experienced emotional harm of PTSD like symptoms whenever they hear of another data breach because this data breach has caused them paranoia, anger, severe distress and a mistrust of the integrity of the state bar or justice as alleged by the plaintiff's experiences above. Unlike other breaches, this one includes the risk of retaliation by adversaries and their allies or the state bar. It also includes a known irreparable harm to one's reputation affecting their professional livelihood.

174.    As such, Plaintiffs and the Class members are entitled to damages and injunctive relief against all Defendants.

175.    Plaintiffs and the Class are entitled to costs and reasonable attorney fees.

## SECOND CAUSE OF ACTION

### Negligence

**(All Plaintiffs against Defendants Tyler Technologies, Inc.)**

**(Demurrer Overruled 01-12-2024)**

176.    Plaintiffs incorporate herein by reference paragraphs 1 through 175 above in this pleading as though fully set forth herein.

177.    This cause of action is being brought on behalf of all Plaintiffs and all members of all Classes.

178.    Plaintiffs and all class members identity was posted on the internet in connection with a confidential state bar matter.

179.    Defendant Tyler Technologies was negligent for failure to have an or an adequate access control check on its product called Odyssey, the failure of which was below industry standards.

180.    An access control check is reasonable security measures to protect the access of personal or confidential information from third parties.

181.    Defendant Tyler Technologies as the software developer and the State Bar of California as the initiator of confidential investigations and collector of personal information owed plaintiffs and members of the class a duty to implement and maintain adequate security measures to safeguard plaintiffs' personal information and existence of state bar investigations consistent with public policy, state bar policies, statutes, and California privacy laws.

   a.    It was foreseeable that plaintiffs and the class would be harmed if Tyler Technologies' Odyssey failed to have an access control check because it sold the product to the State

Bar of California for its use in OCTC where confidential state bar investigations take place.

b. It was reasonably certain that the plaintiffs and members of the class suffered a privacy injury without a proper access control check on Odyssey after the State Bar started to use it.

c. Defendant's conduct is closely connected to the injuries the plaintiffs suffered.

d. Defendant Tyler Technologies bears some moral blame for failing to protect confidential information by failing to have an access control check in place in the Odyssey platform that it sold to the State Bar.

182.    It is foreseeable that the identity of the people under investigation, in addition to the identity of the complainants or witnesses would reach the internet when there was no access control check maintained on the Odyssey platform the state bar chose to purchase from Tyler Technologies.

183.    Tyler Technologies breached one more of the duties alleged above which was a proximate cause of plaintiffs and the members of classes' harm.

184.    As a result of the breach, Plaintiffs and members of the class suffered a privacy injury by having their identity posted on the internet in relation to a confidential state bar investigation and plaintiffs  and the class will continue to suffer harm in the future on the grounds they will forever be the targets of time consuming and annoying spam, phishing schemes and be burdened with spending time and financial resources to ensure that the information does not reappear again on the internet.

185.    Plaintiffs and class members must now take their time and effort to mitigate the actual and potential impact of the data breach out of their everyday lives by closely reviewing and monitoring phone calls and emails for phishing attacks and spam; by closely reviewing and monitoring public court docket databases such as Lexis, Westlaw, Justia. LegalEagle, Casetext, Google Scholar and the like to ensure that their identity associated with a confidential state bar investigation does not reappear on the internet or get circulated by his or her adversaries and their allies to impugn the reputation and character of the plaintiff or class member. Plaintiffs and the class members also must be ever vigilant against retaliatory actions against them by the state bar or others and their reputation has been irreparably harmed. Plaintiffs and the class members have spent money on antivirus services including but not limited to Norton LifeLock, McAfee, Experian Credit Monitoring and/or other brand credit and dark web monitoring service to assist in monitoring the dark web, their credit reports for added docket activity and phishing scams.

186.     Plaintiffs have also experienced emotional harm of PTSD like symptoms whenever they hear of another data breach because this data breach has caused them paranoia, anger, severe distress and a mistrust of the integrity of the state bar or justice as alleged by the plaintiff's experiences above. Unlike other breaches, this one includes the risk of retaliation by adversaries and their allies or the state bar. It also includes a known irreparable harm to one's reputation affecting their professional livelihood.

187.     As a direct and proximate cause, defendant Tyler Technologies was a substantial factor in causing the harm suffered by the plaintiffs and members of the class including but not limited to loss of money, lost time and increase in spam/phishing due to the breach.

188.     The harm caused by the defendant resulted in damage to the plaintiffs and members of the class in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

### Govt Code §815.6 Liability – Negligence of Public Entity

### (All Plaintiffs and the Class against Defendant State Bar of California)
### (Demurrer Overruled 01-12-2024)

189.     Plaintiffs incorporate herein by reference paragraphs 1 through 188 above in this pleading as though fully set forth herein.

190.     This cause of action is being brought on behalf of all Plaintiffs and all members of the class.

191.     The identity of the plaintiffs and all members of the class was posted on the internet in connection with a confidential state bar investigation because the State Bar of California failed to use reasonable care in keeping this information confidential.

192.     Defendant State Bar of California was under a mandatory duty to:

    a.  Keep all State Bar investigations confidential unless and until public notice of disciplinary charges were filed pursuant to Bus. & Prof. Code §6086.1 and State Bar Rules of Procedure, Rules 2301 and 2302.

    b.  Keep all State Bar §6007 investigations confidential which contained medical information pursuant to Cal Civ Code §56.36, Welf & Inst Code §5330, Bus. & Prof. Code §6086.1, and State Bar Rules of Procedure, Rules 2301 and 2302.

    c.  Keep all the plaintiffs and class social security numbers confidential pursuant to Cal Civ Code §1798.85-89, Bus. & Prof. Code §6086.1, and State Bar Rules of Procedure, Rules 2301 and 2302.

193.    The enactment of these statutes and rules were designed to protect against the type of harm (privacy harm) suffered by the plaintiffs and members of the class.

194.    The State Bar is under no obligation to investigate any one member of the bar; however, it chose to do so, bringing about an additional duty to refrain from engaging in conduct that places the person under investigation or the witnesses and complainants at risk. Once the State Bar collects confidential information, it is not the rule of the bar or its officers to distribute that confidential information or allow it to be distributed onto the internet.

195.    The scope of the agency's powers to initiate confidential investigations and collect confidential information without notifying the member of the investigation or the contents thereof is broad.

196.    But the scope of the bar's authority, when it undertakes to collect this information and begin an investigation obligates the bar to then make sure such confidential information or investigation it initiates is securely stored away from public view which plaintiffs would expect to be consistent with the State Bar's own Ethics Opinion on this issue No. 20-0004 published on or about August 10, 2021.

197.    Defendant State Bar of California as the initiator of confidential investigations and collector of personal information owed plaintiffs and members of the class a duty to implement and maintain adequate security measures to safeguard plaintiffs' personal information and existence of nonpublic state bar investigations consistent with public policy, state bar policies, statutes, and California privacy laws.

        a.  It was foreseeable that plaintiffs and the class would be harmed if the State Bar of California failed to use reasonable care in ensuring confidential state bar investigations were securely stored in a way third parties could not access them or if they did could not read them because they were encrypted.

        b.   It was reasonably certain that the plaintiffs and members of the class would suffer a privacy injury if those confidential investigations were made public.

        c.  Defendants' conduct is closely connected to the injuries the plaintiffs suffered.

        d.  Defendant State Bar of California bears some moral blame for failing to protect the confidential information it collected and confidential investigations it instituted on persons who likely did not even know there was a State Bar investigation instituted and continues to not know the details, nature or extent of those investigations.

198.    It is foreseeable that the identity of the people under investigation, in addition to the identity of the complaints or witnesses would reach the internet when there was no access control check maintained on the Odyssey platform the state bar chose to purchase from Tyler Technologies.

199.    The State Bar breached one more of the duties alleged above which was a proximate cause of plaintiffs and the members of classes' harm.

200.    As a result of the breach, Plaintiffs and members of the class suffered a privacy injury by having confidential investigation or other matter held by the state bar posted on the internet along with their identity. Plaintiffs will continue to suffer harm in the future on the grounds they will now be burdened with ensuring that the information does not reappear on the internet.

201.    As a direct and proximate cause, Defendant State Bar of California was a substantial factor in causing the harm suffered by the plaintiffs and members of the class including but not limited to loss of money, lost time and increase in spam/phishing due to the breach.

202.    As a result of the breach, Plaintiffs and members of the class suffered a privacy injury by having their identity posted on the internet in relation to a confidential state bar investigation and plaintiffs  and the class will continue to suffer harm in the future on the grounds they will forever be the targets of time consuming and annoying spam, phishing schemes and be burdened with spending time and financial resources to ensure that the information does not reappear again on the internet.

203.    Plaintiffs and class members must now take their time and effort to mitigate the actual and potential impact of the data breach out of their everyday lives by closely reviewing and monitoring phone calls and emails for phishing attacks and spam; by closely reviewing and monitoring public court docket databases such as Lexis, Westlaw, Justia. LegalEagle, Casetext, Google Scholar and the like to ensure that their identity associated with a confidential state bar investigation does not reappear on the internet or get circulated by his or her adversaries and their allies to impugn the reputation and character of the plaintiff or class member. Plaintiffs and the class members also must be ever vigilant against retaliatory actions against them by the state bar or others and their reputation has been irreparably harmed. Plaintiffs and the class members have spent money on antivirus services to assist in monitoring the dark web, their credit reports for added docket activity and phishing scams.

204.    The harm caused by the defendant resulted in damage to the plaintiffs and members of the class in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### Govt Code §815.4 Liability

#### (All Plaintiffs against Defendant State Bar of California)

205.    Plaintiffs incorporate herein by reference paragraphs 1 through 204 above, paragraphs 215 through 247 below in this pleading as though fully set forth herein.

206.    This cause of action is being brought on behalf of all Plaintiffs and all members of the class.

207.    Defendant State Bar of California was under a mandatory duty to keep all State Bar investigations confidential unless and until public notice of disciplinary charges were filed pursuant to Bus. & Prof. Code §6086.1 and State Bar Rules of Procedure, Rules 2301 and 2302.

208.    The enactment was designed to protect against the type of harm (privacy harm) suffered by the plaintiffs and members of the class.

209.    Defendant Rick Rankin was an independent contractor hired by the State Bar of California at an annual salary of approximately $126,000.00 to act as the interim Information Technologies Director and was under a duty to maintain reasonable security measures at the State Bar yet Defendant failed to exercise reasonable care in preventing the data breach.

210.    Defendant Rick Rankin was under  a duty to make sure that industry standards were employed by the State Bar and he breached his duty when the bar failed maintain cybersecurity industry standards such as continuous vulnerability management, conducting regular penetration testing and other security testing, encryption of confidential records to ensure things like access control checks were in place, and if not, the data would not be readable if posted on the internet.

211.    He also failed to ensure the State Bar deleted old confidential investigations that did not lead to public discipline. Defendant Rick Rankin also failed to ensure the state bar adopted and enforced retention and destruction policies which led to approximately 322,525 confidential state bar investigations that had not resulted in public discipline to be scraped and/or harvested and posted onto the internet.

212.    Failure to implement these reasonable security measures (CIS Controls) proximately led to the data breach alleged herein.

213.    Defendant Rick Rankin's unreasonable care was a substantial factor in the State Bar of California's breach of this mandatory duty and was the direct and proximate cause of injury suffered by the plaintiffs' and members of the class such as privacy harm, mitigation costs, and loss of time.

214.    As a result of the breach, Plaintiffs and members of the class suffered a privacy injury by having confidential investigation or other matter held by the state bar posted on the internet along with their identity. Plaintiffs will continue to suffer harm in the future on the grounds they will now be burdened with ensuring that the information does not reappear on the internet.

215.    As a further direct and proximate cause, plaintiffs and the class are left to speculate how many of those confidential state bar investigations were they the target of considering there were more confidential state bar investigations posted on the internet than active members of the bar and how invasive the state bar has been in the members affairs leading to anxiety, stress and fear that this could land in the hands of their adversaries or their allies causing future harm to their career or reputation.

216.    The State Bar of California is liable for Rick Rankin's failure to use reasonable care under Govt Code §815.4.

## **FIFTH CAUSE OF ACTION**

### **Negligence**

### **(All Plaintiffs against All Defendants)**

217.    Plaintiffs incorporate herein by reference paragraphs 1 through 216 above in this pleading as though fully set forth herein.

218.    This cause of action is being brought on behalf of all Plaintiffs and all members of the class.

219.    **Tyler Technologies, Inc.:** Defendant Tyler Technologies was under a duty to build and maintain its Odyssey case management system including the Odyssey Portal with reasonable security measures in place, including adequate access control so only authorized users could gain access to confidential State Bar investigations from the State Bar's database. .

220.    On or about February 2016, the California Department of Justice defined what "constitutes a lack of reasonable security" to include the CIS Controls published by the Center for Internet Security's Critical Security Controls (CIS Controls) in the California Data Breach Report 2012-2015 (Feb. 2016) at p. v (available online at https://oag.ca.gov/privacy/databreach/list). These CIS Controls (available at https://www.cisecurity.org/controls) include:

     a.   Control 01: Inventory and Control of Enterprise Assets

     b.   Control 03: Data Protection

     c.   Control 06: Access Control Management

     d.   Control 07: Continuous Vulnerability Management

     e.   Control 14: Security Awareness and Skills Training

Fourth Amended Class Action Complaint
*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC

f.   Control 15: Service Provider Management

g.   Control 16: Application Software Security

h.   Control 17: Incident Response Management

i.   Control 18: Penetration Testing

221.   Defendant **Tyler Technologies** breached its duty of care by failing to meet industry data security standards (CIS Controls) in creating and maintaining Odyssey Case Management system including the Odyssey Portal.

222.   As a result of Defendant Tyler Technologies' breach, the plaintiffs and members of the Class were harmed because 322,525 confidential State Bar investigations that included the plaintiffs' and Class members' identities were exfiltrated, harvested and/or scraped by judyrecords.com in or about October 10, 2021 and placed on the internet.

223.   **State Bar of California:** Defendant State Bar of California also owed the plaintiffs and all members of the class a duty to keep the state bar investigations confidential unless and until formal public disciplinary charges were filed and to employ an Information Technologies Director that would adequately perform reasonable security measures to maintain the confidentiality of these records.

224.   Defendant State Bar of California breached its duty in violation of Cal. Bus. & Prof. Code § 6086.1, Rule 2301, Rule 2302 and/or Cal Const Art. 1 § 1 because the confidential state bar investigations were released onto the internet with the identification of the plaintiffs attached to them as more fully alleged above.

225.   Defendant State Bar of California also breached its duty to employ an Information Technology Director with the education, experience and skillset to perform reasonable security measures including industry standard CIS Controls by employing Defendant Rick Rankin of RPR Impact.

226.   Defendant State Bar of California was also under a duty to notify the plaintiffs promptly of the data breach and provide them with a toolset to mitigate any further harm.

227.   The California Department of Justice has defined prompt notice of a data breach to mean within 10 days.

228.   The Defendant State Bar of California breached its duty to promptly notify the plaintiffs and class members of the data breach by delaying notification until May 2022 (nearly 3 months later).

229.   **Rick Rankin:** Defendant Rick Rankin, as the interim Information Technologies Director of the State Bar of California was under a duty to implement reasonable security measures to safeguard the 322,525 confidential State Bar investigations the State Bar Office of Chief Trial Counsel had amassed

and/or adequately supervise, train and employ those who could implement the reasonable security measure at the State Bar.

230.     On or about February 2016, the California Department of Justice defined what "constitutes a lack of reasonable security" to include the CIS Controls published by the Center for Internet Security's Critical Security Controls (CIS Controls), NISTR 800-88r1, NISTR SSDF, OWASP, and other cybersecurity best practices outlined by SAFECode, the Software Alliance, OWASP, the Council of Registered Security Testers (CREST), and the PCI Security Standards Council. These CIS Controls (available at https://www.cisecurity.org/controls) include:

    a.   Control 01: Inventory and Control of Enterprise Assets

    b.   Control 03: Data Protection

    c.   Control 06: Access Control Management

    d.   Control 07: Continuous Vulnerability Management

    e.   Control 14: Security Awareness and Skills Training

    f.   Control 15: Service Provider Management

    g.   Control 16: Application Software Security

    h.   Control 17: Incident Response Management

    i.   Control 18: Penetration Testing

231.     Defendant Rick Rankin breached his duty by failing to perform reasonable security procedures (or employing, supervising and adequately training the employees within the IT Department to do so) as outlined by the Center for Internet Security's Critical Security Controls (CIS Controls) and other industry standards listed above.

232.     Defendants Tyler Technologies, Inc., the State Bar of California, and Rick Rankin, and each of them, jointly and severally, were a substantial factor in causing the plaintiffs and Class members' harm leading to the failure to discover a security vulnerability in the Odyssey case management system, including the Odyssey Portal that resulted in the harvesting, scraping, exfiltration of 322,525 confidential state bar investigations that were placed on JudyRecords.com.

233.     The plaintiffs' injuries resulted from an occurrence, the nature of which the statute or regulation or industry data security standard was designed to prevent (designed to prevent a privacy injury).

234.     The plaintiffs and members of the class were people who suffered the injury that the statute was designed to protect.

235.     As a direct and proximate cause of Defendants' breaches, the plaintiffs and all class members suffered general damages of emotional distress, including but not limited to, fear, anxiety, paranoia, shame, loss of sleep, depression, and spending time and expense trying to figure out what they could do to protect themselves, their reputation and/or their health wellbeing.

236.     Privacy damage to plaintiffs John Roe 1, John Roe 3, Jane Roe 2, Chad Pratt, NZ and all members of the Class resulted in general damages causing the plaintiffs great loss of peace of mind, humiliation, shame, mortification, and grievous mental pain and suffering.

237.     As a result of the breach, Plaintiffs and members of the class suffered general damages in the form of a privacy injury by having their identity posted on the internet in relation to a confidential state bar investigation and plaintiffs  and the class will continue to suffer harm in the future on the grounds they will forever be the targets of time consuming and annoying spam, phishing schemes and be burdened with spending time and financial resources to ensure that the information does not reappear again on the internet.

238.     Plaintiffs and class members must now take their time and effort to mitigate the actual and potential impact of the data breach out of their everyday lives by closely reviewing and monitoring phone calls and emails for phishing attacks and spam; by closely reviewing and monitoring public court docket databases such as Lexis, Westlaw, Justia. LegalEagle, Casetext, Google Scholar and the like to ensure that their identity associated with a confidential state bar investigation does not reappear on the internet or get circulated by his or her adversaries and their allies to impugn the reputation and character of the plaintiff or class member. Plaintiffs and the class members also must be ever vigilant against retaliatory actions against them by the state bar or others and their reputation has been irreparably harmed. Plaintiffs and the class members have spent money on antivirus services to assist in monitoring the dark web, their credit reports for added docket activity and phishing scams.

239.     Plaintiffs and all class members are entitled to actual damages and general damages against defendants Tyler Technologies, Inc., Rick Rankin, and the State Bar of California, jointly and severally.

## SIXTH CAUSE OF ACTION

### Deceit

### (All Plaintiffs against Defendant Tyler Technologies,  and Does 4 through 10)

240.     Plaintiffs incorporate herein by reference paragraphs 1 through 239; and paragraphs 260 through 265 below in this pleading as though fully set forth herein.

241.   Jeremy Ward, at all times mentioned in this cause of action, was employed by Defendant Tyler Technologies, Inc. as the Senior Director of Systems Engineering and was working within his scope of employment at Tyler Technologies, Inc.

242.   Defendant Tyler Technologies, Inc. was in a relationship wherein it an owed a duty to the plaintiffs and all class members to disclose a material fact about the data breach on the grounds that Tyler Technologies, Inc.'s lack of access control check caused the data breach and the plaintiffs and all members of the class were victims of the data breach.

243.   Defendant Tyler Technologies, Inc. acquired information about the data breach that could have mitigated further harm to the plaintiffs but failed to disclose it to the plaintiffs and all members of the Class.

244.   Defendant Tyler Technologies, Inc. intentionally failed to disclose certain facts to the plaintiffs; or disclosed some facts to the plaintiffs through the State Bar's Notice but intentionally failed to disclose other facts listed below, making the disclosure deceptive; or *defendant* intentionally failed to disclose certain facts that were known only to it and that plaintiffs could not have discovered; or defendant prevented plaintiffs from discovering certain facts to wit:

    a.   On March 9, 2022 Jeremy Ward was aware that Tyler Technologies was holding onto the California clients, including the State Bar of California because Tyler Technologies was going to deal with them as a single bucket and he memorialized that intention in an email he wrote to Kevan Schweitzer.

    b.   On March 11, 2022 Jeremy Ward wrote another email to Kevan Schweitzer disclosing that Tyler Technologies, Inc. was "taking an extremely holistic approach … and asked Kevan Schweitzer to prohibit searches on JudyRecords.com for another week because Tyler Technologies decided it could "avoid other issues coming up and having to discuss notifications for other records." Jeremy Ward then asked Kevan Schweitzer to cover up the breaches by asking "Would you be willing to make Odyssey Portal records not searchable for the next two weeks."

    c.   On March 18, 2022 Jeremy Ward wrote another email to Kevan Schweitzer disclosing that Tyler Technologies has "notices that some of the pages" from JudyRecords.com "are being indexed by Google (and presumably other search engines) and as such were concerned that "some of the non-public cases might have been indexed and are still visible." Kevan Schweitzer replied he did not index any of his pages to Google except

for appellate and supreme court opinions. As such, Tyler Technologies knew or had
reason to know that another third party other than JudyRecords.com had also exfiltrated,
scraped or harvested cases that were stored or accessible through the Odyssey portal
including confidential State Bar Investigations.

245.    Defendant Tyler Technologies, Inc. owed a duty to plaintiffs and the members of the class to
inform them that (1) the notices being sent to the victims of the State Bar breach was going to be
delayed (2) the delay was so that Tyler Technologies could help its other clients avoid sending out
notices of the data breach of their case files; and (2) there was some evidence that another party had
accessed the confidential State Bar investigation other than Kevan Schweitzer who was operating
JudyRecords.com because pages from JudyRecords.com were found indexed on Google so just because
there was a "page view" on JudyRecords.com did not mean a third party did not actually view the
confidential state bar investigation.

246.    Plaintiffs and all members of the Class did not know of the concealed fact[s] alleged above.

247.    Defendant Tyler Technologies, Inc. intended to deceive plaintiffs and the members of the Class
by Concealing the facts alleged above.

248.    Had the omitted information been disclosed, plaintiffs and all members of the class reasonably
would have behaved differently by taking the data breach more seriously.

249.    Plaintiffs and all members of the Class were harmed.

250.    Defendant Tyler Technologies, Inc.'s concealment was a substantial factor in causing plaintiffs'
harm.

251.    By disclosing only some of the information, Defendants conduct was deceitful.

252.    Defendants Tyler Technologies, Rick Rankin and Does 4 through 10 intended that plaintiffs and
the members of the putative class rely on these representations in order to minimize and downplay the
nature and extent of the data breach.

253.    Plaintiffs and the members of the putative class reasonably relied on Tyler Technologies,
representation and many did little or nothing thinking that these records were only on an obscure
website and permanently deleted never to see the light of day or failed to get the notice because it came
from an obscure website email address.

254.    Plaintiffs and the members of the putative class are being harmed because once information is
on the internet it is never really permanently deleted. It can reappear online by any third party that may

have shared or downloaded it. It can be on the dark web or indexed by Google or appear on harder to reach paid databases like Lexis, Westlaw, or credit reporting agencies.

255.    Plaintiffs and the members of the putative class's reliance on Tyler Technologies, representation is a substantial factor in causing them harm.

256.    Privacy damage to plaintiffs John Roe 1, John Roe 3, Jane Roe 2, Chad Pratt, NZ and all members of the Class resulted in general damages causing the plaintiffs great loss of peace of mind, humiliation, shame, mortification, and grievous mental pain and suffering.

257.    Reputation damage to plaintiff NZ and the other 1,300 class members resulted in general damages causing plaintiffs great humiliation, shame, mortification, and grievous mental pain and suffering, and tends to injure their personal and business reputation.

258.    Plaintiffs and class members must now spend money to mitigate the risk of loss and take their time and effort to mitigate the actual and potential impact of the data breach out of their everyday lives by closely reviewing and monitoring phone calls and emails for phishing attacks and spam; by closely reviewing and monitoring public court docket databases such as Lexis, Westlaw, Justia. LegalEagle, Casetext, Google Scholar and the like to ensure that their identity associated with a confidential state bar investigation does not reappear on the internet or get circulated by his or her adversaries and their allies to impugn the reputation and character of the plaintiff or class member. Plaintiffs and the class members also must be ever vigilant against retaliatory actions against them by the state bar or others and their reputation has been irreparably harmed. Plaintiffs and the class members have spent money on antivirus services to assist in monitoring the dark web, their credit reports for added docket activity and phishing scams.

259.    Jeremy Ward was a controlling manager of defendant Tyler Technologies, Inc. and his actions amounted to actual fraud, corruption and/or actual malice entitling plaintiffs and members of the Class to an award of punitive damages as more fully alleged below.

## EXEMPLARY DAMAGES

260.    Defendants Tyler Technologies, Inc. and Does 4 through 10 conduct is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

261.    Defendants Tyler Technologies, Inc., by and through Jeremy Ward, and Does 4 through 10 intentionally misrepresented or concealed a material fact as specifically alleged above entitling plaintiffs and members of the class to punitive damages.

262.  The conduct constituting malice, oppression, or fraud by Jeremy Ward, Kevan Schweitzer, and Does 4 through 10, was authorized by one or more officers, directors, or managing agents of Tyler Technologies, Inc.

263.  Alternatively, one or more officers, directors, or managing agents of Tyler Technologies, Inc. knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct from Jeremy Ward and Kevan Schweitzer after it occurred.

264.  The aforementioned conduct of Defendants Tyler Technologies, Inc. and Does 4 through 10, was malicious and/or an intentional misrepresentation, deceit, or concealment of a material fact or with the intention on the part of the Defendants Tyler Technologies, Inc. and Does 4 through 10 to thereby deprive plaintiffs of property or legal rights or otherwise causing injury.

265.  The aforementioned conduct of Defendants Tyler Technologies, Inc. and Does 4 through 10 was despicable conduct that subjected Plaintiffs and the members of the class to a cruel and unjust hardship in conscious disregard of Plaintiffs and class members privacy rights and right to know, so as to justify an award of exemplary and punitive damages.

## **PRAYER FOR RELIEF**

**First Cause of Action**

1.  Damages;
2.  Injunctive relief;
3.  Costs;
4.  Attorney fees; and
5.  Any further relief the court would deem appropriate and just.

**Second, Third, Fourth, and Fifth Causes of Action**

1.  Actual Damages;
2.  General Damages;
3.  Costs; and
4.  Any further relief the court would deem appropriate and just.

**Sixth Cause of Action**

1.  Actual Damages;
2.  General Damages;
3.  Punitive Damages,
4.  Costs; and

Fourth Amended Class Action Complaint
*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC

5.  Any further relief the court would deem appropriate and just.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial for all legal claims.

Dated:  February 1, 2024

Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT
/s/ Lenore Albert
LENORE L. ALBERT, ESQ.
Attorney for Plaintiffs, John Roe 1,John Roe 3,
Jane Roe 2, Chad Pratt, and NZ *on behalf of*
*themselves and all others similarly situated.*

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:
 I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 1968 S Coast Hwy #3960, Laguna Beach, CA 92651. On February 1, 2024, I served a copy of the following document(s) described as:
**FOURTH AMENDED CLASS ACTION COMPLAINT**
SEE ELECTRONIC SERVICE LIST ATTACHED

**[x] BY E-SERVE and EMAIL –** I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth per CCP 1010.6.
**[ ] BY MAIL –** I caused such document(s) to be placed in pre-addressed envelope(s) with postage thereon fully prepaid and sealed, to be deposited as regular US Mail at Santa Ana, California, to the aforementioned addressee(s).
 I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: February 1, 2024

                                        _/s/  Lenore Albert_____
                                        Lenore Albert

Fourth Amended Class Action Complaint
*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC

# ELECTRONIC SERVICE LIST

**For Defendants State Bar of California**
David M. Liu
**FREEMAN MATHIS & GARY, LLP**
3030 Old Ranch Parkway | Suite 200 | Seal Beach, CA 90740-2713
D: 562-245-8405 | C: 562-682-8062
David.Liu@fmglaw.com

ROBERT G. RETANA (148677) Deputy General Counsel
SUZANNE C. GRANDT (304794)
Assistant General Counsel
**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
180 Howard Street
San Francisco, CA 94105-1639 Telephone: 415-538-2388; Facsimile: 415-538-2517
Email: suzanne.grandt@calbar.ca.gov

**For Defendant Rick Rankin**
**JEFFER MANGELS BUTLER & MITCHELL LLP**
MICHAEL A. GOLD (Bar No. 90667)
*mgold@jmbm.com*
JUSTIN ANDERSON (Bar No. 328969)
*Janderson@jmbm.com*
1900 Avenue of the Stars, 7th Floor.
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567
**For Defendant Tyler Technologies, Inc.**
**K&L GATES LLP**
Beth Petronio
Christina N. Goodrich (SBN 261722) christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564) zach.timm@klgates.com
10100 Santa Monica Boulevard Seventh Floor
Los Angeles, California 90067
Telephone: 310.552.5000 Facsimile: 310.552.5001

Fourth Amended Class Action Complaint
*Roe v The State Bar of California, et al.*          30-2022-01250695-CU-AT-CXC