# EXHIBIT 6

Lenore L. Albert
Email: lenalbert@InteractiveCounsel.com
1968 S Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Plaintiff, pro per

James Ocon
Email: Jim.Ocon@Oconcompany.com
10131 Louise Ave.
Northridge, CA 91325
Telephone: (719) 505-2187
Plaintiff, pro se

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENORE ALBERT, et al,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC., et al,<br>Defendants. | CASE NO. 8:24-cv-01997-WLH (DFMx)<br><br>**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**<br><br>Complaint filed: 09-16-2024<br>First Amended Complaint filed: 11-04-2024<br><br>Hearing Date: December 20, 2024<br>Time: 1:30PM<br>Ctrm: 9B – 9th Flr |

Ryan McMahon
Email: Codethree53@gmail.com
7533 English Hills Road

i

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**

*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

Vacaville, CA 95687
Telephone: 707-333-3127
Plaintiff, pro se

Larry Tran
Email: larrylytran@gmail.com
29559 Fitch Ave.
Canyon Country, CA 91351
Telephone: 626-217-7836
Plaintiff, pro se

Theresa Marasco
Email: theresa.marasco@gmail.com
PO Box 1035
Santa Monica, CA 90404
Telephone: 720-226-4051
Plaintiff, pro se

Leslie Westmoreland
Westmorelandlw7@gmail.com
1715 East Alluvial Ave. #214
Fresno, CA 93720
Telephone: 559-727-1604
Plaintiff, pro se

# **TABLE OF CONTENTS**

I.   FACTS ...................................................................................................1

II.  LAW ....................................................................................................4

III. LEGAL ARGUMENT ..........................................................................4

   A. FRCP 8(a) Standard is Met ..............................................................4

   B. Co-tortfeasor Liability .....................................................................5

     1.  Conspiracy .................................................................................5

     2.  Principal/Agen or Acting in Concert .........................................7

     3.  Ratification .................................................................................9

   C. Negligence Cause of Action.............................................................10

     1.  Duty & Breach ...........................................................................10

     2.  Causation & Damages................................................................13

     3.  Statute of Limitations Was Tolled..............................................14

   D. Interference Claims..........................................................................16

     1.  Negligent Interference with a Prospective Economic Advantage .16

     2.  Intentional Interference with a Prospective Economic Advantage 18

   E. Leave to Amend...............................................................................19

IV.  CONCLUSION ...................................................................................20

   Word Count ...........................................................................................21

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**

*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

# TABLE OF AUTHORITIES

**Cases**

*Addison v. State of California* 21 Cal.3d 313, 317 (1978) ...................................... 15, 16

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* 7 Cal.4th 503, 511
(1994).............................................................................................................6

*AREI II Cases* 216 Cal.App.4th 1004, 1022 (2013).........................................6

*Bass v. Facebook, Inc.* 394 F.Supp.3d 1024, 1039 (N.D. Cal 2019)...........................12

*Bell Atl. Corp. v. Twombly* 550 U.S. 544, 563 (2007) ...........................................4

*Boddicker v. Arizona State Dental Assn* 549 F.2d 626, 632 (9th Cir. 1977) ..................4

*Connor v. Great Western Sav. Loan Assn* 69 Cal.2d 850, 865 (1968) .........................11

*Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354, 103 S.Ct. 2392, 76
L.Ed.2d 628 (1983) .....................................................................................15

*DeFries v. Union Pac. R.R. Co.* 104 F.4th 1091, 1097 (9th Cir. 2024)........................15

*In re Ambry Genetics Data Breach Litig.* 567 F. Supp. 3d 1130, 1142 (C.D.
Cal. 2021)....................................................................................................14

*In re Equifax, Inc., Customer Data Secur. Breach Litig.* 362 F.Supp.3d 1295,
1325 (ND GA 2019)......................................................................................12

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.* 313 F. Supp. 3d 1113,
1127 (N.D. Cal. 2018) ...................................................................................20

*Mardirossian v. Ersoff* 153 Cal.App.4th 257 (2007) ......................................18

*North American Chemical Co. v. Superior Court* 59 Cal.App.4th 764, 786
(1997)..........................................................................................................16

*Paz v. State of Calif.* 22 Cal 4th 550, 559 (2000) ..........................................10

*PMC, Inc. v. Saban Entertainment, Inc.* 45 Cal.App.4th 579, 603 (1996) .................19

*Reusche v. California Pacific Title Ins. Co.* 231 Cal.App.2d 731, 737 (1965)...............9

*Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.* 2 Cal.5th 505, 512
(2017)..........................................................................................................18

iv

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION
TO DISMISS BY ALL PLAINTIFFS**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

*Sackin v. TransPerfect Global, Inc.* 278 F.Supp.3d 739, 748 (SD NY 2017) ............... 12

*Secci v. United Independent Taxi Drivers, Inc.* 8 Cal.App.5th 846, 854 (2017) ............ 7

*Sindell v. Abbott Laboratories* 26 Cal.3d 588, 604 (1980) ........................................... 9

*Spencer v. City of Palos Verdes Estates* 88 Cal.App.5th 849, 872 (2023) ................... 7

*Stasi v. Inmediata Health Grp. Corp.* 501 F. Supp. 3d 898, 913 (S.D. Cal. 2020) ............................................................................................................................. 14

*U.S. v. Gaytan* 342 F.3d 1010, 1011 (9th Cir. 2003) ................................................... 10

**Other Authorities**

9th Cir. Model Jury Instruct 9.13 .................................................................................. 10

Ca. Atty. Genl, California Data Breach Report 2012-2015 (Feb. 2016) ...................... 13

CACI 3705 ....................................................................................................................... 9

**Rules**

Fed. R. Civ. Proc. 8 .......................................................................................................... 4

Fed. R. Civ. Proc. 15(a) ........................................................................................... 19, 20

L.R. 11-6.1 ...................................................................................................................... 21

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**

*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

# MEMORANDUM OF POINTS AND AUTHORITIES

## FACTS

This is a First Amendment retaliation case where the State Bar retaliated against plaintiff Lenore Albert for filing a putative class action against it and Tyler Technologies, Inc. on March 18, 2022.

Tyler Technologies was a substantial factor in causing the data breach because after it developed the software Odyssey Portal it failed to ensure it had an adequate access control to ensure only authorized users at the State Bar could obtain confidential state bar investigations.

On March 18, 2022, plaintiff Lenore Albert was employed by Roe plaintiffs to file a putative class action against the Defendant State Bar of California, Defendant Tyler Technologies, Inc. and Defendant Rick Rankin for a data breach of 322,525 confidential State Bar investigations that were posted on the internet identifying the lawyers by name on a public database that anyone with internet access could view. (FAC ¶ 113)

After Albert filed the class action, the State Bar filed disciplinary charges against Albert on April 29, 2022 seeking her disbarment.

Similarly, Chad Pratt, the only named plaintiff in the data breach putative class action *John Roe v State Bar of California*, case No. 30-2022-01250695 filed on March 18, 2022 was suspended on August 2, 2022. (FAC ¶ 114-115)

On or about May 22, 2022 Albert was notified that she was a victim of the data breach, too. (**Decl. Albert, Ex 6; FAC Ex 1**).

Albert was rushed through the disciplinary process and her state bar hearing was held in December 2022. Plaintiffs James Ocon, Theresa Marasco, and former plaintiff Chad Pratt testified in her defense. (FAC ¶ 116)

On January 12, 2024, the state court overruled defendant Tyler Technologies' demurrer to the negligence cause of action. (**Decl. Albert Ex 1; RJN Ex 1**).

1

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**

*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

When defendants agreed to finally turn over their discovery in the data breach class action, plaintiff Albert was suspended with recommendation of disbarment.

This disqualified her from representing the plaintiffs in the data breach case and other attorneys were afraid to step in for fear of retaliation by the state bar.

Tyler Technologies and the State Bar rushed off a notice to the court requesting the motion for class certification to be stricken which the court granted on March 20, 2024. (**Decl Albert, Ex. 2; RJN Ex 2**).

As a result, the once class action of 191,000 lawyers has dwindled to only a few if no attorney steps up, giving defendant Tyler Technologies, Inc. a significant advantage in the data breach case.

Plaintiff Albert was harmed by Tyler Technologies' conduct because she was also a victim of the data breach wherein there was evidence of a page view by a third party online. Furthermore, due to the tortious interference with her clients, she lost expected business revenue in addition to her license to practice law.

Plaintiff James Ocon had hired Albert to work the Oconsortium tour in 2021-2022. Defendant Suzanne Grandt, Benson Hom, and Cindy Chan interfered in Albert's time with over 200 emails. He lost his retirement he invested in the tour. When the State Bar abruptly took Albert's license on March 11, 2024, he was unable to financially pivot, driving him into bankruptcy. (FAC ¶100-112).

Plaintiff Theresa Marasco was on the eve of trial. As a result of the abrupt suspension, she settled her case for less than she wanted and lost the expense she had invested in her litigation. (FAC ¶ 123-139).

Plaintiff Leslie Westmoreland lost his license to practice law because the State Bar disbarred him based on Albert's purported conduct. He was also a putative class member in the data breach case. (FAC ¶ 87-99).

Plaintiff Ryan McMahon was in the midst of his federal case against his former employer. Prior to the suspension, the arbitrator representing the city failed to prove

2

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

1   their case. After Albert was suspended, the arbitrator switched course and found in

2   favor of the city. The federal court judge then reciprocally disbarred Albert a few days

3   later, leaving McMahon to face a slew of dispositive motions that were pending. (FAC

4   ¶ 149-171).

5        Plaintiff Larry Tran was in the pleading stage of his state action against Tesla.

6   Left to defend demurrers on his own, he lost all of his causes of action except for the

7   breach of warranty claim which had been previously overruled when Albert represented

8   him. Mr. Tran was studying for the bar. The bar failed him by 50 points after he filed

9   this lawsuit against them. (FAC ¶ 140-148).

10        Each plaintiff asked the State Bar to allow their case to proceed with plaintiff

11   Lenore Albert, but those requests were denied. The plaintiffs were punished for being in

12   an economic relationship with plaintiff Lenore Albert, which entitled them to recovery.

13        Tyler Technologies and the State Bar had a symbiotic relationship. Tyler

14   Technologies needed the breadth of the data breach covered up because all of its

15   customers nationwide suffered the same breach due to the failure to perform an

16   adequate access control check on the Portal. The State Bar needed the data breach

17   covered up because the employees had been abusing their power by conducting

18   unreasonable searches through confidential state bar investigations.

19        Keven Schwitzer, who obtained the records through the Odyssey Portal,

20   believing them to be public records, has signed a sworn affidavit that Tyler

21   Technologies' failure to perform an adequate access control check was a substantial

22   factor in the data breach (**Decl. Albert, Ex. 4-5**).

23        Without a substantial legal or factual defense, defendant Tyler Technologies

24   strikes out at plaintiff Lenore Albert by attaching the docket for reciprocal discipline in

25   the Central District as part of their moving papers. (Decl. Timm). However, not every

26   court has blindly followed the California State Bar is disbarring Albert. For example,

3

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION
TO DISMISS BY ALL PLAINTIFFS**

*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

the Central District has not ruled, and the U.S. Supreme Court refused to reciprocally disbar Ms. Albert as a member of that Court. (Decl. Albert Ex 3, RJN Ex 3).

Their conduct was despicable, warranting punitive damages.

## **LAW**

"A complaint should not be dismissed for failure to state a claim "'unless it appears beyond doubt that the plaintiff cannot prove a set of facts in support of his claim which would entitle him to relief." *Boddicker v. Arizona State Dental Assn* 549 F.2d 626, 632 (9th Cir. 1977).

"[A]n accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly* 550 U.S. 544, 563 (2007).

"[A] plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint"" *Bell Atl. Corp. v. Twombly* 550 U.S. 544, 563 (2007).

## **LEGAL ARGUMENT**

### A. **FRCP 8(a) Standard is Met**

Defendants argue that the pleading violates FRCP 8. The cause of action meets the FRCP 8a standard because it supports the elements with plausible facts pointing to injury.

The pleadings are not exceptionally long as to defendant Tyler Technologies. The fifth cause of action for negligence is contained in para. 526 through 546; the tenth cause of action for negligent interference with a prospective economic advantage is contained in para. 683 through 697; and the eleventh cause of action for intentional interference with a prospective economic advantage is contained in para. 698 through 714.

It was the State Bar defendant's counsel, Kevin Gilbert, who demanded that more of the who, what, where, and when be added to the First Amended Complaint during the meet and confer. Defense counsel for Tyler Technologies, Inc. was at the meet and

4

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

conference videoconference and did not object. As such, she should be estopped from complaining now.

### B. **Co-tortfeasor Liability**

Defendant contends that plaintiffs' allegations in claims ten and eleven are bare recitations with the "elements of the causes of action without any supporting factual allegations that establish Tyler's involvement." (Doc. 80 p. 18).

Defendants spend two pages citing boilerplate law then assert "the Complaint does not include any non-conclusory allegations that Tyler was involved, either intentionally or negligently, in conduct that would disrupt these relationships. This is because there are no facts to be alleged Tyler had no involvement whatsoever in Ms. Albert's disbarment." (Doc. 80 p. 19).

### **1. Conspiracy**

Defendant Tyler Technologies, Inc. acknowledges that the FAC alleges the defendant was in an agency relationship with the State Bar, conspired with the State Bar or ratified its conduct to Tyler Technologies, Inc.'s benefit. (Doc. 80 p. 19).

Plaintiff alleged that "Defendants State Bar of California and Tyler Technologies conspired to mislead the public about the nature and extent of the data breach." (FAC ¶ 396). The defendant delayed notification of the breach to the lawyers in order to cover up the extent of the breach that also occurred at "thirteen other state agencies in California." (FAC ¶ 397).

The State Bar employees were okay with helping Tyler in the cover up because the employees were "abusing their power for their own personal interest by performing pre-litigation confidential State Bar investigations on other members of the Bar which was covered up by Defendants State Bar." (FAC ¶ 398).

As such, "Tyler Technologies and was a substantial factor in agreeing to have Ms. Albert disbarred in order to avoid providing the proof to her." (FAC ¶ 398).

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

1    Plaintiffs alleged the defendants "agreed orally or in writing or implied by the

2    nature of the acts done to cover up the above information in order that the public would

3    not find out and thereby agreed to have Ms. Albert taken out of the picture by way of

4    disbarment." (FAC ¶ 399). The defendants committed to conspire with a wrongful act,

5    making them jointly liable as co-conspirators. (FAC ¶ 400-401).

6        To support a conspiracy claim, a plaintiff must allege the following elements:

7        "(1) the formation and operation of the conspiracy, (2) wrongful conduct in

8        furtherance of the conspiracy, and (3) damages arising from the wrongful

9        conduct."

10    *AREI II Cases* 216 Cal.App.4th 1004, 1022 (2013).

11        As shown above, plaintiff adequately alleged all three elements to support a

12    conspiracy claim for tortious interference.

13        Tyler Technologies is not absolved from all wrongdoing because it had its own

14    agenda in covering the breach that happened at other government agencies. There is no

15    requirement it participated in the revocation of Albert's license to be liable as a co-

16    conspirator. It only needed to have knowledge of the plan.

17        [T]he major significance of the conspiracy lies in the fact that it renders each

18    participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing

19    from the wrong, irrespective of whether or not he was a direct actor and regardless of

20    the degree of his activity." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* 7

21    Cal.4th 503, 511 (1994).

22        Plaintiff alleged approximately fifteen (15) material dates showing that defendant

23    State Bar of California and defendant Tyler Technologies were operating in sync with

24    each other. The plaintiff listed specific events to coincide with dates spanning a two-

25    year period, demonstrating the two defendants worked together to delay the discovery

26    production in the case until the state bar had time to push Albert through the

27    disciplinary process. (FAC ¶407 -429) The discovery was initially propounded by the

28

6

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION
TO DISMISS BY ALL PLAINTIFFS**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

plaintiffs in July 2023. There was no reason for Tyler Technologies to wait until March 2024 (less than one week before the State Bar decided to disbar Ms. Albert) to produce their discovery.

""Conspiracies are typically proved by circumstantial evidence. [Citation.] '[S]ince such participation, cooperation or unity of action is difficult to prove by direct evidence, it can be inferred from the nature of the act done, the relation of the parties, the interests of the alleged conspirators, and other circumstances." *Spencer v. City of Palos Verdes Estates* 88 Cal.App.5th 849, 872 (2023).

Based on the facts and circumstances alleged, it is plausible Defendant Tyler Technologies, Inc. and the State Bar of California Defendant(s) were either in a conspiracy or other agency relationship as more fully discussed below.

### 2. <u>Principal/Agent or Acting in Concert</u>

Defendant Tyler Technologies contends it was not in an agency relationship with the State Bar. At the pleading stage it is plausible that the two were acting in concert or in an agency relationship. "The existence of an agency is a factual question within the province of the trier of fact." *Secci v. United Independent Taxi Drivers, Inc.* 8 Cal.App.5th 846, 854 (2017).

Plaintiff adequately alleged an agency relationship at paras. 407 to 430. Plaintiff alleged the defendants "both delayed and deferred discovery until plaintiff's license was suspended (FAC ¶ 407); on July 21, 2023 both parties jointly informed the court that "*In re Albert*, Case No. SBC-22-O-30348-DGS, at 2 (Apr. 3, 2023). Ms. Albert is currently appealing this recommendation. Should Ms. Albert's license be suspended, she will not be able to continue representing plaintiffs in this case." (FAC ¶ 414); both defendants refused to enter into a protective order for discovery (FAC ¶ 416); as late as March 1, 2024 both defendants continued to seek extensions of time to comply with discovery that was served nine (9) months earlier. (FAC ¶ 418-419).

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

Defendant contends "the Complaint fails to allege any supporting factual allegations to establish that Tyler had knowledge of any probable future economic benefits." (Doc. 80 p. 22). But Tyler does not point out specifically what it contends is missing. The motion is a boilerplate motion throwing everything at the wall to see if something sticks.

As shown above, the plaintiff alleged that Tyler would benefit by removing class counsel because the class would not be able to be certified. Indeed, defendants filed a report with the court and the court struck the motion for class certification that was pending on March 20, 2024. The benefit to Tyler is huge because there is a significant difference between being held liable by 191,000 attorneys or just a handful of attorneys.

Plaintiffs provided fifteen (15) synchronous dates over a two-year period sufficient to demonstrate either a conspiracy or an agency relationship at the pleading stage. (FAC ¶ 407 – 430).

Alternatively, plaintiffs alleged that the defendants were acting in concert with each other. Defendant is liable if:

(a) it does a tortious act in concert with the other or pursuant to a common design with him, or (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.' With respect to this doctrine, Prosser states that 'those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit, are equally liable with him. [para.] Express agreement is not necessary, and all that is required is that there be a tacit understanding . . .."'

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

*Sindell v. Abbott Laboratories* 26 Cal.3d 588, 604 (1980).

Similarly, if plaintiff proves that defendant Tyler Technologies, Inc. gave any of the State Bar employees authority to act on its behalf, then that employee was defendant Tyler Technologies' agent. This authority may be shown by words or may be implied by the parties' conduct. (CACI 3705).

The plaintiff listed specific events to coincide with dates spanning a two-year period, demonstrating the two defendants worked together to delay the discovery production in the case until the state bar had time to push Albert through the disciplinary process. (FAC ¶407 -429). Based on the facts and circumstances alleged, it is plausible Defendant Tyler Technologies, Inc. and the State Bar of California Defendant(s) were either in an agency relationship, a conspiracy with each other or acting in concert with each other by having plaintiff Lenore Albert suspended or disbarred in order to derail the State Bar data breach litigation. Alternatively, Defendant Tyler Technologies, Inc. ratified or knowingly received a benefit from the acts or omissions of the State Bar and its employees. (FAC ¶ 430-431).

### 3.  Ratification

Defendant contends plaintiffs cannot plead a ratification theory. (Doc. 80 p. 20-21).

"Ratification is the subsequent adoption by one claiming the benefits of an act, which without authority, another has voluntarily done while ostensibly acting as the agent of him who affirms the act and who had the power to confer authority." *Reusche v. California Pacific Title Ins. Co.* 231 Cal.App.2d 731, 737 (1965).

Here, Tyler Technologies knowingly received a benefit from the acts of the State Bar defendants' revoking plaintiff Albert's license because the motion for class certification was struck and no other attorney has stepped into the case, effectively killing the class of 200,000 other attorneys that were victims of the data breach. (FAC ¶ 431).

9

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**

*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

It is not enough for one occupying a confidential relation to another, who is shown to have secretly received a benefit... to say "... you cannot show that you have sustained any loss by my conduct." Such an agent has the power to conceal his fraud and hide the injury done his principal. It would be a dangerous precedent to lay down as law that unless some affirmative fraud or loss can be shown, the agent may hold on to any secret benefit he may be able to make out of his agency.

*U.S. v. Gaytan* 342 F.3d 1010, 1011 (9th Cir. 2003).

According to Ninth Cir. Jury Instruct 9.13 on adverse interests, an agency relationship despite defendant's protest can be found if "that defendant [*name of alleged principal*] ratified or knowingly received a benefit from the acts or omissions of [*name of agent*], then you may find defendant [*name of alleged principal*] liable if you find that [*name of agent*] acted within [his/her] authority.]" Id. 9th Cir. Model Jury Instruct 9.13.

## C. <u>Negligence Cause of Action</u>

The elements of a general negligence claim are: (a) the existence of a duty defendant owed plaintiff to exercise due care; (b) breach of duty; (c) causation; and (d) damages. *Paz v. State of Calif.* 22 Cal 4th 550, 559 (2000).

## 1. <u>Duty & Breach</u>

On or about May 22, 2022 plaintiff Lenore Albert was notified that one or more confidential state bar investigations were publicly disclosed on the internet where anyone with internet access to view it. It had her name attached to the confidential state bar investigation and there was evidence of a page view by another person. (**Decl. Albert Ex 6**). It was due to failing to have an adequate access control check performed on the Odyssey Portal that defendant Tyler Technologies developed and sold to the State Bar for $5 million dollars. (**Decl Albert Ex 4**).

10

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**

*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

Defendants contend that "Ms. Albert has not sufficiently alleged that Tyler owed a duty directly to her." (Doc. 80 p. 16).

Defendant Tyler Technologies was negligent for failure to have an or an adequate access control check on its product called Odyssey Portal, the failure of which was below industry standards. (FAC ¶ 531). An access control check is reasonable security measures to protect the access of personal or confidential information from third parties. (FAC ¶ 532).

Defendant Tyler Technologies, Inc. owed a duty of care to plaintiff because defendant "performed maintenance from time to time on the software." (FAC ¶ 533)

The basic tests for determining the existence of such a duty are clearly set forth in *Biakanja* v. *Irving, supra,* 49 Cal.2d 647, 650, as follows: "The determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm."

*Connor v. Great Western Sav. Loan Assn* 69 Cal.2d 850, 865 (1968).

Using the *Biakanja* factors, plaintiff alleged a duty because it was foreseeable plaintiff would be harmed if "Tyler Technologies' Odyssey failed to have an access control check" when the State Bar was using it to initiate and store "confidential State Bar investigations." (FAC ¶ 533(a)). It was "reasonably certain" plaintiff would suffer a "privacy injury without a proper access control check on the Odyssey Portal after the State Bar started to use it." (FAC ¶ 533(b)). Defendant's "conduct" of failing to have an adequate access control check performed was "closely connected to the injuries"

11
**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

plaintiff suffered. (FAC ¶ 533(c)). Furthermore, the plaintiff alleged that Defendant Tyler Technologies, Inc. bears some moral blame for failing to protect the confidential information when it received $5 million to supply the Odyssey case management system to the State Bar. (FAC ¶ 533(d)).

It was reasonably foreseeable that without an access control check on the Odyssey Portal a third party could gain access to the confidential state bar investigations and post them on the internet. (**Decl Albert Ex 4, 7**).

Other courts have concluded that defendants have a duty to use reasonable security procedures to safeguard that data from hackers. (*Bass v. Facebook, Inc.* 394 F.Supp.3d 1024, 1039 (N.D. Cal 2019) (applying Calif. law)—the "lack of reasonable care in handling of [p]ersonal information can foreseeably harm the individuals providing the information" (internal citation omitted).). As such, there is no reason not to extend this to Odyssey who sold the State Bar Odyssey without the industry standard access control (meaning a way to prevent the public from obtaining the records) in place. See also, *Sackin v. TransPerfect Global, Inc.* 278 F.Supp.3d 739, 748 (SD NY 2017) (applying NY law)—failure to erect digital firewall, conduct data security training, and adopt retention and destruction policies, sufficient to state negligence claim; *In re Equifax, Inc., Customer Data Secur. Breach Litig.* 362 F.Supp.3d 1295, 1325 (ND GA 2019) (applying Ga. law)—duty of care arose from allegations that the defendant knew of foreseeable risk to its data security systems but failed to implement reasonable security measures.

The FAC alleges that Tyler Technologies breached this duty. (FAC ¶ 535-537). Meeting industry standards does not mean that the defendant was not negligent, on the other hand, failure to meet industry standards can demonstrate that Tyler Technologies breached its duty of care.

In 2016, then California Attorney General Kamala Harris issued a Data Security Report providing guidance on what "reasonable security procedures" means. The report

12

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

states that failure to implement the Center for Internet Security's Critical Security Controls (CIS Controls) "constitutes a lack of reasonable security." [Ca. Atty. Genl, California Data Breach Report 2012-2015 (Feb. 2016) at p. v (available online at https://oag.ca.gov/privacy/databreach/list)] (**Decl. Albert, Ex 7**).

These CIS Controls include:

• continuous vulnerability management;

• securely configuring network devices (including firewalls, routers, and switches);

  • controlling access to data based on business need; and

  • conducting regular penetration and other security testing.

(https://www.cisecurity.org/controls) (FAC ¶ 536).

Penetration testing is a form of access control check that Tyler Technologies could have performed after Odyssey was installed.

Tyler Technologies breached the duty owed by failing to implement these industry-standard performance checks on access (See module 6) to ensure only authorized users had access to the confidential state bar investigations.

## 2.  <u>Causation & Damages</u>

Causation was alleged in para. 538-539 of the FAC. The plaintiff's identity was tied to one or more confidential state bar investigations that landed on the internet where there was evidence of a page view. (FAC ¶, Ex 1 to FAC).

Defendant Tyler Technologies argues against the sufficiency of plaintiffs' damage allegations, but those arguments are improper at the demurrer stage. (Doc. 80 p. 16).

The plaintiff was harmed because her identity was tied to one or more confidential state bar investigations that landed on the internet where there was evidence of a page view. (FAC ¶, Ex 1 to FAC).

13
**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

She alleged that she "suffered **a privacy injury**." (FAC ¶ 71). She also alleged that she received an increase in spam/phishing attacks and her contact information ended up on the dark web. (FAC ¶ 540-546).

These allegations adequately support a negligence claim for damages in a data breach case. See, *Stasi v. Inmediata Health Grp. Corp.* 501 F. Supp. 3d 898, 913 (S.D. Cal. 2020) ("Plaintiffs allege they suffered "a privacy injury by having their sensitive medical information disclosed, irrespective of whether or not they subsequently suffered identity fraud or incurred any mitigation damages." (¶ 284.) Plus, plaintiffs allege they noticed an increase in spam/phishing e-mails and/or calls, (¶¶ 136, 157, 192), which is harm that is also not necessarily "economic" in nature.").

Defendants contend that anxiety is not a proper damage. However, anxiety in a data breach case under these facts where there is evidence a third party other than Kevan Schweitzer accessed the confidential state bar investigations against plaintiff Albert would reasonably lead to anxiety.

In the data breach class action litigation of *in re Ambry Genetics Data Breach Litig.* 567 F. Supp. 3d 1130, 1142 (C.D. Cal. 2021) the Court denied the defendants' motion to dismiss a negligence claim finding "alleged injuries such as anxiety, concern, and unease" sufficient to support a negligence claim.

Consequently, each element for negligence was adequately pled against Tyler Technologies and this cause of action should not be dismissed

### 3. <u>Statute of Limitations Was Tolled</u>

The defendant contends that the statute of limitations bars Ms. Albert's individual negligence claim based on the data breach. (Doc 80 p. 15).

*American Pipe* established that "commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. at 554, 94 S.Ct. 756. "Once the statute of

14

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied." *Crown*, *Cork & Seal Co.*, *Inc. v. Parker*, 462 U.S. 345, 354, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). "At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action." *Id.*
*DeFries v. Union Pac. R.R. Co.* 104 F.4th 1091, 1096-97 (9th Cir. 2024).

Here, the Court struck the motion to certify the class after the State Bar had Ms. Albert disbarred. However, it did not strike the class allegations and has stayed the action to give the plaintiffs time to find new class counsel.

No longer class counsel, Albert filed this action on September 16, 2024. Under the American Pipe rule, the statute of limitations was tolled making her claim timely. (**RJN Ex 1**)

The policy for tolling the statute is also satisfied here. "Upon the filing of a class action complaint, the fair-notice purpose of statutes of limitations is satisfied "as to all those who might subsequently participate in the suit as well as for the named plaintiffs." *DeFries v. Union Pac. R.R. Co.* 104 F.4th 1091, 1097 (9th Cir. 2024).

If the Court should find American Pipe is not applicable, then equitable tolling should apply to this case. "[T]he doctrine of equitable tolling requires timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *Addison v. State of California* 21 Cal.3d 313, 319 (1978).

The defendants were aware of a data breach lawsuit filed on March 18, 2022, shortly after the breach. They recognized that the plaintiff, as attorney for plaintiffs, could not be a putative class member despite being a victim. The plaintiff acted in good faith and waited to file her own lawsuit until after she was disqualified from representing the other plaintiffs in the original case.

In California, tolling the statute of limitations is an equitable remedy that the courts apply liberally to make sure justice is done. "It is fundamental that the primary

15

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

purpose of statutes of limitation is to prevent the assertion of stale claims by plaintiffs who have failed to file their action until evidence is no longer fresh and witnesses are no longer available." *Addison v. State of California* 21 Cal.3d 313, 317 (1978).

The evidence is still fresh and available because the same claims were being pursued in the data breach class action.

She filed her action on September 16, 2024, a mere six months after the class certification motion was struck, making her claim of negligence timely against Tyler Technologies, Inc.

**D. <u>Interference Claims</u>**

**1. <u>Negligent Interference with a Prospective Economic Advantage.</u>**

In a negligent interference claim, one must plead four elements:

The tort of negligent interference with prospective economic advantage is established where a plaintiff demonstrates that (1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship."

*North American Chemical Co. v. Superior Court* 59 Cal.App.4th 764, 786 (1997).

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

First, plaintiff Albert alleged she had the following economic relationships: (1) plaintiffs in the data breach case, (2) Theresa Marasco, (3) Larry Tran, (4) Ryan McMahon, (5) James Ocon, and (6) Leslie Westmoreland. (FAC ¶ 684).

The relationship was reciprocal.

Second, plaintiff Albert plausibly alleged that defendant Tyler Technologies knew of the relationship between plaintiff and the plaintiffs in the data breach case like Chad Pratt and NZ on the grounds Tyler Technologies was the defendant in that lawsuit and knew plaintiff was the counsel representing the plaintiffs and putative class members. As a putative class member, Tyler was aware of Leslie Westmoreland, if not by name as one of the 200,000 attorneys who were victims of the data breach. (FAC ¶ 685).

Moreover, the State Bar defendants knew of plaintiffs' James Ocon, Theresa Marasco, Larry Tran, Ryan McMahon, and Leslie Westmoreland's relationship with plaintiff Albert prior to abruptly suspending her license and disbarring her. This knowledge is imputed on Tyler Technologies as a co-conspirator, principal/agent, or one acting in concert with the State Bar as discussed above.

But for the interference, plaintiff Albert would still have her law practice representing clients like the co-plaintiffs for legal services. Additionally, the co-plaintiffs would still have their attorney giving them an advantage in legal proceedings. Thus, an economic benefit to all plaintiffs had been interfered with. Co-plaintiffs are just as aggrieved as plaintiff Albert.

Defendant contends "to the extent the interference claims are pled on behalf of Ms. Albert herself, her expectations of an economic benefit—in the form of contingent attorneys' fees (Dkt. 57, ¶86)—is also too speculative to qualify as a "probable economic benefit."" (Doc. 80 p. 25).

As for defendant asserting contingency agreements are speculative – case precedents show that contingency fees are not speculative at the pleading stage. Lynch

17
**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

v. Simmons, 2:21cv341 (E.D. Va., Sep. 8, 2023). They are not too speculative to prove either. One does not need billing records. *Mardirossian v. Ersoff* 153 Cal.App.4th 257 (2007).

### 2. Intentional Interference with a Prospective Economic Advantage.

A cause of action for intentional interference with prospective economic advantage contains five elements:

> (1) the existence, between the plaintiff and some third party, of an economic relationship that contains the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentionally wrongful acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by the defendant's action.

*Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.* 2 Cal.5th 505, 512 (2017).

First, plaintiff Albert alleged she had the following economic relationships, including but not limited to: (1) plaintiffs in the data breach case, (2) Theresa Marasco, (3) Larry Tran, (4) Ryan McMahon, (5) James Ocon, and (6) Leslie Westmoreland.

Second, plaintiff Albert plausibly alleged that defendant Tyler Technologies knew of the relationship between plaintiff and the plaintiffs in the data breach case like Chad Pratt and NZ on the grounds Tyler Technologies was the defendant in that lawsuit and knew plaintiff was the counsel representing the plaintiffs and putative class members. As a putative class member, Tyler was aware of Leslie Westmoreland, if not by name as one of the 200,000 attorneys who were victims of the data breach. (FAC ¶ 700).

Third, plaintiff alleged intentionally wrongful acts intended to disrupt the relationship by asserting the State Bar defendants and "others engaged in wrongful conduct through the administrative overreach of employing the State Bar disciplinary

18

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

process, suspending plaintiff Lenore Albert's law license on March 14, 2024, then permanently revoking plaintiff Lenore Albert's license to practice law on July 17, 2024, to retaliate and gain an advantage in the data breach class action case *John Roe v State Bar of California, et al* because plaintiff Lenore Albert was the plaintiffs' counsel, in violation of the First Amendment and Fourteenth Amendment of the U.S. Constitution." (FAC ¶ 702).

"Commonly included among improper means are actions which are independently actionable, violations of federal or state law or unethical business practices, e.g., violence, misrepresentation, unfounded litigation, defamation, trade libel or trademark infringement." *PMC, Inc. v. Saban Entertainment, Inc.* 45 Cal.App.4th 579, 603 *(*1996).

Because plaintiffs alleged an independent wrong of constitutional violations, the third element has been adequately pleaded.

Fourth, plaintiffs alleged an actual disruption resulting from the abrupt suspension and disbarment.

Fifth, the plaintiffs claimed economic injury because Albert and Westmoreland lost their licenses to practice law, and Ocon, Tran, Marasco, and McMahon either lost control of their cases or had them independently interfered with by State Bar employees.

Defendant Tyler Technologies received a benefit from this wrongful conduct making Tyler Technologies jointly and severally liable. (FAC ¶ 703).

### E. <u>Leave To Amend</u>

If the Court concludes that a motion to dismiss should be granted, it must then decide whether to grant leave to amend. Under Fed. R. Civ. Proc. 15(a) "leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of <u>Rule 15</u>... [is] to facilitate decision on the merits, rather than on the

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

pleadings or technicalities." *In re Yahoo! Inc. Customer Data Sec. Breach Litig.* 313 F. Supp. 3d 1113, 1127 (N.D. Cal. 2018);  (FRCP 15(a)).

Plaintiff requests leave to amend if the Court is declined to dismiss on any basis provided by the Defendant because such dismissal would be a mere technicality that plaintiff will be able to correct.

Even if the state bar defendants are dismissed, the court should not dismiss Tyler Technologies because the plaintiffs can amend to assert diversity jurisdiction, or the court can retain the case under supplemental jurisdiction.

## **CONCLUSION**

Wherefore plaintiff Lenore Albert respectfully requests this Court to deny Defendant Tyler Technologies, Inc.'s motion to dismiss. If it must be dismissed, then it should be with leave to amend.

Dated:  November 27, 2024          Respectfully Submitted,

/s/ Lenore Albert_____
Lenore Albert, plaintiff, pro se

Dated:  November 27, 2024          Respectfully Submitted,

/s/ Leslie Westmoreland_____
Leslie Westmoreland, plaintiff, pro se

Dated:  November 27, 2024          Respectfully Submitted,

/s/ Larry Tran_____
Larry Tran, plaintiff, pro se

Dated:  November 27, 2024          Respectfully Submitted,

/s/ Theresa Marasco_____
Theresa Marasco, plaintiff, pro se

Dated:  November 27, 2024          Respectfully Submitted,

/s/ Ryan McMahon_____

20

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

Ryan McMahon, plaintiff, pro se

Dated:  November 27, 2024          Respectfully Submitted,

/s/ James Ocon_____
James Ocon plaintiff, pro se

## CERTIFICATION OF WORD COUNT

"The undersigned, respondent, certifies that this brief contains 6,424 words, which complies with the word limit of L.R. 11-6.1.

Dated:  November 27, 2024          Respectfully Submitted,

/s/ Lorene Albert_____
LENORE L. ALBERT

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**

*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:

 I declare that I am over the age of 18 years, and a party to the within action using ECF to file and serve; that I am employed in Orange County, California; my business address is **1968 S Coast Hwy #3960, Laguna Beach, CA 92651**. On November 27, 2024, I served a copy of the following document(s) described as:

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**

On the interested parties in this action as follows:

See Electronic Service list

**[x] BY E-SERVE and EMAIL** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth. (Per Covid-19 Order)

**[] BY MAIL**– I caused such document(s) to be placed in pre-addressed envelope(s) with postage thereon fully prepaid and sealed, to be deposited as regular US Mail at Huntington Beach, California, to the aforementioned addressee(s).

 I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: November 27, 2024

 _/s/Lenore Albert_____
 Lenore Albert

22

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**

*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)

**ELECTRONIC SERVICE LIST**

**For Defendants State Bar of California, Cindy Chan, Benson Hom, Suzanne Grandt, George Cardona, Ruben Duran, Steve Mazer, Leah Wilson**
KEVIN GILBERT, ESQ.
kgilbert@ohhlegal.com
Orbach Huff + Henderson LLP
Pleasanton
6200 Stoneridge Mall Road, Suite 225
Pleasanton, California 94588 (510) 350-3582 Direct

SUZANNE C. GRANDT (304794)
Email: suzanne.grandt@calbar.ca.gov

**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
180 Howard Street
San Francisco, CA 94105-1639 Telephone: 415-538-2388; Facsimile: 415-538-2517

**For Defendant Rick Rankin**
**JEFFER MANGELS BUTLER & MITCHELL LLP**
MICHAEL A. GOLD (Bar No. 90667)
*mgold@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080 Facsimile: (310) 203-0567

**For Defendant Tyler Technologies, Inc.**
Beth Petronia beth.petronio@klgates.com
Zachary T. Timm (SBN 316564) zach.timm@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard Seventh Floor
Los Angeles, California 90067
Telephone: 310.552.5000 Facsimile: 310.552.5001
Co-plaintiffs by email by consent – as listed on the caption.

George Cardona to be served; serviceofprocess@calbar.ca.gov

and Chief Justice Patricia Rodriguez to be served with summons and complaint.

23

**OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS BY ALL PLAINTIFFS**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-WLH (DFMx)