# EXHIBIT 10

1  Zachary T. Timm (SBN 316564)
2  zach.timm@klgates.com
   **K&L GATES LLP**
3  10100 Santa Monica Boulevard
   Eighth Floor
4  Los Angeles, California  90067
   Telephone: 310.552.5000
5  Facsimile: 310.552.5001

6  Beth W. Petronio, *admitted pro hac vice*
7  beth.petronio@klgates.com
   **K&L GATES LLP**
8  1717 Main Street, Suite 2800
   Dallas, TX 75201
9  Telephone:  (214) 939-5815 Facsimile:
   (214) 939-5849
10 Attorneys for Defendant
   Tyler Technologies, Inc.

11              **UNITED STATES DISTRICT COURT**

12       **CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DIVISION**

13 LENORE ALBERT, JAMES              Case No. 8:24-cv-01997-WLH-DFM
14 OCON, RYAN MCMAHON,               [Assigned to the Hon. Wesley L. Hsu]
   LARRY TRAN, THERESA
15 MARASCO; CHAD PRATT; AND          **REPLY MEMORANDUM IN**
   LESLIE WESTMORELAND               **FURTHER SUPPORT OF TYLER**
16                                   **TECHNOLOGIES, INC.'S MOTION**
                  Plaintiffs,        **TO DISMISS FIRST AMENDED**
17                                   **COMPLAINT**
         v.
18                                   Complaint Filed: September 16, 2024
   TYLER TECHNOLOGIES, INC.,
19 STATE BAR OF CALIFORNIA;          Hearing Date:    December 20, 2024
   RICK RANKIN, STEVE MAZER,         Time:            1:30 p.m.
20 LEAH WILSON, RUBEN DURAN          Courtroom:       9B
   SHERRELL MCFARLANE;
21 KATHERINE KINSEY, BENSON
   HOM, CINDY CHAN, SUZANNE
22 GRANT, and DOES 1-50,
   inclusive,
23
                  Defendants.
24

25

26

27

28
                                1
   DEFENDANT TYLER TECHNOLOGIES INC.'S REPLY MEMORANDUM IN
   FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED
   COMPLAINT

# TABLE OF CONTENTS

I.   INTRODUCTION ......................................................................................... 1

II.  ARGUMENT ............................................................................................... 2

    A.   Plaintiffs' "Co-Tortfeasor Liability" Arguments Should Be
         Rejected. ......................................................................................... 3

    B.   The Interference Claims Should be Dismissed ................................ 6

    C.   Ms. Albert's Data Breach Claim ..................................................... 8

III. CONCLUSION .......................................................................................... 11

DEFENDANT TYLER TECHNOLOGIES, INC.'S REPLY MEMORANDUM IN
FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adams v. Johnson*,
355 F.3d 1179 (9th Cir. 2004) ................................................................. 3

*Addison v. State*,
21 Cal.3d 313 (1978) ............................................................................... 11

*American Pipe & Constr. Co. v. Utah*,
414 U.S. 538 (1974) ................................................................................ 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................. 3

*Batzel v. Smith*,
333 F.3d 1018 (9th Cir. 2003) ................................................................. 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................. 3

*Buckey v. Cnty. of Los Angeles*,
968 F.2d 791 (9th Cir. 1992) ................................................................... 5

*Canilao v. City Com. Invs., LLC*,
613 F. Supp. 3d 1236 (N.D. Cal. 2022) ................................................... 6

*Craigslist, Inc. v. 3Taps Inc.*,
942 F.Supp.2d 962 (N.D. Cal. 2013) ....................................................... 4

*Donoghue v. Orange Cnty.*,
848 F.2d 926 (9th Cir. 1987) ................................................................... 11

*E–Fab, Inc. v. Accountants, Inc. Services*,
153 Cal.App.4th 1308 (2007) .................................................................. 10

*Fayer v. Vaughn*,
649 F.3d 1061 (9th Cir. 2011) (per curiam) ............................................ 3

*Gerard v. Ross*,
204 Cal.App.3d 968 (1988) ..................................................................... 5

DEFENDANT TYLER TECHNOLOGIES, INC.'S REPLY MEMORANDUM IN
FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT

*Imageline, Inc. v. CafePress.com, Inc.*,
    No. CV 10-9794 PSG, 2011 WL 1322525, at *4 (C.D. Cal. Apr. 6,
    2011) ......................................................................................................... 6

*Jones v. Tracy School Dist.*,
    27 Cal.3d 99 (1980) ................................................................................. 11

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal.4th 1134 (2003) .............................................................................. 8

*Mendoza v. Amalgamated Transit Union Int'l*,
    30 F.4th 879 (9th Cir.), *cert. denied*, 143 S. Ct. 425 (2022) ............... 10

*Plutos Sama Holdings, Inc. v. Jagex Ltd.*,
    No. SACV21133JVSJDEX, 2022 WL 1536590 (C.D. Cal. Jan. 12,
    2022) ......................................................................................................... 8

*Ponomarenko v. Shapiro*,
    287 F. Supp. 3d 816 (N.D. Cal. 2018) ...................................................... 5

*Youst v. Longo*,
    43 Cal.3d 64 (1987) .................................................................................. 9

**Statutes**

Cal. Code Civ. Proc. §§ 335.1, 339 ............................................................... 10

DEFENDANT TYLER TECHNOLOGIES, INC.'S REPLY MEMORANDUM IN
FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT

# I.   **INTRODUCTION**

The allegations against Tyler in this case are entirely frivolous and based on the false premise that Tyler was involved in the decade-long series of events that led to Plaintiff Lenore Albert's July 2024 disbarment.  The 950-paragraph FAC (Dkt. 57) weaves a fanciful decade-long tale of harassment and retaliation by the State Bar, clerks, prosecutors, judges, independent contractors and Tyler, a Fortune 500 company, all supposedly with the intention of disbarring Ms. Albert, gaining an advantage in other pending litigation, and harming Ms. Albert's other clients in unrelated cases.  (*See* Dkt. 57, ¶¶172-333).  Ms. Albert's prior suspensions and other disciplinary complaints all occurred well prior to her filing a lawsuit against Tyler in March 2022, which was the first time Tyler became aware Ms. Albert existed.  Those prior suspensions and disciplinary complaints led to the State Bar Review Department's ultimate decision to disbar her instead of suspending her license for a third time.  (*See* Dkt. 79-4 (State Bar Court of California Review Department Opinion and Order)). Ms. Albert seems entirely unwilling to take any responsibility for any of her own conduct, and instead, for years, she placed blame on the State Bar and countless others.  Now she is putting Tyler squarely in her crosshairs without any factual basis whatsoever.

Indeed, the FAC does not contain a single non-conclusory factual allegation against Tyler that would support Plaintiffs' claims.  And Plaintiffs' Response (Dkt. 88) does nothing but double-down on those conclusory allegations.[1]  Plaintiffs continue to assert, without a shred of factual support, that Tyler was acting in concert with the State Bar and that all of the State Bar's knowledge and conduct can be imputed to Tyler.  In

---

[1]     Plaintiffs' Response included an objection to Exhibit A to Tyler's Motion (Dkt. 80-4), which is the docket sheet for the order to show cause proceeding regarding her ability to practice in the Central District of California.  The Court can overrule that objection because the docket is a public record of this Court and relevant to Ms. Albert's ability to practice law, which forms the entire basis of her claims.  Even if the Court disregarded Exhibit A, the Motion should still be granted.  Moreover, the Response included a Request for Judicial Notice (Dkt. 88-9) and a variety of other exhibits that are not properly before the Court on a motion to dismiss.  None of these documents, however, changes the ultimate conclusion that the claims against Tyler should be dismissed.

DEFENDANT TYLER TECHNOLOGIES INC.'S REPLY MEMORANDUM IN
FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT

1   addition to being devoid of any factual truth, these assertions are legally meritless as a
2   matter of law.  Tyler's Motion (Dkt. 80) should be granted.  In addition, because
3   Plaintiffs cannot plead any set of facts to support their claims, leave to amend (again)
4   should be denied.

5   ## II.  <u>ARGUMENT</u>

6          As detailed in Tyler's Motion, the FAC fails to meet the requirements of both
7   Federal Rules of Civil Procedure 8 and 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S.
8   544, 555 (2007).  The Court is not required to "'assume the truth of legal conclusions
9   merely because they are cast in the form of factual allegations.'"  *Fayer v. Vaughn*, 649
10  F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643
11  F.2d 618, 624 (9th Cir. 1981)).  Mere conclusory allegations of law and unwarranted
12  inferences are insufficient to defeat a motion to dismiss.  *Adams v. Johnson*, 355 F.3d
13  1179, 1183 (9th Cir. 2004); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

14         The FAC relies entirely on conclusory allegations to assert three tort claims
15  against Tyler:  Count 5 (Negligence Data Breach) (Dkt. 57, ¶¶526-546); Count 10
16  (Negligent Interference with a Prospective Economic Advantage) (Dkt. 57, ¶¶683-697);
17  and Count 11 (Intentional Interference with a Prospective Economic Advantage) (Dkt.
18  57, ¶¶698-714).  In addition, although it is not clear from the face of the FAC or the
19  Response, Plaintiffs appear to be attempting to apply the legal theories of conspiracy,
20  agency/principal, and ratification to extend some form of "co-tortfeasor liability" to
21  Tyler for the actions of the State Bar.[2]  (Dkt. 88, pp. 5-10).  Each of the three claims
22  asserted against Tyler should be dismissed, and Plaintiffs' "co-tortfeasor liability"
23  theory should be rejected.

24
25
26
27  ---
    [2]     To be clear, Tyler does not believe that the FAC states any plausible causes of
28  action against the State Bar or the various other individual defendants.  For purposes of
    Tyler's Motion, even if the Court accepted every allegation against the State Bar as true,
    Plaintiffs have still failed to assert a valid claim against Tyler.

DEFENDANT TYLER TECHNOLOGIES, INC.'S REPLY MEMORANDUM IN
FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT

A.    **Plaintiffs' "Co-Tortfeasor Liability" Arguments Should Be Rejected.**

Although the FAC does not allege any specific civil conspiracy, agency liability, or ratification *claims* against Tyler, it does contain 25 paragraphs entitled "Agency or Acting in Concert" (Dkt. 57, ¶¶407-431). Similarly, the Response includes a separate section titled "Co-Tortfeasor Liability," (Dkt. 88, pp. 5-10). Neither of these sections, however, explain how these legal theories apply to the three causes of action specifically plead against Tyler. Nor is there any effort to explain whether Plaintiffs are invoking these theories to hold Tyler jointly liable on the multitude of other causes of action plead against the State Bar.[3] Ultimately, it does not matter because Plaintiffs have failed to allege sufficient, non-conclusory facts to support any of these legal theories.

*First*, Plaintiffs' "conspiracy" theory is entirely unsupported. Plaintiffs suggest that Tyler conspired with the State Bar to "cover up" the Alleged Data Breach[4] and then makes the extraordinary logical leap that Tyler must therefore have been a "substantial factor in agreeing to have Ms. Albert disbarred." (Dkt. 88, p.5). Plaintiffs acknowledge that a properly plead civil conspiracy must include three elements: (1) formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct. (Dkt. 88, p. 6, *citing AREI II Cases*, 216 Cal. App.4th 1004, 1022 (2013)); *see also*, *Craigslist, Inc. v. 3Taps Inc.*, 942 F.Supp.2d 962, 981 (N.D. Cal. 2013). Plaintiffs fail to mention that the first element has three subparts: "(i) knowledge of wrongful activity, (ii) agreement to join in the wrongful activity, and (iii) intent to aid in the wrongful activity." *Id*. at 981; *see also*

---

[3]    Attempting to hold Tyler jointly liable on the causes of action not expressly plead against Tyler would be inconsistent with Plaintiffs' statements at the parties' meet and confer that the claims against Tyler are limited to Counts 5, 10 and 11. Moreover, Plaintiffs have made zero effort to explain how any of these legal theories would apply to any of the specific causes of action plead against the State Bar, including a number of claims that are brought under section 1983 or other statutory provisions that cannot be asserted against Tyler.

[4]    A gravamen of the State Court Action has been the assertion that Tyler and the State Bar sought to cover up the Alleged Data Breach. Those allegations were essentially rejected by that State Court when it granted Tyler's demurrer to all counts other than the negligence claim. *See* Dkt. 88-2 (State Court January 1, 2024 Minute Order), pp. 2-3.

DEFENDANT TYLER TECHNOLOGIES, INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Gerard v. Ross,* 204 Cal.App.3d 968, 983 (1988) ("A defendant can be held liable as a cotortfeasor on the basis of acting in concert only if he or she knew that a tort had been, or was to be, committed, and acted with the intent of facilitating the commission of that tort."). Plaintiffs also fail to recognize that civil conspiracy claims are subject to a heightened pleading standard, demanding that a plaintiff allege specific facts "containing evidence of unlawful intent." *Buckey v. Cnty. of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992); *Ponomarenko v. Shapiro*, 287 F. Supp. 3d 816, 831 (N.D. Cal. 2018).

Neither the FAC nor the Response identify any wrongful act by Tyler, any knowledge by Tyler of any wrongful act by the State Bar, any agreement to join in the wrongful activity, or any intent to aid in any wrongful activity. At most, Plaintiffs refer to "fifteen (15) material dates" that supposedly establish that Tyler and the State Bar were "operating in sync with each other." (Dkt. 88, p. 6, *citing* FAC ¶¶407-429). These supposedly material dates identify only five actions taken by Tyler and show nothing more than that Tyler and the State Bar were co-defendants in the State Court Action.

The specific actions allegedly undertaken by Tyler were: (i) Tyler removed the original state case to federal court; (ii) Tyler filed a joint case management statement in the State Court Case advising the court that the DCTC had recommended a suspension of Ms. Albert's license; (iii) Tyler did not in agree with some of Ms. Albert's suggested changes to a protective order; (iv) Tyler requested an extension of time to file its demurrer; and (v) Tyler produced discovery. None of these actions, taken in defense of litigation filed against Tyler, constitutes wrongful activity or suggests any knowledge of any wrongdoing. Nor do these allegations support, in any way, the conclusion that because Tyler and the State Bar were co-defendants in the State Court Action, they necessarily were acting in concert with one another to disbar Ms. Albert. No facts have been plead or can be plead to support this false assumption.

*Second*, the conclusory allegation that Tyler was "in an agency relationship" with the State Bar is legally flawed. Plaintiffs mention "an agency relationship" just four

DEFENDANT TYLER TECHNOLOGIES, INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

times in the FAC (*see* Dkt. 57, ¶¶430, 469, 708 and 712), but do not ever identify who the purported agent is or who is the principal. Instead, Plaintiffs contend Tyler and the State Bar both "acted in concert" and, thus, are in an "agency relationship." (*See* Dkt. 88, p. 7). Plaintiffs never attempt to identify any of the essential elements of an "agency relationship," which are: (1) the agent or apparent agent holds power to alter legal relations between the principal and third persons and between the principal and himself; (2) the agent is a fiduciary with respect to matters within the scope of the agency; and (3) the principal has right to control the conduct of the agent with respect to matters entrusted to him. *Imageline, Inc. v. CafePress.com, Inc.*, No. CV 10-9794 PSG MANX, 2011 WL 1322525, at *4 (C.D. Cal. Apr. 6, 2011), *citing Garlock Sealing Technologies LLC v. NAK Sealing Technologies Corp.,* 148 Cal.App.4th 937, 965 (2007)). The fact that Tyler and the State Bar were co-defendants in the Data Breach Cases does not create an "agency relationship" and certainly does not establish a relationship sufficient to hold Tyler liable for the actions of the State Bar or its employees.

Plaintiffs' Response claims agency is a "factual question" and that "if plaintiff proves that [Tyler] gave any of the State Bar employees authority to act on its behalf" it would support the conclusion that they were working as Tyler's agent. (Dkt. 88, pp. 7, 9). But, far from proving it, Plaintiffs have not plead even the hint of a factual allegation that Tyler gave any State Bar employee any authority. Such facts simply do not exist. Nor is there any factual allegation regarding the elements requiring the agent to have the power to alter the legal relation, fiduciary relationship, or control.

*Third*, like agency, Plaintiffs cannot plead a ratification theory. In the Ninth Circuit, ratification presupposes an existing agency relationship. *Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir. 2003) ("a principal agent relationship is…a requisite, and ratification can have no meaning without it."). Thus, in the absence of allegations to establish an agency relationship between Tyler and the State Bar, Plaintiffs cannot establish a ratification theory. *Canilao v. City Com. Invs., LLC*, 613 F. Supp. 3d 1236, 1249 (N.D. Cal. 2022). Moreover, while the word "ratified" appears nine times in the

DEFENDANT TYLER TECHNOLOGIES, INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

FAC, Plaintiffs never once provide any factual allegation for how such ratification occurred, what act was ratified, who ratified it, or any other relevant fact. In the Response, Plaintiffs simply suggest that Tyler has "knowingly received a benefit from the acts of the State Bar." (Dkt. 88, p. 9). But, even if receiving a benefit were somehow enough to establish ratification (it is not), Tyler has received no benefit from Ms. Albert's disbarment. The State Court Action has not been dismissed, and the Court has given plaintiffs in that case until February 2025 to find new counsel. Even without class counsel, those plaintiffs can still maintain their individual claims. If anything, Ms. Albert's disbarment has prejudiced Tyler. Tyler has been subjected to additional litigation in the Federal Court Action and is now having to respond to frivolous allegations in this case. The suggestion that Tyler has benefited from Ms. Albert's disbarment is entirely false.

### B. The Interference Claims Should be Dismissed

In Counts 10 and 11, Plaintiffs assert intentional and negligent interference with prospective economic advantage claims premised on the idea that Tyler colluded in Ms. Albert's disbarment to damage her (primarily attorney-client) relationships with other Plaintiffs. (*See* Dkt. 57, ¶¶683-714.) As Tyler established in the Motion (Dkt. 80, pp.10-18), these counts simply recite the elements of the causes of action without any supporting factual allegations to establish Tyler's involvement. Plaintiffs' Response makes only very cursory attempts to suggest that these conclusory allegations are sufficient to state a claim.

*First*, Plaintiffs have not (and cannot) allege (i) any involvement by Tyler in any of the events giving rise to Ms. Albert's various disciplinary complaints, suspensions or disbarment; (ii) any discussions or communications of any kind between the State Bar and Tyler regarding the disbarment proceedings; (iii) any knowledge by Tyler of Ms. Albert's disbarment prior to the time it occurred; or (iv) any involvement in the State Bar's request to delay its own production in the State Court Action. As noted,

DEFENDANT TYLER TECHNOLOGIES, INC.'S REPLY MEMORANDUM IN
FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT

1   there are not sufficient allegations to support the suggestion that Tyler is responsible—

2   on any legal theory—for the actions of the State Bar.

3          Certainly, Plaintiffs have not alleged an "independently wrongful" act

4   establishing Tyler's intentional conduct, which is a requirement for an intentional claim.

5   *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1158–59 (2003).

6   Plaintiffs' suggestion that the State Bar's "constitutional violations" qualify as Tyler's

7   independently wrongful conduct has no legal or factual support.

8          *Second*, although Plaintiffs agree that both negligent and intentional interference

9   claims require knowledge of the existence of the relationship, Plaintiffs' Response still

10  fails to identify any such knowledge on Tyler's part. (*See* Dkt. 88, pp. 16, 18). Again,

11  this is because there are no facts to support the suggestion that Tyler had any knowledge

12  of Ms. Albert's various personal or attorney-client relationships with the other

13  Plaintiffs. As to Mr. Westmoreland, Plaintiffs contend that Tyler "was aware of [him],

14  if not by name as one of the 200,000 attorneys who were victims of the data breach."

15  (Dkt. 88, p. 17). This allegation is not sufficient to establish Tyler's knowledge of Mr.

16  Westmoreland at all, much less of an attorney-client or other relationship between Mr.

17  Westmoreland and Ms. Albert.

18         As for the other Plaintiffs, the Response suggests, without any authority, that the

19  State Bar was aware of them and its knowledge is "imputed" to Tyler. (Dkt. 88, p. 17).

20  Even if one assumed that the State Bar was aware of Ms. Albert's relationships with

21  Plaintiffs, the only possible basis to "impute" the State Bar's knowledge to Tyler would

22  be if the State Bar were acting as Tyler's agent. As established above, there are not

23  sufficient allegations to state a claim of agency or to impute the State Bar's knowledge

24  to Tyler. *See, e.g., Plutos Sama Holdings, Inc. v. Jagex Ltd.*, No.

25  SACV21133JVSJDEX, 2022 WL 1536590, at *7 (C.D. Cal. Jan. 12, 2022) (refusing to

26  impute knowledge for tortious interference claims where no agency relationship was

27  properly alleged).

28

DEFENDANT TYLER TECHNOLOGIES, INC.'S REPLY MEMORANDUM IN
FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT

1    *Third*, Plaintiffs failed to adequately allege a probable economic benefit that was

2    the subject of any interference. To demonstrate the required economic relationship, "it

3    must be reasonably probable the prospective economic advantage would have been

4    realized but for defendant's interference." *Youst v. Longo*, 43 Cal.3d 64, 71 (1987).

5    "Any alleged relationship cannot be based upon 'overly speculative expectancies.'" *Id.*

6    Plaintiffs' Response fails altogether to substantively address the speculative nature of

7    the Plaintiffs' alleged damages. (*See* Dkt. 80, pp. 16-18). Instead, Plaintiffs merely

8    stated in conclusory fashion that they lost their licenses to practice law or that they "lost

9    control of their cases." (Dkt. 88, p. 19). Ms. Albert also suggests (by citing to cases

10   awarding contingency fees) that such fee recoveries are not too speculative to be

11   recovered. Plaintiffs' allegations, however, are nothing more than speculative

12   assertions that certain things might have been different if Ms. Albert had not been

13   disbarred. Because there is no certainty that any of the Plaintiffs would have been better

14   off in their pending cases or business ventures if Ms. Albert had not been disbarred,

15   Plaintiffs' damages are far too speculative to qualify as a "probable economic benefit."

16   **C.    Ms. Albert's Data Breach Claim**

17   In Count 5, Ms. Albert separately asserts a claim for negligence based on the

18   Alleged Data Breach, which is based on entirely separate factual allegations than other

19   "retaliation" claims. (Dkt. 57, ¶¶526-546.) This claim should be dismissed for various

20   reasons.

21   *First*, Ms. Albert's negligence claim here is *identical* to that already asserted by

22   the putative class in the State Court Action. As a result, there are only one of two

23   outcomes—either Ms. Albert's individual claim is barred by limitations or her claim

24   remains pending in the State Court and should be dismissed here. Ms. Albert was aware

25   of the Alleged Data Breach by at least March 18, 2022, when she filed the State Court

26   Action on behalf of the putative class. In that Data Breach Cases, Ms. Albert expressly

27   excluded class counsel from the definition of the class. (*See, e.g.* Dkt. 80-8, ¶144). Ms.

28   Albert opted not to separately and timely file an individual claim, instead making it

8

clear that she would proceed as class counsel instead.  Now, the two-year statute of limitations on her individual negligence claim has expired.  *See* Cal. Code Civ. Proc. §§ 335.1, 339; *E–Fab, Inc. v. Accountants, Inc. Services*, 153 Cal.App.4th 1308, 1316 (2007).  The fact that a class action was pending does not toll the limitations period as to Ms. Albert's claim because she would not have been a member of the class if it had been certified.  *See American Pipe & Constr. Co. v. Utah,* 414 U.S. 538 (1974) ("[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.").[5]

Even if Ms. Albert were entitled to some tolling under *American Pipe* as a member of the class (which she is not), Ms. Albert's negligence claim should still be dismissed in this Court.  Plaintiffs "generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir.), *cert. denied*, 143 S. Ct. 425 (2022) (*quoting Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007)). To determine when such improper claim-splitting is present, courts look to the test for claim preclusion.  *Id.*  "Under the federal claim-preclusion principles, the bar of claim-splitting is applicable if the second suit involves (1) the same causes of action as the first; and (2) the same parties or their privies." *Id.* at 886.  If Ms. Albert is a member of the class and entitled to tolling as a result, her claim should be asserted in the State Court Action, along with the identical claims of other plaintiffs claiming damages stemming from the Alleged Data Breach.

In the Response, Ms. Albert suggests that if *American Pipe* is not applicable, the doctrine of "equitable tolling" should apply because she filed this lawsuit within just months of her disbarment.  (Dkt. 88, p. 15). Under California's equitable tolling doctrine, however, a state statute of limitations may be tolled when a person has "several

---

[5]   Even if the Court were to assume that Ms. Albert "rejoined" the class after her disbarment took effect on July 18, 2024, the statute of limitations had already run at that time.

DEFENDANT TYLER TECHNOLOGIES, INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

1  formal legal remedies and reasonably and in good faith pursues one." *Jones v. Tracy*
2  *School Dist.,* 27 Cal.3d 99, 108 (1980) (*citing Elkins v. Derby,* 12 Cal.3d 410 (1974)).
3  The doctrine applies to save a state claim from dismissal when a plaintiff has reasonably
4  pursued a concurrent federal or administrative remedy. *Addison v. State,* 21 Cal.3d 313,
5  319 (1978); *Donoghue v. Orange Cnty.*, 848 F.2d 926, 930 (9th Cir. 1987). That is not
6  the case here. Ms. Albert did not forego the pursuit of her state court claim while she
7  pursued her remedies in another forum. She specifically chose not to pursue her
8  personal claims in *any forum* and to instead represent the class as class counsel.
9  Equitable tolling has no applicability here.

10  Even if it did apply, the elements of equitable tolling are not met. Equitable
11  tolling requires "timely notice, and lack of prejudice, to the defendant, and reasonable
12  and good faith conduct on the part of the plaintiff." *Addison*, 21 Cal. 3d at 319. None
13  of these elements are present here. First, Tyler did not receive "timely notice" of Ms.
14  Albert's claim. To the contrary, since March 2022, Tyler has been led to believe that
15  Ms. Albert did not intend to pursue an individual claim and instead was content to
16  proceed as counsel. Second, Tyler has been prejudiced by the additional frivolous
17  allegations in this case, an almost one-year delay in the State Court Action, and Ms.
18  Albert's attempts to reassert the class claims in the Federal Court Action. All of these
19  matters have been time consuming, costly and, as a result, prejudicial, to Tyler.

20  Finally, Ms. Albert's actions here have not been reasonable or in good faith. If
21  Ms. Albert were acting reasonably and believed her class claims were tolled, she should
22  have joined in and asserted her claims in the existing State Court Action. Ms. Albert
23  acknowledges that the class allegations remain pending and that the class action has
24  been "stayed…to give the plaintiffs time to find new class counsel." (Dkt. 88, p. 15).
25  Instead of litigating the Alleged Data Breach issues in that case, as she should have
26  done, Ms. Albert chose to assert her claims in an entirely new forum in the context of
27  this otherwise frivolous "retaliation" case. There is no equitable tolling here.

28

10

DEFENDANT TYLER TECHNOLOGIES, INC.'S REPLY MEMORANDUM IN
FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT

1    *Second*, even if the Court were to consider the merits of Ms. Albert's negligence

2    claim, as detailed in the Motion (Dkt. 80, pp. 9-10), the claim should be dismissed.  Ms.

3    Albert has not alleged anything more than conclusory allegations of the required

4    elements of a claim, including duty, causation, and damages. Ms. Albert does little to

5    address this in the Response, other than merely parroting back the allegations in the

6    FAC.

7    ## III.    <u>CONCLUSION</u>

8    In light of the foregoing, Tyler respectfully requests that the Court grant the

9    Motion, dismiss Plaintiffs claims against Tyler, with prejudice and without leave to

10    amend, and grant Tyler such other and further relief to which it may be entitled.

11

12

13                                              **K&L GATES LLP**

14    Dated:  December 6, 2024            By: */s/ Connor J. Meggs*

15                                              Beth W. Petronio

16                                              Zachary T. Timm

17                                              Connor J. Meggs
                                                Attorneys for Defendant
18                                              TYLER TECHNOLOGIES, INC.

19

20

21

22

23

24

25

26

27

28

DEFENDANT TYLER TECHNOLOGIES, INC.'S REPLY MEMORANDUM IN
FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT

# <u>CERTIFICATE OF WORD COUNT</u>

The undersigned, counsel of record for Defendant Tyler Technologies, Inc., certifies that this brief contains 3,864 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Connor J. Meggs*
Connor J. Meggs

DEFENDANT TYLER TECHNOLOGIES, INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

1   Zachary T. Timm (SBN 316564)
    zach.timm@klgates.com
2   **K&L GATES LLP**
    10100 Santa Monica Boulevard
3   Eighth Floor
    Los Angeles, California  90067
4   Telephone: 310.552.5000
    Facsimile: 310.552.5001
5
    Beth W. Petronio, *admitted pro hac vice*
6   beth.petronio@klgates.com
    **K&L GATES LLP**
7   1717 Main Street, Suite 2800
    Dallas, TX 75201
8   Telephone:  (214) 939-5815 Facsimile:
    (214) 939-5849
9
    Attorneys for Defendant
10  Tyler Technologies, Inc.

11                  **UNITED STATES DISTRICT COURT**

12          **CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DIVISION**

13  | | |
14  LENORE ALBERT, JAMES          Case No. 8:24-cv-01997-WLH-DFM
    OCON, RYAN MCMAHON,           [Assigned to the Hon. Wesley L. Hsu]
15  LARRY TRAN, THERESA
    MARASCO; CHAD PRATT; AND      **NOTICE OF PROOF OF SERVICE**
16  LESLIE WESTMORELAND           **OF REPLY MEMORANDUM IN**
                                  **FURTHER SUPPORT OF TYLER**
17          Plaintiffs,           **TECHNOLOGIES, INC.'S MOTION**
                                  **TO DISMISS FIRST AMENDED**
18      v.                        **COMPLAINT**

19  TYLER TECHNOLOGIES, INC.,     Complaint Filed: September 16, 2024
    STATE BAR OF CALIFORNIA;
20  RICK RANKIN, STEVE MAZER,
    LEAH WILSON, RUBEN DURAN
21  SHERRELL MCFARLANE;
    KATHERINE KINSEY, BENSON
22  HOM, CINDY CHAN, SUZANNE
    GRANT, and DOES 1-50,
23  inclusive,

24          Defendants.

25

26

27

28

                                      1

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT** Defendant Tyler Technologies, Inc. served its Reply Memorandum in Further Support of its Motion to Dismiss First Amended Complaint (Dkt. 98) via U.S. Mail on Plaintiff Pro Se Leslie Westmoreland and Movant and Self-Described Interested Party Robert M. Shaw. The proof of service evidencing service of the above documents is attached hereto as **Exhibit A**.

Respectfully submitted,

**K&L GATES LLP**

Dated: December 6, 2024          By: */s/ Connor J. Meggs*
                                                    Beth W. Petronio
                                                    Zachary T. Timm
                                                    Connor J. Meggs
                                                    Attorneys for Defendant
                                                    TYLER TECHNOLOGIES, INC.

# EXHIBIT A

<u>**CERTIFICATE OF SERVICE**</u>

**Case No. 8:24-cv-01997-WLH-DFM**

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: K&L GATES LLP, 10100 Santa Monica Boulevard Eighth Floor, Los Angeles, CA 90067. On December 6, 2024, I served the document(s) described as:

**TYLER TECHNOLOGIES, INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT**

| | |
|---|---|
| Leslie Westmoreland<br>1715 East Alluvial Avenue, #214 Fresno, CA 93720<br>Telephone: (559) 727-1604<br>Email: westmorelandlw7@gmail.com | Plaintiff Pro Se |
| Robert M. Shaw<br>613 Lincoln Street<br>Osage City, CA 66523 | Movant and Self-Described Interested Party |

on the interested parties in this action by delivering a true copy thereof as follows:

    **BY U.S. MAIL**: I caused true and correct copies of such document(s) to be placed in sealed envelope(s). I caused such envelope(s) to be deposited in the mail in Los Angeles, California with postage thereon fully prepaid to the address(es) indicated above. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on December 6, 2024, at Los Angeles, California.

                            */s/ Connor J. Meggs*
                            Connor J. Meggs