Lenore L. Albert
Email: lenalbert@InteractiveCounsel.com
1968 S Coast Hwy #3960
Laguna Beach, CA 92651
Telephone (424)365-0741
Plaintiff, pro se

James Ocon
Email: Jim.Ocon@Oconcompany.com
10131 Louise Ave.
Northridge, CA 91325
Telephone: (719) 505-2187
Plaintiff, pro se

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENORE ALBERT, et al,<br><br>                    Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC., et al,<br>                    Defendants. | CASE NO. 8:24-cv-01997-JLS (DFMx)<br><br>**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES' RULE 11 SANCTIONS MOTION**<br><br>Complaint filed: 09-16-2024<br>First Amended Complaint filed: 11-04-2024<br><br>Hearing Date: 03-07-2025<br>Time: 10:30AM<br>Ctrm: 8a – 8th Flr |

Ryan McMahon
Email: Codethree53@gmail.com
7533 English Hills Road
Vacaville, CA 95687

i
**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

Telephone: 707-333-3127
Plaintiff, pro se

Larry Tran
Email: larrylytran@gmail.com
29559 Fitch Ave.
Canyon Country, CA 91351
Telephone: 626-217-7836
Plaintiff, pro se

Theresa Marasco
Email: theresa.marasco@gmail.com
PO Box 1035
Santa Monica, CA 90404
Telephone: 720-226-4051
Plaintiff, pro se

Leslie Westmoreland
Westmorelandlw7@gmail.com
1715 East Alluvial Ave. #214
Fresno, CA 93720
Telephone: 559-727-1604
Plaintiff, pro se

ii
**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER
TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

# **TABLE OF CONTENTS**

Opposition ......................................................................................... i

Table of Contents .............................................................................. iii

Table of Authorities........................................................................... iv

Memorandum of Points & Authorities .............................................. 1

I.   FACTS ........................................................................................ 1

    A. Background ........................................................................... 1

    B. Albert's Economic Relationships With Others ..................... 1

    C. Tyler's Prior Knowledge of These Relationships ................. 2

    D. The Disruption ...................................................................... 3

    E. Procedural History ................................................................ 4

II. LAW ........................................................................................... 4

III. LEGAL ARGUMENT ............................................................... 5

    A. The Claims Against Tyler Were Not Filed for an Improper Purpose ... 5

    B. Negligence Interference with a Prospective Economic Advantage
       Claim Was Not Frivolous ....................................................... 6

    C. Intentional Interference with a Prospective Economic Advantage
       Claim Was Not Frivolous ....................................................... 8

    D. Intentional Interference with a Contract In the Alternative Is Not
       Frivolous ............................................................................... 10

    E. Negligence Claim Was Not Frivolous ................................. 12

    F. Monetary Sanctions Should Be Denied ............................... 14

IV.      CONCLUSION .................................................................. 14

Word Count ...................................................................................... 14

Proof of Service ............................................................................... 16

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER
TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

# TABLE OF AUTHORITIES

Cases

*American Pipe Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974)..................................................................................... 5

*Apple Computer, Inc. v. Superior Ct.*, 126 Cal. App. 4th 1253, 1264 (2005).................. 5

*Caliber Paving Co. v. Rexford Indus. Realty & Mgmt.*, 54 Cal.App.5th 175, 180 n.1 (2020) ............................................................................... 11

*DeFries v. Union Pac. R.R. Co.*, 104 F.4th 1091, 1099 (9th Cir. 2024) .......................... 5

*DeVoto v. Pacific Fidelity Life Ins. Co.,*618 F.2d 1340, 1347 (9th Cir. 1980) ............. 12

*L.W. v. Snap Inc.*, 675 F. Supp. 3d 1087, 1103 (S.D. Cal. 2023) ..................... 6, 9, 10, 13

*North American Chemical Co. v. Superior Court* 59 Cal.App.4th 764, 786 (1997)........................................................................................ 7

*Northern Trust Bank of California, N.A. v. Bear Stearns & Co., Inc.*, 70 F.3d 120, 120 (9th Cir. 1995) ........................................................................ 5

*Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)......................................................................... 4, 6, 8, 10, 13

*Rickards v. Canine Eye Registration Found., Inc.,*704 F.2d 1449, 1456 (9th Cir. 1983)............................................................................ 12

*Roy Allan Slurry Seal, Inc. v. Am. Asphalt S., Inc.*, 2 Cal.5th 505, 512 (2017) ............... 9

*Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1140 (9th Cir. 1990) .......... 4, 6

*United States Med. Corp. v. M.D. Buyline, Inc.,*753 F. Supp. 676, 681 (S.D.Ohio 1990) ................................................................ 12

Rules

Fed. R. Civ. Proc. Rule 11 ....................................................... 4, 6, 7, 13, 14

L.R. 11-6.1 .................................................................................. 14

iv
**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

# I.  **FACTS**

## A. **Background**

A data breach spewing out 322,525 confidential state bar investigations identifying the name of the attorneys involved ended up on the internet due to the gross negligence of Tyler Technologies and the State Bar. Plaintiff Albert filed suit on behalf of the victims and the Defendants abused state power by disbarring Albert in retaliation.

All of Albert's business relationships were disrupted – which Tyler knew would absolutely occur. Coordinated defense is fine, but using illegal, fraudulent, and aggravating factors to accomplish this end of the class litigation makes Tyler jointly liable along with the State Bar.

## B. **Albert's Economic Relationships With Others**

On or about July 12, 2019, Leslie Westmoreland had employed Lenore Albert under Former Rule 1-311, which included drafting and filing papers in federal court that later formed the basis of the State Bar's justification for retaliating against Albert and Westmoreland. An oral contract was entered into. **[Decl. Westmoreland; Decl Albert ¶1, Ex 1]**

He became a putative class member of the data breach case that was filed on March 18, 2022.

James Ocon hired Lenore Albert in or about 2021 to manage his Oconsortium technology tour which ended in December 2022. An oral contract was entered into. **[Decl. Ocon]**

On May 6, 2021, Paula Gilbert-Bonnaire hired Lenore Albert to represent her in state court. A written contract was entered into. **[Decl. Albert ¶3 , Ex. 2]**

On December 23, 2022, Larry Tran hired Albert to represent him in state court litigation. A contract was entered into. **[Decl. Tran]**

On February 1, 2023, Theresa Marasco hired Albert to represent her in state court litigation. A contract was entered into. **[Decl. Marasco]**

1

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES' RULE 11 SANCTIONS MOTION**

*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

On April 1, 2023, Ryan McMahon hired Albert to represent him in federal court litigation. A contract was entered into. **[Decl. McMahon]**

### C. **Tyler's Prior Knowledge of These Relationships**

Plaintiff incorporates the facts from the co-plaintiff's opposition as to prior knowledge of their cases as though fully set forth herein.

On April 29, 2022, the State Bar filed a Notice of Disciplinary Charges against plaintiff Albert in retaliation for filing the data breach litigation. **[Decl. Albert ¶ 6].**

Tyler and the State Bar had an indemnification clause in their contract that covered the defense to the data breach. **[Decl. Albert ¶ ; RJN].**

Beth Petronio, counsel for Tyler Tech, denies awareness of the State Bar disciplinary proceedings against Albert since August 5, 2022. **[ECF ¶ 132-1 ¶3]**.

However, other attorneys such as Zach Timm from Petronio's firm was also working the case. **[Decl. Albert ¶ 18].**

The State Bar dismissed the charges and then refiled amended charges on June 20, 2022. **[Decl. Albert ¶19].**

The State Bar amended and filed a Second Amended Notice of Disciplinary Charges on August 12, 2022. **[ RJN, ECF 117 data breach case].**

Her co-counsel, Zach Timm was also active in that litigation and this litigation, did not file a declaration as to his conversations. Furthermore, no one else from Tyler filed any declarations about their communications with the State Bar. Finally, the State Bar did not file any declarations denying any discussion with Tyler, either.

Most of the co-plaintiffs were identified as witnesses in the disciplinary matter who did not believe that the facts the State Bar alleged rose to the level of warranting discipline. The State Bar specifically mentioned "James Ocon, Theresa Marasco, Joanne Anderson, Thomas Scott Schales, Chad Pratt, Greg Meinhardt, Holly Burns, Antonio Marasco, Deborah Rich, Monique Bryher, Christine Rossi, Gerald Senear, and Dan Chmielewski" in fnt 6 which was attached to the request of judicial notice provided

2

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

to Tyler Tech. **[RJN, ECF 117 57:27-28 Data Breach Case No. 22-cv-00983-DFM
01/09/2023].**

Tyler was well aware that Albert was handling **other cases too** and disbarment
would have a negative impact on their cases. **[RJN, ECF 117 58:21-26 Data Breach
Case No. 22-cv-00983-DFM 01/09/2023]**.

The data breach case was specifically mentioned in the State Bar disciplinary
proceeding, too. **[RJN, ECF 117 73:14-16, Data Breach Case No. 22-cv-00983-DFM
01/09/2023].**

The data breach case was discussed during Albert's disciplinary proceeding, and
Albert's disciplinary proceeding was considered in the context of the data breach case.

### D. <u>The Disruption</u>

After Albert filing the data breach case, the State Bar filed disciplinary charges
against Albert in retaliation. The Second Amended Disciplinary Charges were filed on
August 12, 2022.

Defendants delayed producing their discovery in the interim. Just days before
Albert was suspended Tyler produced discovery responses. The State Bar withheld
theirs then on March 11, 2024, the State Bar Review Department reversed findings of
Albert's honest mistake and issued an Opinion requesting Albert be disbarred and an
Order of Interim Suspension which took effect 48 hours later because Albert did not
receive notice by email from the State Bar until 4:25PM.

Albert's business was shut down. This event caused serious disruption to the
employment contracts and economic relationships causing injury to Lenore Albert (and
others).

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER
TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

### E. **Procedural History**

This action commenced on September 16, 2024. **[ECF 1]**. The complaint was amended on November 4, 2024. **[ECF 57]**. Defendant Rick Rankin settled on December 17, 2024.

On December 19, 2024, Tyler served a motion for Rule 11 sanctions.

After the Rule 11 sanctions motion was served and after the First Amended Complaint was filed, the parties met and conferred on Tyler's motion for Rule 11 sanctions. **[Decl. Albert ¶23-25]**.

On January 22, 2025, Albert filed a notice withdrawing the allegations against Abigail Diaz. **[ECF 131]**.

On January 24, 2025, Tyler Tech filed the motion for Rule 11 sanctions. **[ECF 132]**. The only evidence to support their motion came from a declaration from Beth Petronio and a declaration from Abigail Diaz.

## II. **LAW**

The Ninth Circuit has cautioned that "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

Sanctions are available under Fed. R. Civ. Proc. Rule 11 which provides in pertinent part: that the pleadings cannot be filed for an improper purpose or be frivolous. "Either the improper purpose or frivolousness ground is sufficient to sustain a sanction" *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1140 (9th Cir. 1990).

Moreover, "if there is a colorable claim to a particular type of relief on a given set of facts and the signer relies on an unsupportable legal theory to bolster his claim when a supportable one exists as well, the signer cannot be sanctioned under Rule 11. " *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1141 (9th Cir. 1990).

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER
TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

# III. LEGAL ARGUMENT

## A. The Claims Against Tyler Were Not Filed for an Improper Purpose

Defendant seeks to sanction Plaintiff for filing this claim against Defendant Tyler Technologies because it was purportedly filed for an "improper purpose". Plaintiff Lenore Albert did not file any of the claims against Tyler for an improper purpose. (**Decl. ¶26**).

Tyler contends that the negligence claim was filed for an improper purpose because Ms. Albert's "claim based on the Alleged Data Breach is barred by the statute of limitations, and Ms. Albert was well aware of that fact when she filed the FAC." **(Doc. 132 p. 18)**.

Tyler's motion fails because the "statute of limitations is a defense which can be waived if not raised. Its existence does not mean that the claim itself is invalid or void, only that its pursuit can be precluded. Absent other circumstances, the imposition of sanctions on this ground was not appropriate." *Northern Trust Bank of California, N.A. v. Bear Stearns & Co., Inc.*, 70 F.3d 120, 120 (9th Cir. 1995).

Tyler misapplied the *American Pipe* rule. Albert was *temporarily* disqualified from being a member of the class in the data breach litigation while she was counsel per *Apple Computer, Inc. v. Superior Ct.*, 126 Cal. App. 4th 1253, 1264 (2005). **(Doc. 132-2 p. 20)**.

Once, the State Bar revoked her license to practice law on March 14, 2024, Albert was automatically disqualified from being "plaintiffs' counsel" in the data breach litigation. At that point, Albert's status reverted back to a member of the putative class and tolling applied to her under *American Pipe Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). See, *DeFries v. Union Pac. R.R. Co.*, 104 F.4th 1091, 1099 (9th Cir. 2024).

Rule 11 is not the same as a 12b motion because "[t]he simple fact that an attorney's legal theory failed to persuade the district court "does not demonstrate that

5

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

[counsel] lacked the requisite good faith in attempting to advance the law."" *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)

Tyler's argument there was no duty is baseless. The trial court has overruled Tyler's demurrer to the negligence claim in the data breach case – twice. Defendant's evidence (declaration by Petronio and Diaz) fail to assert much less supply objective "solid evidence" to demonstrate that Albert filed this claim against Tyler Technologies for an improper purpose. *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1143 (9th Cir. 1990).

According to Rule 11, sanctions should not be issued based on Tyler's argument that any of the claims were filed for an improper purpose.

**B.  Negligence Interference With a Prospective Economic Advantage Was Not Frivolous**

Plaintiff Albert incorporates the evidence and argument of co-plaintiffs as though set forth herein regarding their contractual relationship with Albert.

Second, asserting a negligent interference claim against Tyler by Albert was not frivolous because the timing of Tyler's conduct and benefit to Tyler coincided with the actions by the State Bar in the data breach litigation. **[Decl.  ¶31-33]**.

""Frivolous" filings are those that are "both baseless and made without a reasonable and competent inquiry."" *L.W. v. Snap Inc.*, 675 F. Supp. 3d 1087, 1103 (S.D. Cal. 2023).

The claim is not baseless because Tyler knew that Albert was representing the plaintiffs in the putative class action against the State Bar and Tyler Technologies since March 18, 2022 and that disqualifying her from that representation would disrupt the relationship and cause Albert reputational, emotional and economic harm.

The tort of negligent interference with prospective economic advantage is established where a plaintiff demonstrates that (1) an economic relationship existed between the plaintiff and a third party which contained

6

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship."

*North American Chemical Co. v. Superior Court* 59 Cal.App.4th 764, 786 (1997).

First, an economic relationship existed between the plaintiff Lenore Albert and the plaintiffs in the *Roe 1 v State Bar of Cal.* data breach action (a third party). **Decl Albert ¶ 5, 29-31].**

The economic relationship contained a reasonably probable future economic benefit or advantage to plaintiff because the Court had overruled the demurrer to the negligence claim against Tyler in the data breach action on January 10, 2024. **[Decl Albert ¶ 29-31].**

Second, the defendant, Tyler, knew of the existence of the relationship because it was a named Defendant in the data breach action; and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship.

Third, whether the defendant was negligent is an issue of fact for the fact finder to determine in this case. Rule 11 sanctions cannot be founded on an issue of fact to be determined at a later stage in the proceeding. By definition such issues whether found to be true or not are not frivolous by merely pleading it.

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

Fourth, Albert's declaration supplies evidence that such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship. **Decl Albert ¶ 5, 27-35.**

The claim was not made without reasonable inquiry because Albert knew that Tyler Technologies knew that Albert had a relationship representing the plaintiffs in the data breach case which was disrupted prior to filing the lawsuit.

The court must "reserve sanctions for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988).

Albert's ability to make out a prima facie case against Tyler is not the type of rare or exceptional case where the action is clearly frivolous. As such, plaintiff's claim against Tyler for negligent interference is clearly not baseless.

## C. Intentional Interference of Prospective Economic Advantage Was Not Frivolous

Plaintiff Albert incorporates the evidence and argument of co-plaintiffs as though set forth herein regarding their contractual relationship with Albert.

Second, asserting an intentional interference of prospective economic advantage claim against Tyler was not frivolous because Tyler knew Albert had a contract with the plaintiffs in the Data Breach action and it was disrupted in retaliation for filing it. **[Decl. Albert ¶5, 29-31]**.

The court must " reserve sanctions for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988).

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

""Frivolous" filings are those that are "both baseless and made without a reasonable and competent inquiry."" *L.W. v. Snap Inc.*, 675 F. Supp. 3d 1087, 1103 (S.D. Cal. 2023).

"Intentional interference with prospective economic advantage has five elements: (1) the existence, between the plaintiff and some third party, of an economic relationship that contains the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentionally wrongful acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by the defendant's action." *Roy Allan Slurry Seal, Inc. v. Am. Asphalt S., Inc.*, 2 Cal.5th 505, 512 (2017).

The claim is not baseless because plaintiff Albert had a valid prospective economic advantage with the plaintiffs in the *Roe 1 v State Bar* data breach action that defendant Tyler Technologies was not a party to. **[Decl. Albert ¶, Ex ]**.

Defendant State Bar's intentional acts of wrongfully retaliating against Lenore Albert for filing the data breach lawsuit was designed to disrupt all of Albert's contractual relationships with her clients. **[Decl. Albert ¶, Ex ]**.

On March 14, 2024, Albert relationship with the plaintiffs was actually disrupted due to the State Bar suspension of Albert's license to practice law. **Decl. Albert ¶, Ex ]**.

The economic harm by disqualifying Albert from representing the Roe plaintiffs in the data breach action was proximately caused by the State Bar and Tyler Technologies, action. **Decl. Albert ¶, Ex ]**.

Although the trial court overruled the claim for negligence in the putative class action on January 10, 2024, Tyler and the State Bar continued to delay discovery and did not engage in performative settlement negotiations which is the normal response once a cause of action is at issue in a putative class action case. **Decl. Albert ¶35]**.

It is up to the jury to determine whether the inferential evidence is sufficient to demonstrate that Tyler's actions in concert with the State Bar are sufficient to support a

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

proximate cause finding, but it is enough at this point before any discovery has taken place to show that the cause of action is not frivolous.

The claim was not made without reasonable inquiry because prior to filing suit the trial court in the data breach case had already overruled both the State Bar and Tyler's demurrer to at least one cause of action. [**Decl. Albert ¶29, RJN**].

Thereafter on February 7, 2025, the Court overruled more demurrers to several more causes of action and has ordered both the State Bar and Tyler to answer by February 17, 2025. [**Decl. Albert ¶38, RJN**].

As such, plaintiff's claim against Tyler for intentional interference is clearly not baseless.

### D. **Intentional Interference of a Contract in the Alternative Would Not Be a Frivolous Claim Based on the Facts Pled**

Plaintiff Albert incorporates the evidence and argument of co-plaintiffs as though set forth herein regarding their contractual relationship with Albert.

Asserting an intentional interference claim against Tyler was not frivolous because Tyler knew Albert was a trial lawyer and even participated as an opposing party in the data breach litigation where Tyler knew Albert represented multiple plaintiffs. [**Decl. 1-9, RJN ECF 117 data breach case.**]

The court must " reserve sanctions for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988).

""Frivolous" filings are those that are "both baseless and made without a reasonable and competent inquiry."" *L.W. v. Snap Inc.*, 675 F. Supp. 3d 1087, 1103 (S.D. Cal. 2023).

"The elements of a cause of action for intentional interference with contract are (1) a valid contract between the plaintiff and a third party, (2) the defendant's

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

knowledge of that contract, (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship, (4) actual breach or disruption of the contractual relationship, and (5) resulting damage." *Caliber Paving Co. v. Rexford Indus. Realty & Mgmt.*, 54 Cal.App.5th 175, 180 n.1 (2020).

The claim is not baseless because the co-plaintiffs and plaintiffs in the data breach case had a valid contract with plaintiff Lenore Albert that defendant Tyler Technologies was not a party to. **[Decl. 1-9]**.

Defendant State Bar's intentional acts of wrongfully retaliating against Lenore Albert for filing the data breach lawsuit was designed to disrupt all of Albert's contractual relationships with her clients because that is what happens when an attorney is disciplined.

Those acts can be imputed to Tyler by multiple means including the contract between Tyler and the State Bar which included an indemnification clause. **[Decl. Albert ¶ 16, Ex. 3]**.

Furthermore, Tyler would benefit from the disruption because it would limit the action from a class action to only those 5 or 6 named plaintiffs in the data breach case. .

Tyler argues that "an economic benefit—in the form of contingent attorneys' fees (Dkt. 57, ¶86)—is also too speculative." (Doc. 132 p. 24:16-17). The argument is contrary to law. *LiMandri v. Judkins*, 52 Cal.App.4th 326, 344 (Cal. Ct. App. 1997) ("The California Supreme Court specifically held that an action for intentional interference with contractual relations lies for intentional interference with an attorney's contingency fee contract. ").

Additionally, Tyler was a publicly held company and did not disclose in its 8K statements that it was being sued in the data breach action, which would have an impact on investors with a class of over 1,000 verified page views.

Evidence of a motive existed. It would take discovery to uncover the communications. *See Rickards v. Canine Eye Registration Found., Inc.,*704 F.2d 1449,

11

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

1456 (9th Cir. 1983) (in cases alleging contractual or business interference "[m]otive or purpose to disrupt ongoing business relationships is of central concern").

Tyler knew Albert had other cases and such action would disrupt those cases but it did not care about the fallout injury to others. That is an "aggravating" circumstance that would make them liable under *DeVoto v. Pacific Fidelity Life Ins. Co.,* 618 F.2d 1340, 1347 (9th Cir. 1980)  because they are no longer "incidental" due to the aggravating nature of the original offense. It was at least very deceitful. S*ee also United States Med. Corp. v. M.D. Buyline, Inc.,* 753 F. Supp. 676, 681 (S.D.Ohio 1990) (declining to dismiss claim for tortious interference because "[p]laintiff has sufficiently pled intent by claiming that defendant intended by its actions to destroy plaintiff's business relationships").

The claim was not made without reasonable inquiry because Albert was aware Tyler knew she represented plaintiffs in the data breach litigation prior to filing this action and Tyler knew of the disciplinary retaliation by the State Bar.

As such, plaintiff's claim against Tyler for intentional interference is clearly not baseless.

### E.  Negligence Claim Was Not Frivolous

Plaintiff Albert filed her tort claim as a victim of the breach on March 14, 2022. Albert was, in fact, identified as one of the victims of the breach that identified her along with one or more 322,525 confidential State bar records on Judyrecords.com in May 2022. On March 14, 2024, Albert was no longer "plaintiffs' counsel" and fit the definition of the members of the class.

The evidence is still fresh and available because the same claims were being pursued in the data breach class action.

She filed her action on September 16, 2024 a mere six months after she was disqualified as plaintiffs counsel. On February 7, 2025, the court ordered the class allegations struck and defendants State Bar of Cal. and Tyler to answer the fourth

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

amended complaint since no other counsel stepped in. After that time under American Pipe, the two year statute of limitations began to run as to Albert and other members of the putative class. [**Decl. Albert ¶38**].

Second, asserting a negligence claim against Tyler for causing the data breach was not frivolous, and as such, Rule 11 sanctions should not be imposed based on frivolousness.

First, there is precedent that a negligence claim against Tyler is good. On January 12, 2024, Judge Sherman overruled Tyler's demurrer to the negligence claim. **[Decl. Albert ¶29; RJN]**. On February 7, 2025, Judge Sherman overruled Tyler's demurrer to two negligence claims and one claim of deceit. **[Decl. Albert ¶38; RJN]**.

The court must " reserve sanctions for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988).

""Frivolous" filings are those that are "both baseless and made without a reasonable and competent inquiry."" *L.W. v. Snap Inc.*, 675 F. Supp. 3d 1087, 1103 (S.D. Cal. 2023)

Albert made a reasonable inquiry into Tyler's potential liability under a negligence theory prior to filing suit because Orange County Superior Court Judge Sherman overruled Tyler's demurrer to the nearly identical negligence claim made in the data breach action on January 12, 2024. Because plaintiff was also a victim of the data breach, the same duty and negligence would apply to plaintiff as it did to the other plaintiffs in the data breach litigation.

As such, plaintiff's claim against Tyler for negligence, based on a good claim made against Tyler in the data breach case is clearly not baseless.

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

## F. Monetary Sanctions Should Be Denied

Monetary sanctions should be denied because the Court should deny the request for sanctions.

Even if the motion is granted, monetary sanctions against pro se plaintiffs do not always follow. There is no such mandate in Fed. R. Civ. Proc. Rule 11.

This motion was just another scare tactic.

Alternatively, the monetary sanctions requested range from $76,000.00 to over $100,000.00. The amount requested is both inconsistent between Petronio's declaration, the billing exhibits and amount requested in the moving papers. It is unreasonably high. If the claims were frivolous and without merit, then there would be no need to spend so much time in defending them with one motion for sanctions and motion to dismiss.

Albert agreed to withdraw the allegations regarding Abigail Diaz from the pleadings and filed a notice after receiving Diaz's declaration but before Tyler filed its motion. **[ECF 131]**. Albert had a reasonable basis to name Diaz because Diaz was the Tyler employee who signed the discovery verifications in the data breach case and dismissed her when I received her declaration. **[Decl. Albert ¶25]** Finally, there are less draconian means such as striking the causes of action from the pleading, if warranted (it is not warranted).

## IV. CONCLUSION

Wherefore, plaintiff Lenore Albert respectfully requests this court deny Rule 11 sanctions against plaintiff Lenore Albert, including any monetary sanctions.

Dated:  February 14, 2025          Respectfully Submitted,

/s/ Lenore Albert_____
Lenore Albert, plaintiff, pro se

## CERTIFICATION OF WORD COUNT

"The undersigned, respondent, certifies that this brief contains **4,072** words, which complies with the word limit of L.R. 11-6.1.

14

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

Dated:  February 14, 2025            Respectfully Submitted,
                                     /s/ Lenore Albert_____
                                     Lenore Albert

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I declare that I am over the age of 18 years, and a party to the within action using ECF to file and serve; that I am employed in Orange County, California; my business address is 1968 S Coast Hwy #3960, Laguna Beach, CA 92651. On February 14, 2025, I served a copy of the following document(s) described as:

**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES' RULE 11 SANCTIONS MOTION**

On the interested parties in this action as follows:

See Electronic Service list

**[x] BY E-SERVE and EMAIL –** I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth.

**[] BY MAIL–** I caused such document(s) to be placed in pre-addressed envelope(s) with postage thereon fully prepaid and sealed, to be deposited as regular US Mail at Huntington Beach, California, to the aforementioned addressee(s).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: February 14, 2025

_/s/Lenore Albert_____
Lenore Albert

16
**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)

**ELECTRONIC SERVICE LIST**

**For Defendants State Bar of California, Cindy Chan, Benson Hom, Suzanne Grandt, George Cardona, Ruben Duran, Steve Mazer, Leah Wilson**

KEVIN GILBERT, ESQ.
kgilbert@ohhlegal.com
Orbach Huff & Henderson LLP
6200 Stoneridge Mall Road, Suite 225
Pleasanton, California  94588
(510) 350-3582 Direct

SUZANNE C. GRANDT (304794)
Email: suzanne.grandt@calbar.ca.gov

**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
180 Howard Street
San Francisco, CA 94105-1639 Telephone: 415-538-2388; Facsimile: 415-538-2517

**For Defendant Tyler Technologies, Inc.**
BETH PETRONIA, ESQ.
beth.petronio@klgates.com
ZACHARY T. TIMM (SBN 316564)
zach.timm@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard Seventh Floor
Los Angeles, California 90067
Telephone: 310.552.5000 Facsimile: 310.552.5001

Co-plaintiffs by email by consent – as listed on the caption.

17
**PLAINTIFF LENORE ALBERT'S OPPOSITION TO DEFENDANT TYLER TECHNOLOGIES' RULE 11 SANCTIONS MOTION**
*Albert, et al. v Tyler Technologies, Inc., et al.* Case No. 8:24-cv-01997-JLS (DFMx)